**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:     714 445-1000
Facsimile:      714 445-1002

Attorneys for Jadelle Jewelry and Diamonds, LLC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-13530-BR |
| JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
| Putative Debtor. | **PUTATIVE DEBTOR'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS INVOLUNTARY PETITION AND REQUEST FOR ATTORNEY'S FEES, COSTS, AND DAMAGES** |
| | **DATE:**     June 9, 2020<br>**TIME:**     10:00 a.m.<br>**CTRM:**    1668<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2822846.1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Jadelle Jewelry and Diamonds, LLC, the putative debtor ("Jadelle"), hereby requests that the Court take judicial notice of the following pleadings and dockets pursuant to Federal Rule of Evidence 201 in support of its *Motion to Dismiss Involuntary Petition and Request for Attorney's Fees, Costs and Damages* [Docket No. 8] (the "Motion"):

1.    The involuntary petition [Docket No. 1] filed by the petitioning creditors against Jadelle, a true and correct copy of which is attached hereto as Exhibit "1";

2.    The complaint filed on February 10, 2020, in the action entitled *Victor Franco Noval vs. Jona S. Rechnitz, Rachel Rechnitz, Jadelle Inc., Jadelle Jewelry and Diamonds, LLC, Levin Prado and Xiomara Cortez* (the "Noval Action"), a true and correct copy of which is attached hereto as Exhibit "2";

3.    The docket in the Noval Action as of April 30, 2020, a true and correct copy of which is attached hereto as Exhibit "3";

4.    The court's March 10, 2020 minute order in the Noval Action temporarily staying the Noval Action, a true and correct copy of which is attached hereto as Exhibit "4";

5.    Relevant excerpts of the "Proposed Al-Sabah First Amended Complaint," as that term is defined in the Motion, true and correct copies of which are attached hereto as Exhibit "5";

6.    The docket in the "Al-Sabah Action," as that term is defined in the Motion, as of April 30, 2020, a true and correct copy of which is attached hereto as Exhibit "6";

7.    The amended third party complaint (the "Marco Complaint") filed on April 24, 2020, in the action entitled *David Rovinsky v. Peter Voutsas* (the "Marco Action"), a true and correct copy of which is attached hereto as Exhibit "7"; and

8.    The docket in the Marco Action as of April 30, 2020, a true and correct copy of which is attached hereto as Exhibit "8."

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

2

3                                              Respectfully submitted,

4     DATED:  May 1, 2020                       SMILEY WANG-EKVALL, LLP

5

6                                              By:  _____/s/ Robert S. Marticello_____
                                                    ROBERT S. MARTICELLO
7                                                   MICHAEL L. SIMON
                                                    Attorneys for Jadelle Jewelry and Diamonds,
8                                                   LLC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

ORIGINAL



Fill in this information to identify the case:

United States Bankruptcy Court for the:

Central District of California
(State)

Case number (if known): _____ Chapter _____

**FILED**

APR - 6 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

☐ Check if this is an
amended filing

## Official Form 205
# Involuntary Petition Against a Non-Individual
12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

**Part 1:    Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed**

1. Chapter of the Bankruptcy Code

Check one:

☒ Chapter 7
☐ Chapter 11

**Part 2:    Identify the Debtor**

2. Debtor's name

JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware limited liability company

3. Other names you know the debtor has used in the last 8 years

Include any assumed names, trade names, or *doing business as* names.

Jadelle, Inc.

4. Debtor's federal Employer Identification Number (EIN)

☒ Unknown

EIN ___ - ___

5. Debtor's address

Principal place of business

9621 Brighton Way
Number    Street

*Beverly Hills* *CA* 90210
City    State    ZIP Code

*Los Angeles*
County

Mailing address, if different

9454 Wilshire Blvd., Penthouse 01
Number    Street

P.O. Box

Beverly Hills    CA    90212
City    State    ZIP Code

Location of principal assets, if different from principal place of business

Number    Street

City    State    ZIP Code

Official Form 205    Involuntary Petition Against a Non-Individual    page 1

 American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT "1", PAGE 5

Debtor    <u>Jadelle Jewelry and Diamonds, LLC</u>                    Case number (*if known*) _____
          Name

---

**6. Debtor's website (URL)** _____

---

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other type of debtor. Specify: _____

---

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the types of business listed.
☐ Unknown type of business.

---

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No
☐ Yes. Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
                                  MM / DD / YYYY

Debtor _____ Relationship _____

District _____ Date filed _____ Case number, if known _____
                                  MM / DD / YYYY

---

**Part 3:    Report About the Case**

---

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.
☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

---

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.
☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

---

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No
☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

---

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT "1", PAGE 6

Debtor    Jadelle Jewelry and Diamonds, LLC
     Name

Case number (if known)

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| First International Diamond, Inc. | Trade Debt/Damages | $ 1,976,225.00 |
| Peter Marco, LLC | Trade Debt/Damages | $ 7,676,744.00 |
| Victor Franco Noval | Trade Debt/Damages | $ 5,800,000.00 |
| | Total of petitioners' claims | $ 15,452,969.00 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the , along with the signature of the petitioner's attorney.

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

cab 2698544v1

| Petitioners or Petitioners' Representative | Signature of petitioner or representative, including representative's title |
|---|---|

Name and mailing address of petitioner

First International Diamond, Inc.
Name

P.O. BOX 3765
Number    Street

Beverly Hills        CA        90212
City                State        ZIP Code

Name and mailing address of petitioner's representative, if any

Baruch C. Cohen, Esq.
Law Office of Baruch C. Cohen, APLC
Name

4929    Wilshire Blvd., Suite 940
Number    Street

Los Angeles        CA        90010
City                State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-3-2020
MM/DD/YYYY

x Baruch CC

Official Form 205        Involuntary Petition Against a Non-Individual        page 3

American LegalNet, Inc.
www.FormsWorkFlow.com

Attorneys

Daniel A. Lev
Printed name

SulmeyerKupetz, A Professional Corporation
Firm name, if any

333 South Grand Avenue
Number    Street

Los Angeles              CA          90071
City                     State       ZIP Code

Contact phone    213.626.2311    Email  dlev@sulmeyerlaw.com

Bar number   129622

State        CA

X _____
Signature of attorney

Date signed    04/06/2020
             MM / DD / YYYY

Official Form 205                Involuntary Petition Against a Non-Individual                page 3

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Jadelle Jewelry and Diamonds, LLC _____        Case number (if known) _____
          Name

Signature of petitioner or representative, including representative's title

Name and mailing address of petitioner
Peter Marco, LLC
Name

252      N. Rodeo Dr.
Number   Street

Beverly Hills                    CA          90210
City                             State       ZIP Code

Name and mailing address of petitioner's representative, if any
Baruch C. Cohen, Esq.
Law Offices of Baruch C. Cohen, APLC
Name

4929     Wilshire Blvd., Suite 940
Number   Street

Los Angeles                      CA          90010
City                             State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed On    4-3-2020
               MM / DD / YYYY

X _____
Signature of petitioner or representative, including representative's title

Name and mailing address of petitioner
Victor Franco Noval
Name

1141     Summit Drive
Number   Street

Beverly Hills                    CA          _____
City                             State       ZIP Code

Name and mailing address of petitioner's representative, if any
Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
Name

P.O. Box 11480
Number   Street

Beverly Hills                    CA          90213
City                             State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _____
               MM / DD / YYYY

X _____

Official Form 205          Involuntary Petition Against a Non-Individual          page 4


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor   Jadelle Jewelry and Diamonds, LLC _____   Case number (if known) _____
                 Name

Signature of petitioner or representative, including representative's title

**Name and mailing address of petitioner**

Peter Marco, LLC _____
Name

252 ___ N. Rodeo Dr. _____
Number   Street

Beverly Hills _____  CA ____  90210 ____
City                          State        ZIP Code

**Name and mailing address of petitioner's representative, if any**
Baruch C. Cohen, Esq.
Law Offices of Baruch C. Cohen, APLC

Name

4929 ___ Wilshire Blvd., Suite 940 _____
Number   Street

Los Angeles _____  CA ____  90010 ____
City                          State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed On _____
              MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

**Name and mailing address of petitioner**

Victor Franco Noval _____
Name

1141 ___ Summit Drive _____
Number   Street

Beverly Hills _____  CA ____  90210 ____
City                          State        ZIP Code

**Name and mailing address of petitioner's representative, if any**
Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
Name

P.O. Box 11480 _____
Number   Street

Beverly Hills _____  CA ____  90213 ____
City                          State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/06/2020 _____
              MM / DD / YYYY

✗ Ronald Richards

Official Form 205                    Involuntary Petition Against a Non-Individual                    page 4


American LegalNet, Inc.
www.FormsWorkFlow.com

ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DANIEL A. LEV (CA Bar No. 129622)<br> *dlev@sulmeyerlaw.com*<br>**Sulmeyer**Kupetz<br>A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520<br><br>☒  *Attorney for Petitioning Creditor(s)*<br>☐  *Petitioning Creditor(s) appearing without attorney* | **RECEIVED**<br><br>**APR - 6 2020**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware limited liability company,<br><br><div align="right">Debtor(s).</div> | CASE NO.:<br>CHAPTER: 7<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE IN AN INVOLUNTARY BANKRUPTCY CASE** |
|---|---|

To the above-named debtor(s):

Pursuant to 11 U.S.C. § 303, an involuntary petition was filed on April    , 2020, in this bankruptcy court praying for the entry of an order for relief against you under chapter 7 of title 11 of the Bankruptcy Code. A copy of the involuntary petition accompanies this summons.

A status conference in the involuntary case commenced by the involuntary petition has been set for:

| **Hearing Date:** | **Place:** |
|---|---|
| **Time:** | ☒ 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
| | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |

If you wish to oppose the entry of an order for relief, you must file with the clerk of this court an answer to the involuntary petition or a motion pursuant to FRBP 1011(c) within 21 days after the date of service of this summons and attached involuntary petition, plus 3 additional days if you were served by mail. At the same time, you must also serve a copy of the answer or motion on the petitioner's attorney (or on the petitioner, if the petitioner does not have an attorney) at the address stated above. If you file a motion under FRPB 1011(c), your time to answer the petition will be governed by that rule.

cab 2698547v1 This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 1                              **F 1010-1.SUMMONS.INVOL**

EXHIBIT "1", PAGE 11

<u>TO THE DEBTOR:</u>

IF YOU FAIL TO TIMELY FILE A RESPONSE TO THIS SUMMONS, THE BANKRUPTCY COURT MAY ENTER AN
ORDER FOR RELIEF IN ACCORDANCE WITH 11 U.S.C. § 303(h).

<u>TO THE PETITIONING CREDITOR(S)</u>:

IF YOU FAIL TO TIMELY SERVE THE SUMMONS AND INVOLUNTARY PETITION AND/OR TO FILE PROOF OF
SERVICE OF DOCUMENT THEREOF WITH THE COURT OR TO APPEAR AT THE STATUS CONFERENCE, THIS
INVOLUNTARY CASE MAY BE DISMISSED IN ACCORDANCE WITH LBR 1010-1.

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date: _____          By: _____
                                        Deputy Clerk

cab 2698547v1 This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2012_                    Page 2                    **F 1010-1.SUMMONS.INVOL**

EXHIBIT "1", PAGE 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN AN INVOLUNTARY BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Alleged Debtor
Jadelle Jewelry and Diamonds, LLC
c/o Corporate Creations Network, Inc.,
Agent for Service of Process
251 Little Falls Drive
Wilmington, DE 19808

Jadelle Jewelry and Diamonds, LLC
c/o Rachel Rechnitz, Managing Member
9621 Brighton Way
Beverly Hills, CA 90201

Jadelle, Inc.
c/o Rachel Rechnitz, CEO
9621 Brighton Way
Beverly Hills, Ca 90210

Jadelle, Inc.
c/o Levin Prado, Agent for Service of Process
9454 Wilshire Blvd., Penthouse 01
Beverly Hills, CA 90212

Jadelle, Inc.
c/o Rachel Rechnitz, CEO
9454 Wilshire Blvd., Penthouse 01
Beverly Hills, CA 90212

Jadelle, Inc.
c/o Rachel Rechnitz, CEO
5700 Wilshire Blvd., Suite 355
Los Angeles, CA 90036

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

cab 2698547v1 This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.
December 2012                                Page 3                        F 1010-1.SUMMONS.INVOL

EXHIBIT "1", PAGE 13

_____        _____
Date                        Printed Name                                      Signature

cab 2698547v1 This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      Page 3                          **F 1010-1.SUMMONS.INVOL**

ORIGINAL

RECEIVED

APR - 6 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

B2500E (Form 2500E) (12/15)

## United States Bankruptcy Court
## Central District Of California, Los Angeles Division

In re JADELLE JEWELRY AND DIAMONDS, LLC,
a Delaware limited liability company            ,            )            Case No. _____
                    Debtor*                                  )
                                                             )            Chapter 7 _____
                                                             )
                                                             )

### SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

A petition under title 11, United States Code was filed against you in this bankruptcy court on
April 6, 2020 _____ (date), requesting an order for relief under chapter 7 _____ of the Bankruptcy
Code (title 11 of the United States Code).

YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion
or answer to the petition within 21 days after the service of this summons.  A copy of the petition is
attached.

Address of the clerk:
255 E. Temple Street
Los Angeles, CA 90012

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

Name and Address of Petitioner's Attorney:
Daniel A. Lev
**Sulmeyer**Kupetz, A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

_____ (Clerk of the Bankruptcy Court)

Date: _____        By: _____ (Deputy Clerk)

* Set forth all names, including trade names, used by the debtor within the last 8 years. (Fed. R .Bankr. P. 1005).

cab 2698550v1


American LegalNet, Inc.
www.FormsWorkFlow.com

B2500E (Form 2500E) (12/15)

## CERTIFICATE OF SERVICE

I, _____(name), certify that on _____
(date), I served this summons and a copy of the involuntary petition on _____
(name), the debtor in this case, by *[describe the mode of service and the address at which the debtor was served]*:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____    Signature _____

        Print Name:        _____

        Business Address:    _____

                    _____

cab 2698550v1



EXHIBIT "1", PAGE 16

# EXHIBIT "2"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal,Deputy Clerk
20SMCV00216

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Marc Gross

1

Ronald Richards (SBN 176246)
    ron@ronaldrichards.com

2

Morani Stelmach, Esq. (SBN 296670)
    morani@ronaldrichards.com

3

LAW OFFICES OF RONALD RICHARDS &
ASSOCIATES, A.P.C.

4

Mailing Address:
P.O. Box 11480

5

Beverly Hills, California 90213
Telephone: (310) 556-1001

6

Facsimile: (310) 277-3325

7

8

Geoffrey S. Long (SBN 187429)
    glong0607@gmail.com

9

LAW OFFICES OF GEOFFREY LONG, A.P.C.
1601 N. Sepulveda Blvd., No. 729

10

Manhattan Beach, California 90266
Telephone: (310) 480-5946

11

Facsimile: (310) 796-5663

12

Attorneys for Plaintiff VICTOR FRANCO NOVAL

13

14

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15

**FOR THE COUNTY OF LOS ANGELES – WEST DISTRICT**

16

17

VICTOR FRANCO NOVAL, an individual,

18

Plaintiff,

19

vs.

20

JONA S. RECHNITZ, an individual;
RACHEL RECHNITZ, an individual;

21

JADELLE INC., a California corporation;
JADELLE JEWELRY AND DIAMONDS,

22

LLC, a Delaware limited liability company;
LEVIN PRADO aka LEVON PRADO, an

23

individual; XIOMARA CORTEZ, an
individual and DOES 1-20.

24

25

Defendants.

26

27

28

Case No.

**VERIFIED COMPLAINT FOR:**

(1) Fraud

(2) Civil Theft (*Penal Code,* § 496)

(3) Breach of Contract

(4) Conspiracy to Commit Theft, Fraud,
    and Fraud by Concealment

(5) Appointment of Receiver

COMPLAINT

1    Plaintiff Victor Franco Noval ("Plaintiff" or "Franco") hereby alleges as follows:

2                                        **PARTIES**

3    1.    Plaintiff Victor Franco Noval ("Franco") is an individual residing in Beverly Hills,

4    California in the County of Los Angeles.

5    2.    Defendant Jona S. Rechnitz ("Jona") is an individual who is residing in the County

6    of Los Angeles in a rental house located at 9533 Sawyer St., Beverlywood area, City of Los Angeles.

7

8

9

10

11

12          

13

14

15

16

17

18

19

20    3.    Defendant Rachel Rechnitz ("Rachel") is an individual who is residing in the County

21    of Los Angeles in a rental house located at 9533 Sawyer St., Beverlywood area, City of Los Angeles.

22    She is formerly known as Rachel Kahn.  Both Jona and Rachel advertise political and powerful

23    celebrity connections to create a false sense of credibility about themselves and their business.  They

24    post photos on social media of Kylie Jenner and Kim Kardashian, and Jona is seen with the mayor

25    of New York and holding large amounts of United States Currency.

26

27

28

1
COMPLAINT





2

COMPLAINT

EXHIBIT "2", PAGE 19

4.     Defendant Jadelle Inc. ("Jadelle Inc.") is a California corporation whose principle office is in Beverly Hills and whose board member and President is Rachel.

5.     Defendant Jadelle Jewelry and Diamonds, LLC ("Jadelle LLC," collectively with Jadelle Inc., the "Jadelle Entities") is a Delaware limited liability company qualified to do business in California.  Rachel is the managing member of Jadelle LLC.

6.     Defendant Levin Prado aka Levon Prado ("Prado") is the agent for service of process, controller, and check signer for the Jadelle Entities.  It is alleged on information and belief that Prado has a girlfriend named Xiomara Cortez at the Wells Fargo Bank Beverly Hills branch who assisted him in furthering Rachel and Jona's fraud by stopping payment on checks and allowing numerous improper check transactions to occur on both of the Jadelle Entities' accounts.   Prado is displaying the sign he has indicated with his action towards Plaintiff and others as it relates to their goods and collateral.



EXHIBIT "2", PAGE 20

7.      Xiomara Cortez is an individual believed to reside in the County of Los Angeles who is employed at Wells Fargo Bank.  Cortez was instrumental in allowing Jona and Rachel's frauds to continue by keeping the current bank account open and by allowing Prado to continue to open up accounts and issue worthless instruments.



8.      The true names and capacities of defendants Does 1 through 20, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to show the true names and capacities of those defendants after they have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint and that Plaintiff's damages as alleged in the Complaint were proximately caused by the acts or omissions of such defendant.

9.      Plaintiff is informed that, at all times mentioned in this Complaint, Defendants, and each of them, were the partners, joint venturers, agents, employees, alter egos, and representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of

1  their respective authorities as agents, employees and representatives, and are jointly and severally

2  liable to Plaintiff.

3      10.    The alleged frauds committed by Jona were committed with Rachel's knowledge and

4  direction, along with the assistance of Prado, making them personally liable.  Without Rachel setting

5  upon the entities to commit the frauds, Jona lying to steal the collateral and loan proceeds, and Prado

6  signing the checks, none of the below referenced offenses could have occurred.

7                              **JURISDICTION AND VENUE**

8      11.    This Court has jurisdiction over this entire action because it is a civil action wherein

9  the damages sought are in excess of the jurisdictional limits of this Court, and the Defendants are

10  subject to personal jurisdiction in the State of California

11      12.    Defendants have conducted substantial business in the State of California, are

12  registered and qualified to conduct business in the State of California, are California residents,

13  and/or have purposefully directed tortious activities towards a California resident.

14      13.    Venue in this Court is proper pursuant to California *Code of Civil Procedure*, §§ 395

15  *et seq*. Venue of this action is in this Court and County because the obligations, acts and liabilities

16  claimed in this action arose and the torts alleged herein took place in Los Angeles County and the

17  parties reside in this County.

18

19                          **GENERAL FACTUAL ALLEGATIONS**

20      14.    On or about January 24, 2019, the Jadelle Entities, which are owned by Jona and

21  Rachel, borrowed money from Plaintiff pursuant to a written agreement.  The terms of the written

22  agreement were memorialized in a Debt Acknowledgment, Promissory Note and Security

23  Agreement ("Debt Agreement") dated March 2019.  A true and correct copy of the Debt Agreement

24  is attached hereto and incorporated herein as Exhibit "A".

25      15.    The original principal amount in the Debt Agreement is $2,850,000 at 9% interest

26  per month, however, the total debt owed by Defendants later increased to $5,800,000.  The maturity

27  dates are reflected in the Debt Agreement.

28      16.    Pursuant to the Debt Agreement, the loans were secured by jewelry delivered to

                                      5
                                 COMPLAINT

1    Franco and a 2012 Bugatti.  Jona delivered the Bugati and the jewelry to Franco as security/collateral

2    for the loan.

3          17.    After a series of further advance transactions, the debt on the loan grew to

4    $5,800,000.

5          18.    The Bugati was liquidated and the funds were credited against principal for a total

6    credit of $400,000.

7          19.    As background on Jona Rechnitz, a sealed information was filed against him in the

8    Southern District of New York on June 6, 2016 for wire fraud.  A copy of the information is attached

9    hereto as Exhibit "B".

10          20.    Jona entered a guilty plea on June 6, 2016.

11          21.    On March 15, 2017, the information against Jona was unsealed.  On March 15, 2017,

12    Jona was released on bond pursuant to release conditions imposed by Judge Alvin K. Hellerstein.

13          22.    On December 6, 2019, Jona was sentenced to 10 months of custody.  He was granted

14    release pending appeal.

15          23.    The government in its sentencing memorandum indicated that "Rechnitz was in a

16    position to cooperate regarding a broad range of subject matters in part because, for several years

17    beginning when he was 26 years old in 2008, Rechnitz rode a wave of unbridled ambition and a

18    seemingly limitless sense of entitlement through a series of misdeeds. Rechnitz had been a brazen

19    criminal, and the seriousness of his crimes of conviction cannot, and should not, be minimized."

20          24.    Yet, apparently misunderstanding his role as a "one of the single most important and

21    prolific white collar cooperating witnesses in the recent history of the Southern District of New

22    York" according to the government, Jona mistakenly believes that this provides him immunity from

23    committing fraud in California.

24          25.    No sooner than within weeks of being sentenced in the Southern District of New

25    York, Jona swindled Franco in a large scale fraud totaling $5,800,000.   On information and belief,

26    Jona and Rachel have defrauded other diamond dealers in Southern California and as those victims

27    authorize the release of their names, the complaint will be amended to recover their stolen goods as

28    well.

26.    At the time of the fraud, Jona Rechnitz was and still is a convicted felon from the Southern District of New York. He is presently out on bond for a wire fraud conviction where he was granted bail pending appeal. He is married to Rachel Rechnitz and they have six children together.

27.    They both now reside in a rental home in the Beverlywood area in the City of Los Angeles.

28.    Jona and Rachel operate a jewelry business through two similarly named entities, defendants Jadelle Inc. and Jadelle Jewelry and Diamonds, LLC, herein the Jadelle Entities, whose marque client is the Kardashian family. Each of their clients will be added to this action as the facts unfold showing the stolen collateral was sold to retail customers of Jona and Rachel.

29.    The Debt Agreement between the parties was simple. Jona tendered over $7,000,000 worth of diamonds to Plaintiff to be held as a collateral against a loan which totaled $5,800,000.

30.    In late December of 2019, AFTER, Jona was sentenced, Jona indicated to Franco that he was going to get a credit line and asked for the release of the diamond collateral in exchange for payment in full. This representation by Jona was false when made. Jona knew the representation was false when made. Jona made this representation with the intention of causing Franco to rely on it. Franco relied on this representation to his detriment.

31.    Jona persuaded Franco and Franco's brother to deliver the collateral to Jona and Rachel's office at 9454 Wilshire Blvd. in Beverly Hills. Jona exchanged two checks payable to Franco in exchange for the diamond collateral dated January 14, 2020 and January 16, 2020 in the amounts of $2,500,000 and $1,300,000, respectively. True and correct copies of said checks are attached hereto as Exhibit "C." At the time Jona issued the checks to Franco he had no intention of honoring the checks. Franco relied on Jona issuing and intending to honor the checks by releasing the diamond collateral.

32.    Plaintiff and Plaintiff's brother complied by exchanging the diamond collateral and Jona tendered two checks attached hereto as Exhibit "C". The checks, however, were NSF at the time of tender. Jona has repeatedly lied, lulled, and attempted to fabricate one excuse after another to delay paying Plaintiff.

EXHIBIT "2", PAGE 24

33.    Based upon information and belief, Prado, acting in concert with Jona and Rachel, and to further their scheme, had his girlfriend or another representative at Wells Fargo Bank issue a stop payment on the checks, attached hereto as Exhibit "C", that Franco was going to deposit.

34.    Jona falsely enlisted attorneys to pretend payment on the loan was coming from family members to buy himself more time.  A number of these family members had written letters to the Court for Jona's sentencing.

35.    In reality, Jona liquidated Plaintiff's diamond collateral and spent Plaintiff's money, but refuses to tell Plaintiff how he liquidated the collateral or how he spent the loan proceeds.

36.    It is apparent that Jona is continuing his criminal conduct in California after being convicted in New York.

37.    Upon realizing he had been swindled and defrauded, Franco immediately filed a police report with the Beverly Hills Police.

38.    Repeated demands have been made to Jona to return the diamond collateral.  Jona, who wants to conceal his criminal conduct from the sentencing judge in New York and the federal prosecutors who vouched for him, as well as U.S. Probation, took numerous steps to lull the victim, Franco, to buy more time.

39.    On January 16, 2020, with the assistance of a local Beverly Hills attorney, Jona drafted more documents and an additional check, attached hereto as Exhibit "D" and Exhibit "E", to further stop Franco from disclosing and revealing that Jona's fraudulent conduct has only grown in scope and size and that he has learned nothing from his life of crime which spanned from 2011 to 2015, which then halted while he was cooperating from 2016 to 2018.

40.    The fact that Jona only received 10 months custody time with 5 months house arrest has only emboldened him to commit more fraud, grand theft, and to issue worthless instruments.

41.    The January 16, 2020 document requested that Franco keep Jona's fraud and breaches confidential until January 23, 2020.  Jona, however, did not comply with the January 16, 2020 agreement and no payments have been received.  Jona entered into the January 16, 2020 agreement without any intention of performing in order to delay Franco from seeking redress for the fraud and breaches.  Franco reasonably and detrimentally relied on the January 16, 2020

8

COMPLAINT

1    agreement.

2        42.    Jona then fired the Beverly Hills attorney and retained a new attorney on January 28,

3    2020, to resolve this matter.

4        43.    Jona's modus operandi in this fraud is to have numerous well-respected attorneys

5    contact Franco's counsel and advance Jona's false promises of repayment or outside funding along

6    with checks that either are NSF or which Jona had no intention of honoring.

7        44.    Jona directly, and through counsel, has been asked to disclose the location of the

8    diamond collateral and to provide a tracing and accounting of the loan proceeds.  Jona has refused

9    to do so.

10        45.    On information and belief, Plaintiff alleges that this is because Jona had pledged

11    diamonds to Franco that in fact were loaned to Jona and were not owned by Jona or Rachel.  Upon

12    discovering whose diamonds Jona had pledged, this Complaint will be amended to add that party as

13    they have Franco's collateral and hold it in constructive trust for Plaintiff's benefit.

14        46.    On information and belief, defendant Xiomara Cortez aided and abetted the

15    defendants in committing these frauds.  Defendant Cortez assisted in issuing checks, stopping

16    payment, and verifying funds, knowingly allowing Prado to issue numerous worthless checks and

17    never closed the accounts due to her romantic relationship with Prado.

18        47.    Jona, assisted by Rachel, have only become more emboldened in their frauds.  On

19    information and belief, they have taken goods on memo from various Southern California diamond

20    merchants.  Namely, Peter Marco, Moti Klein, and Julius Klein.  The video Jona showed at his

21    sentencing in federal court to the federal judge on December 19, 2019, with Kim Kardashian, was

22    most likely depicted stolen and fraudulently obtained goods from Plaintiff and various diamond

23    merchants.  The amount of losses to these various parties is alleged to be over $15,000,000.  They

24    are number other victims as well involved in various scams perpetrated by Jona. On information

25    and belief, they include Sotheby's, Leon Landver, Sam Gorodistian, Ben Adhoot, and Yehuda

26    Gamzo.  All the alleged victims have the same common pattern evidence used by Jona and Rachel

27    which is to have attorneys contact them, telling them they are getting paid according to Jona.

28        48.    On information and belief, Jona made numerous false statements to the federal

<div align="center">9</div>
<div align="center">COMPLAINT</div>

sentencing judge because by December 19 ,2019, Jona's frauds were well under way. This house of fraudulent cards needs to be exposed as his growing victim list is becoming a community wide problem. This lawsuit and other reports that have been filed, will hopefully bring this economic terrorist to justice and Plaintiff prays that this Court take appropriate access to find him financially responsible and appoint a receiver to halt what has now turned into outright theft of merchandise in the tens of millions of dollars afflicting Plaintiff and other victims. As more come forward, Plaintiff will amend and add them to this complaint to turn this into a class if appropriate to stop this man and his wife. Presently, Plaintiff is aware of other victims including Peter Marco, Julius Klein, and Moti Klein as well as multiple other victims including an active insurance investigation.

49.    Plaintiff immediately reported this matter to the Beverly Hills Police Department in the hope of stopping Mr. Rechnitz from further victimizing local residents and businesses. The police have notified Plaintiff there are numerous other victims. The filing of this action is intended to bring to light Rechnitz's frauds and have him exposed so no further innocent people are hurt by this economic terrorist. At this point, Plaintiff has no realistic belief that Rechnitz will ever pay him back as the list of victims keeps growing. At this point, Plaintiff only hopes no further persons are swindled by Jona, Rachel, and their team of thieves.



50.    On February 4, 2020, his newly retained criminal defense attorney in Los Angeles

10

COMPLAINT

1  sent a carefully scripted mass email to BCC'ing Jona's purported victims, attached as Exhibit "F"

2  which reads as follows:

3       We write with an update on Jona Rechnitz. A family member of Mr. Rechnitz has informed

4       our law firm that the family member is seeking to refinance certain real property in order to

5       satisfy Mr. Rechnitz's outstanding liabilities. We currently have no visibility into the family

6       member's interest in the property, the value of the property, or what, if any equity, the family

7       member has in it.

8       If you are represented by counsel, please let us know and provide your counsel's contact

9       information.  Our client's desire is to resolve this matter amicably.

10      This email comes after Jona had three previous reputable attorneys contact Plaintiff all

11  relaying the same bogus and false words of hope.  This type of lulling is widely known under federal

12  law.    The email carefully and correctly discloses that the law firm knows nothing of the veracity

13  of the client directed statements and correctly distances the law firm of any endorsement of Jona's

14  numerous attempts to use reputable attorneys to buy himself time.  It should be noted that each and

15  every time the reputable attorneys Jona retained, correctly made it clear they were not endorsing or

16  underwriting Jona's promises of repayment of the stolen funds or return of the stolen collateral.

17      51.    Jona and Rachel have directed numerous "lulling letters" in furtherance of their

18  scheme to defraud. A lulling letter is "designed to lull the victims into a false sense of security,

19  postpone their ultimate complaint to the authorities, and therefore make apprehension of the

20  defendants less likely." *United States v. Manarite*, 44 F.3d 1407, 1412 (9th Cir.1995) (quoting

21  *United States v. Maze*, 414 U.S. 395, 403 (1974)); *United States v. Shaw* (9th Cir. 1996) 97 F.3d

22  1463.  The numerous exhibits attached to this complaint are all examples of lulling letters.  They

23  display consciousness of Jona and Rachel's intent to defraud.

24      52.    On February 7, 2020, Plaintiff's counsel was contacted by two partners at Cohen

25  Williams LLP that notwithstanding the February 4, 2020 email, they unfortunately had no further

26  information to report.   Plaintiff's counsel asked them to stop contacting him regarding this matter

27  as his client cannot psychologically handle further false promises, lies, and false rays of hope that

28  Jona directs his attorneys to provide his various victims.  Plaintiff's counsel informed these fine

<div align="center">

11

COMPLAINT
</div>

1  reputable attorneys not to update him further as he has moved on and that his client has zero belief

2  Jona will ever pay him back.

3      53.    Plaintiff is hopeful that the publication of this action will cause more victims to not

4  feel ashamed of being fleeced and to report these matters to the proper authorities.  Absent public

5  awareness of Jona and his conspirator's frauds, he will keep stealing from people and hurting

6  residents and businesses of Southern California.

7      54.    Jona is using his last cooperation in the Southern District of New York as some sort

8  of ill-conceived immunity as part of the scheme. During the fraud, Jona has indicated that he was

9  not concerned with any problems or things he has done because the FBI needs him as an informant

10 so bad in the New York case where there are appeals they would never do anything to him no matter

11 what he did.  This is of course is completely an ignorant and delusional view.  The FBI does not

12 immunize crooks to steal simply because they cooperate in a case.  Jona uses this as a tool to further

13 his scheme to defraud.

14     55.    Numerous victims have been interviewed in this matter.  On information and belief,

15 as to the Sotheby's fraud, Jona falsely represented to Sotheby's he was entitled to diamonds given

16 to Sotheby's for auction, Jona secretly picked them up and has dissipated the assets.   The total loss

17 was $3,000,000.00.  Just adding up all the victims the Plaintiff's law firm has interviewed the losses

18 exceed $15,000,000.  The Plaintiff is encouraging all victims of Jona and Rachel to come forward

19 immediately and to stop believing they are going to get paid.

20                              **FIRST CAUSE OF ACTION**

21                          **FRAUD AGAINST ALL DEFENDANTS**

22     56.    Plaintiff hereby incorporates by reference as though fully set forth in full herein, all

23 preceding Paragraphs of this Complaint.

24     57.    The foregoing representations made by Jona, Rachel, and the other Defendants were

25 false when they were made, and Defendants knew the representations to be false.  Defendants did

26 not intend to comply with the promises and representations when they were made.

27     58.    The foregoing representations were made by Jona, Rachel, and Defendants with the

28 intent to deceive Plaintiff and with knowledge that Plaintiff would rely on them.

---

12

COMPLAINT

59.     Plaintiff detrimentally and reasonably relied on the foregoing representations.

60.     Plaintiff has been damaged by Defendants' false, intentional, and fraudulent representations and concealing of material information, as alleged above, in an amount to be proven at trial, but at least $7,000,000, which represents the collateral Jona lied to steal as well as tendered worthless instruments for.

61.     Plaintiff further requests the imposition of a constructive trust against all Defendants who are in possession of the diamond collateral set forth in the Debt Agreement and for an order and judgment that they hold the diamond collateral and/or all proceeds therefrom as constructive trustees for the benefit of Plaintiff.

62.     In doing the things herein alleged, Defendants acted willfully, maliciously, and with the intent to cause injury and harm to Plaintiff.  Defendants are therefore guilty of malice and/or fraud in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive and exemplary damages in an amount appropriate to punish Defendants, and each of them, and deter them and others from engaging in similar misconduct

**SECOND CAUSE OF ACTION**

**CIVIL THEFT (Cal. *Penal Code,* § 496) AGAINST ALL DEFENDANTS**

63.     Plaintiff hereby incorporates by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

64.     As a result of Jona and Defendants' conduct as alleged herein, they have violated California *Penal Code,* section 496.

65.     California *Penal Code,* section 496, provides, "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions

EXHIBIT "2", PAGE 30

1  for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of

2  Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.

3      66.    Jona and Defendants have obtained and received property from Plaintiff, the

4  $5,800,000, in a manner constituting "theft," as that term is defined in California *Penal Code,*

5  section 484(a), "[e]very person who shall feloniously steal, take, carry, lead, or drive away the

6  personal property of another, or who shall fraudulently appropriate property which has been

7  entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent

8  representation or pretense, defraud any other person of money, labor or real or personal property, or

9  who causes or procures others to report falsely of his or her wealth or mercantile character and by

10  thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession

11  of money, or property or obtains the labor or service of another, is guilty of theft."

12      67.    As a direct and proximate result of Defendants' civil theft, Plaintiff has been

13  damaged in an amount to be proven at trial, but at least $7,000,000.

14      68.    Pursuant to California *Penal Code,* section 496(c), Plaintiff is also entitled to recover

15  treble damages from Defendants.

16      69.    Pursuant to California *Penal Code,* section 496(c), Plaintiff is also entitled to recover

17  attorneys' fees from Defendants.

18      70.    Plaintiff further requests the imposition of a constructive trust against all Defendants

19  who are in possession of the diamond collateral set forth in the Debt Agreement and for an order

20  and judgment that they hold the diamond collateral and/or all proceeds therefrom as constructive

21  trustees for the benefit of Plaintiff.

22      71.    In doing the things herein alleged, Defendants acted willfully, maliciously, and with

23  the intent to cause injury and harm to Plaintiff.  Defendants are therefore guilty of malice and/or

24  fraud in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive and

25  exemplary damages in an amount appropriate to punish Defendants, and each of them, and deter

26  them and others from engaging in similar misconduct

27

28

<center>14</center>
<center>COMPLAINT</center>

**THIRD CAUSE OF ACTION**

**BREACH OF CONTRACT AGAINST ALL DEFENDANTS**

72.    Plaintiff hereby incorporates by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

73.    Plaintiff has duly performed all of his obligations, terms, and conditions of the Debt Agreement, except to the extent that his performance has been waived, prevented or excused by the acts, conduct and/or omissions of Defendants.

74.    All conditions for Defendants' performance on the Debt Agreement have occurred.

75.    Defendants are in breach of the Debt Agreement by failing and refusing to pay Plaintiff all amounts due thereunder and by failing to provide Plaintiff with the collateral required thereunder.

76.    As a direct and proximate result of the acts, omissions, and breaches of the Debt Agreement by Defendants, as alleged herein, Plaintiff has suffered damages in a specific amount to be determined at trial, but in the amount of at least $7,000,000.

**FOURTH CAUSE OF ACTION**

**CIVIL CONSPIRACY TO COMMIT THEFT, FRAUD, AND FRAUD BY
CONCEALMENT AGAINST ALL DEFENDANTS**

77.    Plaintiff hereby incorporates by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

78.    Jona, Rachel, and Prado conspired to make an illegal agreement to defraud Franco of his loan proceed and his collateral and to commit civil theft.

79.    Jona, with his wife Rachel, have set up serial bogus companies to solicit loans based upon the false premise they have collateral.  Meanwhile the collateral is already pledged to a third party or Jona and Rachel have concocted lies to get it back, using Prado as their patsy to sign checks on their corporate checking accounts.

80.    Franco is informed, believes, and thereupon alleges that at all times relevant hereto, Defendants, including but not limited to Jona, Rachel, and Prado, formed a civil conspiracy and engaged in the foregoing acts in operation and furtherance of that conspiracy.

15
COMPLAINT

1    81.    Plaintiff is informed, believes, and thereupon alleges that at all times relevant hereto,

2  Defendants committed the foregoing misrepresentations, wrongs, theft, and fraud for the purpose

3  and in furtherance of a fraudulent conspiracy and scheme to defraud Plaintiff, as alleged herein.

4    82.    As a result of the civil conspiracy, each and every Defendant is liable and responsible

5  for the acts of the other Defendants in furtherance of the conspiracy and all damages resulting

6  therefrom.

7    83.    As a result of the civil conspiracy, Defendants are jointly and severally liable for

8  $7,000,000.

9    84.    The egregious nature of the Defendants/conspirators' collective conduct is malicious,

10  wanton, and willful.  Plaintiff needs to be awarded punitive damages plus a judgment of joint and

11  several liability.

12                    **<ins>PRAYER FOR RELIEF</ins>**

13    WHEREFORE, Plaintiff Franco seeks a judgment in her favor and an order granting the

14  following relief:

15    1.    That Plaintiff be awarded compensatory damages in the amount of at least

16        $7,000,000;

17    2.    That Plaintiff be awarded treble damages pursuant to California *Penal Code,*

18        section 496(c);

19    3.    That Plaintiff be awarded reasonable attorneys' fees pursuant to California *Penal*

20        *Code,* section 496(c);

21    4.    For a constructive trust over the diamond collateral and all proceeds therefrom;

22    5.    That Plaintiff be awarded punitive damages in an amount to be proven at trial;

23    6.    For a receiver to be installed into both defendant companies and personal estates to

24        marshal the remaining assets;

25    7.    That Plaintiff be awarded costs of suit; and

26    8.    That Plaintiff be awarded such further relief as the Court deems just and proper.

27

28

EXHIBIT "2", PAGE 33

1    DATED: February 8, 2020                LAW OFFICES OF RONALD RICHARDS
                                            & ASSOCIATES, A.P.C.
2

3                                           By:  ___/s/ Ronald Richards_____
                                                      Ronald Richards
4                                                 Attorneys for Plaintiff Victor Franco Noval

5

6                                           LAW OFFICES OF GEOFFREY LONG, A.P.C.

7

8                                           By:     /s/ Geoffrey Long_____
                                                      Geoffrey Long
                                                  Attorneys for Plaintiff Victor Franco Noval
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17
COMPLAINT

EXHIBIT "2", PAGE 34

**VERIFICATION**

I, Victor Franco Noval, declare:

I have read the foregoing complaint and know the contents thereof.

I am informed and believe based on information provided to me, materials I have reviewed, and my personal knowledge that the matters stated in are true and accurate to the best of my knowledge except where I indicated they are based upon information and belief.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct, and that this verification to this complaint was executed this 9th day of February, 2020, in Beverly Hills, California.

_____
Victor Franco Noval

18
COMPLAINT

# EXHIBIT A

**DEBT ACKOWLEDGEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT**

DEBT ACKOWLEDGEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT, is made this ___ day of March, 2019, by and between Jadelle Jewelry and Diamonds, LLC, a Delaware limited liability company, located at 9454 Wilshire Boulevard, Penthouse #1, Beverly Hills, CA 90210 ("Jadelle") and Victor Franco Noval, an individual with an address of 1141 Summit Drive, Beverly Hills, CA 90210 ("Noval"). Jadelle and Noval are hereinafter referred to collectively as "the Parties".

WHEREAS Noval has made loans in the aggregate amount of $2,850,000.00 to Jadelle;

NOW, THEREFORE, in consideration of the foregoing, the representations, warranties, covenants and agreements hereinafter set forth, the loans previously advanced to Jadelle and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby mutually agree as follows:

**ACKNOWLEDGEMENT**

1.    Jadelle does hereby confirm and acknowledge that has received the followed loan amounts from Noval:

   a.  On January 24, 2019, the sum of $1,100,000.00;
   b.  On February 27, 2019, the sum of $750,000.00;
   c.  On March 8, 2019, the sum of $400,000.00; and
   d.  On March 26, 2019, the sum of $600,000.00.

**TERMS OF PAYMENT**

2.    <u>Interest</u>: Commencing on the date hereof, Jadelle shall pay to Noval, interest on the full outstanding balance, accruing at a rate of nine percent (9%) per annum, which shall be payable in monthly installments on the first business day of each month, commencing April 1, 2019.

3.    <u>Maturity Date</u>: The full balance of all sum outstanding shall be due on the date that is six (6) months from the date of each advance as set forth in ¶ 1 above.

4.    <u>Extension</u>: The term of this loan may be extended by mutual agreement of the Parties.

**GUARANTEE AND SECURITY**

5.    The payment obligations set forth herein are secured by jewelry which Jadelle has provided to Noval and which Noval is holding in its possession as collateral for the amounts due hereunder. In addition thereto, the obligations of Jadelle are further secured by its pledge of

$400,000.00 in value of that certain 2012 Bugatti vehicle presently stored in a garage owned and operated by Noval.

**SEVERABILITY**

6.      In the event any provision of this Agreement is deemed to be void, invalid, or unenforceable, that provision shall be severed from the remainder of this Agreement so as not to cause the invalidity or unenforceability of the remainder of this Agreement. All remaining provisions of this Agreement shall then continue in full force and effect. If any provision shall be deemed invalid due to its scope or breadth including, but not limited to, the interest rate set forth herein, such provision shall be deemed valid to the extent of the scope and breadth permitted by law.

**MODIFICATION**

7.      Except as otherwise provided in this document, this agreement may be modified, superseded, or voided only upon the written and signed agreement of the Parties. Further, the physical destruction or loss of this document shall not be construed as a modification or termination of the agreement contained herein.

**EXCLUSIVE JURISDICTION FOR SUIT IN CASE OF BREACH**

8.      The Parties, by entering into this agreement, submit to jurisdiction in State of New York for adjudication of any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of State of California shall have exclusive jurisdiction over any disputes between the parties relative to this agreement, whether said disputes sounds in contract, tort, or other areas of the law.

9.      This Agreement shall be interpreted under, and governed by, the laws of the state of California.

IN WITNESS WHEREOF, this DEBT ACKOWLEDGEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT has been duly executed by or on behalf of the parties hereto as of the date first above written.

**Borrower**
*Jadelle Jewelry and Diamonds, LLC*

By:     Levin Prado
Its:    Authorized Signatory

**Lender**

Victor Franco Noval

EXHIBIT "2", PAGE 38

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    SEALED INFORMATION

      - v. -                       :    16 Cr.

JONA RECHNITZ,                    :    **16 CRIM 389**

            Defendant.        :

- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/16

## COUNT ONE

The United States Attorney charges:

1.    From in or about 2011, up to and including in or
about 2015, in the Southern District of New York and elsewhere,
JONA RECHNITZ, the defendant, and others known and unknown,
willfully and knowingly did combine, conspire, confederate, and
agree together and with each other to violate Title 18, United
States Code, Sections 1343 and 1346.

2.    It was a part and an object of the conspiracy that
JONA RECHNITZ, the defendant, and others known and unknown,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and to deprive the public of its
intangible right to the honest services of law enforcement and
other public officials, would and did transmit and cause to be
transmitted by means of wire communication in interstate and
foreign commerce, writings, signs, signals, pictures, and sounds
for the purpose of executing such scheme and artifice, in violation

**JUDGE SULLIVAN**

of Title 18, United States Code, Sections 1343 and 1346, to wit,

RECHNITZ, and others known and unknown, provided financial and

personal benefits and political contributions to public

officials, including law enforcement officials, in exchange for

official action as requested by RECHNITZ and others, and as

opportunities arose, and in connection therewith and in

furtherance thereof, RECHNITZ, and others known and unknown,

transmitted and caused to be transmitted interstate, e-mails,

telephone calls, and electronic wire transfers of funds.

      3.   It was also a part and an object of the conspiracy

that JONA RECHNITZ, the defendant, and others known and unknown,

willfully and knowingly, having devised and intending to devise

a scheme and artifice to defraud, and to deprive the members of

the Corrections Officers' Benevolent Association ("COBA"), the

union which represents the corrections officers of New York City,

of their intangible right to the honest services of a senior COBA

official, who was also a corrections officer (the "COBA

Official"), would and did transmit and cause to be transmitted by

means of wire communication in interstate and foreign commerce,

writings, signs, signals, pictures, and sounds for the purpose of

executing such scheme and artifice, in violation of Title 18,

United States Code, Sections 1343 and 1346, to wit, RECHNITZ

facilitated the payment of approximately $60,000 to the COBA

EXHIBIT "2", PAGE 41

Official on behalf of a hedge fund operator in exchange for the COBA Official's direction of an investment of union funds in the hedge fund, and in connection therewith and in furtherance thereof, RECHNITZ, and others known and unknown, transmitted and caused to be transmitted interstate, e-mails, telephone calls, and electronic wire transfers of funds.

(Title 18, United States Code, Section 1349.)

### FORFEITURE ALLEGATION

4.    As a result of committing the offense alleged in Count One of this Information, JONA RECHNITZ, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One of the Information.

### Substitute Asset Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of JONA RECHNITZ, the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

3

EXHIBIT "2", PAGE 42

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)


PREET BHARARA
United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JONA RECHNITZ,

Defendant.

SEALED INFORMATION

16 Cr.

(Title 18, United States Code, Section
1349.)

PREET BHARARA
United States Attorney.

# EXHIBIT C

# WELLS FARGO BANK

8820

WILSHIRE CRESCENT   9354 WILSHIRE BLVD   BEVERLY HILLS, CA 90212

11-4288/1210

PAY TO THE ORDER OF   Franco Noval

DATE  1/16/20

$ 1,300,000.00

one million Three hundred _____

DOLLARS

JADELLE JEWELRY AND DIAMONDS, LLC
9454 WILSHIRE BLVD PH G01
BEVERLY HILLS   CA 90212-2931

*Levi Prado*

LOAN REPAYMENT

⑈121042882⑈864⑈     ⑈8820

# WELLS FARGO BANK

8817

WILSHIRE CRESCENT   9354 WILSHIRE BLVD   BEVERLY HILLS, CA 90212

11-4288/1210

DATE  1/14/20

PAY TO THE ORDER OF   Franco Noval

$ 2,500,000.00

Two million  Five hundred Thousand _____

DOLLARS

JADELLE JEWELRY AND DIAMONDS, LLC
9454 WILSHIRE BLVD PH G01
BEVERLY HILLS   CA 90212-2931

*Levi Prado*

LOAN REPAYMENT

⑈121042882⑈864     ⑈8817

# EXHIBIT D

This document is to memorialize the current relationship between the parties.  It is not intended to create a forbearance or an extension of credit of any kind.

On January 16, 2020, Jonah reached out to me to resolve this matter. On the advice of counsel, I disclosed to Jonah that I had filed a police report against Jonah on January 15th, 2020 for fraud and grand theft.  I told Jonah that he needs to pay me independently and apart from any reports I filed and that at no time have I used the filing of the report to resolve this matter.    Besides disclosing to Jonah that I did file the report after he reached out to me to resolve this matter, I made no other characterizations or comments about the report but I was advised that Jonah should know that one was in fact filed.

Per my request I have asked Jonah to issue a new replacement check for $4.5m dated January 22, 2020. Jonah has represented he does not have the funds in his account at the time this replacement was issued.  Noval is acknowledging this. Jonah intends on using his best efforts to have the funds by January 22, 2020.  I agree not to deposit the new replacement check for 4.5MM until Thursday Jan 23, 2020.

I have agreed and have instructed my associates to refrain from discussing anything with the press or anyone unless the check gets returned or bounces for Stop Payment or NSF on the agreed upon deposit date.   I will honor his request assuming he follows through with his above representations.

I agree to keep all matters confidential between the parties involved and will hold on any further reports until January 23, 2020 as long as the terms of this agreement are met.

Sincerely,                                        1/15/2020      1/16/20

Victor Franco Noval

I, Jonah Rechnitz, have read the above facts and representations in this document. I agree they are accurate.

_____          1/16/20
Jonah Rechnitz                              Date

# EXHIBIT E

# WELLS FARGO BANK

8823

WILSHIRE CRESCENT   9354 WILSHIRE BLVD   BEVERLY HILLS, CA 90212

11-4288/1210

DATE 1-22-20

PAY TO THE ORDER OF   Franco Noval

$ 4,500,000 00

Four million Five hundred Thousand

DOLLARS

JADELLE JEWELRY AND DIAMONDS, LLC
9454 WILSHIRE BLVD PH G01
BEVERLY HILLS   CA 90212-2931

LOAN REPAYMENT

⑆121042882⑆8649⑆    ⑈8823

EXHIBIT "2", PAGE 50

# EXHIBIT F

**Ronald Richards**

_____

| | |
|---|---|
| **From:** | Reuven Cohen <rcohen@ |
| **Sent:** | Tuesday, February 4, 2020 9:40 PM |
| **To:** | Reuven Cohen; Marc Williams |
| **Subject:** | Jona Rechnitz |


We write with an update on Jona Rechnitz. A family member of Mr. Rechnitz has informed our law firm that the family member is seeking to refinance certain real property in order to satisfy Mr. Rechnitz's outstanding liabilities. We currently have no visibility into the family member's interest in the property, the value of the property, or what, if any, equity, the family member has in it.

If you are represented by counsel, please let us know and provide your counsel's contact information.

Our client's desire is to resolve this matter amicably.

Sincerely,

Reuven L. Cohen
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel:  213-232-5163
Fax:  213-232-5167
rcohen@
www.cohen-williams.com

1

# EXHIBIT "3"

4/30/2020                                                    LASC - Case Access

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 20SMCV00216
VICTOR FRANCO NOVAL VS JONA S. RECHNITZ, ET AL.

**Filing Courthouse:** Santa Monica Courthouse

**Filing Date:** 02/10/2020
**Case Type:** Fraud (no contract) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**06/24/2020** at 08:30 AM in Department R at 1725 Main Street, Santa Monica, CA 90401
Hearing on Motion for Stay of Proceedings

**08/10/2020** at 08:30 AM in Department R at 1725 Main Street, Santa Monica, CA 90401
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

CORTEZ XIOMARA - Defendant

JADELLE INC. A CALIFORNIA CORPORATION - Defendant

JADELLE JEWELRY AND DIAMONDS LLC A DELAWARE LIMITED LIABILITY COMPANY - Defendant

LONG GEOFFREY - Attorney for Plaintiff

NOVAL VICTOR FRANCO - Plaintiff

PRADO LEVIN AKA LEVON PRADO - Defendant

RECHNITZ JONA S. - Defendant

RECHNITZ RACHEL - Defendant

RICHARDS RONALD - Attorney for Plaintiff

WILLIAMS MARC S - Attorney for Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

EXHIBIT "3", PAGE 53

**04/29/2020** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

**03/17/2020** Notice Re: Continuance of Hearing and Order
Filed by Clerk

**03/11/2020** Notice of Ruling
Filed by Jona S. Rechnitz (Defendant); Rachel Rechnitz (Defendant); Jadelle Inc., a California corporation (Defendant) et al.

**03/10/2020** Minute Order ( (Hearing on Ex Parte Application Advancing Motion for Stay))
Filed by Clerk

**03/09/2020** Opposition (PLAINTIFF?S OPPOSITION TO DEFENDANTS? EX PARTE APPLICATION TO STAY ALL
PROCEEDINGS IN ACTION AND FOR AN ORDER SHORTENING TIME AND ADVANCING THE HEARING DATE)
Filed by Victor Franco Noval (Plaintiff)

**03/09/2020** Proof of Service by Substituted Service
Filed by Victor Franco Noval (Plaintiff)

**03/09/2020** Ex Parte Application (for Order Shortening Time and Advancing Hearing Date on Defendant Motion for Stay of
Proceedings)
Filed by Jona S. Rechnitz (Defendant); Rachel Rechnitz (Defendant); Jadelle Inc., a California corporation (Defendant) et al.

**03/09/2020** Proof of Personal Service
Filed by Victor Franco Noval (Plaintiff)

**03/06/2020** Motion for Stay of Proceedings
Filed by Jona S. Rechnitz (Defendant); Rachel Rechnitz (Defendant); Jadelle Inc., a California corporation (Defendant) et al.

**02/10/2020** Notice of Case Management Conference
Filed by Clerk

**02/10/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**02/10/2020** Civil Case Cover Sheet
Filed by Victor Franco Noval (Plaintiff)

**02/10/2020** Summons (on Complaint)
Filed by Victor Franco Noval (Plaintiff)

**02/10/2020** Complaint
Filed by Victor Franco Noval (Plaintiff)


## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Proceedings Held (Proceeding dates listed in descending order)

**04/09/2020** at 08:30 AM in Department R, Marc D. Gross, Presiding
Hearing on Motion for Stay of Proceedings - **Not Held - Continued - Court's Motion**

**03/10/2020** at 08:30 AM in Department R, Marc D. Gross, Presiding
Hearing on Ex Parte Application (Advancing Motion for Stay) - **Held**


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

EXHIBIT "3", PAGE 54

LASC - Case Access

### Register of Actions (Listed in descending order)

**04/29/2020** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

**04/09/2020** at 08:30 AM in Department R, Marc D. Gross, Presiding
Hearing on Motion for Stay of Proceedings - **Not Held - Continued - Court's Motion**

**03/17/2020** Notice Re: Continuance of Hearing and Order
Filed by Clerk

**03/11/2020** Notice of Ruling
Filed by Jona S. Rechnitz (Defendant); Rachel Rechnitz (Defendant); Jadelle Inc., a California corporation (Defendant) et al.

**03/10/2020** at 08:30 AM in Department R, Marc D. Gross, Presiding
Hearing on Ex Parte Application (Advancing Motion for Stay) - **Held**

**03/10/2020** Minute Order ( (Hearing on Ex Parte Application Advancing Motion for Stay))
Filed by Clerk

**03/09/2020** Ex Parte Application (for Order Shortening Time and Advancing Hearing Date on Defendant Motion for Stay of
Proceedings)
Filed by Jona S. Rechnitz (Defendant); Rachel Rechnitz (Defendant); Jadelle Inc., a California corporation (Defendant) et al.

**03/09/2020** Opposition (PLAINTIFF?S OPPOSITION TO DEFENDANTS? EX PARTE APPLICATION TO STAY ALL
PROCEEDINGS IN ACTION AND FOR AN ORDER SHORTENING TIME AND ADVANCING THE HEARING DATE)
Filed by Victor Franco Noval (Plaintiff)

**03/09/2020** Proof of Service by Substituted Service
Filed by Victor Franco Noval (Plaintiff)

**03/09/2020** Proof of Personal Service
Filed by Victor Franco Noval (Plaintiff)

**03/06/2020** Motion for Stay of Proceedings
Filed by Jona S. Rechnitz (Defendant); Rachel Rechnitz (Defendant); Jadelle Inc., a California corporation (Defendant) et al.

**02/10/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**02/10/2020** Civil Case Cover Sheet
Filed by Victor Franco Noval (Plaintiff)

**02/10/2020** Complaint
Filed by Victor Franco Noval (Plaintiff)

**02/10/2020** Summons (on Complaint)
Filed by Victor Franco Noval (Plaintiff)

**02/10/2020** Notice of Case Management Conference
Filed by Clerk

EXHIBIT "3", PAGE 55

# EXHIBIT "4"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

West District, Santa Monica Courthouse, Department R

**20SMCV00216**                                                     March 10, 2020
**VICTOR FRANCO NOVAL vs JONA S. RECHNITZ, et al.**                  8:30 AM

Judge: Honorable Marc D. Gross            CSR: None
Judicial Assistant: P. Anyankor           ERM: None
Courtroom Assistant: A. Wiggins           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Ronald Richards

For Defendant(s): Marc S Williams and Reven L. Cohen

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application Advancing Motion for Stay

The matter is called for hearing.

Ex Parte Application Hearing is held.

The Court now rules as follows:

The Ex Parte Application for Order Shortening Time and Advancing Hearing Date on Defendant Motion for Stay of Proceedings filed by Jona S. Rechnitz, Rachel Rechnitz, Jadelle Inc., a California corporation, Jadelle Jewelry and Diamonds, LLC, a Delaware limited liability company on 03/09/2020 is Granted in Part.

Pursuant to the request of moving party, the Hearing on Motion for Stay of Proceedings scheduled for 02/25/2021 is advanced to this date and continued to 04/09/2020 at 08:30 AM in Department R at Santa Monica Courthouse.

Moving Papers are filed.

Opposition and Reply are due per code.

The Court orders the case TEMPORARILY STAYED, pending a decision on the above-scheduled hearing.

Defendant(s) may submit a supplemental declaration re: update regarding the status of the criminal investigation with new information that was not available at today's hearing (03/10/2020). The declaration is to be e-filed sixteen (16) court days, plus time for service, prior to the hearing.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

West District, Santa Monica Courthouse, Department R

**20SMCV00216**                                                           March 10, 2020
**VICTOR FRANCO NOVAL vs JONA S. RECHNITZ, et al.**                        8:30 AM

Judge: Honorable Marc D. Gross              CSR: None
Judicial Assistant: P. Anyankor             ERM: None
Courtroom Assistant: A. Wiggins             Deputy Sheriff: None

Counsel for the Defendant(s) is to give notice.

EXHIBIT "4", PAGE 57

# EXHIBIT "5"

Electronically FILED by Superior Court of California, County of Los Angeles on 04/06/2020 05:16 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Soto,Deputy Clerk

MICHAEL L. TUSKEN, ESQ. (SBN 175715)
LAW OFFICES OF MICHAEL L. TUSKEN
1510 W Whittier Blvd # 42
La Habra, CA 90631
Telephone: (562) 365-9465
Facsimile:  (562) 252-8529
Email: Michael@TuskenLaw.com

THE SAMINI FIRM APC
Bobby Samini (SBN 181796)
2801 West Coast Highway, Suite 200
Newport Beach, CA 92663
Telephone: (949) 724-0900
Facsimile:  (949) 724-0901
Attorneys for Plaintiffs

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| KHALED J. AL-SABAH, an individual, individually and as Trustee of The Awal Trust, Dated February 23, 2012; and JARRAH KHALED AL-SABAH, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>VICTORINO NOVAL, an individual, also known as VICTOR JESUS NOVAL and as VICTOR P. NOVAL and as VICTOR DEAN NOVAL; et al, inclusive,<br><br>      Defendants.<br><br>SECURED CAPITAL PARTNERS, LLC, a California limited liability company; BEVERLY HILLS REAL ESTATE HOLDINGS, LLC, a California limited liability company; and VICTORINO NOVAL, an individual,<br><br>      Cross-Complainants,<br><br>v.<br><br>KHALED J. AL-SABAH, an individual, individually and as Trustee of The Awal Trust, Dated February 23, 2012, et al; MICHAEL TUSKEN, an individual; DAVID ROSS aka DAVID LEONARD ROSS, an individual, and ROES 1 through 60, inclusive,<br><br>      Cross-Defendants. | **CASE NO. 19STCV42446**<br><br>[Assigned for all purposes to The Honorable Maureen Duffy-Lewis Department No.: 38]<br><br>**DECLARATION OF MICHAEL L. TUSKEN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; and [Proposed] Order*]<br><br>Date:  April 28, 2020<br>Time:  9:30 a.m.<br>Dept.:  38<br><br>Reservation ID: 405513242514<br><br>Complaint Filed:  November 25, 2019<br>Cross-Complaint Filed: December 17, 2019<br>Trial Date:  None |

**DECLARATION OF MICHAEL L. TUSKEN**

-1-

## DECLARATION OF MICHAEL L. TUSKEN

I, Michael L. Tusken, declare:

1.      I am an attorney, duly licensed to practice law in the State of California and before this Court.  I am the sole proprietor at the Law Offices of Michael L. Tusken, co-counsel of record for Plaintiffs Khaled J. Al-Sabah, an individual, individually and as Trustee of The Awal Trust, Dated February 23, 2012 ("Mr. Al-Sabah") and Jarrah Khaled Al-Sabah, an individual (collectively, "Plaintiffs").

2.      I make this declaration regarding Plaintiffs' Motion for Leave to File a First Amended Complaint filed concurrently herewith.

3.      I have knowledge of the facts set forth herein from a review of documents and files, as well as from my own personal knowledge, and if called upon as a witness, I could and would testify competently thereto.

4.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' proposed First Amended Complaint.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the redline of Plaintiffs' First Amended Complaint reflecting any additions and deletions thereto.

6.      On November 25, 2019, Plaintiffs filed their Complaint for various contractual, fraud-based, and quiet title claims arising from their investments with defendants.

7.      On or about December 17, 2019, Defendant 8484 Wilshire Blvd, LLC filed its Answer, and defendants Secured Capital Partners, LLC, Beverly Hills Real Estate Holdings, LLC, and Victorino Noval filed a cross-complaint.

8.      On or about February 3, 2020, Defendants Beverly Hills Real Estate Holdings LLC and Secured Capital Partners, LLC filed their respective Demurrers.

9.      Shortly thereafter, in or around mid- to late-February 2020, Defendants Victorino Noval; Victor Franco Noval, individually and as trustee; Hunter Noval; and 1141 Summit Drive, LLC filed their respective Answers.

10.      Plaintiffs seek to amend this complaint, the effect of which serves to add new causes of action based upon additional facts and legal theories, to clarify existing causes of action and the parties thereto, as well as to address any alleged deficiencies as set forth in

**DECLARATION OF MICHAEL L. TUSKEN**

-2-

1   Defendants Beverly Hills Real Estate Holding LLC and Secured Capital Partners, LLC's

2   respective Demurrers, which would obviate the need to have a hearing on the demurrer.

3   Plaintiffs seek to amend their Complaint as follows: 1) to remove former causes of action

4   numbers twenty-two (22) through twenty-four (24) for Imposition of Constructive Trust and

5   twenty-five (25) Violation of Business and Professions Code Section 17200 *et seq.*; 2) add facts

6   in support of Plaintiffs' cause of action for Civil Theft – Violation of Penal Code Section 496;

7   3) add causes of action for Breach of Promissory Note; Civil Theft – Violation of Penal Code

8   Section 496; Involuntary Dissolution of Limited Liablity Company; Appointment of Receiver

9   and Injunctive Relief; Conversion – Rechnitz Defendants; Declaratory Relief – Rechnitz

10  Defendants; 4) add Marsh Capital Group, Inc. as a named defendant; 5) add Jona S. Rechnitz;

11  Rachel Rechnitz; Jadelle, Inc.; Jadelle Jewelry and Diamonds, LLC; Levin Prado aka Levon

12  Prado; and Xiomara Cortez (collectively, the "Rechnitz Defendants") as named defendants;

13  6) add additional DOE Defendants from DOES 260-290; 7) add general factual allegations,

14  including, but not limited to, to support new legal theories of liability, *e.g.,* alter-ego liability;

15  8) add the Promissory Note as an exhibit; 9) add additional exhibits that provide further facts,

16  including, but not limited to, to support new theories of liability, *e.g.,* alter-ego liability; and

17  10) generally reorganize the complaint, exhibits, and correct any grammatical errors and/or

18  typos.

19         11.    Moreover, the fraudulent actions of defendants are best within defendants'

20  knowledge and are only now becoming known to Plaintiffs.

21         12.    The amendment is necessary and proper to address recognized additional causes

22  of action and legal theories of liabilities based upon the new facts pled.

23         13.    The new facts were discovered after the Complaint was filed in furtherance of

24  due diligence by the Plaintiffs and Plaintiffs' counsel.

25         14.    The new legal theories advanced by the Plaintiffs are based upon newly-pled

26  additional facts as well as to address points raised by the pending demurrer.

27         15.    After the complaint was filed, Plaintiffs' counsel, as part of their due diligence,

28  continued to pursue informational areas, and during the course of December, January and

**DECLARATION OF MICHAEL L. TUSKEN**

-3-

1    February, were able to amass newly-acquired information to compile the amended complaint.

2    This motion would have been filed earlier but for the disruption caused by the national

3    emergency taking place in the United States.

4        16.    After the Complaint was filed, Mr. Al-Sabah located additional documentation in

5    support of his claims, including but not limited to a Promissory Note defendants' indebtedness,

6    and therefore seeks to add a cause of action for breach of promissory note based upon the note.

7    Defense Counsel Geoffrey Long and Ronald Richards previously were apprised of the existence

8    of this Promissory Note.

9        17.    Additionally, on or about February 20, 2020, Defendant Victor Franco Noval

10    instituted an action against the Rechnitz Defendants, identified as Los Angeles County Superior

11    Court Case Number 20SMCV00216 (the "Rechnitz Action"), for 1) Fraud; 2) Civil Theft (Penal

12    Code, § 496); 3) Breach of Contract; 4) Conspiracy to Commit Theft, Fraud, and Fraud by

13    Concealment; and 5) Appointment of Receiver. The funds at issue in the Rechnitz Action are

14    believed to be monies Plaintiffs invested with defendants as alleged in the instant action.

15    Plaintiffs could not have known that Defendants used Plaintiffs' investment to fund a loan to the

16    Rechnitz Defendants prior to the filing of the Rechnitz Action, and Plaintiffs have sought to

17    amend their Complaint as soon as possible after learning this new information.

18        18.    Trial has not yet been scheduled in this matter.

19        19.    Many of the defendants only recently entered their respective appearances in this

20    case, trial has not yet been set, and the case is not yet at issue due to the pending demurrer filed

21    by Beverly Hills Real Estate Holdings LLC and Secured Capital Partners, LLC.

22        20.    The Defendants will not be prejudiced by the proposed amendment in terms of

23    evidence or the ability to defend themselves should they so decide.  The matters added in the

24    amended complaint are based upon the interactions between and among the Plaintiffs and the

25    Defendants and documentation in the possession of Defendants.

26    ///

27    ///

28    ///

---

**DECLARATION OF MICHAEL L. TUSKEN**

-4-

1      21.      At this time, the parties have only engaged in minimal discovery as discovery is

2  stayed on Plaintiffs' Complaint pending the Court's ruling on Cross-Defendants' anti-SLAPP

3  motion scheduled for hearing on August 27, 2020.

4

5      Executed this 6th day of April, 2020 at La Habra, California.

6      I declare under penalty of perjury under the laws of the State of California that the

7  foregoing is true and correct based upon my own personal knowledge.

8

9

10  _____

11      Michael L. Tusken

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF MICHAEL L. TUSKEN**

-5-

# EXHIBIT A

1  MICHAEL L. TUSKEN, ESQ. (SBN 175715)
   LAW OFFICES OF MICHAEL L. TUSKEN
2  1510 W Whittier Blvd # 42
   La Habra, CA 90631
3  Telephone: (562) 365-9465
   Facsimile:  (562) 252-8529
4  Email: Michael@TuskenLaw.com

5
   THE SAMINI FIRM APC
6  Bobby Samini (SBN 181796)
   2801 West Coast Highway, Suite 200
7  Newport Beach, CA 92663
   Telephone: (949) 724-0900
8  Facsimile:  (949) 724-0901

9
   Attorneys for Plaintiffs
10

11            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12       IN AND FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

13
   KHALED J. AL-SABAH, an individual,      )  Case No.  **19STCV42446**
14 individually and as Trustee of The Awal  )
   Trust, Dated February 23, 2012; and      )  [Assigned for all purposes to
15 JARRAH KHALED AL-SABAH, an               )  The Honorable Maureen Duffy-Lewis
   individual                               )  Department No.: 38]
16                                          )
17              Plaintiffs,                 )  [PROPOSED] FIRST AMENDED
                                            )  COMPLAINT FOR:
18          v.                              )
                                            )  (1) BREACH OF CONTRACT
19 VICTORINO NOVAL, an individual, also     )
20 known as VICTOR JESUS NOVAL and as       )  (2) BREACH OF FIDUCIARY DUTY
   VICTOR P. NOVAL and as VICTOR            )
21 DEAN NOVAL; VICTOR FRANCO                )  (3) PROMISSORY ESTOPPEL
   NOVAL, an individual, individually and as )
22 Trustee of the REXFORD TRUST;            )  (4) PROMISSORY ESTOPPEL
   HUNTER NOVAL, an individual;             )
23 SECURED CAPITAL PARTNERS, LLC, a         )  (5) BREACH OF CONTRACT
24 California limited liability company;     )
   SAMIR MAHALLAWY, an individual; LA       )  (6) BREACH OF FIDUCIARY DUTY
25 STARS, LLC, a California limited liability )
   company; TOWER FINANCIAL, LLC, a         )  (7) PROMISSORY ESTOPPEL
26 Delaware limited liability company;       )
   BEVERLY HILLS REAL ESTATE               )  (8) FRAUD AND DECEIT
27 HOLDINGS LLC, a California limited        )
28

**FIRST AMENDED COMPLAINT**

-1-

EXHIBIT "5", PAGE 64

| | |
|---|---|
| liability company; 8484 WILSHIRE BLVD, LLC, a California limited liability company; 1141 SUMMIT DRIVE, LLC, a California limited liability company; MARSH CAPITAL GROUP, INC., an entity of unknown origin; JONA S. RECHNITZ, an individual; RACHEL RECHNITZ, an individual; JADELLE, INC., a California corporation; JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware limited liability company; LEVIN PRADO aka LEVON PRADO; an individual; XIOMARA CORTEZ; an individual; and DOES 1-290, inclusive, | (9) CIVIL THEFT - VIOLATION OF PENAL CODE SECTION 496 |
| | (10) NEGLIGENCE |
| | (11) MONEY HAD AND RECEIVED |
| | (12) FRAUD AND DECEIT |
| | (13) CONSTRUCTIVE FRAUD |
| | (14) QUIET TITLE |
| | (15) QUIET TITLE |
| Defendants. | (16) QUIET TITLE |
| | (17) QUIET TITLE |
| SECURED CAPITAL PARTNERS, LLC, a California limited liability company; BEVERLY HILLS REAL ESTATE HOLDINGS, LLC, a California limited liability company; and VICTORINO NOVAL, an individual, | (18) QUIET TITLE |
| | (19) QUIET TITLE |
| | (20) QUIET TITLE |
| | (21) QUIET TITLE |
| Cross-Complainants, | |
| v. | (22) CIVIL THEFT - VIOLATION OF PENAL CODE SECTION 496 |
| KHALED J. AL-SABAH, an individual, individually and as Trustee of The Awal Trust, Dated February 23, 2012, et al.; MICHAEL TUSKEN, an individual; DAVID ROSS aka DAVID LEONARD ROSS, an individual, and ROES 1 through 60, inclusive; | (23) BREACH OF PROMISSORY NOTE |
| | (24) CIVIL THEFT - VIOLATION OF PENAL CODE SECTION 496 |
| | (25) CIVIL THEFT - VIOLATION OF PENAL CODE SECTION 496 |
| Cross-Defendants. | |
| | (26) INVOLUNTARY DISSOLUTION OF LIMITED LIABILITY COMPANY |
| | (27) APPOINTMENT OF RECEIVER AND INJUNCTIVE RELIEF; |

**FIRST AMENDED COMPLAINT**

-2-

|  | ) |
|---|---|
| 1 | ) (28) CONVERSION – RECHNITZ |
| 2 | ) DEFENDANTS |
|  | ) |
| 3 | ) (29)  DECLARATORY RELIEF – |
| 4 | ) RECHNITZ DEFENDANTS |
|  | ) |
| 5 | ) DEMAND FOR JURY TRIAL |
|  | ) |
| 6 | ) Complaint Filed: November 25, 2019 |
| 7 | ) Cross-Complaint Filed: Dec. 17, 2019 |
|  | ) Trial Date: None |
| 8 | ) |
| 9 | ) |
|  | ) |
| 10 | ) |

11
12
13    Plaintiff KHALED J. AL-SABAH, an individual, individually and as Trustee of The

14  Awal Trust, Dated February 23, 2012, and JARRAH KHALED AL-SABAH, an individual

15  (collectively, "Plaintiffs") hereby submit this First Amended Complaint and Demand for Jury

16  Trial Against Defendants VICTORINO NOVAL, an individual, also known as VICTOR JESUS

17  NOVAL and as VICTOR P. NOVAL and as VICTOR DEAN NOVAL; VICTOR FRANCO

18  NOVAL, an individual, individually, and as Trustee of the REXFORD TRUST; HUNTER

19  NOVAL, an individual; SECURED CAPITAL PARTNERS, LLC, a California limited liability

20  company; SAMIR MAHALLAWY, an individual; LA STARS, LLC, a California limited

21  liability company; TOWER FINANCIAL, LLC, a Delaware limited liability company;

22  BEVERLY HILLS REAL ESTATE HOLDINGS LLC, a California limited liability company;

23  8484 WILSHIRE BLVD, LLC, a California limited liability company; 1141 SUMMIT DRIVE,

24  LLC, a California limited liability company; MARSH CAPITAL GROUP, INC. an entity of

25  unknown origin; JADELLE, INC., a California corporation; JADELLE JEWELRY AND

26  DIAMONDS, LLC, a Delaware limited liability company; LEVIN PRADO aka LEVON

27  PRADO; an individual; XIOMARA CORTEZ; an individual; and DOES 1-290, inclusive

28  (collectively, "Defendants") as follows:

**FIRST AMENDED COMPLAINT**

-3-

1    permanent injunctions in aid of the receiver, prohibiting the Receivership Defendants, and each

2    of them, and their agents, officers, employees, representatives, from engaging in, or performing,

3    directly or indirectly, any or all of the following acts:

4          A.    Interfering, hindering or molesting in any way whatsoever the

5    receiver in the performance of the receiver's duties and in the performance of any duties

6    incidental thereto;

7          B.    Transferring, directly or indirectly, any interest by sale or

8    encumbering in any manner any of the Receivership Assets, and all proceeds thereof;

9          C.    Transferring, concealing, destroying, defacing, and altering any of

10   the books and records of Receivership Defendants as they may pertain in any manner to

11   the Receivership Assets;

12         C.    Failing or refusing to immediately turn over to the receiver all of

13   the Receivership Assets, and all moneys, checks, funds or proceeds belonging to or for

14   the benefit of Khaled.

15                          **TWENTY-EIGHTH CAUSE OF ACTION**

16   **(For Conversion– Plaintiff KHALED J. AL-SABAH an individual, individually and as**

17   **Trustee of The Awal Trust, Dated February 23, 2012, against Defendants VICTORINO**

18   **NOVAL, also known as VICTOR JESUS NOVAL and as VICTOR P. NOVAL and as**

19   **VICTOR DEAN NOVAL, VICTOR FRANCO NOVAL, an individual; JONA S.**

20   **RECHNITZ, an individual, RACHEL RECHNITZ, an individual, JADELLE, INC., a**

21   **California corporation; JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware**

22   **limited liability company; LEVIN PRADO, an individual; XIOMARA CORTEZ, an**

23                     **individual; and DOES 1 through 280, inclusive)**

24   337.    Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set

25   forth herein.

26   338.    Khaled is informed and believes, and thereupon alleges, that on or about January

27   24, 2019, the Jadelle Entities, which are owned by Jona and Rachel, borrowed money from

28

                          **FIRST AMENDED COMPLAINT**

                                    -77-

1  Franco pursuant to a written agreement.  Khaled is informed and believes, and thereupon alleges,

2  that at all times during this ongoing agreement and transaction, Franco was acting as a straw

3  person and puppet of his father Victorino.  Khaled is informed and believes, and thereupon

4  alleges, that while Franco's name is on the agreement with the Jadelle Entities, it was Victorino

5  who negotiated, bargained, and discussed the terms of the agreement with Jona and Rachel and

6  remained in contact with Jona and Rachel thereafter.

7         339.    Khaled is informed and believes, and thereupon alleges, that each and every dollar

8  that the Jadelle Entities borrowed from Victorino and Franco pursuant to the written agreement

9  was funded by the above referenced monies belonging to Khaled which have been wrongly and

10  illegally obtained by Victorino, Franco and the other conspiring Defendants.

11         340.    Khaled is further informed and believes that the original principal amount

12  borrowed by the Jadelle Entities was $2,850,000, that the loan was secured by $7,000,000 worth

13  of diamonds delivered to Franco and Victorino, as well as a 2012 Bugatti, and that after a series

14  of transactions, the debt on the loan grew to $5,800,000.

15         341.    Khaled is further informed and believes that Franco and Victorino later credited

16  some of the funds against the principal by liquidating the Bugatti for $400,000, none of which

17  was provided to Khaled.

18         342.    Khaled is further informed and believes that in or about January 2020, Victorino

19  and Franco released the $7,000,000 worth of diamonds to Jonah under the belief that Jonah

20  would satisfy his outstanding debt by securing third-party funding through the diamonds.

21  Khaled is further informed and believes that Jona, Rachel and the Jadelle Entities did not make

22  any payment to Victorino and Franco and did not return the diamonds.

23         343.    The Noval swindlers have now been swindled and are now seeking Court

24  intervention to recover monies which belong to Khaled.  Attached hereto as **Exhibit "22"** is the

25  Civil Complaint filed by Franco against Jona, Rachel, the Jadelle Entities, alleged conspirator

26  Prado and alleged conspirator Cortez (hereinafter "the Rechnitz Defendants") in Los Angeles

27  Superior Court as case no. 20SMCV00216 on February 10, 2020 (hereinafter, the "Rechnitz

28

**FIRST AMENDED COMPLAINT**

-78-

1    Lawsuit.")

2        344.    Khaled is informed and believes, and thereon alleges, that at all times when

3    Franco and Victorino lent the money to the Rechnitz Defendants from approximately January

4    2019 to March 2020, Franco and Victorino did not have the right nor claim to possess such

5    money, and therefore the Rechnitz Defendants did not have the legal right to possess such

6    money.

7        345.    Khaled is informed and believes, and thereon alleges, that at all times when

8    Franco and Victorino secured the $7,000,000 worth of diamonds and the 2012 Bugatti from the

9    Rechnitz Defendants as collateral, Franco and Victorino did not have the right to possess the

10   diamonds or the vehicle, nor the liquidated sum from the sale of the Bugatti.  Likewise, the

11   Rechnitz Defendants did not and do not have the right nor claim to possess the diamonds when

12   Franco and Victorino released the diamonds back to the Rechnitz Defendants after December

13   2019, as these diamonds had become the rightful possession of Khaled, who had retained the

14   right and interest in the diamonds once the diamonds were deemed collateral for the lending of

15   Khaled's money.

16       346.    As stated herein above, Khaled released in excess of $163 million to Victorino,

17   Franco and the other above referenced Defendants based upon the representations of Victorino

18   that such money would be used towards an investment in the TPP property.  Instead, Victorino

19   and Franco used $5,800,000 of the $163 million that they fraudulently obtained from Khaled to

20   loan to the Rechnitz Defendants, and later released $7,000,000 in diamonds that they received in

21   collateral for the loan back to the Rechnitz Defendants without receiving anything in return.  The

22   Rechnitz Defendants remain in possession of Khaled's $5,800,000 as well as the $7,000,000 in

23   diamonds which was intended to serve as secured collateral on the loaned money that belonged

24   to Khaled.

25       347.    Khaled disputes Franco's and Victorino's claim for damages in the Rechnitz

26   Lawsuit, while any damages Franco and Victorino attempt to recover from the Rechnitz

27   Defendants in the Rechnitiz Lawsuit, by way of settlement or judgment, are the legal possession

28

**FIRST AMENDED COMPLAINT**

-79-

1   of Khaled.

2       348.    The Rechnitz Defendants refuse to return the money and diamonds and continue

3   to withhold possession of the money and diamonds from Khaled in violation of Khaled's right to

4   immediate and exclusive possession of such money and diamonds, causing ongoing injury and

5   damages.

6       349.    Khaled will suffer damages caused by the Rechnitz Defendants' conversion of

7   Khaled's $5,800,000, or alternatively, the $7,000,000 worth of diamonds that the Rechnitz

8   Defendants did not return to Franco and Victorino as collateral for the $5,800,000.

9       350.    By reason of the fraudulent and otherwise wrongful manner in which the Rechnitz

10  Defendants, or any of them, obtained their alleged right, claim or interest in and to the

11  $5,800,000 in loan proceeds unlawfully and fraudulently made by Victorino and Franco, or

12  alternatively, $7,000,000 worth of diamonds secured as collateral, the Rechnitz Defendants, and

13  each of them, have no legal or equitable right, claim or interest therein, but, instead, each of them

14  are involuntary trustees holding said property and profits therefrom in constructive trust for

15  Khaled with the duty to convey the same to Khaled forthwith.

16                  **TWENTY-NINTH CAUSE OF ACTION**

17  **(For Declaratory Relief – Plaintiff KHALED J. AL-SABAH an individual, individually and**

18  **as Trustee of The Awal Trust, Dated February 23, 2012, against Defendants VICTORINO**

19  **NOVAL aka VICTOR JESUS NOVAL and as VICTOR P. NOVAL and as VICTOR**

20  **DEAN NOVAL; VICTOR FRANCO NOVAL, an individual, JONA S. RECHNITZ, an**

21  **individual, RACHEL RECHNITZ, an individual, JADELLE, INC., a California**

22  **corporation; JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware limited liability**

23  **company; LEVIN PRADO, an individual; XIOMARA CORTEZ, an individual; and DOES**

24                  **1 through 290, inclusive)**

25      351.    Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set

26  forth herein.

27      352.    The Rechnitz Defendants wrongfully possess and refuse to release $5,800,000

28
                        **FIRST AMENDED COMPLAINT**

                                -80-

**THE SAMINI FIRM APC**

Date:  April 5, 2020

By: _____ /s/ *Bobby Samini* _____
Bobby Samini
Attorneys for Plaintiffs

Date:  April 5, 2020

**LAW OFFICES OF MICHAEL L. TUSKEN**

By: _____ /s/ *Michael L. Tusken* _____
Michael L. Tusken
Attorneys for Plaintiff

**FIRST AMENDED COMPLAINT**

-93-

EXHIBIT "6"

4/29/2020                                              LASC - Case Access

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**Case Number:**  19STCV42446
KHALED J. AL-SABAH VS VICTORINO NOVAL

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:**  11/25/2019
**Case Type:**  Quiet Title (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Unknown Cross Reference:  19STCV32775 on 12/04/2019

Unknown Cross Reference:  19STCV32775 on 12/04/2019

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**07/22/2020** at 09:30 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Demurrer - without Motion to Strike

**07/22/2020** at 09:30 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Demurrer - without Motion to Strike

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Leave to Amend Motion for Leave to Amend Complaint

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to Expunge Lis Pendens

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to Expunge Lis Pendens

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to Expunge Lis Pendens

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Judgment on the Pleadings

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Judgment on the Pleadings

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Leave to Amend Motion for Leave to File First Amended Complaint

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to Expunge Lis Pendens

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Sanctions

**07/22/2020** at 10:00 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to Expunge Lis Pendens

**08/27/2020** at 09:30 AM in Department 38 at 111 North Hill Street, Los Angeles, CA 90012

EXHIBIT "6", PAGE 72

Hearing on Special Motion to Strike under CCP Section 425.16 (Anti-SLAPP motion)

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

1 - T   V - V

1141 SUMMIT DRIVE A CALIFORNIA LLC - Defendant

8484 WILSHIRE BLVD A CALIFORNIA LLC - Defendant

AL-SABAH JARRAH KHALED - Plaintiff

BEVERLY HILLS REAL ESTATE HOLDINGS A CALIFORNIA LLC - Cross-Complainant

BEVERLY HILLS REAL ESTATE HOLDINGS A CALIFORNIA LLC - Defendant

COLE DANA M. - Attorney for Defendant

KHALED J.AL-SABAH INDIVIDUALLY AS A TRUSTEE OF THE AWAL TRUST DATED FEBRUARY 23 2012 - Plaintiff

KHALED J.AL-SABAH INDIVIDUALLY AS A TRUSTEE OF THE AWAL TRUST DATED FEBRUARY 23 2012 - Cross-Defendant

LA STARS A CALIFORNIA LLC - Defendant

MAHALLAWY SAMIR - Defendant

NOVAL HUNTER - Defendant

NOVAL VICTORINO AKA VICTOR JESUS NOVAL AKA VICTOR DEAN NOVAL - Defendant

NOVAL VICTORINO AKA VICTOR JESUS NOVAL AKA VICTOR DEAN NOVAL - Cross-Complainant

RICHARDS RONALD - Attorney for Defendant

ROSS DAVID AKA - Cross-Defendant

SAMINI BOBBIE - Attorney for Plaintiff

SECURED CAPITAL PARTNERS A CALIFORNIA LLC - Cross-Complainant

SECURED CAPITAL PARTNERS A CALIFORNIA LLC - Defendant

TUSKEN MICHAEL - Cross-Defendant

TUSKEN MICHAEL LEWIS - Attorney for Plaintiff

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   1 - T   V - V

VICTOR FRANCO NOVA INDIVIDUALLY AND AS TRUSTEE OF THE REXFORD TRUST - Defendant

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   1 - T   V - V

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

EXHIBIT "6", PAGE 73

4/29/2020                                          LASC - Case Access

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

01/21/2020

**04/28/2020** Motion to Expunge Lis Pendens
Filed by Victor Franco Nova, individually and as Trustee of the RexFord Trust (Defendant)

**04/28/2020** Declaration (of Edward Susolik in support)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/28/2020** Memorandum of Points & Authorities
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/28/2020** Motion for Sanctions
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/28/2020** Certificate of Mailing for ((Court Order) of 04/28/2020)
Filed by Clerk

**04/28/2020** Minute Order ( (Court Order))
Filed by Clerk

**04/27/2020** Notice of Ruling
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate
Holdings, a California LLC (Defendant) et al.

**04/27/2020** Certificate of Mailing for ((Court Order) of 04/27/2020)
Filed by Clerk

**04/27/2020** Minute Order ( (Court Order))
Filed by Clerk

**04/27/2020** Minute Order ( (Hearing on Ex Parte Application FOR AN ORDER MAINTAINING STA...))
Filed by Clerk

**04/24/2020** Opposition (TO PLAINTIFFS EX PARTE APPLICATION FOR AN ORDER PRESERVING STATUS QUO RE
PLAINTIFFS MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTIONS TO EXPUNGE LIS PENDENS;
DECLARATION OF GEOFFREY LONG)
Filed by Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC
(Defendant); 8484 Wilshire Blvd, a California LLC (Defendant)

**04/24/2020** Ex Parte Application (PLAINTIFFS? NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
FOR AN ORDER MAINTAINING STATUS QUO RE PLAINTIFFS? MOTION FOR LEAVE TO AMEND COMPLAINT AND
DEFENDANTS? MOTIONS TO EXPUNGE LIS PENDENS; DECLARATION OF MICHAEL TUSKEN)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled
Al-Sabah (Plaintiff)

**04/22/2020** Motion to Expunge Lis Pendens (DEFENDANT 8484 WILSHIRE BLVD, LLC S NOTICE OF MOTION AND
MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR FEES AND COSTS; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATIONS OF RONALD RICHARDS,)
Filed by 8484 Wilshire Blvd, a California LLC (Defendant)

**04/22/2020** Motion to Expunge Lis Pendens
Filed by Secured Capital Partners, a California LLC (Defendant)

**04/22/2020** Objection (OBJECTION TO DECLARATION OF BOBBY SAMINI FILED BY PLAINTIFFS IN SUPPORT OF
REPLY TO DEFENDANTS? OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT)
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate
Holdings, a California LLC (Defendant) et al.

EXHIBIT "6", PAGE 74

**04/21/2020** Motion to Expunge Lis Pendens (DEFENDANT BEVERLY HILLS REAL ESTATE HOLDING, LLC NOTICE OF MOTION AND MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RONALD RICHARDS, GEOFFREY LONG,)
Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**04/21/2020** Declaration (DECLARATION OF BOBBY SAMINI IN SUPPORT OF REPLY TO DEFENDANTS? OPPOSITION TO PLAINTIFFS? MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**04/21/2020** Reply (REPLY TO DEFENDANTS? OPPOSITION TO PLAINTIFFS? MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**04/20/2020** Declaration (OF EDWARD SUSOLIK IN SUPPORT)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/20/2020** Memorandum of Points & Authorities
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/20/2020** Motion for Sanctions
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/17/2020** Certificate of Mailing for ((Hearing on Ex Parte Application TO FILE MEMORANDA OF POINTS A...) of 04/17/2020)
Filed by Clerk

**04/17/2020** Minute Order ( (Hearing on Ex Parte Application TO FILE MEMORANDA OF POINTS A...))
Filed by Clerk

**04/15/2020** Opposition (DEFENDANTS? OPPOSITION TO PLAINTIFFS? MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DECLARATION OF RONALD RICHARDS)
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant) et al.

**04/15/2020** Ex Parte Application (DEFENDANTS NON-APPEARANCE EX PARTE APPLICATION TO FILE MEMORANDA OF POINTS AND AUTHORITIES IN EXCESS OF THE APPLICABLE PAGE LIMIT IN SUPPORT OF THEIR MOTIONS TO EXPUNGE LIS PENDENS, REQUESTS FOR FEES AND COSTS, AND REQUESTS FOR UNDERTAKINGS; DECLARATION)
Filed by Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant); 8484 Wilshire Blvd, a California LLC (Defendant) et al.

**04/06/2020** Declaration (of Michael L. Tusken in Support of Motion for Leave to File First Amended Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**04/06/2020** Motion for Leave (to File First Amended Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**04/06/2020** Notice (of Errata re: Verifications not Attached to End of Exhibit A of Declaration of Michael L. Tusken in Support of Motion for Leave to File First Amended Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**03/11/2020** Request for Dismissal
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**03/03/2020** Notice (OF CHANGE OF ADDRESS AND EMAIL OF THE LAW OFFICES OF MICHAEL L. TUSKEN)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled
Al-Sabah (Plaintiff)

**02/21/2020** Answer
Filed by 1141 Summit Drive, a California LLC (Defendant)

**02/20/2020** Answer
Filed by Hunter Noval (Defendant)

**02/20/2020** Answer
Filed by Victor Franco Nova, individually and as Trustee of the RexFord Trust (Defendant)

**02/14/2020** Answer
Filed by Victorino Noval (Defendant)

**02/11/2020** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Clerk

**02/11/2020** Minute Order ( (Hearing on Motion to Compel slapp discovery and appearance of...))
Filed by Clerk

**02/11/2020** Notice of Ruling ( GRANTING DEFENDANTS/CROSS- COMPLAINANTS? MOTION FOR PLAINTIFF KHALED
J. AL-SABAH?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**02/11/2020** Declaration ( of Michael L. Tusken, Esq., in Support of Plaintiff's Request for Admonition of Defense Counsel
Ronald Richards and Geoffrey Long)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**02/11/2020** Request (Plaintiff's Request for Admonition of Defense Counsel Ronald Richards and Geoffrey Long)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**02/07/2020** Objection (DEFENDANTS/CROSS-COMPLAINANTS? OBJECTION AND REQUEST TO STRIKE CROSS-
DEFENDANTS? SUR-REPLY IN SUPPORT OF OPPOSITION TO CROSS-COMPLAINANTS' MOTION FOR PLAINTIFF?S
DEPOSITION WITH ANTI-SLAPP MOTION PENDING)
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**02/07/2020** Reply (Sur-Reply in Support of Opposition to Cross Complainants Motion)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**02/04/2020** Reply (IN SUPPORT OF DEFENDANTS/CROSS-COMPLAINANTS? MOTION FOR PLAINTIFF KHALED J.
ALSABAH?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**02/03/2020** Request for Judicial Notice
Filed by Secured Capital Partners, a California LLC (Defendant)

**02/03/2020** Demurrer - without Motion to Strike
Filed by Secured Capital Partners, a California LLC (Defendant)

**02/03/2020** Request for Judicial Notice
Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**02/03/2020** Demurrer - without Motion to Strike
Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**01/29/2020** Opposition (CROSS-DEFENDANTS' OPPOSITION TO CROSS-COMPLAINANTS' MOTION FOR PLAINTIFF
KHALED J. AL-SABAH'S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

EXHIBIT "6", PAGE 76

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/29/2020** Opposition (Pltf's Opp to Deft's Motion for Al-Sabah's Depo with Anti- Slapp Motion pending)
Filed by Jarrah khaled Al-Sabah (Plaintiff)

**01/22/2020** Notice of Ruling
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**01/22/2020** Notice (AMENDED NOTICE OF DEFENDANTS/CROSS-COMPLAINANTS? MOTION FOR PLAINTIFF
KHALED J. AL-SABAH?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**01/22/2020** Minute Order ( (Case Management Conference; Hearing on Ex Parte Application T...))
Filed by Clerk

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   01/21/2020

**01/21/2020** Notice of Joinder (Name Extension) (CROSS-DEFENDANTS' NOTICE OF JOINDER IN PLAINTIFFS'
OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO ADVANCE HEARING ON MOTION FOR PLAINTIFF
KHALED J. AL-SABAH'S DEPOSITION WITH ANTISLAPP MOTION PENDING)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/21/2020** Declaration (of Bobby Samini in Support of Plaintiff's Opposition to Defendants' Ex Parte Application to Advance
Hearing on Motion for Plaintiff Khaled J. Al-Sabah's Deposition with Anti-SLAPP Motion Pending)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/21/2020** Opposition (to Defendants' Ex Parte Application to Advance Hearing on Motion for Plaintiff Khaled J. Al-Sabah's
Deposition with Anti-SLAPP Motion Pending)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/21/2020** Case Management Statement
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant)

**01/21/2020** Notice of Posting of Jury Fees
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled
Al-Sabah (Plaintiff)

**01/21/2020** Case Management Statement
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled
Al-Sabah (Plaintiff)

**01/17/2020** Motion re: (DEPOSITION WITH ANTI-SLAPP MOTION PENDING)
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**01/17/2020** Case Management Statement
Filed by Victor Franco Nova, individually and as Trustee of the RexFord Trust (Defendant); Secured Capital Partners, a
California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**01/14/2020** Substitution of Attorney
Filed by Jarrah khaled Al-Sabah (Plaintiff)

**01/13/2020** Declaration (OF DAVID ROSS IN SUPPORT OF CROSSDEFENDANTS? SPECIAL MOTION TO STRIKE
CROSS-COMPLAINANTS? FIRST, SECOND AND THIRD CAUSES OF ACTION UNDER CODE CIV. PROC. SECTION
425.16)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/13/2020** Declaration (OF MICHAEL TUSKEN? IN SUPPORT OF CROSSDEFENDANTS? SPECIAL MOTION TO STRIKE CROSS-COMPLAINANTS? FIRST, SECOND AND THIRD CAUSES OF ACTION UNDER CODE CIV. PROC. SECTION 425.16)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/13/2020** Special Motion to Strike under CCP Section 425.16 (Anti-SLAPP motion)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/13/2020** Substitution of Attorney
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/13/2020** Declaration (OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC EXTENSION)
Filed by Victorino Noval (Defendant)

**01/06/2020** Proof of Service by Substituted Service
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**01/06/2020** Proof of Service by Substituted Service
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**12/27/2019** Declaration (DECLARATION OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC EXTENSION)
Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**12/27/2019** Declaration (DECLARATION OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC EXTENSION)
Filed by Secured Capital Partners, a California LLC (Defendant)

**12/20/2019** Notice (of Unavailability of Counsel)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**12/17/2019** Answer
Filed by 8484 Wilshire Blvd, a California LLC (Defendant)

**12/17/2019** Summons (on Complaint)
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**12/17/2019** Cross-Complaint
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**12/04/2019** Minute Order ( (COURT ORDER: [cross-reference to case number: 19STCV32775 (Kh...))
Filed by Clerk

**12/04/2019** Notice of Case Management Conference
Filed by Clerk

**12/03/2019** Opposition (TO DEFENDANT?S EX PARTE APPLICATION FOR HEARING ON MOTION TO EXPUNGE LIS PENDENS TO REMAIN ON CALENDAR FOR DECEMBER 5 OR, ALTERNATIVELY, BE SET FOR DECEMBER 18, 2019 FOR)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**12/02/2019** Notice ( OF FILING PURSUANT TO LOCAL COURT RULE 3.3(e))
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**12/02/2019** Notice of Related Case ([cross-reference to case number: 19STCV32775 - Dept. 38])
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled

Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/25/2019** Notice of Case Assignment - Unlimited Civil Case

Filed by Clerk

**11/25/2019** Summons (on Complaint)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**11/25/2019** Civil Case Cover Sheet

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/25/2019** Complaint

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   01/21/2020

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**04/28/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Hearing on Motion for Leave to Amend (Motion for Leave to Amend Complaint) - **Not Held - Continued - Court's Motion**

EXHIBIT "6", PAGE 79

**04/28/2020** at 1:30 PM in Department 38, Maureen Duffy-Lewis, Presiding
Court Order

**04/27/2020** at 08:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Court Order

**04/27/2020** at 08:30 AM in Department 72, Ruth Ann Kwan, Presiding
Hearing on Ex Parte Application ( FOR AN ORDER MAINTAINING STATUS QUO RE PLAINTIFFS? MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANTS? MOTIONS TO EXPUNGE LIS PENDENS; DECLARATION OF MICHAEL TUSKEN) - **Held - Motion Denied**

**04/17/2020** at 08:30 AM in Department 72, Ruth Ann Kwan, Presiding
Hearing on Ex Parte Application (TO FILE MEMORANDA OF POINTS AND AUTHORITIES IN EXCESS OF THE APPLICABLE PAGE LIMIT IN SUPPORT OF THEIR MOTIONS TO EXPUNGE LIS PENDENS, REQUESTS FOR FEES AND COSTS, AND REQUESTS FOR UNDERTAKINGS; DECLARATION) - **Held - Motion Granted**

**04/06/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Complaint - By ( Plaintiff )) - **Not Held - Rescheduled by Party**

**03/19/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel (slapp discovery and appearance of Plaintiff / By Secured Capital Partners) - **Not Held - Rescheduled by Court**

**03/19/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Defendant Secured Capital Partners)

**03/18/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Defendant Secured Capital LLC)

**03/18/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Defendant Secured Capital Partners)

**03/16/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Complaint) - **Not Held - Taken Off Calendar by Party**

**03/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Complaint / BY Plaintiff) - **Not Held - Rescheduled by Party**

**03/10/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Secured Capital) - **Not Held - Rescheduled by Party**

**02/26/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Terminating Sanctions (/ By Secured Capital Partners) - **Not Held - Taken Off Calendar by Party**

**02/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to be Relieved as Counsel (/ By Secured Capital Partners) - **Not Held - Vacated by Court**

**02/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Case Management Conference - **Held**

**02/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel (slapp discovery and appearance of Plaintiff / By Defendant Secured Capital Partners) - **Held**

**02/10/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Stay of Proceedings (/ By Defendant Victorino Noval) - **Not Held - Vacated by Court**

**01/22/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Case Management Conference - **Not Held - Continued - Court's Motion**

**01/22/2020** at 08:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Ex Parte Application (TO ADVANCE HEARING ON MOTION FOR PLAINTIFF KHALED J. AL- DEPOSITION WITH ANTI-SLAPP MOTION PENDING; DECLARATION OF GEOFFREY LONG) - **Held**

4/29/2020                                    LASC - Case Access

**12/04/2019** at 08:59 AM in Department 38, Maureen Duffy-Lewis, Presiding
Court Order


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
02/10/2020

**04/28/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Motion for Leave to Amend Complaint) - **Not Held - Continued - Court's Motion**

**04/28/2020** at 1:30 PM in Department 38, Maureen Duffy-Lewis, Presiding
Court Order

**04/28/2020** Minute Order ( (Court Order))
Filed by Clerk

**04/28/2020** Motion to Expunge Lis Pendens
Filed by Victor Franco Nova, individually and as Trustee of the RexFord Trust (Defendant)

**04/28/2020** Declaration (of Edward Susolik in support)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/28/2020** Memorandum of Points & Authorities
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/28/2020** Motion for Sanctions
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/28/2020** Certificate of Mailing for ((Court Order) of 04/28/2020)
Filed by Clerk

**04/27/2020** at 08:30 AM in Department 72, Ruth Ann Kwan, Presiding
Hearing on Ex Parte Application ( FOR AN ORDER MAINTAINING STATUS QUO RE PLAINTIFFS? MOTION FOR LEAVE
TO AMEND COMPLAINT AND DEFENDANTS? MOTIONS TO EXPUNGE LIS PENDENS; DECLARATION OF MICHAEL
TUSKEN) - **Held - Motion Denied**

**04/27/2020** at 08:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Court Order

**04/27/2020** Certificate of Mailing for ((Court Order) of 04/27/2020)
Filed by Clerk

**04/27/2020** Minute Order ( (Court Order))
Filed by Clerk

**04/27/2020** Notice of Ruling
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate
Holdings, a California LLC (Defendant) et al.

**04/27/2020** Minute Order ( (Hearing on Ex Parte Application FOR AN ORDER MAINTAINING STA...))
Filed by Clerk

EXHIBIT "6", PAGE 81

**04/24/2020** Ex Parte Application (PLAINTIFFS? NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER MAINTAINING STATUS QUO RE PLAINTIFFS? MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANTS? MOTIONS TO EXPUNGE LIS PENDENS; DECLARATION OF MICHAEL TUSKEN)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**04/24/2020** Opposition (TO PLAINTIFFS EX PARTE APPLICATION FOR AN ORDER PRESERVING STATUS QUO RE PLAINTIFFS MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTIONS TO EXPUNGE LIS PENDENS; DECLARATION OF GEOFFREY LONG)
Filed by Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant); 8484 Wilshire Blvd, a California LLC (Defendant)

**04/22/2020** Motion to Expunge Lis Pendens
Filed by Secured Capital Partners, a California LLC (Defendant)

**04/22/2020** Objection (OBJECTION TO DECLARATION OF BOBBY SAMINI FILED BY PLAINTIFFS IN SUPPORT OF REPLY TO DEFENDANTS? OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT)
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant) et al.

**04/22/2020** Motion to Expunge Lis Pendens (DEFENDANT 8484 WILSHIRE BLVD, LLC S NOTICE OF MOTION AND MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RONALD RICHARDS,)
Filed by 8484 Wilshire Blvd, a California LLC (Defendant)

**04/21/2020** Declaration (DECLARATION OF BOBBY SAMINI IN SUPPORT OF REPLY TO DEFENDANTS? OPPOSITION TO PLAINTIFFS? MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**04/21/2020** Motion to Expunge Lis Pendens (DEFENDANT BEVERLY HILLS REAL ESTATE HOLDING, LLC NOTICE OF MOTION AND MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RONALD RICHARDS, GEOFFREY LONG,)
Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**04/21/2020** Reply (REPLY TO DEFENDANTS? OPPOSITION TO PLAINTIFFS? MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**04/20/2020** Memorandum of Points & Authorities
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/20/2020** Declaration (OF EDWARD SUSOLIK IN SUPPORT)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/20/2020** Motion for Sanctions
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**04/17/2020** at 08:30 AM in Department 72, Ruth Ann Kwan, Presiding
Hearing on Ex Parte Application (TO FILE MEMORANDA OF POINTS AND AUTHORITIES IN EXCESS OF THE APPLICABLE PAGE LIMIT IN SUPPORT OF THEIR MOTIONS TO EXPUNGE LIS PENDENS, REQUESTS FOR FEES AND COSTS, AND REQUESTS FOR UNDERTAKINGS; DECLARATION) - **Held - Motion Granted**

**04/17/2020** Minute Order ( (Hearing on Ex Parte Application TO FILE MEMORANDA OF POINTS A...))
Filed by Clerk

EXHIBIT "6", PAGE 82

**04/17/2020** Certificate of Mailing for ((Hearing on Ex Parte Application TO FILE MEMORANDA OF POINTS A...) of 04/17/2020)
Filed by Clerk

**04/15/2020** Ex Parte Application (DEFENDANTS NON-APPEARANCE EX PARTE APPLICATION TO FILE MEMORANDA OF POINTS AND AUTHORITIES IN EXCESS OF THE APPLICABLE PAGE LIMIT IN SUPPORT OF THEIR MOTIONS TO EXPUNGE LIS PENDENS, REQUESTS FOR FEES AND COSTS, AND REQUESTS FOR UNDERTAKINGS; DECLARATION)
Filed by Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant); 8484 Wilshire Blvd, a California LLC (Defendant) et al.

**04/15/2020** Opposition (DEFENDANTS? OPPOSITION TO PLAINTIFFS? MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DECLARATION OF RONALD RICHARDS)
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant) et al.

**04/06/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Complaint - By ( Plaintiff )) - **Not Held - Rescheduled by Party**

**04/06/2020** Motion for Leave (to File First Amended Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**04/06/2020** Declaration (of Michael L. Tusken in Support of Motion for Leave to File First Amended Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**04/06/2020** Notice (of Errata re: Verifications not Attached to End of Exhibit A of Declaration of Michael L. Tusken in Support of Motion for Leave to File First Amended Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**03/19/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel (slapp discovery and appearance of Plaintiff / By Secured Capital Partners) - **Not Held - Rescheduled by Court**

**03/19/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Defendant Secured Capital Partners)

**03/18/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Defendant Secured Capital LLC)

**03/18/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Defendant Secured Capital Partners)

**03/16/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Complaint) - **Not Held - Taken Off Calendar by Party**

**03/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Leave to Amend (Complaint / BY Plaintiff) - **Not Held - Rescheduled by Party**

**03/11/2020** Request for Dismissal
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**03/10/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion to Compel Discovery (not "Further Discovery") (/ By Secured Capital) - **Not Held - Rescheduled by Party**

**03/03/2020** Notice (OF CHANGE OF ADDRESS AND EMAIL OF THE LAW OFFICES OF MICHAEL L. TUSKEN)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**02/26/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding
Hearing on Motion for Terminating Sanctions (/ By Secured Capital Partners) - **Not Held - Taken Off Calendar by Party**

EXHIBIT "6", PAGE 83

**02/21/2020** Answer

Filed by 1141 Summit Drive, a California LLC (Defendant)

**02/20/2020** Answer

Filed by Hunter Noval (Defendant)

**02/20/2020** Answer

Filed by Victor Franco Nova, individually and as Trustee of the RexFord Trust (Defendant)

**02/14/2020** Answer

Filed by Victorino Noval (Defendant)

**02/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Hearing on Motion to Compel (slapp discovery and appearance of Plaintiff / By Defendant Secured Capital Partners) - **Held**

**02/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Case Management Conference - **Held**

**02/11/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Hearing on Motion to be Relieved as Counsel (/ By Secured Capital Partners) - **Not Held - Vacated by Court**

**02/11/2020** Declaration ( of Michael L. Tusken, Esq., in Support of Plaintiff's Request for Admonition of Defense Counsel Ronald Richards and Geoffrey Long)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**02/11/2020** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore

Filed by Clerk

**02/11/2020** Minute Order ( (Hearing on Motion to Compel slapp discovery and appearance of...))

Filed by Clerk

**02/11/2020** Notice of Ruling ( GRANTING DEFENDANTS/CROSS- COMPLAINANTS? MOTION FOR PLAINTIFF KHALED J. AL-SABAH?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**02/11/2020** Request (Plaintiff's Request for Admonition of Defense Counsel Ronald Richards and Geoffrey Long)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   02/10/2020

**02/10/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Hearing on Motion for Stay of Proceedings (/ By Defendant Victorino Noval) - **Not Held - Vacated by Court**

**02/07/2020** Objection (DEFENDANTS/CROSS-COMPLAINANTS? OBJECTION AND REQUEST TO STRIKE CROSS-DEFENDANTS? SUR-REPLY IN SUPPORT OF OPPOSITION TO CROSS-COMPLAINANTS' MOTION FOR PLAINTIFF?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**02/07/2020** Reply (Sur-Reply in Support of Opposition to Cross Complainants Motion)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant); Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**02/04/2020** Reply (IN SUPPORT OF DEFENDANTS/CROSS-COMPLAINANTS? MOTION FOR PLAINTIFF KHALED J. ALSABAH?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant); Secured Capital Partners, a California LLC (Cross-Complainant)

**02/03/2020** Demurrer - without Motion to Strike

Filed by Secured Capital Partners, a California LLC (Defendant)

EXHIBIT "6", PAGE 84

**02/03/2020** Request for Judicial Notice

Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**02/03/2020** Demurrer - without Motion to Strike

Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**02/03/2020** Request for Judicial Notice

Filed by Secured Capital Partners, a California LLC (Defendant)

**01/29/2020** Opposition (Pltf's Opp to Deft's Motion for Al-Sabah's Depo with Anti- Slapp Motion pending)

Filed by Jarrah khaled Al-Sabah (Plaintiff)

**01/29/2020** Opposition (CROSS-DEFENDANTS' OPPOSITION TO CROSS-COMPLAINANTS' MOTION FOR PLAINTIFF
KHALED J. AL-SABAH'S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/22/2020** at 09:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Case Management Conference - **Not Held - Continued - Court's Motion**

**01/22/2020** at 08:30 AM in Department 38, Maureen Duffy-Lewis, Presiding

Hearing on Ex Parte Application (TO ADVANCE HEARING ON MOTION FOR PLAINTIFF KHALED J. AL- DEPOSITION
WITH ANTI-SLAPP MOTION PENDING; DECLARATION OF GEOFFREY LONG) - **Held**

**01/22/2020** Notice of Ruling

Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**01/22/2020** Notice (AMENDED NOTICE OF DEFENDANTS/CROSS-COMPLAINANTS? MOTION FOR PLAINTIFF
KHALED J. AL-SABAH?S DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**01/22/2020** Minute Order ( (Case Management Conference; Hearing on Ex Parte Application T...))

Filed by Clerk

**01/21/2020** Case Management Statement

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant)

**01/21/2020** Notice of Joinder (Name Extension) (CROSS-DEFENDANTS' NOTICE OF JOINDER IN PLAINTIFFS'
OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO ADVANCE HEARING ON MOTION FOR PLAINTIFF
KHALED J. AL-SABAH'S DEPOSITION WITH ANTISLAPP MOTION PENDING)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/21/2020** Declaration (of Bobby Samini in Support of Plaintiff's Opposition to Defendants' Ex Parte Application to Advance
Hearing on Motion for Plaintiff Khaled J. Al-Sabah's Deposition with Anti-SLAPP Motion Pending)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/21/2020** Opposition (to Defendants' Ex Parte Application to Advance Hearing on Motion for Plaintiff Khaled J. Al-Sabah's
Deposition with Anti-SLAPP Motion Pending)

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/21/2020** Case Management Statement

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled
Al-Sabah (Plaintiff)

**01/21/2020** Notice of Posting of Jury Fees

Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled
Al-Sabah (Plaintiff)

**01/17/2020** Motion re: (DEPOSITION WITH ANTI-SLAPP MOTION PENDING)

Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

EXHIBIT "6", PAGE 85

**01/17/2020** Case Management Statement
Filed by Victor Franco Nova, individually and as Trustee of the RexFord Trust (Defendant); Secured Capital Partners, a
California LLC (Defendant); Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**01/14/2020** Substitution of Attorney
Filed by Jarrah khaled Al-Sabah (Plaintiff)

**01/13/2020** Special Motion to Strike under CCP Section 425.16 (Anti-SLAPP motion)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/13/2020** Substitution of Attorney
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**01/13/2020** Declaration (OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC EXTENSION)
Filed by Victorino Noval (Defendant)

**01/13/2020** Declaration (OF MICHAEL TUSKEN? IN SUPPORT OF CROSSDEFENDANTS? SPECIAL MOTION TO
STRIKE CROSS-COMPLAINANTS? FIRST, SECOND AND THIRD CAUSES OF ACTION UNDER CODE CIV. PROC.
SECTION 425.16)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/13/2020** Declaration (OF DAVID ROSS IN SUPPORT OF CROSSDEFENDANTS? SPECIAL MOTION TO STRIKE
CROSS-COMPLAINANTS? FIRST, SECOND AND THIRD CAUSES OF ACTION UNDER CODE CIV. PROC. SECTION
425.16)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Cross-Defendant);
Michael Tusken (Cross-Defendant); David Ross (Cross-Defendant)

**01/06/2020** Proof of Service by Substituted Service
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**01/06/2020** Proof of Service by Substituted Service
Filed by Victorino Noval (Cross-Complainant); Beverly Hills Real Estate Holdings, a California LLC (Cross-Complainant);
Secured Capital Partners, a California LLC (Cross-Complainant)

**12/27/2019** Declaration (DECLARATION OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC
EXTENSION)
Filed by Secured Capital Partners, a California LLC (Defendant)

**12/27/2019** Declaration (DECLARATION OF DEMURRING OR MOVING PARTY IN SUPPORT OF AUTOMATIC
EXTENSION)
Filed by Beverly Hills Real Estate Holdings, a California LLC (Defendant)

**12/20/2019** Notice (of Unavailability of Counsel)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**12/17/2019** Summons (on Complaint)
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate
Holdings, a California LLC (Defendant)

**12/17/2019** Cross-Complaint
Filed by Victorino Noval (Defendant); Secured Capital Partners, a California LLC (Defendant); Beverly Hills Real Estate
Holdings, a California LLC (Defendant)

**12/17/2019** Answer
Filed by 8484 Wilshire Blvd, a California LLC (Defendant)

**12/04/2019** at 08:59 AM in Department 38, Maureen Duffy-Lewis, Presiding
Court Order

EXHIBIT "6", PAGE 86

**12/04/2019** Minute Order ( (COURT ORDER: [cross-reference to case number: 19STCV32775 (Kh...))
Filed by Clerk

**12/04/2019** Notice of Case Management Conference
Filed by Clerk

**12/03/2019** Opposition (TO DEFENDANT?S EX PARTE APPLICATION FOR HEARING ON MOTION TO EXPUNGE LIS PENDENS TO REMAIN ON CALENDAR FOR DECEMBER 5 OR, ALTERNATIVELY, BE SET FOR DECEMBER 18, 2019 FOR)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

**12/02/2019** Notice of Related Case ([cross-reference to case number: 19STCV32775 - Dept. 38])
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**12/02/2019** Notice ( OF FILING PURSUANT TO LOCAL COURT RULE 3.3(e))
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/27/2019** Notice of Lis Pendens
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/25/2019** Complaint
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/25/2019** Civil Case Cover Sheet
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff); Jarrah khaled Al-Sabah (Plaintiff)

**11/25/2019** Summons (on Complaint)
Filed by Khaled J.Al-Sabah, individually as a Trustee of The Awal Trust, Dated February 23, 2012 (Plaintiff)

EXHIBIT "6", PAGE 87

**11/25/2019** Notice of Case Assignment - Unlimited Civil Case

Filed by Clerk

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   02/10/2020

# EXHIBIT "7"

1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2       A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501    Fax (888) 316-6107
4  e-mail: baruchcohen@baruchcohenesq.com

5  Attorney for Third-Party Plaintiffs PETER VOUTSAS aka PETER MARCO aka
   PETER MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba
6  PETER MARCO LLC

7

           **IN THE UNITED STATES DISTRICT COURT**
8
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
9

10  DAVID ROVINSKY LLC, a              USDC # 2:20-cv-02580-ODW-AS
    Delaware limited liability company,
11
12        Plaintiff,                   **AMENDED THIRD-PARTY
                                        COMPLAINT FOR:**
13  PETER VOUTSAS aka PETER
    MARCO aka PETER VOUTSAS, aka     **1.    INTENTIONAL
14  PETER MARCO                               MISREPRESENTATION &
    EXTRAORDINARY JEWELS OF                   FRAUD;**
15  BEVERLY HILLS, dba PETER         **2.    CIVIL THEFT (PENAL CODE,
    MARCO LLC,                               § 496);**
16                                   **3.    EMBEZZLEMENT;**
          Defendants/Third-Party Plaintiffs,  **4.    CIVIL CONSPIRACY TO
17                                             COMMIT THEFT, FRAUD,
    vs.                                        AND FRAUD BY
18                                             CONCEALMENT;**
    JONA S. RECHNITZ, an individual; **5.    CONVERSION;**
19  RACHEL RECHNITZ, an individual; **6.    BREACH OF CONTRACT;**
    LEVIN PRADO aka LEVON           **7.    BREACH OF THE IMPLIED
20  PRADO, an individual,                   COVENANT OF GOOD
                                            FAITH AND FAIR DEALING;**
21        Third-Party Defendants.    **8.    ACCOUNT STATED; &
                                      9.    UNETHICAL BUSINESS
22                                          PRACTICES IN VIOLATION
                                            OF CALIFORNIA BUSINESS
23                                          & PROFESSIONS CODE §
                                            17200**
24
                                      **DEMAND FOR A JURY TRIAL**
25
           Third-Party Plaintiffs PETER VOUTSAS aka PETER MARCO aka PETER
26
    MARCO EXTRAORDINARY JEWELS OF BEVERLY HILLS, dba PETER
27
    MARCO LLC. ("Marco") hereby allege the following against Third-Party
28

4/24-1:56pm

1    Defendants JONA S. RECHNITZ, RACHEL RECHNITZ, LEVIN PRADO aka
2    LEVON PRADO, (collectively "Third-Party Defendants") as follows:

3                    **THE PARTIES, JURISDICTION, AND VENUE**

4    1.    Third-Party Plaintiff PETER VOUTSAS aka PETER MARCO ("Marco") is
5          an individual residing in Los Angeles County, State of California.

6    2.    Third-Party Plaintiff PETER MARCO LLC is a limited liability company
7          qualified to do business in California qualified to do business in California.
8          Marco is the managing member of PM-LLC.

9    3.    Third-Party Plaintiff PETER MARCO EXTRAORDINARY JEWELS OF
10         BEVERLY HILLS is a dba of Marco and PETER MARCO LLC.

11   4.    All Third-Party Plaintiffs are collectively herein referred to as ("Marco").

12   5.    Third-Party Defendant JONA S. RECHNITZ ("Jona")  is an individual
13         residing in Los Angeles County, State of California. Jona is also Rachel's
14         husband.

15   6.    Third-Party Defendant RACHEL RECHNITZ ("Rachel")  is an individual
16         residing in Los Angeles County, State of California. Rachel is the managing
17         member of Jadelle LLC and the Chief Executive Officer for Jadelle Inc.
18         Rachel is also Jona's wife.

19   7.    Jona and Rachel Rechnitz operate a jewelry business through two similarly
20         named entities, Jadelle Inc. and Jadelle Jewelry and Diamonds, LLC, herein
21         the Jadelle Entities, whose marque client is the Kardashian family. Both Jona
22         and Rachel Rechnitz advertise political and powerful celebrity connections to
23         create a false sense of credibility about themselves and their business, posting
24         photos on their social media of Kylie Jenner and Kim Kardashian.

25   8.    The alleged frauds committed by Jona were committed with Rachel's
26         knowledge and direction, making her personally liable. Without Rachel
27         setting up the entities to commit the frauds, Jona lying to steal Marco's

28

4/24-1:56pm                              -2-

Consigned Jewelry, none of the below referenced offenses could have
occurred.

9.      On information and belief, on 4-6-2020, an involuntary chapter 7 bankruptcy
proceeding was filed against Jadelle Jewelry and Diamonds, LLC, a Delaware
limited liability company, Jadelle Jewelry, LLC, and Jadelle Inc., a California
corporation, USBC # 2:20-bk-13530-BR. The petitioning creditors are: First
International Diamond, Inc., with Trade Debt/Damages of $1,976,225.00,
Peter Marco, LLC, with Trade Debt/Damages of $7,676,744.00 (The correct
amount is $6,950,444.40) and Victor Franco Noval with Trade Debt/Damages
of $5,800,000.00, with total petitioners' claims of $15,452,969.00.[1] See,
"***Corrupt de Blasio donor Jona Rechnitz's alleged victims trying to force
him into bankruptcy***"
(https://nypost.com/2020/04/07/de-blasio-donor-jona-rechnitzs-alleged-victi
ms-trying-to-bankrupt-him/), and "***Creditors File Petition to Put Jadelle
Jewelry in Bankruptcy***"
(https://www.jckonline.com/editorial-article/jadelle-jewelry-bankruptcy/).

10.     Presently, Third-Party Plaintiffs are currently stayed from pursuing the
Jadelle entities in this Court by virtue of the automatic stay of bankruptcy (11
U.S. Code § 362). Marco will be filing claims against the Jadelle entities
debtors in the United States Bankruptcy Court.

11.     Non-party JADELLE JEWELRY AND DIAMONDS, LLC ("Jadelle LLC,"
collectively with Jadelle Inc., the "Jadelle Entities") (now in an involuntary
bankruptcy) is a Delaware limited liability company qualified to do business
in California. Rachel is the managing member of Jadelle LLC.

---

[1]A true and correct copy of the involuntary chapter 7 bankruptcy proceeding *In
re Jadelle Jewelry and Diamonds, LLC, a Delaware limited liability company, Jadelle
Jewelry, LLC, and Jadelle Inc., a California corporation*, USBC # 2:20-bk-13530-BR
is attached as Exhibit "1" and is incorporated herein by this reference.

12.     Non-party JADELLE JEWELRY, LLC,  ("Jadelle LLC," collectively with Jadelle Inc., the "Jadelle Entities") (now in an involuntary bankruptcy) is a California limited liability company qualified to do business in California. Rachel is the managing member of Jadelle LLC.

13.     Non-party JADELLE INC. ("Jadelle Inc.") (now in an involuntary bankruptcy) is a California corporation whose principle office is in Beverly Hills and whose CEO, CFO, and Secretary is Rachel.

14.     Third-Party Defendant LEVIN PRADO AKA LEVON PRADO ("Prado") is the agent for service of process, controller, and check signer for the Jadelle Entities.

15.     The alleged frauds committed by Jona were committed with Rachel's knowledge and direction, along with the assistance of Prado, making them personally liable. Without Rachel setting upon the entities to commit the frauds, Jona's lying to steal Marco's Consigned Jewelry, and Prado signing the check, none of the below referenced offenses could have occurred.

16.     Upon information and belief, Third-Party Plaintiffs believe, that at all times relevant hereto Third-Party Defendants, including but not limited to (the Jadelle entities) Jona, Rachel, and Prado, formed a civil conspiracy and engaged in acts in operation and furtherance of that conspiracy.

17.     Third-Party Plaintiffs are informed and believe, and so allege, that, at all times mentioned, each of the Third-Party Defendants was the agent, servant, joint venturer, co-conspirator, and/or employee of some or all of the remaining Third-Party Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship and with the full permission and consent of such Third-Party Defendants. Third-Party Plaintiffs are informed and believe, and so allege, that each Third-Party Defendant ratified, approved, and adopted as its own some or all of the acts of

4/24-1:56pm                                          -4-

each of the other Third-Party Defendants. Third-Party Plaintiffs are informed and believe, and thereon allege, that each of the Third-Party Defendants materially aided in some or all of the violations of the other Third-Party Defendants.

18. Third-Party Plaintiffs are informed and believe, and so allege, that the Third-Party Defendants are the alter egos of each other and there exists, and at all relevant times herein there existed, a unity of interest and ownership and control among the Third-Party Defendants, such that any individuality and separateness among them has ceased to exist, and they are alter egos of each other, and thus one or more Third-Party Defendants' business is nothing more than a shell, instrumentality, or conduit through which the remaining Third-Party Defendants carry on certain of their business.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b) because Third-Party Defendants reside in this district and a substantial part of the events giving rise to this action occurred here.

21. On 3-18-2020 2020, David Rovinsky Inc., filed a complaint against Marco, Case # 2:20-cv-02580 for negligence, conversion, fraud, negligent misrepresentation, civil theft (Cal. Penal Code § 496), and aiding and abetting conversion and civil theft seeking damages of $1,130,000.00.

22. Pursuant to FRCP 13(g), Third-Party Plaintiffs cross-claims against Third-Party Defendants, as they are responsible for the Rovinsky claim.

23. Pursuant to FRCP 19, Third-Party Defendants constitute "Required Party' as they are subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

1     a.    (A) in that person's absence, the court cannot accord complete relief

2        among existing parties; or

3     b.    (B) that person claims an interest relating to the subject of the action

4        and is so situated that disposing of the action in the person's absence

5        may:

6        i.    (i) as a practical matter impair or impede the person's ability to

7        protect the interest; or

8        ii.    (ii) leave an existing party subject to a substantial risk of

9        incurring double, multiple, or otherwise inconsistent obligations

10       because of the interest.

11  24.  Pursuant to FRCP 20, Third-Party Defendants may be joined in this action in

12     one action as defendants if:

13     a.    (A) any right to relief is asserted against them jointly, severally, or in

14        the alternative with respect to or arising out of the same transaction,

15        occurrence, or series of transactions or occurrences; and

16     b.    (B) any question of law or fact common to all defendants will arise in

17        the action.

## GENERAL ALLEGATIONS

### JONA RECHNITZ

20  25.  On information and belief, Jona is infamously known for his involvement

21     with a federal probe into corruption in the NYPD and the de Blasio mayoral

22     campaign. He reportedly funneled money into the 2013 de Blasio campaign

23     and bribed police commanders. He admitted to directing campaign donations

24     to Mayor de Blasio in exchange for access to City Hall and showering NYPD

25     leaders with prostitutes and other bribes to cultivate them as allies. He

26     pleaded guilty to charges of to providing financial and personal benefits and

27     political contributions to public officials including law enforcement officials

28

EXHIBIT "7", PAGE 94

1    in exchange for official action in March of 2017. Asked about Jona's

2    testimony, the mayor called Jona *"a liar and a felon*."

3    26.    On 6-6-2016, in the criminal matter entitled: *United States of America vs.*

4    *Jona Rechnitz*, 1:16-cr-00389-AKH, before the United States District Court

5    Southern District of New York, a sealed information was filed against Jona

6    for wire fraud, who then entered a guilty plea. On 3-15-2017, the information

7    against Jona was unsealed, and Jona was released on bond pursuant to release

8    conditions imposed by Judge Alvin K. Hellerstein. On 12-6-2019, Jona was

9    sentenced to 10 months of custody, and was granted release pending appeal.

10    27.    Interestingly, among the Mandatory Conditions of Jona's release was that he

11    not commit another federal, state or local crime.[2]

12    28.    Indeed, in Jona's 10-16-2019 letter to Judge Hellerstein seeking a reduced

13    sentence, Jona wrote the Court (he shared this letter with Marco):

14    *Dear Judge Hellerstein: **I am a felon. I am a criminal**. I am the ONLY
      person to blame for that. **I have caused tremendous pain and
15    embarrassment to my family, my religion, and to myself**. There is no
      way to undo what's been done. It's permanent, and for that I am truly
16    sorry to everyone hurt by my crimes and actions. It eats me alive each
      and every day. When I wake up, when I go to sleep, it is always on my
17    mind for the past 4 years. **My actions harmed the people of New York,
      The people of Correction Officers Benevolent Association, my
18    friends, my family and my community**. I will forever carry this
      burden, as I deserve to. I have read of your Honor asking at various
19    sentencings, why do good people do bad things? In my case, not
      assuming I'm a good person, I can answer this question. **Arrogance,
20    greed, and insecurity. Arrogance. I felt I was above the law**. At this
      young age in my late 20's I was busy accepting honors at dinners and
21    board positions at prestigious institutions. **It got to my head. Greed. I
      wanted to gain contacts to grow my business, to make money and
22    gain stature in the long run**. Insecurity. I wanted to gain popularity
      by my peers and become a big shot in my community and business
23    circles*. [Emphasis added].

24    ---

25

26

27    [2]A true and correct copy of Jona's 3-3-2020 *Judgement In a Criminal Case* in
     *United States of America vs. Jona Rechnitz*, 1:16-cr-00389-AKH is attached hereto as
28    Exhibit "2" and is incorporated herein by this reference.

EXHIBIT "7", PAGE 95

***Shame on me.*** *Finally, I couldn't wiggle my way out of this one. It changed my life as I knew it forever.* ***As a supposed religious man, I have been a disgrace to my religion***. ***The only way to fix this is to make serving G-d my main focus for the rest of my life. I try to every day. I have changed as a person religiously, through prayer, my public and private behavior, and I always stop and think before I'm about to do something to see if it is something my parents, my family, and G-d would approve of.*** [Emphasis added].

---

*Your Honor, there are so many examples that I am omitting* ***as I don't want to portray myself as the victim here. I caused a lot of pain and harm to others through my criminal activity and don't want to detract from that***. *JONA RECHNITZ.* [Emphasis added]. [3]

29. On 12-19-19, as reported in the New York Times, **'*Liar,*' *and Star Witness in City Graft Cases, Gets 10-Month Sentence*''** (https://www.nytimes.com/2019/12/19/nyregion/jona-rechnitz-corruption-sentencing.html) Jona was sentenced to five months in prison and five months of house arrest, followed by three years on parole, apologized to Judge Alvin K. Hellerstein for his criminal and immoral behavior, and asked the judge for leniency.

"***I've been a real fraud to God, a fraud to my wife and family, a fraud as an American, a fraud as a businessman***, *and a fraud to the people of New York, namely, the hard-working COBA members, and I'm truly sorry for that.* ***My actions have hurt many people, and I'm very sorry for that. I continue to pay for my mistakes on a daily basis***. [Emphasis added].

---

"*While living in New York City,* ***I wrongly felt pressure to become a bigshot***. *I was working for one of the largest real restate companies in 2007, and it got to my head. I was in my late 20's, and big people in the real estate industry were dealing with me.* ***My ego was big, and I so badly wanted to impress these people in order to advance my career and profile***. *This is where things started to spiral out of control. This is where I went so off the rails for a number of years.* ***I assure your Honor that these past years and the experience I've gone through has changed me. I will never act that way again.***" [Emphasis added].

_____

[3] A true and correct copy of Jona's 10-16-2019 letter to Judge Hellerstein seeking a reduced sentence is attached hereto as Exhibit "3" and is incorporated herein by this reference.

1 ---

2       *"I've been a big hypocrite to my religion. I failed to conduct myself*
3 *properly between myself and my fellow man and between myself and*
      *my relationship with God. I have strayed. I did all of these horrible*
      *things without worrying about God or the consequences that come*
4 *with this sort of behavior.* I cannot express to your Honor how
      ashamed I am for desecrating my religion. *I have and will continue to*
5 *repent to God every single day. I have and continued to make*
      *amends. Part of my efforts to make right included cooperating as a*
6 *first step. I have a lot more work to do."* [Emphasis added].

7 ---

8       *"This is one of several jobs that I have in the coming months* **as I**
      **continue to sort out my life in a lawful path. In fact, I will spend the**
9 **rest of my life trying to make amends for my criminal behavior.** *I will*
      *try to make a better name for my family, for my religion, and for*
10 *myself.* **I am on the path to recovery, your Honor. I am a better family**
      **man; I am a better friend; I am a more religious person. I am**
11 **working again to make an honest living.**" [Emphasis added].

12       *"THE COURT: What is the new business? Jadelle?*

13       *"Jadelle, yes. I really paid a hefty price for cooperating with the*
      *government for my crimes. Most recently, the New York Post put up an*
14 *article that was mentioned this morning -- your Honor may not be*
      *aware – accusing me of hobnobbing and flirting with the rich and*
15 *famous at a time when I claim I am a pariah to society. In fact, Jadelle*
      *Jewelery hosted a jewelery show to promote the brand and new jewelry*
16 *collection. The event was to make sales and increase business. One*
      *attendee was a Kim Kardashian, a client of Jadelle."*

17 ---

18       *"Within my community, within the media, and through*
19 *self-introspection. In New York City, I am persona non grata. I am to*
      *blame.* **I burnt a lot of bridges and relationships and had to relocate**
20 **to California.** *I am so truly sorry for my behavior. I am a changed*
      *man...*"

21       **"I don't see any way to start over a third time. I'm on my second**
22 **chance**...*"

23 ---

24       *"THE COURT: ... And yet in the life that's been depicted in this court,*
      **he cheapens people. He works on their insecurities and their quest**
25 **for material possessions and just does the opposite. He diminishes**
      **people**....*"*[4]

26 ───────────────

27     [4]A true and correct copy of the relevant portions of the transcript of Jona's 12-
28 19-2019 Sentencing Hearing is attached hereto as Exhibit "4" and is incorporated

EXHIBIT "7", PAGE 97

30.  On information and belief, Jona made numerous false statements to the federal sentencing judge because by 12-19-2019, Jona's frauds (below) were well under way. One of the primary reasons for documenting Jona's criminal activities with specificity and by the attachments to this Complaint is to properly expose his fraud and to preempt the "spin" that he and his family will inevitably spin to the community of his innocence and that he is unfairly being pursued. Jona's house of fraudulent cards needs to be exposed. "*The only thing necessary for the triumph of evil is for good men to do nothing*." (Edmund Burke, in a letter addressed to Thomas Mercer). Abuse thrives in a culture of silence.

### MARCO & RECHNITZ (JADELLE)

31.  From the period  8-26-2018 - 12-23-2019, Marco & Jona enjoyed a successful and trusting relationship with each other whereby they engaged in approximately 32 transactions totaling approximately **$39,369,620** in value, whereby they bought merchandise from each other and/or returned merchandise to each other. Jona introduced Marco to famous celebrities, including NBA stars Shaquille "Shaq" O'Neal, Scottie Pippen, Sam Cassell, boxing champ Floyd Mayweather, pop stars Kim Kardishian & Kris Jenner, and artist Alec Monopoly, to name a few, who Marco parlayed Jona's introductions into clients and/or to advance his social media presence by being connected to them.

32.  From the period 10-29-2019 - 1-7-2020 (notwithstanding his then legal troubles in NY), Jona assured Marco that he was back from NY refocused on his business, and acquired **$6,950,444.40** of additional jewelry from Marco on consignment for the purpose of reselling them to his clients (including Plaintiff's Ring and Necklace).

herein by this reference.

33.    At the time, Marco had no reason to believe that the $6,950,444.40 consignments with Rechnitz would be in jeopardy, primarily because of his successful and trusting relationship with Jona, the 32 prior transactions with him totaling approximately **$39,369,620** in value. Accordingly, Marco LLC consigned the following pieces of Consigned Jewelry to Rechnitz.

| # | Date | Vendor | Item | Cost |
|---|------|--------|------|------|
| 1 | 10-29-2019 | Luna | Yellow & White Choker Necklace / Bracelet - 69.13 ct 10stone 34.9ct 412,500 yellow /wt choker/bracelet | $150,000.00 |
| 2 | 11-11-2019 | Marco LLC | Three Butterfly Rings for Kris Jenner & the Kardashians | $22,000.00 |
| 3 | 11-19-2019 | David Rovinsky | NECKLACE - 18KYG Diamond necklace, 134.71 Fancy Yellow, internally flawless, VS2 , 49 stones. | $1,300,000.00 |
| 4 | 11-26-2019 | Marco LLC | Two Watches for Jona's client Justin Bieber | $89,000.00 |
| 5 | 11-27-2019 | David Rovinsky | RING - 43.10 Carat Fancy Yellow diamond+ 6.82 carats. | $1,650,000.00 |
| 8 | | Marco LLC | Two Diamond fashion rings for Jona's client Kim Kardashian | $5,000.00 |
| 7 | 12-2-2019 | Norman Silverman (Lazar) | BRACELET - Multi-shape 14 stone diamond bracelet, 45.47 carats, white gold. | $500,000.00 |
| 8 | 12-5-2019 | Marco LLC | Watch for Jona's father Robert &<br><br>Mixed gold & diamond pieces, for Jona's client Alec Andon Monopoly | $145,000.00<br>$44,200.00<br>$189,200.00 |
| 9 | 12-9-2019 | Marco LLC | Cufflinks for Jona's client Chaz | $7,000.00 |

| 10 | 12-12-2019 | Norman Silverman | BY215 - BRACELET - Platinum/18kwg 36.69 carats, 132 stones, 44 radiant 25.52cttw., 66 baguettes 7.57 cttw | $140,000.00 |
| 11 | 12-16-2019 | Norman Silverman | NS10052 - EARRINGS - 18kwg 2stones, 9.02 Round Brilliant, J/Sl2G, GIA# 2165989714, 9.02 Round Brilliant, J/Sl2, GIA# 2205611416 | $335,000.00 |
| 12 | 12-16-2019 | Lazar | LAZ52342 - RING- 20.54 carat Oval diamond ring, H/VVS2, GIA# 6204485119 | $793, 049.40 |
| 13 | 12-16-2019 | First International | EID MT 13.62 D/VVS1, # 11776564 | $1,333, 695.00 |
| 14 | 12-23-2019 | Marco LLC | Watch for Jona's client Kim Kardashian, and Two Diamond fashion rings for Jona's client Kim Kardashian | $141,500.00 |
| 15 | 1-7-2020 | Eli, Inc. | RING - 15.03 Fancy Yellow internally flawless radiant diamond mounted on a WG ring with a diamond halo. | $215,000.00 |
| 16 | | Marco LLC | Saloman (charge back credit card) | $80,000.00 |
| | | | **TOTAL** | **$6,950,444.40** |

34.    Prior to 10-29-2019, and thereafter, Rechnitz repeatedly represented to Marco that he had interested buyers for the pieces of Consigned Jewelry, and that consummation of his sales were imminent.

35.    As stated above, on 11-19-2019 and on 11-27-2019, Marco LLC consigned Rovinsky's Ring & Necklace to Rechnitz based on his representations that he had buyers for them.

| **Date** | **Vendor** | **Item** | **Cost** |
| --- | --- | --- | --- |
| 11-19-2019 | Marco LLC to Rechnitz | NECKLACE - 18KYG Diamond necklace, 134.71 Fancy Yellow, internally flawless, VS2 , 49 stones. | $1,300,000.00 |

EXHIBIT "7", PAGE 100

| 11-27-2019 | Marco LLC to Rechnitz | RING - 43.10 Carat Fancy Yellow diamond+ 6.82 carats. | $1,650,000.00 |
| | | **TOTAL** | **$2,950,000.00** |

36. The way consignments work, is that if Rechnitz's sale to his clients did not go though, then Rechnitz would return the pieces of Consigned Jewelry back to Marco, who would in turn, return the Consigned Jewelry back to Marco's vendors.

37. Prior to 10-29-2019, and thereafter, Jona repeatedly indicated to Marco that he had buyers and sold the pieces of Consigned Jewelry (including Rovinsky's Ring & Necklace), and was awaiting receipt of payment from his clients. These representations by Jona to Marco were false when made, and Jona knew the representations were false when made. Jona made these representation with the intention of causing Marco to rely on them. Marco indeed relied on Jona's representations to Marco's detriment.

38. Yet, no sooner than within weeks of being sentenced in the Southern District of New York, Jona, a convicted felon, was apparently so "distraught" and repentant about his criminal past, that instead of reselling Marco' Consigned Jewelry (including Rovinsky's Ring & Necklace) and repaying Marco, Jona swindled Marco in a large scale fraud by absconding with the pieces of Consigned Jewelry, and either pawned them off, or used them as collateral for loans to various questionable sources, and has not repaid Marco the $6,950,444.40. In reality, Jona liquidated Marco' Consigned Jewelry (including Rovinsky's Ring & Necklace). Marco subsequently discovered from colleagues that Jona liquidated all pieces of Marco LLC's Consigned Jewelry (including Rovinsky's Ring & Necklace).

39. On information and belief, at this same time, Jona defrauded other diamond dealers and insurance companies in Southern California, including but not

4/24-1:56pm

-13-

limited to: Sotheby's, Leon Landver, Ben Adhoot, and Yehuda Gamzo, Oved
Anter, Moti Klein, and Julius Klein. The amount of losses to these various
parties is alleged to be over $15,000,000.00.

40. But even after Marco discovered Rechnitz's recent frauds from colleagues in
the jewelry industry, Rechnitz continued to 'play' Marco and deceive him
with further false and misleading stories:

On 1-21-20, at 10:22:38AM, Rechnitz texted Marco of a 'major issue' a
'legal situation' a 'huge crisis' and a 'disaster' that forced him to not consummate
his deals with Marco:

> *The stone of Oved's is coming back tomorrow with all of the other stones. Client isn't taking anythinf. **I have a major issue now they didn't know about my legal situation and freaked out** they also want to reverse previous transactions of mine. He can't be associated with me. A man of his status. **I'm dealing with a huge crisis now and my Dad is at bank trying to sort out issue for me in regards to all this. I stopped the wire because they may be sending the necklace and ring back. I need a few hours to deal with them with my lawyer. This is a disaster. I am trying to fix this** but won't know for a few hours. I also have Moty Klein in town at the same time while this is all going on which is extra stress as he can't hear any of this. Give me a few hours please and I hope to have better news*. [Emphasis Added].

41. On 1-21-20, at 10:23:29AM, Rechnitz texted Marco a vague admission of
guilt and liability:

> ***I understand if you never want to deal with me again or see my fave ever again I am so sorry***. [Emphasis Added].

42. On 1-21-20, 10:24:09AM, Rechnitz texted Marco that he is trying to fix his
'major issue' a 'legal situation' a 'huge crisis' and 'disaster:' :

> ***You need to let me try and resolve this now***. [Emphasis Added]

43. On 1-21-20, at 10:33:53AM,  Rechnitz texted Marco his shame and
depression that his recent frauds are causing Marco:

> ***You don't even need to type back anything to me I'm depressed. Upset. This all happened Yesterday evening***. *I'm dealing with it. Standby* [Emphasis Added].

44. In addition, and to make matters worse, on 1-5-2020, Jona issued Marco a
worthless check that he had no intention of honoring, # 8630 for

4/24-1:56pm

-14-

$2,950,000.00 post-dated to 1-5-2020 (for the two Rovinsky pieces he had on consignment from Marco).

| Check # | Date | To | $ |
|---------|------|-----|---|
| 8630 | 1-5-2020 | Peter Marco | $2,950,000.00 |

45.   Even had Marco tried to deposit Rechnitz's $2,950,000.00 post-dated check, he could not because Rechnitz had instructed him to rip it up earlier based on his promises to Marco that he would wire the funds to Marco.

46.   In addition, and as an aside, on 1-17-2020 Jona issued two worthless checks to another one of his defrauded creditors First International totaling $2,122,760.00 that he had no intention of honoring: (1) Check # 2200 for $922,760.00; and (2) Check # 2201 for $1,200,000.00.  Both checks were NSF at the time of tender, in violation of the California Civil Code § 1719 and the California Penal Code §476a.

47.   In addition, and to make matters worse, on 1-14-2020 Jona issued another defraused creditor Franco Noval a worthless check that he had no intention of honoring, check # 8817 for $2,500,000.00, and then on 1-16-2020 check # 8820 for $1,300,000.00, and then on 1-22-2020 check # 8823 for $4,500,000.00  also in violation of the California Civil Code § 1719 and the California Penal Code §476a.

| Check # | Date | To | $ |
|---------|------|-----|---|
| 8630 | 1-5-2020 | Peter Marco | $2,950,000.00 |
| 8817 | 1-14-2020 | Franco Noval | $2,500,000.00 |
| 8820 | 1-16-2020 | Franco Noval | $1,300,000.00 |
| 2200 | 1-17-2020 | First International | $922,760.00 |
| 2201 | 1-17-2020 | First International | $1,200,000.00 |
| 8823 | 1-22-2020 | Franco Noval | $4,500,000.00 |
| | | Total NSF Checks issued by Jona | **$13,372,760.00** |

4/24-1:56pm                                          -15-

48.  Based upon information and belief, Third-Party Defendant Prado, acting in concert with Jona, and to further his scheme, signed Marco's post-dated check and had his girlfriend or another representative at Wells Fargo Bank issue a stop payment on the check, that Marco was going to deposit.

49.  During this entire time, Jona repeatedly lied to Marco that the deals with his clients were consummated. Jona lulled, and attempted to fabricate one excuse after another to delay paying Marco, and hid the truth from them through stonewalling and lies. Repeated demands have been made to Jona to return Marco's Consigned Jewelry (including Rovinsky's Ring & Necklace). Instead, Jona, took numerous steps to lull Marco into a false sense of security to buy more time, and to keep this matter secret via phone calls and WhatsApp texts.

50.  On 1-22-2020 at 5:12:52, once Jona's most recent frauds in stealing and liquidating Marco' Consigned Jewelry (including Rovinsky's Ring & Necklace) and of other victims, hit the streets, Jona texted Marco begging him to stay quiet and not report him, lulling him to buy time:

*"**I'm at my cousin lawyer and cousin** still getting everything sorted out so no noise and no issue I'll see you later still*." [Emphasis added].

51.  On 1-27-20 at 3:47:58, Jona repeated his request that Marco not report him for his fraud:

*"Please confirm the following: They will wait until end of day tomorrow **and keep it quiet**. Need to know ASAP"*

and then at 4:03:11:

*"Need to know NOW."*.

52.  On 1-29-20 at 7:55:07, Jona repeated his request that Marco not report him for his fraud:

-16-

4/24-1:56pm

*"All I can say is I'm handling things and **don't discuss anything with anyone. No updates to people who call you** unless it's oved or lazar."* [Emphasis added].

53.   On 1-30-2020 at 11:35am, Jona introduced Oved Anter of First International Diamonds to an attorney at Williams & Cohen about the Rechnitz cousin's proposed bailout:

*"Oved meet Reuven. Reuven oved is a vendor I owe and used his goods for loans. **He has been the single biggest force in helping keep people calm**. He needs to hear from you in order to continue please. Thank you."* [Emphasis added].

54.   On 2-4-2020, 12:30:22, Jona repeated his request that Marco not report him to news outlets for his fraud:

*"Pls confirm you didn't hear back **or communicate to the paper**."* [Emphasis added].

55.   On 2-4-2020 at 3:36:55, Jona texted Marco of his fear of being reported to the authorities for his fraud:

*"Is david dealing through you because **I heard he wants to report me so confirm that he is holding off** and you'll wait to hear from my lawyers"*

and then at 4:49:01 texted Marco:

*"**Make sure you ignore the reporter**. Moty is too. **She can't print without a comment**."* [Emphasis added].

56.   That night, on 2-4-2020 at 9:40pm, Jona falsely enlisted attorneys to pretend a bailout was coming from family members to buy himself more time.

Attorneys from Williams & Cohen wrote Marco about the purported bailout:

*"We write with an update on Jona Rechnitz. **A family member of Mr. Rechnitz has informed our law firm that the family member is seeking to refinance certain real property in order to satisfy Mr. Rechnitz's outstanding liabilities**. We currently have no visibility into the family member's interest in the property, the value of the property, or what, if any equity, the family member has in it. If you are represented by counsel, please let us know and provide your counsel's contact information. Our client's desire is to resolve this matter amicably."*

57.   Meanwhile, on 2-10-2020, as reported in the NY Post: ***"Ex-de Blasio crony used Kardashian ties for fraud scheme, lawsuit claims,"***

1    (https://nypost.com/2020/02/09/ex-de-blasio-crony-used-kardashian-ties-for-f

2    raud-scheme-lawsuit-claims/), and as reported in the 3-6-2020 article in JCK:

3    *"The Troubling Case of Jona Rechnitz"*

4    (https://www.jckonline.com/editorial-article/the-troubling-case-jona-rechnitz/

5    ), and as reported in the 3-10-2020 NY Daily News article "***Corrupt Mayor***

6    ***de Blasio donor Jona Rechnitz faces new FBI probe in L.A.: court papers***"

7    (https://www.nydailynews.com/new-york/ny-rechnitz-los-angeles-probe-2020

8    0310-nrzbb6263nga3hkcyob2lw46wq-story.html), one of Jona's recently

9    defrauded victims filed a lawsuit entitled: *Victor Franco Norval vs Jona S.*

10    *Rechnitz, Rachel Rechnitz, Jadelle Inc., a California Corporation; Jadelle*

11    *Jewelry and Diamonds, LLC, a Delaware Limited Liability Company; Levin*

12    *Prado Aka Levon Prado, an Xiomara Cortez*, LASC # 20SMCV00216, for

13    (1) Fraud (2) Civil Theft (Penal Code, § 496), (3) Breach of Contract, (4)

14    Conspiracy to Commit Theft, Fraud, and Fraud by Concealment, (5)

15    Appointment of Receiver seeking damages of $7,000,000.00.

16   58.   Interestingly, on 2-22-2020, Jona's father Robert Rechnitz reiterated the

17    proposed bailout by Jona's cousin to Marco and represented that Marco

18    would be paid "*first in line*" by Jona's cousin.

19   59.   And then on 2-20-2020, as reported in the NY Post "***De Blasio donor Jona***

20    ***Rechnitz accused of $1M scam in California***,"

21    (https://nypost.com/2020/02/28/de-blasio-donor-jona-rechnitz-accused-of-1m

22    -scam-in-california/) another one of Jona's defrauded victims filed a lawsuit

23    entitled: *Israel Sam Gorodistian vs. Jadelle Jewelry and Diamonds, LLC, a*

24    *Delaware Limited Liability Company; Jadelle Inc., a California Corporation;*

25    *Jona Rechnitz, Rachel Rechnitz, Robert Rechnitz*, LASC # 20STCV07425, for

26    1. Conversion; 2. Civil Theft (Pen. Code § 496); 3. Fraud – False Promise; 4.

27    Negligent Misrepresentation; 5. Civil Conspiracy to Defraud; 6. Breach of

28

EXHIBIT "7", PAGE 106

1    Oral Contract (2 Counts); 7. Breach of Implied-in-fact Contract (2 Counts); 8.

2    Money Lent; 9. Account Stated; and 10. Breach of Written Guaranty seeking

3    damages of $1,659,333.33.

4    60.    Jona is no stranger to fraud. Unbeknownst to Marco, on 6-3-2019, Jona was

5    sued in the United States Bankruptcy Court Southern District of New York

6    (Manhattan), Adv. Case No, # 19-01236-jlg by Kenneth P. Silverman, Esq.,

7    the Chapter 7 Trustee of the Jointly Administered Estates of National Events

8    Holdings, LLC, Chapter 7 Case No.: 17-11556 (JLG) on 35 counts of

9    receiving fraudulent conveyances through an elaborate Ponzi scheme,

10    pursuant to New York Debtor and Creditor Law §276, and (b) pursuant to 11

11    U.S.C. §§550(a) and 551, 11 U.S.C. §548(a)(1)(A), and (b), 11 U.S.C.

12    §548(a)(1)(B), and (b),  totaling $45,000,000.00.

13    **JONA AND ROBERT RECHNITZ**

14    61.    On information and belief, Jona personally ingratiated himself to Marco, as

15    an Orthodox Jewish diamond dealer, leading Marco to believe that Jona was

16    more trustworthy than others because of his Orthodox faith and belief in

17    Jewish law (and common Orthodox Jewish friends in and out of the Diamond

18    industry), which requires honesty and maximum integrity. These types of

19    internal community relationships such as the Orthodox Jewish diamond

20    community create a vulnerability for affinity fraud to be perpetuated. Jona

21    targeted Marco exploiting his standing in, and knowledge of, the customs and

22    practices of this community to further his fraudulent scheme. This type of

23    illegal activity is commonly referred to as "affinity fraud," and refers to

24    scams that prey upon members of identifiable groups, such as religious or

25    ethnic communities, the elderly, or professional groups. The perpetrators of

26    affinity fraud scams, like Jona, frequently are, or pretend to be, members of

27    the group, and they exploit the trust and friendship that exist in groups of

28

4/24-1:56pm                                    -19-

1    people who have something in common. The conventional thinking is that the

2    religious man doing business with you is unlikely to ruthlessly rip you off.

3    62.    On information and belief, Jona and his father Robert Rechnitz's ("Robert")

4    *modus operandi* is as follows: Robert would meet Marco in Jona's office and

5    at his office, endearing Marco with old school charm warmth & friendship to

6    place him at ease, while Jona would rip him off in broad daylight and steal

7    from him. Then, once Jona's fraud was discovered by his victims (including

8    Marco), Robert was there officially trying to clean up Jona's messes, further

9    lulling the defrauded creditors (including Marco), with promises of bailouts,

10   putting his friendships with Jona's victims on the line so-to-speak, in the

11   unspoken understanding that an action against Jona would be tantamount to

12   an action against Robert. The two acted in tandem like a tag-team to further

13   defraud Marco and other victims.

14   63.    On the one hand, it is laudable for a loving parent to come to the aid of their

15   child in distress, no matter what. On the other hand, in this case, Marco

16   believes that Robert's involvement was too interwoven with Jona's criminal

17   actions to be innocent or laudable. For example, throughout their relationship,

18   Jona constantly brought his father Robert into the conversations and

19   transactions portraying him to Marco as the moral authority and the one

20   overseeing and coaching Jona's affairs, who's presence conferred legitimacy

21   on Jona's wild bragging and transactions, who appeared at the epicenter

22   whenever Jona's frauds were discovered by his victims (including Marco).

23   64.    On 8-9-19, at 15:24:03, Jona texted Anter about Jona's father Robert:

24   ***My Dad is a nice guy doesn't talk when ppl owe him ?? lee. Yossi.
     But keeps getting mad I talk to you too much***.  [Emphasis added]

25   65.    On 10-28-19 at 8:43:40, Jona texted Marco citing his father as a bailout

26   source for him:

27

28

EXHIBIT "7", PAGE 108

> "*Issue! My account has a charge back from that client! Money was withdrawn from my account not enough funds for your wire this morning Bc sent after cutoff Friday. Will resolve next few hours and* **get money from my Dad today**. *Bear with me until later in the day. I'm sorry. Unforseen.*" [Emphasis added].

66.    On 11-5-19 at 9:22:25, Jona texted Marco seeking a bailout for his father:

> "*You know me by now if I would ever need anything from a friend YOU this is a level 10. I committed to something by tonight* **that is not reversible for my Dad** *and said it is done. Please tell me you got me and let me breathe here. Thx*"

and at 11-5-19 at 10:12:57:

> "*I am sorry to pressure you and now I'm just letting you know for me this is super urgent And* **you are the only person I am comfortable to discuss this with. Obviously it goes without saying I will go all the way for you and I do not need to even say that here but I feel like saying it to remind you I'm always in your corner** *either way I hope we have good news today because I'm out of options thank you,*" [Emphasis added].

and at 11-5-19 at 11:44:55 endeared himself to Marco as his 'brother:'

> "**Brother pls help me here**" and finally, at 11-5-19 at 1:58:26: "**My Dad is good with 70.**" [Emphasis added].

67.    On 1-21-20 at 10:22:38, after Jona's recent frauds to Marco was revealed (by

other sources in the community), Jona cited his father as the one trying to

solve Jona's frauds, Jona texted Marco:

> "*The stone of Oved's is coming back tomorrow with all of the other stones. Client isn't taking anythinf. I have a major issue now they didn't know about my legal situation and freaked out they also want to reverse previous transactions of mine. He can't be associated with me. A man of his status.* **I'm dealing with a huge crisis now and my Dad is at bank trying to sort out issue for me in regards to all this.** *I stopped the wire because they may be sending the necklace and ring back. I need a few hours to deal with them with my lawyer. This is a disaster. I am trying to fix this but won't know for a few hours. I also have Moty Klein in town at the same time while this is all going on which is extra stress as he can't hear any of this. Give me a few hours please and I hope to have better news.*" [Emphasis added].

68.    On 1-26-20 at 12:18:08 PM, Jona texted Marco a report of his father's

attempts to rectify his most recent frauds to his vendors:

> "*And lazar tried to control things a little too much from my cousins money.* **My Dad very involved** *joe. Just wait...Promise you*" and at 1-26-20 at 12:18:15: "**now.**" [Emphasis added].

-21-

69.   For now, Robert is not a named party, but Marco reserves the right to name
      him as a Third-Party defendant once facts become known as to the full extent
      of his involvement with Jona's most recent frauds. Parenthetically, Robert
      was recently placed into an involuntary bankruptcy/receivership by his
      creditor ITOR 116 SF LLC in Israel, Case # 27255-09-18 for debts in excess
      of $2,600,000.00 shekel ($9,500,000.00 dollars) ("***Receiving order against
      businessman Robert Rechnitz, who is close to Netanyahu***"
      http://www.calcalist.co.il//articles/0,7340,L-3803076,00.html) but the Israeli
      bankruptcy does not stay Marco's claims against him in this country.

70.   On 3-9-2020, Marco' litigation counsel Baruch C. Cohen ("Cohen") extended
      a professional courtesy to Robert to inform him that Cohen had been retained
      by Marco to sue Jona, inquiring (actually, hoping) that Rechnitz's cousin's
      bailout was imminent, to avoid the litigation. Further, as Robert personally
      guaranteed the debts to Oved Anter and First International of up to
      $12,000,000.00, that Cohen would reluctantly have to sue Robert as well.
      Cohen told Robert that he personally preferred ***not*** to have to sue Robert, as
      both pray at the same synagogue in Hancock Park and have known each other
      for years. Cohen acknowledged that Robert attempted to help Cohen in the
      past and was gracious in Cohen's time of need, as Cohen was to Robert's.
      Cohen acknowledged that Jona introduced Cohen to Marco. Cohen made it
      clear that he took no joy in prosecuting these cases on behalf of Marco and
      Anter against Jona and Robert, as Cohen agonized over it for over a month
      ever since Marco was being pursued by Rovinsky because of Jona's actions.
      But, Cohen explained, that Jona placed his clients in a terrible predicament
      exposing them to millions of dollars of damages from Rovinsky and others,
      and the scope of Jona's perfidy and betrayal was so breathtaking,
      overwhelming and devastating, that Marco and Anter absolutely insisted that

4/24-1:56pm

-22-

1 Cohen protect their interests. While Cohen did not expect Robert to be
2 pleased with this decision, as Marco's attorney, Cohen owed Marco a 100%
3 duty and must represent his client's interests.

4  71.    Further, in the matter of *Oved Anter & First International Diamonds*
5 ("Anter") vs Rechnitz et al, on 6-25-2019 Robert personally guaranteed up to
6 $12,000,000.00 of Jona's debt to Anter. Robert's 6-25-2019 Personal
7 Guaranty to Anter stated that Robert stood behind Jona and all his dealing. It
8 reads as follows:

9 *Dear Oved / First International Diamonds Inc., I very much enjoyed*
*speaking to you by phone. Jona has shared some of your conversations*
10 *with me. Thank you for being a confidant for Jona. He mentioned to me*
*about how your Father had a special bond and relationship with you. I*
11 *was also privileged to have a close relationship with my Father, as did*
*Jona. I'm sure you will find much success in your dealings together. I*
12 *completely understand your desire to know that Jona's family is aware*
*of his dealings with you and stands behind him. **I am pleased to***
13 ***confirm that I stand behind Jona and all his dealing with you. You***
***have indicated that you have extended memos up to the amount of***
14 ***$12,000,000.00. If for some reason you need to callback your credit***
***line, all merchandise will be returned to you, and any cash***
15 ***deficiencies will be repaid by me.** . May your confidence in Jona and*
*your extension of credit be profitable for both of you.*  BOBBY
16 RECHNITZ / CC: JONA RECHNITZ [Emphasis added]

17  72.    Jona personally handed Robert's 6-25-2019 Personal Guaranty letter to Anter
18 several days after Robert orally promised to personally guaranty Jona's debts
19 to Anter, while all three met at Pat's Kosher Restaurant on Pico Boulevard.

20  73.    On 6-25-19 at 16:22:18, Jona Whatsapp texted Oved - confirming Robert's
21 Personal Guaranty:

22 *"It's good to know **I'm worth 12mm to my Dad** not 10mm lol."*
23 [Emphasis added].

24  74.    On 7-3-19 at 21:58:14 Jona Whatsapp texted Oved again, confirming the
25 UCC Financing Statement and the Personal Guaranties to Anter:

26 *"OK also I filled out the application so Monday let's go through it I am*
*away until Monday I will come see you Monday I will take care of that*
27 *and I will get the application filled out with you. No worries. **In***
***meantime you have UCC. <u>My Dad guarantee in writing</u>. My***
28

*guarantee. My wife. Everything and the legal document that's owns me. I want you to feel protected and will make it happen.*" [Emphasis added].

75.    On 3-9-2020 Cohen notified Robert that he would have to sue Robert on the personal guarantee to Anter as well.

76.    3-10-2020 was the Jewish holiday of Purim, and Robert approached Cohen in synagogue that night acknowledging the professional courtesy extended to him, and asked to speak to Cohen under the guise and pretext of wanting to talk about "nothing legal, just as friends." Cohen reiterated the above, and Robert repeatedly denied personally guaranteeing the debts to Anter.

77.    Robert's denial that he personally guaranteeing the debts to Anter was indeed curious, as Cohen had a copy of Robert's 6-25-2019 Personal Guaranty in his file. So, what was Cohen to make of Robert's denials? Was he involved with Jona's frauds, or was he not?

78.    If indeed, Robert did not sign the Personal Guaranty to Anter - as he insisted to Cohen orally - and giving Robert the benefit of the doubt - then that would mean that Jona forged his own father's name to Robert's 6-25-2019 Personal Guaranty to Anter, and shamelessly exploited Anter's trust and his father's name, using a doctored document to continue to commit crimes while out on bail.

79.    On 3-10-2020 at approximately 10:00pm that night, Jona resumed and resorted to his criminal behavior and called Marco, livid that Cohen is "going after his family and his father" threatening him and Anter that unless he receives a letter from Marco and Anter that they will be firing Cohen as their attorney, that Jona will engage in an all out war, "destroy" "rip apart" and "mess and fuck Cohen good" with the State Bar (claiming to have texts that Cohen was his lawyer creating a conflict of interest), and report Anter to the IRS for criminal tax evasion. Jona repeated his bogus pledge that his cousin is

1    still working on bailing him out to make Marco whole within one week, but

2    that it was conditional on them firing Cohen. Jona brazenly assured Marco

3    that his role as one of the single most important and prolific white collar

4    cooperating witnesses in the recent history of the Southern District of New

5    York, with his working closely with the FBI as an informant, along with the

6    fact that he only received 10 months custody time with 5 months house arrest,

7    that since the FBI needs him as an informant so badly in the New York case

8    that they would never do anything to him no matter what he did, making him

9    immune from any further prosecution (mistakenly believing that this provides

10    him some kind of ill-conceived immunity from committing criminal acts of

11    fraud and extortion in California [ie., Penal Code 518]). Tragically, Jona

12    learned nothing from his life of crime and resorted to his old tricks of

13    extortion and blackmail, and if anything, has become emboldened by it.

14    80.    In said conversation, Jona immediately conferenced-in his father Robert into

15        the late night conversation (who was curiously readily available), under the

16        guise and pretext of wanting to talk about "nothing legal, just as friends."

17    81.    Obviously, whatever good will Cohen was prepared to extend to Robert

18        disintegrated by Jona's extortion call and Robert's convenient joinder late

19        that night.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

4/24-1:56pm

-25-

82.    After Jona finished threatening Marco, Cohen and Anter, Jona texted Marco

at 10:55pm a veiled confirmation of the conversation:



4/24-1:56pm

-26-

83. As to Jona's threats to report Cohen to the State Bar, Jona merely introduced
Cohen to Peter Marco and nothing more. Jona was never Cohen's client, and
Cohen was never Jona's lawyer, as evidenced by Jona's texts to Cohen.



EXHIBIT "7", PAGE 115

84.  Obviously, by this lawsuit, Cohen is not resigning and will remain counsel of record for both of his clients, and he and Marco will not be scared away or intimidated by Jona's criminal threats of extortion.

85.  As reported in the 2-12-2020 NY Post article "***DeBlasio Donor Jona Rechnitz Used Kardashian Ties to Further His Schemes***" (http://thejewishvoice.com/2020/02/deblasio-donor-jona-rechnitz-used-kardashian-ties-to-further-his-schemes/) Jona Rechnitz's dark dealings is eerily similar of the character Howard Ratner, played by actor Adam Sandler, in the 2019 film "Uncut Gems," of a charismatic debt-ridden gambling addict, a wheeling, dealing, greedy Jewish diamond dealer, scheming, ripping people off, swearing and making bold plays to try and advance his own life, clearly headed toward self-destruction.

## FIRST CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION & FRAUD

*(On behalf of Third-Party Plaintiffs as to Jona Rechnitz, Rachel Rechnitz, Levin Prado)*

86.  Third-Party Plaintiffs hereby incorporate by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

87.  The foregoing representations made by Jona, and the Third-Party Defendants were false when they were made, and Third-Party Defendants knew the representations to be false. Jona and the Third-Party Defendants did not intend to comply with the promises and representations when they were made.

88.  The foregoing representations were made by Jona and the Third-Party Defendants with the intent to deceive Marco and with knowledge that Marco would rely on them.

4/24-1:56pm

-28-

89. Third-Party Plaintiffs detrimentally and reasonably relied on the foregoing representations.

90. Third-Party Plaintiffs have been damaged by Third-Party Defendants' false, intentional, and fraudulent representations and concealing of material information, as alleged above, in an amount to be proven at trial, but at least $6,950,444.40, which represents the consigned jewelry Jona lied to steal as well as tendered worthless instruments for.

91. Third-Party Plaintiffs further request the imposition of a constructive trust against all Third-Party Defendants who are in possession of the Consigned Jewelry set forth in the Consignment Memos and for an order and judgment that they hold the consigned jewelry and/or all proceeds therefrom as constructive trustees for the benefit of Marco.

92. In doing the things herein alleged, Jona and the Third-Party Defendants acted willfully, maliciously, and with the intent to cause injury and harm to Marco. All Third-Party Defendants are therefore guilty of malice and/or fraud in conscious disregard of Marco' rights, thereby warranting an assessment of punitive and exemplary damages in an amount appropriate to punish Third-Party Defendants, and each of them, and deter them and others from engaging in similar misconduct.

## SECOND CAUSE OF ACTION

## CIVIL THEFT (Cal. Penal Code § 496)

*(On behalf of Third-Party Plaintiff as to Jona Rechnitz, Rachel Rechnitz)*

93. Third-Party Plaintiffs hereby incorporate by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

94. As a result of Jona and Third-Party Defendants' conduct as alleged herein, they have violated California Penal Code, §496 that provides: "[e]very person who buys or receives any property that has been stolen or that has been

4/24-1:56pm

-29-

1    obtained in any manner constituting theft or extortion, knowing the property

2    to be so stolen or obtained, or who conceals, sells, withholds, or aids in

3    concealing, selling, or withholding any property from the owner, knowing the

4    property to be so stolen or obtained, shall be punished by imprisonment in a

5    county jail for not more than one year, or imprisonment pursuant to

6    subdivision (h) of Section 1170. However, if the value of the property does

7    not exceed nine hundred fifty dollars ($950), the offense shall be a

8    misdemeanor, punishable only by imprisonment in a county jail not

9    exceeding one year, if such person has no prior convictions for an offense

10   specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision

11   (e) of Section 667 or for an offense requiring registration pursuant to

12   subdivision (c) of Section 290.

13   95.  Jona and Third-Party Defendants have obtained and received property from

14        Marco, the $6,950,444.40 of Consigned Jewelry, in a manner constituting

15        "theft," as that term is defined in California Penal Code, § 484(a) that

16        provides: "[e]very person who shall feloniously steal, take, carry, lead, or

17        drive away the personal property of another, or who shall fraudulently

18        appropriate property which has been entrusted to him or her, or who shall

19        knowingly and designedly, by any false or fraudulent representation or

20        pretense, defraud any other person of money, labor or real or personal

21        property or who causes or procures others to report falsely of his or her

22        wealth or mercantile character and by thus imposing upon any person, obtains

23        credit and thereby fraudulently gets or obtains possession of money, or

24        property or obtains the labor or service of another, is guilty of theft."

25   96.  Third-Party Defendants' conduct constitutes theft, as that term is defined in

26        California Penal Code § 484(a).

27

28

4/24-1:56pm                                    -30-

97.   As a direct and proximate result of Third-Party Defendants' civil theft, Marco
      has been damaged in an amount to be proven at trial, but at least
      $6,950,444.40.

98.   Pursuant to California Penal Code, § 496(c), Marco is also entitled to recover
      treble damages from Third-Party Defendants.

99.   Pursuant to California Penal Code, § 496(c), Marco is also entitled to recover
      attorneys' fees from Third-Party Defendants.

100.  Marco further requests the imposition of a constructive trust against all
      Third-Party Defendants who are in possession of the consigned jewelry set
      forth in the Consignment Memos and for an order and judgment that they
      hold the consigned jewelry and/or all proceeds therefrom as constructive
      trustees for the benefit of Marco.

101.  In doing the things herein alleged, Third-Party Defendants acted willfully,
      maliciously, and with the intent to cause injury and harm to Marco.
      Third-Party Defendants are therefore guilty of malice and/or fraud in
      conscious disregard of Marco's rights, thereby warranting an assessment of
      punitive and exemplary damages in an amount appropriate to punish
      Third-Party Defendants, and each of them, and deter them and others from
      engaging in similar misconduct.

## THIRD CAUSE OF ACTION

### EMBEZZLEMENT

*(On behalf of Third-Party Plaintiffs as to Jona Rechnitz)*

102.  Third-Party Plaintiffs hereby incorporate by reference as though fully set
      forth in full herein, all preceding Paragraphs of this Complaint.

103.  Based on the foregoing, Jona, without Marco' knowledge or consent, instead
      of reselling Marco's Consigned Jewelry (including Rovinsky's Ring &
      Necklace) and repaying Marco, Jona swindled Marco in a large scale fraud by

4/24-1:56pm

-31-

EXHIBIT "7", PAGE 119

1    absconding with Marco's Consigned Jewelry (including Rovinsky's Ring &

2    Necklace), and either pawned them off, or used them as collateral for loans to

3    various questionable sources, and has not repaid Marco the $6,950,444.40. In

4    reality, Jona liquidated Marco' Consigned Jewelry Marco's Consigned

5    Jewelry (including Rovinsky's Ring & Necklace) , and refused to tell Marco

6    how he liquidated the Consigned Jewelry or how he spent the proceeds.

7    Marco asked Jona to disclose the location of the Consigned Jewelry and to

8    provide a tracing and accounting of the proceeds, and Jona refused to do so.

9    104.   In engaging in the conduct described above, Jona acted despicably, willfully,

10    wantonly, oppressively, fraudulently, or in conscious disregard of Marco's

11    rights, within the meaning of Civil Code § 3924(c), so as to entitle Marco to

12    punitive damages in an amount sufficient to punish or make an example of

13    Jona.

14    105.   As a result of Jona's actions, Marco have been damaged in an amount

15    according to proof, plus interest, costs, and attorneys' fees as permitted by

16    law.

17    **FOURTH CAUSE OF ACTION**

18    **CIVIL CONSPIRACY TO COMMIT THEFT, FRAUD, AND FRAUD BY**

19    **CONCEALMENT**

20    (*On behalf of Third-Party Plaintiffs as to Jona Rechnitz, Rachel Rechnitz, Levin*

21    *Prado*)

22    106.   Third-Party Plaintiffs hereby incorporate by reference as though fully set

23    forth in full herein, all preceding Paragraphs of this Complaint.

24    107.   Jona, Rachel and Prado conspired to make illegal agreements to defraud

25    Marco of the consigned jewelry and to commit civil theft.

26    108.   Jona, with his wife Rachel, have set up companies to solicit consigned

27    jewelry based upon the false premise they have clients to sell them to.

28

4/24-1:56pm                              -32-

1    Meanwhile they took Marco's Consigned Jewelry (including Rovinsky's

2    Ring & Necklace), swindled Marco in a large scale fraud by absconding with

3    the  pieces of jewelry, and either pawned them off, or used them as collateral

4    for loans to various questionable sources, and has not repaid Marco the

5    **$6,950,444.40**. In reality, Jona liquidated Marco's consigned jewelry, and

6    refused to tell Marco how he liquidated the consigned jewelry or how he

7    spent the proceeds. Marco asked Jona to disclose the location of the

8    consigned jewelry and to provide a tracing and accounting of the proceeds,

9    and Jona refused to do so.

10    109.    Jona deceived Marco to consign them the $6,950,444.40 in jewelry, with false

11          promises of consummated sales and with false promises of repayment.

12    110.    Third-Party Plaintiffs are informed, believe, and thereupon allege that at all

13          times relevant hereto, Third-Party Defendants formed a civil conspiracy and

14          engaged in the foregoing acts in operation and furtherance of that conspiracy.

15    111.    Third-Party Plaintiffs are informed, believe, and thereupon allege that at all

16          times relevant hereto, Third-Party Defendants committed the foregoing

17          misrepresentations, wrongs, theft, and fraud for the purpose and in

18          furtherance of a fraudulent conspiracy and scheme to defraud Marco, as

19          alleged herein.

20    112.    As a result of the civil conspiracy, each and every Defendant is liable and

21          responsible for the acts of the other Third-Party Defendants in furtherance of

22          the conspiracy and all damages resulting therefrom.

23    113.    As a result of the civil conspiracy, Third-Party Defendants are jointly and

24          severally liable for $6,950,444.40.

25    114.    The egregious nature of the Third-Party Defendants/conspirators' collective

26          conduct is malicious, wanton, and willful. Marco need to be awarded punitive

27          damages plus a judgment of joint and several liability.

28

4/24-1:56pm

-33-

1    ///

2    ///

3                          **FIFTH CAUSE OF ACTION**

4                              **CONVERSION**

5         (*On behalf of Third-Party Plaintiffs as to Jona Rechnitz, Rachel Rechnitz*)

6    115.    Third-Party Plaintiffs hereby incorporate by reference as though fully set

7            forth in full herein, all preceding Paragraphs of this Complaint.

8    116.    At all times relevant, by virtue of their Consignment Memos, Marco owned,

9            possessed, or had a right to receive and possess their $6,950,444.40 in

10           Consigned Jewelry.

11   117.    Third-Party Plaintiffs recently discovered that the Third-Party Defendants

12           have intentionally and substantially interfered with Marco's property by

13           means of false and fraudulent activity, including, but not limited to,

14           misappropriating Marco' Consigned Jewelry (including Rovinsky's Ring &

15           Necklace)  for their own personal use and other theft according to proof. The

16           Third-Party Defendants engaged in this conduct with the intention of

17           wrongfully benefitting themselves at the expense of Marco.

18   118.    Third-Party Defendants sold, encumbered, or otherwise transferred Marco's

19           Consigned Jewelry (including Rovinsky's Ring & Necklace) to third parties

20           of questionable reputation, subject to Marco's Consignment Memos without

21           the knowledge of Marco. These transferees took possession of Marco'

22           Consigned Jewelry (including Rovinsky's Ring & Necklace). Once Marco

23           discovers the identities of these fraudulent transferees, Marco will amend this

24           Complaint to add them as Third-Party Defendants to a claim and delivery

25           (replevin) cause of action.

26   119.    Third-Party Plaintiffs did not consent to said activities.

27

28

4/24-1:56pm                                    -34-

120.    As a direct and proximate result of the foregoing acts, Third-Party Defendants intended to cause, and have in fact caused, actual harm to Marco, and are liable to Marco for damages in an amount to be proven at trial, but no less than $6,950,444.40.

121.    During, and as a further proximate result of, the Third-Party Defendants' wrongful possession and detention of Marco's Consigned Jewelry, Marco has suffered the loss of the deterioration of their property and resulting business losses in an amount to be proven at trial.

122.    Furthermore, Marco is informed and believe, and so allege, that the Third-Party Defendants' aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard for Marco's rights, and were done willfully and with the intent to cause injury to Marco. The Third-Party Defendants were aware at all times that Marco was owed either return of the consigned goods or repayment of $6,950,444.40 and intended to surreptitiously misappropriate Marco's consigned goods and funds for their own personal use, seeking only to intentionally and maliciously deceive Marco. Accordingly, Marco is entitled to an award of exemplary and punitive damages against the Third-Party Defendants.

**SIXTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

(*On behalf of Third-Party Plaintiffs as to Jona Rechnitz, Rachel Rechnitz*)

123.    Third-Party Plaintiffs hereby incorporate by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

124.    Third-Party Plaintiffs, (the Jadelle Parties), Jona and Rachel are parties to binding contracts, the Consignment Memos.

125.    At all times, Marco performed all conditions, covenants, and promises required in accordance with the terms of the Consignment Memos,, except as

1   they have been prevented or excused from performing by the acts and/or

2   omissions of (the Jadelle Parties), Jona & Rachel.

3   126.  Under the 10-29-2019 Consignment Memo to Luna, (the Jadelle Parties) and

4   Jona & Rachel were to either return the Yellow & White Choker Necklace /

5   Bracelet to Third-Party Plaintiffs or pay them $150,000.00.

6   127.  Under the 12-2-2019 Consignment Memo to Norman Silverman, (the Jadelle

7   Parties) and Jona & Rachel were to either return the BRACELET -

8   Multi-shape 14 stone diamond bracelet, 45.47 carats, white gold to

9   Third-Party Plaintiffs or pay them $500,000.00.

10  128.  Under the 12-12-2019 Consignment Memo to Norman Silverman, (the Jadelle

11  Parties) and Jona & Rachel were to either return the BY215 - BRACELET -

12  Platinum/18kwg 36.69 carats, 132 stones, 44 radiant 25.52cttw., 66 baguettes

13  7.57 cttw to Third-Party Plaintiffs or pay them $140,000.00.

14  129.  Under the 12-16-2019 Consignment Memo to Norman Silverman, (the Jadelle

15  Parties) and Jona & Rachel were to either return the NS10052 - EARRINGS -

16  18kwg 2stones, 9.02 Round Brilliant, J/Sl2G, GIA# 2165989714, 9.02 Round

17  Brilliant, J/Sl2, GIA# 2205611416 to Third-Party Plaintiffs or pay them

18  $335,000.00.

19  130.  Under the 12-16-2019 Consignment Memo to Lazar, (the Jadelle Parties) and

20  Jona & Rachel were to either return the LAZ52342 - RING- 20.54 carat Oval

21  diamond ring, H/VVS2, GIA# 6204485119 to Third-Party Plaintiffs or pay

22  them $793, 049.40.

23  131.  Under the 12-16-2019 Consignment Memo to First International, (the Jadelle

24  Parties) and Jona & Rachel were to either return the EID MT 13.62 D/VVS1,

25  # 11776564 to Third-Party Plaintiffs or pay them $1,333, 695.00.

26  132.  Under the 11-19-2019 Consignment Memo, the Jadelle Parties) and Jona &

27  Rachel were to either return the NECKLACE - 18KYG Diamond necklace,

28

4/24-1:56pm                           -36-

1    134.71 Fancy Yellow, internally flawless, VS2 , 49 stones to Third-Party

2    Plaintiffs or pay them $1,300,000.00.

3  133.  Under the 11-27-2019 Consignment Memo to David Rovinsky, (the Jadelle

4    Parties) and Jona & Rachel were to either return the RING - 43.10 Carat

5    Fancy Yellow diamond+ 6.82 carats to Third-Party Plaintiffs or pay them

6    $1,650,000.00.

7  134.  Under the 1-7-2020 Consignment Memo to Eli, Inc., (the Jadelle Parties) and

8    Jona & Rachel were to either return the RING - 15.03 Fancy Yellow

9    internally flawless radiant diamond mounted on a WG ring with a diamond

10    halo to Third-Party Plaintiffs or pay them $215,000.00.

11  135.  (The Jadelle Parties) and Jona & Rachel breached the Consignment Memos

12    by failing to return the consigned jewelry and make full repayment of the

13    $6,950,444.40. As of the date of filing of this complaint, the full amount of

14    Third-Party Plaintiffs' debt in the amount $6,950,444.40 is past due and

15    owing. In addition, accrued and ongoing interest, remains due, owing, and

16    unpaid from (the Jadelle Parties) and Jona & Rachel to Third-Party Plaintiffs.

17  136.  As a direct and proximate result of the foregoing acts, Third-Party Plaintiffs

18    have been damaged in an amount to be proven at trial, together with interest

19    at the maximum legal rate according to proof. (The Jadelle Parties) and Jona

20    & Rachel would receive unjust enrichment if allowed to retain the benefits of

21    Third-Party Plaintiffs' performance under the Consignment Memos without

22    abiding by (the Jadelle Parties) and Jona's & Rachel's own repayment

23    obligations under the  Consignment Memos and/or Third-Party Plaintiffs

24    detrimentally relied on the  Consignment Memos and would suffer an

25    unconscionable injury if the Consignment Memos were not enforced.

26  ///

27  ///

28

4/24-1:56pm                                -37-

1    ///

2    ///

3              SEVENTH CAUSE OF ACTION
4         BREACH OF THE IMPLIED COVENANT OF
              GOOD FAITH AND FAIR DEALING
5
6    (*On behalf of Third-Party Plaintiffs as to Jona S. Rechnitz., Rachel Rechnitz, Levin*
              *Prado*)
7
8    137.   Third-Party Plaintiffs hereby incorporate by reference as though fully set
           forth in full herein, all preceding Paragraphs of this Complaint.
9
10   138.   Based on the foregoing, Third-Party Plaintiffs are informed and believe, and
           on such information and belief allege, that based on the foregoing,
11
12           Third-Party Defendants breached the implied covenant of good faith and fair
           dealing continuously throughout the business relationship with Marco.
13
14   139.   Third-Party Plaintiffs are informed and believe, and on such information and
15           belief allege, that there may be other facts constituting breach of the implied
16           covenant of good faith and fair dealing which will be presented through
           discovery or at the time of trial.
17
18   140.   As a direct and proximate cause of the acts of Third-Party Defendants, Marco
19           suffered damages in an amount according to proof at the time of trial of at
           least $6,950,444.40.
20
21   141.   Third-Party Plaintiffs are informed and believe, and on such information and
22           belief allege, that Third-Party Defendants acted despicably, willfully,
23           wantonly, oppressively, fraudulently, or in conscious disregard of Marco's
           rights. Marco seeks recovery of exemplary damages  in an amount according
24           to proof at the time of trial.
25
26   142.   As a result of Third-Party Defendants' actions, Marco has been damaged in
27           an amount according to proof, plus interest, costs, and attorneys' fees as
           permitted by law.
28

4/24-1:56pm                          -38-

EXHIBIT "7", PAGE 126

1    ///

2

3                          **EIGHTH CAUSE OF ACTION**

4                             **ACCOUNT STATED**

5              (*On behalf of Plaintiff as to Jona Rechnitz, Rachel Rechnitz*)

6    143.   Third-Party Plaintiffs hereby incorporate by reference as though fully set

7           forth in full herein, all preceding Paragraphs of this Complaint.

8    144.   Based on the foregoing, in Los Angeles County, State of California, an

9           account was stated in writing by and between Marco and (the Jadelle Parties),

10          Jona, Rachel, and on such statement, a balance of $6,950,444.40 was found

11          due to Marco from (the Jadelle Parties), Jona, Rachel, who all agreed to pay

12          to Marco said balances in full.

13   145.   Although demanded by Marco from (the Jadelle Parties), Jona, Rachel, they

14          have failed to fully repay the balance of $6,950,444.40. Repeated demands

15          were made and ignored by Third-Party Defendants. As of the date of filing of

16          this complaint, $6,950,444.40 is the current principal amount past due and

17          owing. In addition, accrued and ongoing interest remains due, owing, and

18          unpaid from (the Jadelle Parties), Jona, Rachel, to Marco.

19   146.   Third-Party Plaintiffs have incurred attorneys' fees in connection with this

20          matter, in an amount to be determined at trial. Because the Consignment

21          Memos are contracts on a book account, Marco are entitled to recover

22          attorneys' fees from (the Jadelle Parties), Jona, Rachel, pursuant to Civil

23          Code section 1717.5.

24                          **NINTH CAUSE OF ACTION**

25     **UNETHICAL BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA**

26              **BUSINESS & PROFESSIONS CODE §17200**

27

28

4/24-1:56pm                              -39-

*(On behalf of Third-Party Plaintiffs as to Jona S. Rechnitz, Rachel Rechnitz, Levin Prado)*

147.   Third-Party Plaintiffs hereby incorporate by reference as though fully set forth in full herein, all preceding Paragraphs of this Complaint.

148.   Based on the foregoing, Third-Party Plaintiffs are informed, believe, and thereupon allege , that Third-Party Defendants intentionally conspired with each other to restrain competition and deprive Marco of the benefit of their contracts.

149.   As a direct and proximate result of the aforementioned conduct of Third-Party Defendants, and each of them, Marco has been damaged in a sum in excess of the jurisdiction of this Court, to be determined according to proof at the time of trial of at least $6,950,444.40.

150.   In engaging in the conduct described above, Third-Party Defendants, and each of them, acted willfully and intending to deprive Marco of their property or legal rights, thereby committing acts of fraud, within the meaning of Civil Code §3924(c), so as to entitle Marco to punitive damages in an amount sufficient to punish or make an example of Third-Party Defendants, and each of them.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiffs seek a judgment in their favor and an order granting the following relief:

1.   That Marco be awarded compensatory damages in the amount of at least $6,950,444.40;

2.   That Marco be awarded treble damages pursuant to California Penal Code, §496(c);

3.   That Marco be awarded reasonable attorneys' fees pursuant to California Penal Code, §496©;

EXHIBIT "7", PAGE 128

4.     That Marco be awarded attorneys' fees pursuant to Civil Code section 1717.5.

5.     For a constructive trust over the Consigned Jewelry and all proceeds

therefrom;

6.     That Marco be awarded punitive damages in an amount to be proven at trial;

7.     That Marco be awarded costs of suit; and

8.     That Marco be awarded such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Third-Party Plaintiffs hereby demand a trial by jury to the full extent

permitted by law.

DATED:      April 24, 2020          LAW OFFICE OF BARUCH C. COHEN
                                    A Professional Law Corporation

                                    By ___/S/ Baruch C. Cohen_____
                                       Baruch C. Cohen, Esq.
                                       Attorney for Third-Party Plaintiffs PETER
                                       VOUTSAS aka PETER MARCO aka
                                       PETER MARCO EXTRAORDINARY
                                       JEWELS OF BEVERLY HILLS, dba
                                       PETER MARCO LLC

4/24-1:56pm

-41-

Case 2:20-cv-02580-ODW-AS   Document 39   Filed 04/24/20   Page 42 of 88   Page ID #:360

# EXHIBIT - 1

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                    Page 1 of 2

United States Bankruptcy Court
Central District of California

## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor (s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 04/06/2020 at 3:52 PM and filed on 04/06/2020.



**Jadelle Jewelry And Diamonds LLC a Delaware limited liability company**
9454 Wilshire Blvd
Penthouse 01
Beverly Hills, CA 90212
Tax ID / EIN: 00-0000000
*dba* **Jadelle Inc**

The case was filed by the following petitioning creditor(s):

| First International Diamond Inc | Baruch C Cohen |
|---|---|
| | Law Office of Baruch C. Cohen APLC |
| PO Box 3765 | 4929 Wilshire Blvd Ste 940 |
| Beverly Hills, CA 90212 | Los Angeles, CA 90010 |
| | 323-937-4501 |

| **Peter Marco LLC** | **Baruch C Cohen** |
| 252 N Rodeo Dr | Law Office of Baruch C. Cohen APLC |
| Bevverly Hills, CA 90210 | 4929 Wilshire Blvd Ste 940 |
| | Los Angeles, CA 90010 |
| | 323-937-4501 |

| **Victor Franco Noval** | **Ronald N Richards** |
| 1141 Summit Drive | Law Offices of Ronald Richards & Assoc |
| Beverly Hills, CA 90210 | |
| | PO Box 11480 |
| | Beverly Hills, CA 90213 |
| | 310-556-1001 |

The case was assigned case number 2:20-bk-13530-BR to Judge Barry Russell.

If you would like to view the bankruptcy petition and other documents filed by the

https://ecf.cacb.circ9.dcn/cgi-bin/NoticeOfFiling.pl?1896610                    4/6/2020

CM/ECF - U.S. Bankruptcy Court (v5.2.1 - LIVE)                              Page 2 of 2

petitioning creditor(s) and the debtor, they are available at our *Internet* home page
www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple Street,, Los Angeles,
CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the
court setting forth important deadlines.

**Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court**

EXHIBIT "7", PAGE 132

ORIGINAL

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Central _____ District of California
(State)

Case number (if known): _____    Chapter _____

FILED
APR - 6 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

☐ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual
12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

**Part 1:    Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed**

1. Chapter of the Bankruptcy Code

Check one:
☒ Chapter 7
☐ Chapter 11

**Part 2:    Identify the Debtor**

2. Debtor's name

JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware limited liability company

3. Other names you know the debtor has used in the last 8 years

Include any assumed names, trade names, or *doing business as* names.

Jadelle, Inc.

4. Debtor's federal Employer Identification Number (EIN)

☒ Unknown

EIN ___-_____

5. Debtor's address

Principal place of business

9621 Brighton Way
Number    Street

Beverly Hills CA 90210
City    State    ZIP Code

Los Angeles
County

Mailing address, if different

9454 Wilshire Blvd., Penthouse 01
Number    Street

P.O. Box

Beverly Hills    CA    90212
City    State    ZIP Code

Location of principal assets, if different from principal place of business

Number    Street

City    State    ZIP Code

Official Form 205    Involuntary Petition Against a Non-Individual    page 1


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT "7", PAGE 133

Debtor    __Jadelle Jewelry and Diamonds, LLC_____    Case number (*if known*)  _____
                Name

| 6. Debtor's website (URL) | _____ |

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the types of business listed.
☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No
☐ Yes. Debtor _____ Relationship _____
        District _____ Date filed _____ Case number, if known _____
                                                    MM / DD / YYYY

        Debtor _____ Relationship _____
        District _____ Date filed _____ Case number, if known _____
                                                    MM / DD / YYYY

**Part 3:    Report About the Case**

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No
☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

Official Form 205                        Involuntary Petition Against a Non-Individual                    page 2


American LegalNet, Inc.
www.FormsWorkFlow.com

| Debtor | Jadelle Jewelry and Diamonds, LLC | | Case number (if known) | |
| | Name | | | |

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| First International Diamond, Inc. | Trade Debt/Damages | $ 1,976,225.00 |
| Peter Marco, LLC | Trade Debt/Damages | $ 7,676,744.00 |
| Victor Franco Noval | Trade Debt/Damages | $ 5,800,000.00 |
| | Total of petitioners' claims | $ 15,452,969.00 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the , along with the signature of the petitioner's attorney.

| Part 4: | Request for Relief |
|---|---|

WARNING — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

cab 2698544v1

| Petitioners or Petitioners' Representative | Signature of petitioner or representative, including representative's title |
|---|---|
| Name and mailing address of petitioner | |
| First International Diamond, Inc. | |
| Name | |
| P.O. BOX 3765 | |
| Number    Street | |
| Beverly Hills          CA          90212 | |
| City                  State        ZIP Code | |
| Name and mailing address of petitioner's representative, if any | |
| Baruch C. Cohen, Esq. | |
| Law Office of Baruch C. Cohen, APLC | |
| Name | |
| 4929   Wilshire Blvd., Suite 940 | |
| Number    Street | |
| Los Angeles          CA          90010 | |
| City                  State        ZIP Code | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4-3-2020
MM/DD/YYYY

X _Baruch C Cohen_____

| Official Form 205 | Involuntary Petition Against a Non-Individual | page 3 |

American LegalNet, Inc.
www.FormsWorkFlow.com

Attorneys

Daniel A. Lev
Printed name

SulmeyerKupetz, A Professional Corporation
Firm name, if any

333 South Grand Avenue
Number    Street

Los Angeles          CA        90071
City                 State     ZIP Code

Contact phone    213.626.2311    Email  dlev@sulmeyerlaw.com

Bar number    129622

State    CA

x _____
Signature of attorney

Date signed    04/06/2020
              MM / DD / YYYY

Official Form 205          Involuntary Petition Against a Non-Individual          page 3

Debtor    Jadelle Jewelry and Diamonds, LLC    Case number (if known) _____
          Name

Name and mailing address of petitioner
Peter Marco, LLC
Name

252      N. Rodeo Dr.
Number    Street

Beverly Hills          CA          90210
City                   State        ZIP Code

Name and mailing address of petitioner's representative, if any
Baruch C. Cohen, Esq.
Law Offices of Baruch C. Cohen, APLC
Name

4929      Wilshire Blvd., Suite 940
Number    Street

Los Angeles          CA          90010
City                  State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4-3-2020
               MM / DD / YYYY

X

Signature of petitioner or representative, including representative's title

Name and mailing address of petitioner
Victor Franco Noval
Name

1141      Summit Drive
Number    Street

Beverly Hills          CA
City                   State        ZIP Code

Name and mailing address of petitioner's representative, if any
Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
Name

P.O. Box 11480
Number    Street

Beverly Hills          CA          90213
City                   State        ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _____
               MM / DD / YYYY

X

Official Form 205          Involuntary Petition Against a Non-Individual          page 4

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT "7", PAGE 137

Debtor    Jadelle Jewelry and Diamonds, LLC                                    Case number (if known)
          Name

Signature of petitioner or representative, including representative's title

Name and mailing address of petitioner
Peter Marco, LLC
Name

252    N. Rodeo Dr.
Number    Street

Beverly Hills            CA        90210
City                     State     ZIP Code

Name and mailing address of petitioner's representative, if any
Baruch C. Cohen, Esq.
Law Offices of Baruch C. Cohen, APLC
Name

4929    Wilshire Blvd., Suite 940
Number    Street

Los Angeles            CA        90010
City                   State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed On _____
            MM / DD / YYYY

x_____
Signature of petitioner or representative, including representative's title

Name and mailing address of petitioner
Victor Franco Noval
Name

1141    Summit Drive
Number    Street

Beverly Hills            CA        90210
City                     State     ZIP Code

Name and mailing address of petitioner's representative, if any
Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
Name

P.O. Box 11480
Number    Street

Beverly Hills            CA        90213
City                     State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/06/2020
            MM / DD / YYYY

x_Ronald Richards_

Official Form 205              Involuntary Petition Against a Non-Individual              page 4



EXHIBIT "7", PAGE 138

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BARUCH C. COHEN ESQ.<br>LAW OFFICE OF BARUCH C. COHEN, APLC<br>4929 Wilshire Blvd Ste 940<br>Los Angeles, CA 90010<br>(323 937-4501)<br>DANIEL A LEV, ESQ.<br>333 S GRAND AVE STE 3400<br>LOS ANGELES, CA 90071<br>(213 626-2311)<br>RONALD N RICHARDS, ESQ.<br>P.O. BOX 11480<br>BEVERLY HILLS, CA 90213  (310 556-1001)<br><br>☑ Attorney for Petitioning Creditor(s)<br>☐ Petitioning Creditor(s) appearing without attorney | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>JADELLE JEWELRY AND DIAMONDS, LLC.,<br>a Delaware limited liability company<br>dba JADELLE INC,<br><br>Debtor(s). | CASE NO.: 20-13530BR<br>CHAPTER: 7<br><br>**SUMMONS AND NOTICE OF<br>STATUS CONFERENCE IN AN<br>INVOLUNTARY BANKRUPTCY CASE** |
|---|---|

To the above-named debtor(s):

    Pursuant to 11 U.S.C. § 303, an involuntary petition was filed on ___4/6/2020___ in this bankruptcy court praying for the entry of an order for relief against you under chapter __7__ of title 11 of the Bankruptcy Code. A copy of the involuntary petition accompanies this summons.

A status conference in the involuntary case commenced by the involuntary petition has been set for:

| Hearing Date: 6/9/2020<br>Time: _10 am_<br>Courtroom: 1668 | Place:<br>☑ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101 |
|---|---|

    If you wish to oppose the entry of an order for relief, you must file with the clerk of this court an answer to the involuntary petition or a motion pursuant to FRBP 1011(c) within 21 days after the date of service of this summons and attached involuntary petition, plus 3 additional days if you were served by mail.  At the same time, you must also serve a copy of the answer or motion on the petitioner's attorney (or on the petitioner, if the petitioner does not have an attorney) at the address stated above.  If you file a motion under FRPB 1011(c), your time to answer the petition will be governed by that rule.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT "7", PAGE 139

**TO THE DEBTOR:**

IF YOU FAIL TO TIMELY FILE A RESPONSE TO THIS SUMMONS, THE BANKRUPTCY COURT MAY ENTER AN
ORDER FOR RELIEF IN ACCORDANCE WITH 11 U.S.C. § 303(h).

**TO THE PETITIONING CREDITOR(S):**

IF YOU FAIL TO TIMELY SERVE THE SUMMONS AND INVOLUNTARY PETITION AND/OR TO FILE PROOF OF
SERVICE OF DOCUMENT THEREOF WITH THE COURT OR TO APPEAR AT THE STATUS CONFERENCE, THIS
INVOLUNTARY CASE MAY BE DISMISSED IN ACCORDANCE WITH LBR 1010-1.

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date: 4/7/2020

By: STACEY FORTIER
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 2                    F 1010-1.SUMMONS.INVOL

EXHIBIT "7", PAGE 140

# EXHIBIT - 2

Case 2:20-bk-13530-BR    Doc 10    Filed 05/01/20    Entered 05/01/20 19:23:10    Desc
Main Document    Page 148 of 190

Case 2:20-cv-02580-ODW-AS    Document 39    Filed 04/24/20    Page 54 of 88    Page ID #:372
Case 1:16-cr-00389-AKH    Document 84    Filed 03/03/20    Page 1 of 7

AO 245B (Rev. 09/19)   Judgment in a Criminal Case      (form modified within District on Sept. 30, 2019)
                        Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Jona Rechnitz | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1: 16 cr. 00389-01(AKH)<br><br>USM Number: 77751-054<br><br>Alan Levine/ AUSA, Martin Bell<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1349 | Conspiracy to Commit Honest Services Wire Fraud | 6/6/2016 | 1 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/19/2019
Date of Imposition of Judgment

Signature of Judge

Hon. Alvin K. Hellerstein, U.S. District Judge
Name and Title of Judge

March 3, 2020
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/2020

AO 245B (Rev. 09/19) Judgment in Criminal Case
    Sheet 2 — Imprisonment

|  | Judgment — Page | 2 | of | 7 |
|---|---|---|---|---|

DEFENDANT:  Jona Rechnitz
CASE NUMBER:  1: 16 cr. 00389-01(AKH)

# IMPRISONMENT

       The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
5 months.  Defendant is notified of his right to appeal.

☑ The court makes the following recommendations to the Bureau of Prisons:
    that the defendant be confined at the Lompac or Taft facility outside of Los Angeles.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

       Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 2:20-bk-13530-BR    Doc 10    Filed 05/01/20    Entered 05/01/20 19:23:10    Desc
Main Document      Page 150 of 190

Case 2:20-cv-02580-ODW-AS    Document 39    Filed 04/24/20    Page 56 of 88    Page ID #:374
Case 1:16-cr-00389-AKH    Document 84    Filed 03/03/20    Page 3 of 7

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  | Judgment—Page  3  of  7 |
|---|---|

DEFENDANT:  Jona Rechnitz
CASE NUMBER:  1: 16 cr. 00389-01(AKH)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

 3 years, of which the first 5 months shall be home confinement.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
          ☑ The above drug testing condition is suspended, based on the court's determination that you
               pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
          restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
          directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
          reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

Case 2:20-bk-13530-BR    Doc 10    Filed 05/01/20    Entered 05/01/20 19:23:10    Desc
Main Document      Page 151 of 190

Case 2:20-cv-02580-ODW-AS    Document 39    Filed 04/24/20    Page 57 of 88    Page ID #:375
Case 1:16-cr-00389-AKH    Document 84    Filed 03/03/20    Page 4 of 7

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

|  | Judgment—Page | 4 | of | 7 |

DEFENDANT: Jona Rechnitz
CASE NUMBER: 1: 16 cr. 00389-01(AKH)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Case 1:16-cr-00389-AKH   Document 84   Filed 03/03/20   Page 5 of 7
           Sheet 3D — Supervised Release

| | Judgment—Page | 5 | of | 7 |
|---|---|---|---|---|

DEFENDANT: Jona Rechnitz
CASE NUMBER: 1: 16 cr. 00389-01(AKH)

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall provide the probation officer with access to any requested financial information.

2.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he/she is in compliance with the installment payment schedule.

3.  The defendant shall continue to cooperate with the U.S. Attorney's Office.

4.  The defendant's duty to pay restitution in the amount of $19,000,000.00 is joint and several with co-conspirators Norman Seabrook (16 Cr. 467) and Murray Huberfeld (16 Cr. 467) provided, however, that defendant Rechnitz' payments shall be capped at $10,000,000.00. The defendant shall make payments of $500,000 per year, payable in equal monthly installments, due on the last day of each month.

5.  The defendant shall be supervised by the district of residence.

Case 2:20-cv-02580-ODW-AS   Document 39   Filed 04/24/20   Page 59 of 88   Page ID #:377

Case 1:16-cr-00389-AKH   Document 84   Filed 03/03/20   Page 6 of 7

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 6 | of | 7 |
|---|---|---|---|---|---|

DEFENDANT: Jona Rechnitz
CASE NUMBER: 1: 16 cr. 00389-01(AKH)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 19,000,000.00 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Correction Officers' Benevolent Association | $19,000,000.00 | $19,000,000.00 | |
| 77-10 21st Avenue | | | |
| East Elmhurst, NY 11370 | | | |

| TOTALS | $ 19,000,000.00 | $ 19,000,000.00 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

   ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

EXHIBIT "7", PAGE 147

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | Judgment — Page $\underline{7}$ of $\underline{7}$ |

DEFENDANT: Jona Rechnitz
CASE NUMBER: 1: 16 cr. 00389-01(AKH)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __100.00__  due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
    The defendant shall pay restitution in the amount of $10,000,000.00, joint and several with the $19,000,000.00
    restitution obligation of co-conspirators Norman Seabrook (16 Cr. 467) and Murray Huberfeld (16 Cr. 467). The
    defendant shall make payments of $500,000 per year, payable in equal monthly installments, due on the last day
    of each month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Case 2:20-cv-02580-ODW-AS   Document 39   Filed 04/24/20   Page 61 of 88   Page ID #:379

# EXHIBIT - 3

Jona Rechnitz
9533 Sawyer Street
Los Angeles, CA 90035
October 16, 2019

Honorable Alvin K Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Hellerstein:

I am a felon. I am a criminal. I am the ONLY person to blame for that.

I have caused tremendous pain and embarrassment to my family, my religion, and to myself.

There is no way to undo what's been done. It's permanent, and for that I am truly sorry to everyone hurt by my crimes and actions. It eats me alive each and every day. When I wake up, when I go to sleep, it is always on my mind for the past 4 years.

My actions harmed the people of New York, The people of Correction Officers Benevolent Association, my friends, my family and my community. I will forever carry this burden, as I deserve to.

I have read of your Honor asking at various sentencings, why do good people do bad things?

In my case, not assuming I'm a good person, I can answer this question. Arrogance, greed, and insecurity.

Arrogance. I felt I was above the law. At this young age in my late 20's I was busy accepting honors at dinners and board positions at prestigious institutions. It got to my head.

Greed. I wanted to gain contacts to grow my business, to make money and gain stature in the long run.

Insecurity. I wanted to gain popularity by my peers and become a big shot in my community and business circles.

Shame on me.

Finally, I couldn't wiggle my way out of this one. It changed my life as I knew it forever.

As a supposed religious man, I have been a disgrace to my religion. The only way to fix this is to make serving G-d my main focus for the rest of my life. I try to every day. I have changed as a person religiously, through prayer, my public and private behavior, and I always stop and think before I'm about to do something to see if it is something my parents, my family, and G-d would approve of.

Making the decision to come forward was the right decision. A very tough decision with tremendous repercussions, but the appropriate decision. It has come with a hefty price. I did not foresee what I was signing up for, and it has been a brutal four years, but I made the right decision. I learned that doing the right thing isn't always the easiest, but it is the only choice. There is right and wrong and nothing in between. It has changed me for the better. It has forced me to change, which I have.

I had to testify in three separate trials. Not an easy task. Outside of the regular pressures a crucial witness deals with, these circumstances were even tougher. There was a lot of press coverage, a lot of community pressure, and a lot of threats and comments made to me. The press put me on trial instead of the defendants. The press called me a snitch and paid more attention to me and my testimony then on the actual trials. They made calls to my friends, my family, and waited outside my home for me to walk outside.

Parts of the community shunned me and my family. Your honor, I can not stress the amount of pain and suffering that we received during this time. Unimaginable pain. Eventually we had to leave town. Leave our lives. Leave immediately.

Then there were the threats and private investigators after me. Threatening voice messages, windows smashed at home, windows smashed in my car several times and my parents cars on the same day at their home, people following me and sitting outside of my home in Los Angeles for periods of time. My wife and I were harassed and video taped at the mall, humiliated in our Synagogue, and embarrassed in public at a local LA high school charity event.

Your Honor, there are so many examples that I am omitting as I don't want to portray myself as the victim here. I caused a lot of pain and harm to others through my criminal activity and don't want to detract from that.

Even at various trials there were intimidation tactics. An attorney representing a defendant yelled at me in the hallway walking in to court and shoved the prosecutor when he confronted him.

The disgusting feeling I had waking up in the morning to go to trial after trial after trial. Sometimes for a week and a half straight.

One of the toughest moments was when a mistrial was declared. I remember feeling like I wanted to tap out. But I could not. I made this decision for me and my beautiful family with the hope of staying together with them at the end of this nightmare. This has been the key factor keeping me going. My family. My amazing, incredible wife and my beautiful 6 children.

The highlight of my week used to be sitting in NYPD Headquarters like a big Macher. Today, my highlight is walking to Synagogue with my children every week, and I let them know it every time we walk. When I ask them what my favorite part of the week is, they say, Daddy! You know the answer, but I still make them repeat it.

Your Honor, I can now tell you proudly I am a hands-on father and husband. I am more of a mentsch. I was not during my criminal years. For that alone, I am grateful to this situation. My wife is an amazing woman. She had a bad feeling about the people I was hanging out with and the people I wanted to impress. She was right. I should have listened to her. I do now.

I had real estate holdings which I had to give up throughout this ordeal. Many investors didn't want to be associated with me, nor do I blame them. In a few cases, some partners viewed my situation as an opportunity forcing me to give up different holdings and assets, taking management decisions and authority from me, ultimately removing me entirely. Starting to make a living again was a struggle for a period of time. Fortunately my wife and I started a new business endeavor, which looks promising. As your Honor can imagine it is hard to find a bank to work with me, so I have secured private loans and financing from family and friends. I finally have a business going that has provided stability and a way to make a living. This case has left me in a big financial hole - I have had to borrow millions of dollars to get this business going and to support my family. I am finally in a position to dedicate myself again to supporting my family. I don't see any way possible to start over a third time. I beg you to allow me to continue on this second journey of life.

This has been a difficult time. I don't feel healthy at all. I am on anti depressant medication, I wake up in the middle of the night in pain and my neck and hands are burning, and I will forever carry this guilt.

Family is everything to me. Cuddling with my children is everything to me. Being a community member and helping others is everything to me. Since this entire ordeal my wife gave birth to two beautiful baby girls. A decision that we made to not put life on hold but to continue with life in the right path and be optimistic that doing the right thing will not hinder our future.

I am a changed man. I suffered a lot. I have been severely punished. My family has suffered a lot. I beg your Honor, please allow me to continue on the path I'm on, together with my family, my wife and 6 young children. They need their Daddy, I need my family together with me, and I promise your Honor, to continue to make

my family proud, my community proud, and your Honor proud.

With humility and sincerity,

Jona

# EXHIBIT - 4

JCJYRECS                                                    1

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ...............................x

3   UNITED STATES OF AMERICA,

4              v.                          16 CR 389 (AKH)

5   JONA RECHNITZ,

6              Defendant.
                                           Sentence
7   ...............................x

8                                          New York, N.Y.
                                           December 20, 2019
9                                          10:15 a.m.

10  Before:

11
                    HON. ALVIN K. HELLERSTEIN,
12
                                       District Judge
13
                        APPEARANCES
14
    GEOFFREY S. BERMAN
15       United States Attorney for the
         Southern District of New York
16  BY:  MARTIN S. BELL
         JESSICA LONERGAN
17       KIMBERLY RAVENER
         LAURA POMERANTZ
18       Assistant United States Attorneys

19  COOLEY LLP
         Attorneys for Defendant
20  BY:  ALAN LEVINE

21
    Also Present:
22  Andrew Hamilton, Government Paralegal Specialist
    Marc Klausner, NYPD

              SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

23    Joseph Downs, FBI

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

EXHIBIT "7", PAGE 156

JCJYRECS                                                                64

1   and, Judge, appearing before judges of this court, including

2   yourself, we either gain or lose credibility.  My hope is that

3   I personally have kept faith with not just a certain caliber of

4   advocacy but also with the truth and with the way things really

5   are.

6              To the extent that I have amassed that credibility

7   over a period of time, I am laying it entirely on not only the

8   quality of Mr. Rechnitz's cooperation but the value of what

9   that means to the mechanism of justice working with respect to

10  future cooperators.

11             THE COURT:  I have your point, Mr. Bell.

12             MR. BELL:  Thank you, Judge.

13             THE COURT:  Mr. Levine.

14             MR. LEVINE:  Your Honor, I think it might be helpful

15  if the Court hears from Mr. Rechnitz first.

16             THE COURT:  Sure.

17             Mr. Rechnitz.

18             THE DEFENDANT:  Your Honor, I stand before your Honor

19  and this court with respect for the law, tremendous remorse for

20  my actions and behavior, and with great humility.

21             Growing up, my parents raised me in a very loving

22  environment --

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23            THE COURT:  Don't worry about the microphone,

24    Mr. Rechnitz.  Speak to me.  I'll hear you.

25            THE DEFENDANT:  Growing up, my parents raised me in a

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JCJYRECS                                                                    65

1    very loving environment.

2            THE COURT:  That's okay, Mr. Levine.  I can hear him.

3            Go ahead.

4            THE DEFENDANT:  Growing up, my parents raised me in a

5    very loving environment with an emphasis on religion and doing

6    the right thing.  Here I am.  I did not start off this way, and

7    I was raised differently.

8            I have let down my family, my parents, my in-laws, my

9    wife, my children, friends, and my community in a big way.  I

10   made very poor choices, and many people have suffered because

11   of them.  I didn't always appreciate the fact that I had the

12   blessing to have six beautiful children in my home and a

13   beautiful wife.

14           When you get into trouble, you realize the blessings

15   of life and what's important.  I took my blessings for granted.

16   I've been a real fraud to God, a fraud to my wife and family, a

17   fraud as an American, a fraud as a businessman, and a fraud to

18   the people of New York, namely, the hard-working COBA members,

19   and I'm truly sorry for that.  My actions have hurt many

20   people, and I'm very sorry for that.  I continue to pay for my

21   mistakes on a daily basis.

22           While testifying before your Honor during the Norman

EXHIBIT "7", PAGE 159

23    Seabrook trial, a tape was played for the jury.  It had

24    recorded a conversation where I was going to attend an  Mincha

25    prayer service as a Shiva.  Your Honor asked me to explain what

JCJYRECS                                                              66

1   Shiva and Mincha were for the jury.  In fact, your Honor

2   explained it much better than I did afterwards.

3           At that moment is when it really hit me what a

4   hypocrite I've been.  It was that exact moment.  Here I am

5   going to pray to God and visiting a mourner to comfort them,

6   and then I turn around and commit these crimes and sins.  It is

7   not the way I was raised and not the way I was educated.

8           While living in New York City, I wrongly felt pressure

9   to become a bigshot.  I was working for one of the largest real

10  estate companies in 2007, and it got to my head.

11          I was in my late 20's, and big people in the real

12  estate industry were dealing with me.  My ego was big, and I so

13  badly wanted to impress these people in order to advance my

14  career and profile.  This is where things started to spiral out

15  of control.  This is where I went so off the rails for a number

16  of years.

17          I assure your Honor that these past years and the

18  experience I've gone through has changed me.  I will never act

19  that way again.  My family and I have been through too much.

20          I have been forced to self-reflect, and I have

21  identified many of my flaws in order to grow from my mistakes.

22  I apologize for my criminal and immoral behavior for trying to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23   bribe my way through these years of my life.

24              I left the moral way of going about business and my

25   religious beliefs.  I bestowed gifts upon police officers in

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JCJYRECS                                                      67

1   exchange for favors in return.  I raised and contributed large

2   sums of money for the mayor of New York City and his projects

3   in the hope of obtaining benefit in return.

4         I introduced Norman Seabrook and Murray Huberfeld to

5   each other for the purposes of COBA to invest funds into

6   Murrey's fund, Platinum Partners, so that they could both

7   mutually financially benefit from one another and to elevate my

8   status with them.

9         I knowingly delivered a $60,000 kickback payment to

10  Norman Seabrook from Murray Huberfeld.  This corrupt bargain is

11  something that continues to haunt me.  I have struggled with

12  how it is I let my life go astray this way and how I took leave

13  of my adherence of the law and spirituality.

14        I've been a big hypocrite to my religion.  I failed to

15  conduct myself properly between myself and my fellow man and

16  between myself and my relationship with God.  I have strayed.

17        I did all of these horrible things without worrying

18  about God or the consequences that come with this sort of

19  behavior.  I cannot express to your Honor how ashamed I am for

20  desecrating my religion.

21        I have and will continue to repent to God every single

22  day.  I have and continued to make amends.  Part of my efforts

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23   to make right included cooperating as a first step.  I have a

24   lot more work to do.

25          I did the best I could for the government and told the

EXHIBIT "7", PAGE 164

JCJYRECS                                                                68

1    truth about myself, and I realize that I will have to make

2    financially right those that I hurt.

3            Please allow me just a few more minutes to discuss the

4    cooperation.  I hired Mr. Levine in 2016, May 2016.  When I

5    realized that there was an investigation heating up, I knew I

6    had not told the truth to the New York City police officers and

7    Internal Affairs Bureau a few months earlier.

8            Right away, based on my initial conversations with

9    Mr. Levine and Ms. Laura Birger, I authorized them to meet with

10   the assistant U.S. attorneys and begin the process of making a

11   proffer, agreeing to plead guilty and signing a cooperation

12   agreement.

13           I understood from those initial meetings with both my

14   lawyers and the government, if I was going to cooperate with

15   the government, I needed to be 100 percent truthful.

16           I have been completely forthcoming in all my meetings

17   and on the witness stand throughout three separate trials.

18   There is not any question that I was asked that I did not

19   answer truthfully, and there are many events and conduct that I

20   told the government that they did not know.

21           Included in my early proffer sessions with the

22   government -- this was in the spring of 2016.  I gave the

23   government information about two different hard-lending

24   businesses that I was involved in.

25         One turned into a criminal case in which Peralta was

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

EXHIBIT "7", PAGE 166

JCJYRECS                                                           69

1   charged with a Ponzi scheme, and the second one also turned

2   into a criminal case charging Nissen with the same scheme.

3          At the time, I was unaware these were both Ponzi

4   schemes and, as a result, personally lost money for myself and

5   others.  Since then, I am more cautious and conservative in my

6   business dealings.

7          My financial dealings with both were a mess with lots

8   of transactions, paying and receiving, some on my own behalf

9   and some on behalf of third parties, including cash

10  transactions.

11         I was simply unable to sort all those transactions

12  out, and I have yet to file a 2015 tax return.  I told my

13  lawyers and the government about that at the time immediately.

14         After speaking with my accountant during 2016, I

15  realized I cannot file my 2015 tax returns accurately because I

16  did not have a handle on all the transactions, and I can't

17  provide my accountant with complete information.

18         The situation got more complex in 2017 for 2016

19  because criminal charges were filed.  I was scheduled to

20  testify in one of the trials, and there was no way to sort out

21  the transactions.

22         As I testified in all three trials, I have yet to file

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23    the returns for these years up through 2018.  I was sued in the

24    Peralta bankruptcy and settled paying over $350,000 to the

25    state.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JCJYRECS                                                            70

1          I have been sued in the Nissen bankruptcy, but that

2    has not moved forward yet, and I do not know what my exposure

3    will be at that bankruptcy.   I understand my obligation to

4    resolve that bankruptcy and have filed tax returns for those

5    years.   And I also understand the additional problems I have

6    created in my inability to file those returns, including the

7    financial consequences they will cause.

8          This is one of several jobs that I have in the coming

9    months as I continue to sort out my life in a lawful path.

10   In fact, I will spend the rest of my life trying to make amends

11   for my criminal behavior.

12         I will try to make a better name for my family, for my

13   religion, and for myself.   I am on the path to recovery,

14   your Honor.   I am a better family man; I am a better friend; I

15   am a more religious person.   I am working again to make an

16   honest living.

17         Please allow me to continuing on this course

18   undisrupted in order to provide for my large family.   I really

19   want to do good, please.   I failed myself in a number of ways.

20   I am humbly asking your Honor to stop the bleeding, to continue

21   in this new business I've started in order to provide for my

22   family and to enable me to take care of my financial

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 2:20-cv-02580-ODW-AS   Document 39   Filed 04/24/20   Page 82 of 88   Page ID #:400

```
23    responsibilities.

24            THE COURT:  What is the new business?  Jadelle?

25            THE DEFENDANT:  Jadelle, yes.  I really paid a hefty
```

EXHIBIT "7", PAGE 170

JCJYRECS                                                      71

1  price for cooperating with the government for my crimes.  Most

2  recently, the New York Post put up an article that was

3  mentioned this morning -- your Honor may not be aware --

4  accusing me of hobnobbing and flirting with the rich and famous

5  at a time when I claim I am a pariah to society.

6          In fact, Jadelle Jewelery hosted a jewelery show to

7  promote the brand and new jewelry collection.  The event was to

8  make sales and increase business.  One attendee was a Kim

9  Kardashian, a client of Jadelle.

10         If one were to read the article, I am portrayed as a

11 hobnobber with no concern in the world, no remorse whatsoever,

12 and like a party animal.  I urge your Honor to watch the video

13 that was attached to the article online, and your Honor will

14 see a very different picture.

15         Your Honor will see me dressed in a suit and a tie

16 trying to sell jewelry, no partying, no hobnobbing, just a man

17 trying to make an honest living.

18         I am not here to complain about my suffering in the

19 past few years, but I can promise your Honor I have been

20 punished in so many ways I can't begin to describe.

21         Within my community, within the media, and through

22 self-introspection.  In New York City, I am persona non grata.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23   I am to blame.  I burnt a lot of bridges and relationships and

24   had to relocate to California.

25              I am so truly sorry for my behavior.  I am a changed

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

EXHIBIT "7", PAGE 172

JCJYRECS                                                        72

1    man.  I have had years to make this change.  It did not happen

2    overnight, your Honor.  I have had four years, close to four

3    years, since this ordeal started.

4           I beg your Honor, please allow me to remain with my

5    family, my beautiful wife and children, and allow me to

6    continue working so that I can continue to provide for them  and

7    make good on my financial obligations.

8           I don't see any way to start over a third time.  I'm

9    on my second chance.  Please allow me to continue on this path.

10   Thank you.

11          THE COURT:  Mr. Levine.

12          MR. LEVINE:  Your Honor, I was just going to ask.  The

13   hour is late.  If the Court would want to take a recess, I

14   would certainly appreciate that.

15          THE COURT:  It's very tempting.

16          MR. LEVINE:  If the Court wishes to proceed, I'd like

17   to proceed.

18          THE COURT:  Keep going, Mr. Levine.

19          MR. LEVINE:  So, your Honor, we're finally here for

20   the day of Mr. Rechnitz's sentence.  How did he get here.  And

21   I think an important question on the mind of the Court is has

22   he shown remorse.

23          Your Honor, we've submitted a lot of letters, and what

24    comes out from those letters is the personality of an

25    individual wanting and needing to help people.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JCJYRECS                                                      73

1          THE COURT:  I've read the letters.  They depict a

2  person who enlarges others by charity, by friendship to others

3  and makes other people feel better.

4          And yet in the life that's been depicted in this

5  court, he cheapens people.  He works on their insecurities and

6  their quest for material possessions and just does the

7  opposite.  He diminishes people.

8          How can you square both?

9          MR. LEVINE:  Your Honor, that's what I was going to

10  say.  So this personality that has done so much good for so

11  many people before these events, during these events, and since

12  these events -- it collided with his desire to be independent,

13  to establish himself in Manhattan, and not to take the

14  comfortable road going back to Los Angeles.

15          It also collided with his desire for immediate success

16  by staying in Manhattan in his late 20's.  It introduced him to

17  a world of Jeremy Reichberg.  And he realized in that world

18  that with his money, he could do good for police officials and

19  others, to have them at his beck and call for his community and

20  for himself.

21          What he perceived, incorrectly, would be a win/win,

22  and it turned into a bad/bad.  He never should have offered

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

1

2    I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles, California; that my business address is 4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010; that I am over the age of 18 and not a party to the above-entitled action.

5    I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document entitled **AMENDED THIRD-PARTY COMPLAINT FOR: INTENTIONAL MISREPRESENTATION & FRAUD; CIVIL THEFT (PENAL CODE, § 496); EMBEZZLEMENT; CIVIL CONSPIRACY TO COMMIT THEFT, FRAUD, AND FRAUD BY CONCEALMENT; CONVERSION; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; ACCOUNT STATED; & UNETHICAL BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200** on all interested parties in this action by the method indicated below at the address stated below:

| | |
|---|---|
| Anthony R Bisconti, Esq.<br>Bienert Katzman PC<br>601 West 5th Street Suite 720<br>Los Angeles, CA 90071<br>Email: tbisconti@bienertkatzman.com<br>*Attorney for Plaintiff David Rovinsky LLC* | Steven Jay Katzman, Esq.<br>Bienert Katzman PC<br>601 West 5th Street Suite 720<br>Los Angeles, CA 90071<br>Email: skatzman@bienertkatzman.com<br>*Attorney for Plaintiff David Rovinsky LLC* |
| Jason A. Levine, Esq.<br>Hangley Aronchick Segal<br>Pudlin & Schiller<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>Email: jlevine@hangley.com<br>*Attorney for Plaintiff David Rovinsky LLC* | Andrew E. Erdlen, Esq.<br>Hangley Aronchick Segal<br>Pudlin & Schiller<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>Email: aerdlen@hangley.com<br>*Attorney for Plaintiff David Rovinsky LLC* |
| Marc S. Williams, Esq.<br>Cohen Williams, LLP<br>724 South Spring Street, 9th Floor<br>Los Angeles, CA 90014<br>Email: mwilliams@cohen-williams.com<br>*Attorney for Jona & Rachel Rechnitz* | |

**[X]    BY ELECTRONIC TRANSMISSION**: by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case. A pdf version of this document was also transmitted to counsel via electronic mail at the email address indicated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 24, 2020 at Los Angeles, California.

By: _/s/ Baruch C. Cohen_
        Baruch C. Cohen

4/24-1:56pm

-42-

# EXHIBIT "8"

ACCO,(ASx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division − Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:20−cv−02580−ODW−AS

David Rovinsky LLC v. Peter Marco, LLC et al
Assigned to: Judge Otis D. Wright, II
Referred to: Magistrate Judge Alka Sagar
Demand: $75,000
Cause: 28:1332 Diversity−Fraud

Date Filed: 03/18/2020
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**David Rovinsky LLC**
*a Delaware limited liability company*

represented by **Anthony R Bisconti**
Bienert Katzman PC
601 West 5th Street Suite 720
Los Angeles, CA 90071
213−528−3400
Fax: 949−369−3701
Email: tbisconti@bienertkatzman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason A Levine**
Hangley Aronchick Segal Pudlin &
Schiller
One Logan Square
Ste 27th Floor
Philadelphia, PA 19103
215−568−6200
Email: jlevine@hangley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Jay Katzman**
Bienert Katzman PLC
601 West 5th Street Suite 720
Los Angeles, CA 90071
213−528−3400
Fax: 949−369−3701
Email: skatzman@bienertkatzman.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Peter Marco, LLC**
*a California limited liability company*

represented by **Baruch C Cohen**
Law Offices of Baruch C Cohen APLC
4929 Wilshire Boulevard Suite 940
Los Angeles, CA 90010
323−937−4501
Fax: 323−937−4503
Email: baruchcohen@baruchcohenesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peter Voutsas**
*an individual*

represented by **Baruch C Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

EXHIBIT "8", PAGE 177

**ThirdParty Plaintiff**

**Peter Voutsas**                                            represented by    **Baruch C Cohen**
*an individual*                                                                (See above for address)
*TERMINATED: 04/17/2020*                                                       *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**Peter Marco, LLC**                                         represented by    **Baruch C Cohen**
*a California limited liability company*                                       (See above for address)
*TERMINATED: 04/17/2020*                                                       *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*


V.

**ThirdParty Defendant**

**Jona Rechnitz**
*TERMINATED: 04/17/2020*

**ThirdParty Defendant**

**Levin Prado**
*TERMINATED: 04/17/2020*

**ThirdParty Plaintiff**

**Peter Marco, LLC**                                         represented by    **Baruch C Cohen**
*a California limited liability company*                                       (See above for address)
                                                                               *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*


**ThirdParty Plaintiff**

**Peter Voutsas**                                            represented by    **Baruch C Cohen**
*an individual*                                                                (See above for address)
*also known as*                                                                *LEAD ATTORNEY*
Peter Marco                                                                    *ATTORNEY TO BE NOTICED*
*also known as*
Peter Marco Extraodinary Jewels of
Beverly Hills
*doing business as*
Peter Marco LLC


V.

**ThirdParty Defendant**

**Rachel Rechnitz**

**ThirdParty Defendant**

**Levin Prado**
*also known as*
Levon Prado

**ThirdParty Defendant**

**Jona S Rechnitz**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/18/2020 | 1 | COMPLAINT Receipt No: ACACDC−25780085 − Fee: $400, filed by Plaintiff David Rovinsky LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Attorney Anthony R Bisconti added to party David Rovinsky LLC(pty:pla))(Bisconti, Anthony) |

| | | (Entered: 03/18/2020) |
|---|---|---|
| 03/18/2020 | 2 | CIVIL COVER SHEET filed by Plaintiff David Rovinsky LLC. (Bisconti, Anthony) (Entered: 03/18/2020) |
| 03/18/2020 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening), 1 filed by Plaintiff David Rovinsky LLC. (Bisconti, Anthony) (Entered: 03/18/2020) |
| 03/18/2020 | 4 | CERTIFICATE of Interested Parties filed by Plaintiff David Rovinsky LLC, identifying David Rovinsky LLC; Peter Voutsas; Peter Marco, LLC. (Bisconti, Anthony) (Entered: 03/18/2020) |
| 03/18/2020 | 5 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiff David Rovinsky LLC identifying David Rovinsky LLC as Corporate Parent. (Bisconti, Anthony) (Entered: 03/18/2020) |
| 03/20/2020 | 6 | NOTICE OF ASSIGNMENT to District Judge Otis D. Wright, II and Magistrate Judge Alka Sagar. (lh) (Entered: 03/20/2020) |
| 03/20/2020 | 7 | NOTICE TO PARTIES OF COURT−DIRECTED ADR PROGRAM filed. (lh) (Entered: 03/20/2020) |
| 03/20/2020 | 8 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Summons Request 3 . The following error(s) was found: The caption of the summons must match the caption of the complaint verbatim. If the caption is too large to fit in the space provided, enter the name of the first party and then write see attached.Next, attach a face page of the complaint or a second page addendum to the Summons. The summons cannot be issued until this defect has been corrected. Please correct the defect and re−file your request. (lh) (Entered: 03/20/2020) |
| 03/20/2020 | 9 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non−Resident Attorney Jason A. Levine. A document recently filed in this case lists you as an out−of−state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G−64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (lh) (Entered: 03/20/2020) |
| 03/20/2020 | 10 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non−Resident Attorney Andrew E. Erdlen. A document recently filed in this case lists you as an out−of−state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G−64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (lh) (Entered: 03/20/2020) |
| 03/20/2020 | 11 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening), 1 filed by Plaintiff David Rovinsky LLC. (Bisconti, Anthony) (Entered: 03/20/2020) |
| 03/20/2020 | 12 | STIPULATION Extending Time to Answer the complaint as to All Defendants, filed by Plaintiff David Rovinsky LLC.(Bisconti, Anthony) (Entered: 03/20/2020) |
| 03/23/2020 | 13 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to defendants Peter Marco, LLC, Peter Voutsas. (lc) (Entered: 03/23/2020) |
| 03/23/2020 | 14 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: This action has been assigned to the calendar of Judge Otis D. Wright II. Counsel are STRONGLY encouraged to review the Central Districts website for additional information.. The parties may consent to proceed before a Magistrate Judge appearing on the voluntary consent list. PLEASE refer to Local Rule 79−5 for the submission of CIVIL ONLY |

| | | SEALED DOCUMENTS. CRIMINAL SEALED DOCUMENTS will remain the same. Please refer to the Judges procedures and schedules for detailed instructions for submission of sealed documents. (lc) (Entered: 03/23/2020) |
|---|---|---|
| 03/27/2020 | 15 | APPLICATION of Non−Resident Attorney Jason A. Levine to Appear Pro Hac Vice on behalf of Plaintiff David Rovinsky LLC (Pro Hac Vice Fee − $400 Fee Paid, Receipt No. CCACDC−25882802) filed by Plaintiff David Rovinsky LLC. (Bisconti, Anthony) (Entered: 03/27/2020) |
| 03/27/2020 | 16 | NOTICE Regarding Response to Notice of Pro Hac Vice Application filed by Plaintiff David Rovinsky LLC. (Bisconti, Anthony) (Entered: 03/27/2020) |
| 03/30/2020 | 17 | ORDER GRANTING APPLICATION of Non−Resident Attorney Jason A. Levine to Appear Pro Hac Vice on behalf of Plaintiff David Rovinsky LLC and designating Anthony R Bisconti as local counsel 15 by Judge Otis D. Wright, II (lc) (Entered: 03/30/2020) |
| 04/14/2020 | 18 | ANSWER to Complaint (Attorney Civil Case Opening), 1 filed by Defendant Peter Marco, LLC, Peter Voutsas.(Attorney Baruch C Cohen added to party Peter Marco, LLC(pty:dft), Attorney Baruch C Cohen added to party Peter Voutsas(pty:dft))(Cohen, Baruch) (Entered: 04/14/2020) |
| 04/14/2020 | 19 | (STRICKEN PER 4/15/2020 ORDER, DOCKET NO. 24) THIRD PARTY COMPLAINT against Third−Party Defendants Jona Rechnitz, Rachel Rechnitz, Levin Prado ; Jury Demand, filed by Defendant, Third−Party Plaintiff Peter Voutsas, Peter Marco, LLC.(Cohen, Baruch) Modified on 4/15/2020 (lc). (Entered: 04/14/2020) |
| 04/14/2020 | 20 | (STRICKEN PER 4/15/2020 ORDER, DOCKET NO. 24).Request for Clerk to Issue Summons on Third Party Complaint 19 filed by Defendant, Third−party plaintiff Peter Marco, LLC, Peter Voutsas. (Cohen, Baruch) Modified on 4/15/2020 (lc). (Entered: 04/14/2020) |
| 04/14/2020 | 21 | CORPORATE DISCLOSURE STATEMENT filed by Third Party Plaintiffs Peter Marco, LLC, Peter Voutsas, Defendants Peter Marco, LLC, Peter Voutsas (Cohen, Baruch) (Entered: 04/14/2020) |
| 04/15/2020 | 22 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Third Party Complaint 19 . The following error(s) was/were found: Case number is incorrect or missing. Pdf document is erroneously Entitled as a "CROSS COMPLAINT" and NOT a Third Party Complaint Other error(s) with document(s): Case number is Incomplete as Missing the assigned Judge and Magistrate's initials: Should read as 2:20−cv−02580−ODW−AS. (note was missing on the answer as well. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lc) (Entered: 04/15/2020) |
| 04/15/2020 | 23 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Summons Request 20 . The following error(s) was found: The case number and/or judge(s)initials are incorrect. RE Third party complaint summons− No formal Third Party Complaint on file. Docket no. 19 is entitled a "CROSS COMPLAINT"; Case number incomplete, missing assigned Judge and Magistrate's initials. Should read as 2:20−cv−02580−ODW−AS. Note a deficiency notice re pdf entitled a "Cross Complaint" issued docket no. 22. The summons cannot be issued until this defect has been corrected. Please correct the defect and re−file your request. (lc) (Entered: 04/15/2020) |
| 04/15/2020 | 24 | ORDER by Judge Otis D. Wright, II: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: Summons Request 20 , Third Party Complaint 19 , for the following reasons: REVIEW LOCAL RULES for these documents and read the instructions on the discrepancies on doc nos. 22 and 23.; (lc) (Entered: 04/15/2020) |
| 04/15/2020 | 25 | ORDER that the Scheduling Conference is set for 7/27/2020 1:30 PM ; compliance with FRCP 16, and 26(f) and filing of joint report; Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action by Judge Otis D Wright, II (lc) (Entered: 04/15/2020) |

| 04/16/2020 | 26 | PROOF OF SERVICE filed by Plaintiff David Rovinsky LLC, re Order,, Set/Reset Hearing, 25 served on April 16, 2020. (Bisconti, Anthony) (Entered: 04/16/2020) |
|---|---|---|
| 04/17/2020 | 27 | THIRD PARTY COMPLAINT against Third−Party Defendants Levin Prado, Jona Rechnitz, Rachel Rechnitz, filed by 3rd Party Plaintiff Peter Marco, LLC, Peter Voutsas.(Cohen, Baruch) (Entered: 04/17/2020) |
| 04/17/2020 | 28 | Request for Clerk to Issue Summons on Third Party Complaint 27 filed by 3rd Party Plaintiff Peter Marco, LLC(a California limited liability company), Peter Voutsas(an individual). (Cohen, Baruch) (Entered: 04/17/2020) |
| 04/17/2020 | 29 | WAIVER OF SERVICE Returned Executed filed by 3rd Party Plaintiff Peter Marco, LLC(a California limited liability company), Peter Voutsas(an individual). upon Jona Rechnitz waiver sent by Plaintiff on 4/15/2020, answer due 6/15/2020. Waiver of Service signed by Marc S. Williams. (Cohen, Baruch) (Entered: 04/17/2020) |
| 04/17/2020 | 30 | WAIVER OF SERVICE Returned Executed filed by 3rd Party Plaintiff Peter Marco, LLC(a California limited liability company), Peter Voutsas(an individual). upon Rachel Rechnitz waiver sent by Plaintiff on 4/15/2020, answer due 6/15/2020. Waiver of Service signed by Marc S. Williams. (Cohen, Baruch) (Entered: 04/17/2020) |
| 04/17/2020 | 31 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Third Party Complaint Summons Request 28 . The following error(s) was found: Summons is not directed to the defendant(s). The defendants name must appear in the To:section of the summons. CLARIFICATION re third party complaint summons to be issued to multiple defendants: 1) Please do NOT abbreviate defendant's name in the "TO:" area nor erroneously combine 2 defendants as one, which does not reflect the two separate defendants properly. Also "Jona" is incomplete and should to be named exactly as" JONA S. RECHNITZ". The summons cannot be issued until this defect has been corrected. Please correct the defect and re−file your request. (lc) (Entered: 04/17/2020) |
| 04/17/2020 | 32 | Request for Clerk to Issue Summons on Third Party Complaint 27 filed by Third Party Plaintiff Peter Marco, LLC(a California limited liability company), Peter Voutsas(an individual). (Attachments: # 1 Summons Request − Rachel Rechnitz, # 2 Summons Request − Levin Prado)(Cohen, Baruch) (Entered: 04/17/2020) |
| 04/17/2020 | 33 | 21 DAY Summons Issued re Third Party Complaint 27 as to third party defendant Jona S Rechnitz. (lc) (Entered: 04/17/2020) |
| 04/17/2020 | 34 | 21 DAY Summons Issued re Third Party Complaint 27 as to third party defendant Rachel Rechnitz. (lc) (Entered: 04/17/2020) |
| 04/17/2020 | 35 | 21 DAY Summons Issued re Third Party Complaint 27 as to third party defendant Levin Prado aka Leon Prado. (lc) (Entered: 04/17/2020) |
| 04/20/2020 | 36 | (STRICKEN PER 4/24/2020 ORDER, DOCKET NO. 38).NOTICE OF ERRATA filed by Third Party Plaintiffs Peter Marco, LLC, Peter Voutsas. correcting Third Party Complaint 27 (Cohen, Baruch) Modified on 4/24/2020 (lc). (Entered: 04/20/2020) |
| 04/21/2020 | 37 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Errata 36 re Third Party Complaint. The following error(s) was/were found: Clerk unable to determine the sufficiency of submitting corrected pages 26 and 27 re overlapping images over text and the submitting of ONLY reformulated copies of pages 26 and 27. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lc) (Entered: 04/21/2020) |
| 04/24/2020 | 38 | ORDER by Judge Otis D. Wright, II: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: Errata 36 , for the following reasons: Read the instructions on the discrepancy on docket no. 37 and the rules to file a 3− amend complaint and resubmit correctly. (lc) (Entered: 04/24/2020) |
| 04/24/2020 | 39 | Amendment to the Third−Party Complaint AMENDED THIRD−PARTY COMPLAINT against Third−Party Defendants Levin Prado, Jona S Rechnitz, Rachel Rechnitz amending Third Party Complaint 27 ; JURY DEMAND, filed by Third−Party Plaintiff Peter Marco, LLC(a California limited liability company), Peter |



Voutsas(an individual)(Cohen, Baruch) (Entered: 04/24/2020)

EXHIBIT "8", PAGE 182

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Putative Debtor's Request for Judicial Notice in Support of Motion to Dismiss Involuntary Petition and Request for Attorney's Fees, Costs, and Damages** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/01/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Neal Salisian    ECF@salisianlee.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **05/01/2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via First Legal:
Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/01/2020 | Lynnette Garrett | */s/ Lynnette Garrett* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.