**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Jadelle Jewelry and Diamonds, LLC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br>Putative Debtor. | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF VICTOR FRANCO IN SUPPORT OF PETITIONING CREDITORS' MOTION FOR APPOINTMENT OF INTERIM CHAPTER 7 TRUSTEE**<br><br>DATE:    **June 9, 2020**<br>TIME:    **10:00 a.m.**<br>CTRM:    **1668**<br>       **255 E. Temple Street**<br>       **Los Angeles, CA 90012** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Jadelle Jewelry and Diamonds, LLC objects to the following portions of the *Declaration of Victor Franco in Support of Petitioning Creditors' Motion For Appointment Of Interim Chapter 7 Trustee* [Docket No. 16]:

2825507.1                                                                                                    EVIDENTIARY OBJECTIONS

| **Objectionable Material** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| ¶ 3 (Decl. at 3:2-8.) "It is my concern, which I am sure is shared by other known and unknown creditors and victims of Jadelle and the Rechnitz's, that unless an interim trustee is appointed, any remaining assets of Jadelle will be further dissipated. In my opinion, based on the fraud that was perpetrated on me, there is a serious, immediate, and urgent need for the appointment of an interim trustee to preserve the property of, and prevent loss to, Jadelle's estate. Any delay in the appointment of an interim trustee is likely to further jeopardize the estate to the detriment and prejudice of myself and other creditors." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper opinion testimony (FRE 701 and 702)<br><br>Vague.<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702) | ☐ Sustained<br><br>☐ Overruled |
| ¶ 4 (Decl. at 3:9-12.) "Jadelle and its predecessor, Jadelle, Inc. ('Jadelle Inc.' and together with the 'Debtor' or 'Jadelle,' the 'Jadelle Entities'), which are owned and controlled by Jona and Rachel, borrowed money from pursuant to a written agreement." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702) | ☐ Sustained<br><br>☐ Overruled |
| ¶ 5 (Decl. at 5:17-21.) "The original principal amount in the Debt Agreement is $2,850,000, accruing interest at the rate of 9% per month, however, the total debt owed to me under the Debt Agreement later increased to $5,800,000. The maturity dates are reflected in the Debt Agreement. Pursuant to the Debt Agreement, the loans were secured by jewelry delivered to me, as well as a 2012 Bugatti vehicle." | Best Evidence Rule (FRE 1002) | ☐ Sustained<br><br>☐ Overruled |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2825507.1 | 2 | EVIDENTIARY OBJECTIONS

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| **Objectionable Material** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| ¶ 6 (Decl. at 3:22-24.) "Jona tendered over $7,000,000 worth of diamonds to be as a collateral against the loan evidenced by the Debt Agreement." | Lack of Personal Knowledge (FRE 602)<br><br>Improper opinion testimony (FRE 701 and 702) | ☐ Sustained<br><br>☐ Overruled |
| ¶ 6 (Decl. at 3:24-27.) "In late December of 2019, after I learned that Jona was sentenced for crimes in New York, Jona advised me that he was going to get a credit line and he asked for the release of the diamond collateral in exchange for payment in full." | Inadmissible hearsay (FRE 801)<br><br>Relevance (FRE 401) as to Mr. Rechnitz's sentencing and prior criminal conviction.<br><br>Inadmissible under FRE 609 as to Mr. Rechnitz's prior criminal conviction . | ☐ Sustained<br><br>☐ Overruled |
| ¶ 6 (Decl. at 3:27-4:2.) "This representation by Jona was false when it was made to me and Jona knew the representation was false at the time it was made. Jona then persuaded me and my brother to deliver the diamond collateral to Jadelle's and the Rechnitz's office located at 9454 Wilshire Boulevard in Beverly Hills." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Noval does not have personal knowledge of whether Jona's alleged representations were false at the time they were made.<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702)<br><br>Vague | ☐ Sustained<br><br>☐ Overruled |
| ¶ 7 (Decl. at 4:3-23.) "In order to induce me to authorize the return of the diamonds which I was originally given as collateral for the Debt Agreement, I was given two checks made payable to me which were drawn on Jadelle's bank account at Wells Fargo Bank. The checks were dated January 14, 2020, and January 16, 2020, in the amounts of $2,500,000 and $1,300,000, respectively. True and correct copies of the January 14, 2020, and January 16, 2020, checks are attached hereto as Exhibit "B" and incorporated herein by reference. | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702)<br><br>Inadmissible hearsay (FRE 801) | ☐ Sustained<br><br>☐ Overruled |

| Objectionable Material | Grounds for Objection | Ruling |
|---|---|---|
| Even though the amounts were significant, Jona represented the checks were good and could be cashed. I had no reason to doubt Jona since he gave me absolutely no indication that he was literally going to steal millions of dollars from me by tendering worthless checks in exchange for the return of the collateral. In order to foster his image as an honest, deeply religious, family-oriented, and trustworthy person, Jona even introduced my brother to his own children, who he constantly had with him at Jadelle's business. Thus, my brother and I were shocked when we learned that Jona tendered $3,800,000 in knowingly worthless checks, which everyone knows is illegal. To my surprise and horror, the checks were returned "NSF" at the time of tender. Consequently, at the time I received the two Jadelle checks in exchange for my agreement to surrender the diamond collateral, it was clear that neither Jadelle nor the Rechnitz's had any intention of honoring the checks. And but for the tendering and receipt of the two checks, I never would have agreed to release the diamond collateral back to Jadelle and the Rechnitz's. As a result of Jona's and Jadelle's fraud, I was financially crippled and mentally paralyzed." | | |
| ¶ 8 (Decl. at 4:24-5:4.) "After I was defrauded, and in order to buy himself and Jadelle more time, Jona enlisted a series of well-known and reputable attorneys to contact my equally well-known and reputable attorney to pretend that payment on the Debt Agreement would be forthcoming from family members. Each attorney would set forth promises or hopes that never panned out. | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702)<br><br>Vague | ☐ Sustained<br><br>☐ Overruled |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2825507.1                    4                    EVIDENTIARY OBJECTIONS

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| **Objectionable Material** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| Jona would then keep changing attorneys to keep this scam alive by giving me false hope. I later learned that a number of these family members had written letters to the court for Jona's sentencing. Needless to say, none of these family members ever paid back a portion of the Debt Agreement. My attorney documented everything in emails to Jona's personal attorneys and family attorneys." | | |
| ¶ 9 (Decl. at 5:5-9.) "In reality, Jadelle and Jona not only liquidated my diamond collateral and the funds I agreed to and, did, in fact, loan pursuant to the Debt Agreement, but they refused to disclose to me either the whereabouts of the diamonds, if the diamonds were liquidated or transferred to third parties, including family members, or how the original loan proceeds were spent." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602) | ☐ Sustained<br><br>☐ Overruled |
| ¶ 10 (Decl. at 5:10-17.) "After realizing that I had been swindled and defrauded by Jadelle and the Rechnitz's, on the advice of counsel I immediately filed a police report with the Beverly Hills Police Department. On January 16, 2020, with the assistance of a local Beverly Hills attorney that new my local Beverly Hills attorney for over 30 years, Jona drafted more documents and an additional check dated January 22, 2020, in the amount of $4,500,000, once again drawn on Jadelle's bank account at Wells Fargo Bank, in order to induce me to not disclose and reveal to any third parties that Jona's fraudulent conduct through Jadelle had only grown in scope and size." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702) | ☐ Sustained<br><br>☐ Overruled |

| **Objectionable Material** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| ¶ 11 (Decl. at 5:24-6:5.) "As evident by its language, the January 16, 2020, document requested that I keep Jona's and, hence, Jadelle's, fraud and breaches confidential until January 23, 2020.  It also reaffirmed that Jona and Jadelle accepted full liability for the amount owed and there was no dispute whatsoever between myself and Jadelle. Similarly, it is my belief that once someone tenders you a check this represents an unequivocal promise to pay and that there is no dispute as to the debt being owed.  As before, however, the January 22, 2020, check also was returned by the bank NSF.  In other words, I was defrauded yet again.  The attorney who had the pre-existing relationship with my attorney withdrew from representing Jona shortly after discovering that Jadelle and Jona had once again tendered an NSF check." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702)<br><br>Best Evidence Rule (FRE 1002) | ☐ Sustained<br><br>☐ Overruled |
| ¶ 12 (Decl. at 6:26.)  "Then, on February 4, 2020, Jona retained a well-known criminal defense attorney who my counsel also knew going back to the federal public defender's office.  Jona's newly retained criminal defense attorney in Los Angeles sent a carefully scripted mass email to many of Jadelle's and Jona's purported victims, including me.  The February 4, 2020, email reads as follows: "We write with an update on Jona Rechnitz.  A family member of Mr. Rechnitz has informed our law firm that the family member is seeking to refinance certain real property in order to satisfy Mr. Rechnitz's outstanding liabilities.  We currently have no visibility into the family member's interest in the property, the value of the property, or what, if any equity, the family member has in it.  If you are | Lack of Personal Knowledge (FRE 602)<br><br>Lack of authentication (901)<br><br>Inadmissible hearsay in violation of FRE 801<br><br>Best Evidence Rule (FRE 1002)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702) as to "lulling."<br><br>The email attached as Ex. E has not been authenticated by someone with personal knowledge.  The contents of the email also constitute hearsay.<br><br>Inadmissible settlement communication (FRE 408) | ☐ Sustained<br><br>☐ Overruled |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| **Objectionable Material** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| represented by counsel, please let us know and provide your counsel's contact information. Our client's desire is to resolve this matter amicably." A true and correct copy of the February 4, 2020, email is attached hereto as Exhibit "E" and incorporated herein by reference. The "lulling" email was the latest in a series of similarly false efforts to convince me that the debt owed under the Debt Agreement would be satisfied." | | |
| ¶ 13 (Decl. at 7.) "In my opinion as one of the three petitioning creditors in Jadelle's involuntary petition, the appointment of an interim trustee during the period between now and when an order for relief is entered is crucial to protect and preserve the assets of Jadelle and to prevent any further irreparable harm to me and other similarly situated creditors." | Lack of Foundation (FRE 601 and 602)<br><br>Lack of Personal Knowledge (FRE 602)<br><br>Improper legal conclusions and improper opinion testimony (FRE 701 and 702)<br><br>Vague | ☐ Sustained<br><br>☐ Overruled |

Respectfully submitted,

DATED: May 26, 2020

SMILEY WANG-EKVALL, LLP

By:    */s/ Michael L. Simon*
       ROBERT S. MARTICELLO
       MICHAEL L. SIMON
       Attorneys for Jadelle Jewelry and Diamonds, LLC.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Evidentiary Objections to Declaration of Victor Franco in Support of Petitioning Creditors' Motion for Appointment of Interim Chapter 7 Trustee** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/26/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Neal Salisian    ECF@salisianlee.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **05/26/2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via First Legal:
Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/26/2020 | Lynnette Garrett | */s/ Lynnette Garrett* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                        **F 9013-3.1.PROOF.SERVICE**