Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Petitioning Creditors

Ronald Richards (CA Bar No. 176246)
  ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Victor Franco Noval

Baruch C. Cohen (CA Bar No. 159455)
  baruchcohen@baruchcohenesq.com
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Telephone:  323.937.4501
Facsimile: 888.316.6107

Attorneys for Peter Marco, LLC and First International Diamond, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br>Alleged Debtor. | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**PETITIONING CREDITORS' PRELIMINARY OPPOSITION TO PUTATIVE DEBTOR'S PUTATIVE DEBTOR'S EMERGENCY MOTION FOR (1) RECONSIDERATION OF THE COURT'S ORDER, OR (2) ALTERNATIVELY, A STAY OF THE BANKRUPTCY CASE**<br><br>DATE:    None Set<br>TIME:    None Set<br>PLACE:    Courtroom "1668" |

DAL 2702797v1

VICTOR FRANCO NOVAL; PETER MARCO, LLC; and FIRST INTERNATIONAL DIAMOND, INC.,

    Petitioning Creditors,

  vs.

JADELLE JEWELRY AND DIAMONDS, LLC,

    Alleged Debtor.

Petitioning creditors, Victor Franco Noval ("Noval"), Peter Marco, LLC ("Marco"), and First International Diamond, Inc. ("First International" and together with Noval and Marco, the "Petitioning Creditors"), hereby submit their "Petitioning Creditors' Preliminary Opposition to Putative Debtor's Emergency Motion for (1) Reconsideration of the Court's Order, or (2) Alternatively, A Stay of the Bankruptcy Case" (the "Opposition"), in response to the "Putative Debtor's Emergency Motion for (1) Reconsideration of the Court's Order, or (2) Alternatively, A Stay of the Bankruptcy Case; and Memorandum of Points and Authorities in Support" (the "Motion"), filed by the alleged debtor Jadelle Jewelry and Diamonds, LLC (the "Debtor" or "Jadelle"), and represent as follows:[1]

---

[1] Despite knowing full well that neither of its principals, Jona and Rachel Rechnitz, had any intention of complying with this Court's June 10, 2020, order (the "June 10 Order"), the Debtor waited until 4:15 p.m. on June 15, 2020, in other words, not even 24-hours until the two declarations were required to be filed, to file this ill-conceived Motion. This Motion exemplifies the lengths the Debtor will go to shield this Court from the staggering fraud and misconduct which has prejudiced not only Petitioning Creditors, but other unknown creditors whose identities the Court demanded the Debtor reveal under Ninth Circuit law. As such, Petitioning Creditors have been provided with insufficient time to address each of the inaccurate and misleading arguments littered throughout the Motion. Therefore, to the extent the Court does not simply deny the Motion, as it should, and enter an order for relief should the Debtor and its principals refuse to comply with the Court's clear directive, Petitioning Creditors must be afforded sufficient time to present a comprehensive opposition to the Motion.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# I.

# **PREFATORY STATEMENT**

Without any evidence demonstrating why the Court should reconsider or stay its June 10 Order, the Motion must be denied without further hearing. The Court must see this Motion for what it is, the Debtor's desperate and last-minute attempt to avoid an unambiguous order meant to provide all creditors of this criminal enterprise with the opportunity to join in the involuntary petition. The Court, rightly concerned with Petitioning Creditors' factual allegations and the well-documented criminal past of its controlling insider, knew that the only way to afford creditors with due process was to shine a bright light on the Debtor's financial affairs. This is why the Court prevented the Rechnitz's from hiding behind the Fifth Amendment; it knew that without this condition, the Debtor would be free to abuse the judicial process and its creditors even further. In sum, the Court must reject the Debtor's attempt to simply relitigate its Rule 12(b)(6) motion since all the issues raised in the Motion were discussed, at length, during the June 9 hearing.

Fatally, the Motion does not even attempt to meet the stringent standard in this Circuit governing motions for reconsideration. Moreover, the Debtor has no right to asset a Fifth Amendment privilege; the Debtor is a corporate entity, and if its members and officers want to avoid testimony pursuant to this Court's order, they do not enjoy a windfall simply because they are afraid of incriminating themselves. The Debtor does not get to hide the identities of its creditors, in violation of Ninth Circuit law, by using its member's and insider's individual Fifth Amendment rights as a shield.

In addition, the purported "evidence" presented in support of the Motion (again, not from the Rechnitz's) is inadmissible hearsay which is not even worthy of a response as it amounts to utter conjecture and speculation. Finally, this Court already addressed the Fifth Amendment issues during the June 9 hearing and the Court's ruling on this point was clear - in the absence of two sworn declarations which do not invoke the Fifth Amendment, the Rule 12(b) motion would be denied, and an order for relief would

be entered. The Debtor now has a simple choice, hide behind the Rechnitz's Fifth Amendment rights and allow an order for relief to be entered, or comply with the Court's June 10 Order and allow other creditors the unassailable right to join the petition.

## II.

## THE MOTION IGNORES THE STANDARD FOR GRANTING MOTIONS FOR RECONSIDERATION

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Cvil Procedure, which is made applicable to these proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Hale v. United States Trustee (In re Basham), 208 B.R. 926, 934 (B.A.P. 9th Cir. 1997), aff'd sub nom., In re Byrne, 152 F.3d 924 (9th Cir. 1998). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).[2]

A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." In

---

[2] To the extent the Debtor moves under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure, this rule provides the following "causes" upon which a court may relieve a party from an order: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence, (iii) fraud, misrepresentation, or other misconduct of an adverse party, (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment. See In re Ankeny, 184 B.R. 64, 73 (B.A.P. 9th Cir. 1995); In re Coffman, 271 B.R. 492 (Bankr. N.D. Texas 2002). Similar to Rule 59 motions, courts generally recognize that reconsideration under Rule 60 is an extraordinary remedy which should be used sparingly in the interests of finality and the conservation of judicial resources. See School Dist. No. 1J, Multonomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

re Greco, 113 B.R. 658, 664 (D. Haw. 1990), aff'd and remanded sub nom., Greco v. Troy Corp., 952 F.2d 406 (9th Cir. 1991); see also In re Mannie, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through - rightly or wrongly" - or to reiterate arguments previously raised.'").

A parallel rule is codified in the District Court's Local Rule 7-18, which addresses motions for reconsideration. Local Rule 7-18 states that "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

Noticeably absent from the Motion is any relevant, credible, or admissible evidence warranting reconsideration under any of the applicable Federal Rules of Civil Procedure.

As noted, the Motion merely restates, under the guise of a newly captioned motion, arguments that the Debtor previously presented in connection with its Rule 12(b)(6) motion. And, as the transcript of the June 9 hearing reveals, the Court considered, and rejected, these arguments for all the reasons set forth on the record and in the June 10 Order. The Debtor simply fails to show, let alone support with any admissible evidence, any grounds for reconsideration of the June 10 Order, such as a change in controlling law, newly discovered evidence, or an error of fact or law in the order.

For instance, the Court already considered, and rejected, the Fifth Amendment arguments which form the core of the Motion. The following portion of the June 9 hearing demonstrates the colloquy on this issue:

> THE COURT: I know that there are criminal – there are other charges and so there's a lot of stuff going on. I have no opinion. I know what happened in the state court, but I have no opinion as to the ultimate outcome. But I tell you this, if either -- or they both must comply and I make it quite clear. If they don't comply with the request, whether it's Fifth Amendment or whatever, then I will enter the order for relief. Is it the debt -- from the debtor's standpoint, do you understand that? Mr. Marticello, do you understand that?
>
> MR. MARTICELLO: Your Honor, this is Robert Marticello for the debtor. I understand the Court's – what the Court just said and I will comply with the Court's order. My concern is, Your Honor, like you said there are other things going on and –
>
> THE COURT: No, I understand that. But, no, I'm telling you –
>
> MR. MARTICELLO: -- if there is a -- if there's a –
>
> THE COURT: -- this is really simple and I can't -- I'm not -- I -- people have a right to the -- you know, to take the Fifth and I -- again, whether they do or not I have no idea. But I'm telling you right now the creditors have a right to this information. If they refuse, either of them, I want both of them to sign it because it's not clear to me exactly who's really running the business. My guess is that maybe the husband is but I don't know that, just from the various

pleadings. I don't really know.  So there -- therefore, I am requiring both to sign under penalty of perjury. And if nei -- and if they don't both sign it under penalty of perjury, then I will enter an order for relief.  I just want you -- you -- I want you in particular and your clients, the debtor, the principals, to understand that.  You do -- you understand what I've said.  I want them to understand it.  That would be the price for not complying with my order.  You –

MR. MARTICELLO:  I understand, Your Honor.

THE COURT:  Mr. Marticello, you understand what I've said obviously.  I'm not being facetious.  You understand.  And so any –

MR. MARTICELLO:  Correct, Your Honor.

And when the Court discussed the timing of the declarations, in other words, that they would be due by 3:00 p.m. on June 16, 2020, counsel for the Debtor stated that this timing would not pose a problem.  It is now obvious that the timing would not pose a problem since neither the Debtor nor the Rechnitz's had any intention of supplying the crucial information demanded by the Court.  Thus, this self-created emergency is not an emergency at all; it is a carefully orchestrated charade meant to once again victimize and prejudice creditors.

Importantly, the corporate Debtor cannot hide relevant information from this Court under the false banner of its insider's Fifth Amendment rights.  This would amount to a perversion of justice and a gross misuse of the Fifth Amendment.  Simply stated, a corporation does not enjoy the constitutional protections of the Fifth Amendment.  See Braswell v. United States, 487 U.S. 99, 108 S. Ct. 2284, 101 L. Ed. 2d 98 (1988); Kozyak v. Poindexter (In re Financial Federated Title & Trust, Inc.), 252 B.R. 834 (Bankr. S.D. Fla. 2000).   The Debtor, therefore, cannot create and invoke constitutional protections indirectly by claiming that its members and insiders are the subject of a criminal

proceeding. See <u>In re MMH Automotive Group, LLC</u>, 346 B.R. 229, 232 (Bankr. S.D. Fla. 2006).

The Court's directive at the conclusion of the June 9 hearing could not be more clear, and the Debtor and its counsel were warned of the repercussions of their collective non-compliance. The Court did not provide a carve out for the invocation of any Fifth Amendment rights or any other privilege, and it should not do so through this Motion. The Debtor's last minute theatrics ring hollow, especially when there was no objection to the entry of the June 10 Order during the June 9 hearing. Plainly stated, the Debtor is attempting to play a game of bait and switch by remaining silent at the June 9 hearing and then filing this misleading "emergency" Motion on Fifth Amendment grounds.

To reiterate, at no time during the June 9 hearing did the Debtor's counsel object to the terms and conditions of the Court's June 10 Order. Fearing this Court would enter an order for relief, the Debtor led this Court and Petitioning Creditors to believe that the Rechnitz's would simply comply. Then, less than 24-hours before the Court's deadline for compliance, the Debtor has done a complete about face in order to perpetuate the Debtor and the Rechnitz's frauds. At this point, the Debtor should simply do what is in the best interests of creditors, and consent to an order for relief to allow assets to be recovered.

Yet, at the 11th and a half hour, the Court is being told tales of investigations that may lead to nothing and tales of what the government may be doing. Any investigation would be protected from disclosure by the government and it is implausible to believe the government would have Jona testify before the grand jury only to assert his Fifth Amendment rights. Only in criminal law Fantasyland does that happen. Jona has no credibility in any court and if he wants to hide from this Court, the fate of the Debtor has already been preordained.

Petitioning Creditors, and the other untold and unidentified creditors, are confident this Court says what it means and means what it says: if the Rechnitz's fail to file the joint declarations by 3:00 p.m. on June 16, 2020, the Debtor's Rule 12(b) motion

will be denied, and an order for relief entered.  Thus, all the argument about Petitioning Creditors is moot and disingenuous.  If there is no compliance, an order for relief will be entered and a trustee appointed.  This was a self-executing order and it is shocking that Petitioning Creditors are faced with a Motion based entirely on unsubstantiated allegations, inadmissible hearsay, and illusory emergencies which fail to support either reconsideration or a stay of the June 10 Order.

## III.

## CONCLUSION

Based on the foregoing, Petitioning Creditors respectfully request that the Motion be denied in its entirety, and for such other relief as the Court deems just and proper under the circumstances.

DATED: June 15, 2020

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Petitioning Creditors