Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Petitioning Creditors

Ronald Richards (CA Bar No. 176246)
  ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Victor Franco Noval

Baruch C. Cohen (CA Bar No. 159455)
  baruchcohen@baruchcohenesq.com
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Telephone:  323.937.4501
Facsimile: 888.316.6107

Attorneys for Peter Marco, LLC and First International Diamond, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br>Debtor. | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**PETITIONING CREDITORS' PRELIMINARY OPPOSITION TO EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 FOR STAY PENDING APPEAL; DECLARATION OF RONALD RICHARDS IN SUPPORT THEREOF**<br><br>DATE:    None Set<br>TIME:    None Set<br>PLACE:   Courtroom "1668" |

DAL 2703055v1

| | |
|---|---|
| 1 | VICTOR FRANCO NOVAL; PETER MARCO, LLC; and FIRST INTERNATIONAL DIAMOND, INC., |
| 2 | |
| 3 | Petitioning Creditors, |
| 4 | vs. |
| 5 | JADELLE JEWELRY AND DIAMONDS, LLC, |
| 6 | |
| 7 | Alleged Debtor. |

Petitioning creditors, Victor Franco Noval ("Noval"), Peter Marco, LLC ("Marco"), and First International Diamond, Inc. ("First International" and together with Noval and Marco, the "Petitioning Creditors"), hereby submit their "Petitioning Creditors' Preliminary Opposition to Emergency Motion Pursuant to Federal Rule of Bankruptcy Procedure 8007 for Stay Pending Appeal; Declaration of Ronald Richards in Support Thereof" (the "Opposition"), in response to the "Emergency Motion Pursuant to Federal Rule of Bankruptcy Procedure 8007 for Stay Pending Appeal" (the "Motion"), filed by the debtor Jadelle Jewelry and Diamonds, LLC (the "Debtor" or "Jadelle"), and represent as follows:[1]

I.

**PREFATORY STATEMENT**

After suffering the consequences of its decision to intentionally violate a court order, the Debtor now seeks equity in the form of a stay pending appeal. Setting

---

[1] As is its custom, the Debtor waited until 5:06 p.m. on June 19, 2020, in other words, three days after entry of the Court's June 16, 2020, "Order Directing Clerk of Court to Immediately Enter An Order for Relief Under Chapter 7, and Requiring the Debtor to File All Schedules and Related Documentation for a Chapter 7 Case Within Fourteen Days of the Entry of This Order" (the "June 16 Order") [Docket No. 54], to file its alleged "emergency" Motion. As such, Petitioning Creditors again have been provided with insufficient time to address each of the inaccurate and misleading arguments littered throughout the Motion. Therefore, to the extent the Court does not simply deny the Motion, as it should, Petitioning Creditors must be afforded sufficient time to present a more detailed opposition to the Motion.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

aside the inarguable fact that the Debtor satisfies none of the four elements required to obtain a stay, the Debtor cannot even meet the threshold requirement of standing to prosecute an appeal since it acted without the express authorization of the newly appointed chapter 7 trustee. The Debtor's lack of standing alone reinforces why the Debtor cannot show it is likely to succeed on its appeal, that it will suffer any real (let alone irreparable) harm in the absence of a stay, that the estate and other creditors will not suffer harm with a stay, and that the public interest will be served by a stay. In short, the Debtor's lack of standing renders the Motion utterly meaningless.[2]

## II.

## THE INDISPUTABLE FACT THAT THE DEBTOR LACKS STANDING TO PROSECUTE THE APPEAL MANDATES DISMISSAL OF THE MOTION

On June 18, 2020, Sam Leslie (the "Trustee") was appointed chapter 7 trustee for the Debtor's estate. In the few short days since he was appointed, the Trustee has conducted a preliminary review of the case and requested that the Debtor produce a series of documents which, to this date, the Debtor has refused to turn over. One thing the Trustee has not done, however, is authorize the Debtor's filing of the appeal of the June 16 Order which occurred after his appointment.[3] Under Supreme Court law, once the Trustee was appointed, the Debtor's attorneys were divested of any authority to act on the Debtor's behalf absent the express consent of the Trustee. As a result, counsel for the Debtor had no authority or power to file the appeal or the Motion on the Debtor's behalf, as only the Trustee, not the Debtor's prior management (Jona and Rachel Rechnitz), had the authority to direct them to act in this manner.

---

[2] Petitioning Creditors understand that, unless the Debtor voluntarily dismisses the appeal (which will not happen), the issue of dismissal will need to be raised with the appropriate appellate court. The Debtor's lack of standing, however, certainly is relevant to whether the Court should issue a stay pending appeal.

[3] A true and correct copy of the June 19, 2020, email from the Trustee unequivocally stating that he did not authorize the Debtor's filing of the appeal is attached as Exhibit "A" to the declaration of Ronald Richards, affixed hereto.

DAL 2703055v1    3

Specifically, although a debtor generally has standing to appeal an order for relief in an involuntary bankruptcy, the issue as to whether a corporate debtor has the authority to appeal through its ousted management where a trustee has been appointed, and the trustee objects to the ousted management bringing an appeal on the debtor's, behalf is well-settled law.  Although it will contend otherwise, the Debtor will be unable to cite this Court to a single case which contradicts this rationale.  In other words, absent the Trustee's express authorization, which was not obtained here, the Debtor's attorneys lacked the requisite corporate authority to file the appeal of the June 16 Order on the Debtor's behalf.  See C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.), 636 F.3d 1257 (10th Cir. 2011).

In C.W. Mining, for example, creditors commenced an involuntary chapter 11 proceeding against the debtor.  The case was converted to chapter 7, and a chapter 7 trustee was appointed without objection by the debtor.  The debtor's former managers then appealed to the Bankruptcy Appellate Panel (the "BAP") on the debtor's behalf.  The trustee moved to dismiss the appeal, contending that the former managers could not bring an appeal on the debtor's behalf over the trustee's objection.  Initially, the BAP concluded that the former managers could bring the appeal because a putative debtor must have standing to bring a bankruptcy court's involuntary order for relief before an appellate court.  The Tenth Circuit reversed, however.

According to the Tenth Circuit, although the debtor may have had standing to appeal as a person aggrieved, the dispositive question was not whether the debtor had standing to appeal, but whether the former managers had the authority to appeal on the debtor's behalf.  Similar to Jadelle, because the debtor was a corporation, it could act only through its authorized agents.  As the Tenth Circuit noted, once a trustee is appointed over a corporate debtor, the trustee assumes control of the business, and the debtor's directors are completely ousted.  In issuing its ruling, the Tenth Circuit was following the Supreme Court's decision in Commodity Futures Trading Comm'n v.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Weintraub, 471 U.S. 343, 352–53, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985). As the Court explained:

> After [the debtor] entered into Chapter 7 bankruptcy and a trustee was appointed, [the debtor's] former management's only role was "to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors." Weintraub, 471 U.S. at 352. [The debtor's] directors were otherwise "completely ousted." Id. at 353. The Bankruptcy Code makes no provision for former management to appear in a Chapter 7 proceeding to assert a separate interest on behalf of the Debtor. See Log Furniture, Inc., 180 F. App'x at 787. Authority to make legal decisions, like all other business decisions, passed to the Trustee alone.

C.W. Mining, 636 F.3d at 1263.

The Court continued as follows:

> When a corporation enters Chapter 7 bankruptcy and a trustee is appointed, the corporation itself, as an intangible legal creation, remains unchanged. But it gets new management, in the form of a trustee, Weintraub, 471 U.S. at 353, and its legal purpose becomes vastly different. The Supreme Court "has long recognized that a chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." Katchen v. Landy, 382 U.S. 323, 328, 86 S. Ct. 467, 15 L. Ed. 2d 391 (1966) (quotation omitted). The entire purpose of involuntary bankruptcy is to "protect the interests and desires of the creditors as a whole"

>
> Basin Elec. Power Co-op. v. Midwest Processing Co., 47 B.R. 903, 908 (D.N.D. 1984). Accordingly, bankruptcy law drastically redefines and narrows the corporation's "interest" - the major purpose for its continued existence is maximizing the value of the estate for its creditors, not its shareholders. Bankruptcy law abrogates other "interests" [the debtor] may have formerly had.
>
> To the extent the Managers argue they are vindicating [the debtor's] interests, they are wrong. Just the opposite is true: the Managers' attempts to confound the Trustee's administration of the estate hinder the only interest [the debtor] now legally has, which is liquidating the business in such a manner as to maximize the estate's value.

C.W. Mining, 636 F.3d at 1264-65.

The Tenth Circuit thus rightly concluded that, although other individuals might have standing to appeal under the "person aggrieved rule," those individuals may not usurp the corporation's right to appeal, which may be exercised by the trustee alone. Id., at 1263. Absent authorization from the Trustee, the Debtor lacked the independent right to file the appeal and the Motion, which eliminates any argument that the Debtor will be successful on the merits of its appeal. See also S. Edge LLC v. JPMorgan Chase Bank, N.A., 2011 U.S. Dist. LEXIS 49621 (D. Nev. 2011) (court granted chapter 11 trustee's motion to dismiss an appeal of an order granting chapter 11 relief brought by involuntary debtor and its former managers where trustee had been appointed after order was entered, and as a result, trustee was substituted for debtor in all pending litigation as the real party in interest such that only trustee had authority to decide whether to continue to pursue appeal on debtor's behalf); Quest Ventures, Ltd. v. IPA Mgmt. IV, LLC, 2018 U.S. Dist. LEXIS 25225 (E.D.N.Y. 2018) (same); Public-Sector Solutions, Inc. v. HCG Software, LLC, 2014 U.S. Dist. LEXIS 134446 (D. Md. 2014) (same).

The Debtor will pin its hopes on several factually distinguishable decisions and the additional fact that the Ninth Circuit has not formally adopted the C.W. Mining ruling. However, simply because the Ninth Circuit has not rendered a decision on this uncontroversial rule of law does not diminish the soundness of the Tenth Circuit's decision which is in line with prior Supreme Court precedent. In fact, the court in S Edge itself stated that although the Ninth Circuit has never squarely addressed the issue, "[t]he Court concludes that if the Ninth Circuit did address the issue, it would follow the reasoning in the Tenth Circuit's opinion in C.W. Mining." S. Edge, 2011 U.S. Dist. LEXIS 49621, at *14-15.

The decisions which the Debtor will rely on are, as noted, insignificant. For instance, the Ninth Circuit's decision in Security Bldg. & Loan Ass'n v. Spurlock, 65 F.2d 768, 770 (9th Cir. 1933) is irrelevant, not just because it is nearly one hundred years old, and pre-dates decades of amendments to the Bankruptcy Code and Weintraub, but because the standing issue was not before the Court. In Spurlock, the Court was required to determine whether a state court receiver acted without authority to appeal or to participate in a proceeding because he was not specially authorized so to do by the state court which appointed him. In other words, the issue confronting the Court surrounded an entity's right to seek relief from actions of a state court receiver, which is entirely irrelevant to the issue raised by this Opposition, namely, that once the Trustee was appointed, the Debtor could only appeal the June 16 Order with the express authorization of the Trustee, which was not provided.

Similarly, the decision in In re Focus Media, Inc., 378 F.3d 916, 922 (9th Cir. 2004) is irrelevant, since there is nothing in this now overruled opinion that suggests that the trustee ever raised the lack of corporate authority issue that is being raised here. Hence, this decision has no bearing on the fundamental issue of standing being raised here. The BAP's decision in Kenny G Enters., LLC v. Casey (In re Kenny G Enters., LLC), 2014 Bankr. LEXIS 3529 (B.A.P. 9th Cir. 2014), is equally unavailing since, again, the there was no standing challenge to an appeal of a conversion order. In fact, current

counsel for Noval actually represents the trustee in the Kenny G case and can speak to the fact that standing was not an issue on appeal.

In fact, there were only three issues raised on appeal in the Kenny G case: (i) did the bankruptcy court violate the debtor's due process rights when it *sua sponte* converted the case to chapter 7 at the hearing on the final decree motion, (ii) did the bankruptcy court abuse its discretion in converting the case to chapter 7, and (iii) did the bankruptcy court abuse its discretion in denying reconsideration of the conversion order. In sum, no part of the Kenny G decision has any bearing on the issues before this Court.

In re Trusted Net Media Holdings, LLC, 550 F.3d 1035, 1038 (11th Cir. 2008), another case that will be cited by the Debtor, is equally irrelevant since, again, it has no discussion of the standing issue raised here. In Trusted Net Media, a controlling insider had litigation in the bankruptcy court and there is no indication the trustee objected on lack of corporate authority grounds. It was also decided years before the current line of cases cited by Petitioning Creditors dismissing appeals by involuntary debtor due to lack of corporate authority. The decision In re YBA Nineteen, LLC, 505 B.R. 289, 304 (S.D. Cal. 2014) also should be ignored. YBA involved the appeal of a conversion order, not applicable to this case, and no one challenged the debtor's attorney's authority to proceed. The failure to raise the standing issue or the waiver of that issue have nothing to do with the facts or issues presented here.

Ironically, the debtor in YBA objected to the trustee's brief on the basis that the trustee did not have standing to oppose the debtor's appeal. However, the court overruled the debtor's objection as moot, finding that, even if the trustee did not have standing, the court considered the trustee's brief as an *amicus curiae* filing, citing In re Heath, 331 B.R. 424, 429–30 (B.A.P. 9th Cir. 2005) (considering trustee's brief as an *amicus* brief "even if Trustee cannot appear as a party" due to lack of appellate standing). The YBA court further stated that "[t]he Court makes no finding as to the Trustee's standing on appeal." YBA, 505 B.R. at 304.

## III.

## **CONCLUSION**

Since the Debtor acted without the express authorization of the Trustee, it lacks the standing to prosecute this appeal. Although Petitioning Creditors (and the Trustee) understand that a formal motion to dismiss must be brought before the appellate court, this Court surely can consider the lack of standing as it mulls over whether the Debtor has carried its heavy burden of obtaining a stay pending appeal of the June 16 Order. Since there is no doubt that the Debtor cannot prosecute this appeal, this Court cannot find that the Debtor is entitled to a stay and the Motion, therefore, must be denied.

DATED: June 22, 2020    **Sulmeyer**Kupetz
A Professional Corporation


By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Petitioning Creditors

DATED: June 22, 2020    Law Offices of Ronald Richards & Associates, APC


By: /s/ *Ronald Richards*
Ronald Richards
Attorneys for Victor Franco Noval

DAL 2703055v1

9

## DECLARATION OF RONALD RICHARDS

I, Ronald Richards, declare and state as follows:

1. I am a member of the State Bar of California and am duly authorized to practice before this Court, and am the attorney principally responsible for the representation of petitioning creditor Victor Franco Noval ("Noval") in the above-captioned case.

2. After receiving the Debtor's appeal of the June 16 Order and the Motion, I asked the Trustee if he authorized the Debtor's filings. On June 20, 2020, I received an email from the Trustee expressly stating that he did not authorize either of the two filings. A true and correct copy of the June 20, 2020, email from the Trustee is attached hereto as Exhibit "A" and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of June, 2020, at Los Angeles, California.

/s/ *Ronald Richards*
Ronald Richards

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# EXHIBIT A

# Ronald Richards

| | |
|---|---|
| **From:** | Sam Leslie <sleslie@trusteeleslie.com> |
| **Sent:** | Saturday, June 20, 2020 11:57 AM |
| **To:** | cdye@cadye.com; Ronald Richards; Daniel Lev; bcc@baruchcohenesq.com; Timothy Kincaid; Marianna Falco |
| **Subject:** | Re: Bankruptcy Case: 20-13530 - Jadelle Jewelry and Diamonds, LLC LACK OF AUTHORIZATION CONFIRMATION |
| **Attachments:** | image001.jpg; ATT00001.htm; doc61appeal.pdf; ATT00002.htm |

Ron, accept this email that I did not authorize the appeal nor the motion for stay for the debtor
best
Sam


> **From:** Ronald Richards <ron@ronaldrichards.com>
> **Date:** June 20, 2020 at 7:00:41 AM PDT
> **To:** Sam Leslie <sleslie@trusteeleslie.com>, "bcc@baruchcohenesq.com" <bcc@baruchcohenesq.com>
> **Cc:** Carolyn Dye <cdye@cadye.com>, "Lev, Daniel A." <dlev@sulmeyerlaw.com>, Marianna Falco <MFalco@leaaccountancy.com>, Timothy Kincaid <TKincaid@leaaccountancy.com>
> **Subject: RE:  Bankruptcy Case: 20-13530 - Jadelle Jewelry and Diamonds, LLC LACK OF AUTHORIZATION CONFIRMATION**
>
> Dear Mr. Leslie,
>
> I am drafting a rule 9011 letter and other immediate relief.  Please confirm you did not authorize the attached appeal nor the motion for a stay for the Debtor, JADELLE JEWELRY AND DIAMONDS, LLC, in this matter.
>
>
>
> Sincerely,
>
> Ronald Richards, Esq.
> Law Offices of Ronald Richards & Associates, A.P.C.
> 310-556-1001 Office
> 310-277-3325 Fax
> www.ronaldrichards.com
>
>
> Mailing Address:
> P.O. Box 11480
> Beverly Hills, CA 90213
> ®

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is
PO BOX 11480, BEVERLY HILLS, CA  90213

A true and correct copy of the foregoing document entitled (*specify*): <u>DECLARATION OF RONALD RICHARDS, PRELIMINARY OPPOSITION TO MOTION FOR STAY,</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>June 22, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Daniel A Lev dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Robert S Marticello Rmarticello@swelawfirm.com,

gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Neal Salisian ECF@salisianlee.com

Michael Simon msimon@swelawfirm.com,

lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building (waived per court order)
Bin outside of Courtroom 1660
255 E. Temple Street

---

DAL 2702848v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| June 22, 2020 | | /s/ Ronald Richards |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DAL 2702848v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**