Daniel A. Lev (CA Bar No. 129622)
   dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc.

Ronald Richards (CA Bar No. 176246)
   ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone: 310.556.1001
Facsimile: 310.277.3325

Attorneys for Victor Franco Noval

Baruch C. Cohen (CA Bar No. 159455)
   baruchcohen@baruchcohenesq.com
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Telephone: 323.937.4501
Facsimile: 888.316.6107

Attorneys for Peter Marco, LLC and First International Diamond, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br>Debtor. | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**SUPPLEMENT TO CREDITORS' PRELIMINARY OPPOSITION TO EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 FOR STAY PENDING APPEAL**<br><br>DATE:   None Set<br>TIME:   None Set<br>PLACE:   Courtroom "1668" |

DAL 2703171v1

Creditors, Victor Franco Noval ("Noval"), Peter Marco, LLC ("Marco"), and First International Diamond, Inc. ("First International" and together with Noval and Marco, the "Creditors"), hereby submit their "Supplement to Creditors' Preliminary Opposition to Emergency Motion Pursuant to Federal Rule of Bankruptcy Procedure 8007 for Stay Pending Appeal" (the "Supplement") in support of their "Petitioning Creditors' Preliminary Opposition to Emergency Motion Pursuant to Federal Rule of Bankruptcy Procedure 8007 for Stay Pending Appeal; Declaration of Ronald Richards in Support Thereof" (the "Opposition") in response to the "Emergency Motion Pursuant to Federal Rule of Bankruptcy Procedure 8007 for Stay Pending Appeal" (the "Motion"), filed by the debtor Jadelle Jewelry and Diamonds, LLC (the "Debtor" or "Jadelle"), and represent as follows:

## I.

## **PREFATORY STATEMENT**

Adding to the mounting list of court orders it refuses to comply with, the Debtor filed a "Statement Re Creditor List" late in the evening on June 23, 2020, proclaiming that it has no intention of complying with the Court's June 16 Order.[1] In a feeble attempt to justify its latest violation of a court order, the Debtor states that it is unable to prepare and file the list required by Federal Rule of Bankruptcy Procedure 1007(a)(2) "because the individual who has access to the information to prepare, and who would prepare, sign, and verify, such list has been advised by counsel to decline to answer based on the Fifth Amendment privilege against self-incrimination."

The unidentified individual, presumably Rachel Rechnitz, the Debtor's putative managing member, believes (wrongly) that she can use her blanket assertion of the Fifth Amendment to shield the Debtor from complying with any court order or the statutory duties imposed on debtors by the Bankruptcy Code. This blanket assertion violates decades of case law, however. The Debtor is improperly asserting a Fifth

---

[1] As has become its custom, the Debtor filed the "Statement Re Creditor List" (the "Statement") [Docket No. 72] at 8:04 p.m.

Amendment objection for an individual and, as the Court already opined, the Debtor, as a corporate entity, has no Fifth Amendment privilege. Furthermore, filing schedules and providing crucial creditor information does not act as a waiver of the Fifth Amendment.

The Debtor's untenable position and continuing disregard of court orders and the Bankruptcy Code further reinforces why this Court must not stay its order for relief.

## II.

## A DEBTOR'S OFFICER MAY NOT USE THE FIFTH AMENDMENT TO SHIELD THE DEBTOR FROM COMPLYING WITH ITS STATUTORY DUTIES AND COURT ORDERS

The Statement simply is another in a series of obstructionist positions meant to prevent the Court, the newly appointed trustee, and creditors from getting to the bottom of the truth. The Court now must see what the Creditors have long known - the Debtor is a criminal enterprise being run by the Rechnitz's for their own personal benefit and amusement. Coupled with the fact that counsel for the Debtor lacked the corporate authority to appeal the June 16 Order, the Court has no choice but to deny the requested stay pending appeal.

As this Court knows, among the duties imposed on debtors is the duty to (i) submit to an examination at a meeting of creditors (11 U.S.C. § 343), (ii) file a list of creditors, schedules of assets and liabilities, and statement of financial affairs (11 U.S.C. § 521(1)), and (iii) surrender to the trustee property of the estate, including any recorded information relating to property of the estate (11 U.S.C. § 521(4)). Now, as part of its orchestrated effort not to abide by any court order or statutorily imposed requirement, some imaginary and unidentified person has asserted his/her Fifth Amendment privilege in lieu of the Debtor making the foregoing disclosures and productions required by the Bankruptcy Code.

As the Sixth Circuit noted when reviewing the behavior of a recalcitrant debtor in Butcher v. Bailey, 753 F.2d 465, 469 (6th Cir. 1984), cert. denied, 473 U.S. 925,

DAL 2703171v1

3

106 S. Ct. 17, 87 L. Ed. 2d 696 (1985), "compulsion is obviously present" from the Bankruptcy Code requirements. But a finding that compulsion is present is only the starting point. The Fifth Amendment is only violated when an individual, such as the Debtor's unidentified person, is placed under "compulsion, to incriminate, not merely compulsion to make unprivileged disclosures." United States v. Washington, 431 U.S. 181, 190, 97 S. Ct. 1814, 1820, 52 L. Ed. 2d 238 (1977) (quoting Garner v. United States, 424 U.S. 648, 657, 96 S. Ct. 1178, 47 L. Ed. 2d 370 (1976)).

As long as a witness can demonstrate any possibility of prosecution which is more than fanciful, a claim of Fifth Amendment privilege is well taken. In re Folding Carton Antitrust Litigation, 609 F.2d 867, 871 (7th Cir. 1979). Moreover, it is the possibility of prosecution, not the judge's assessment of the likelihood of such prosecution, which establishes a valid claim. In re Corrugated Container Antitrust Litigation, 661 F.2d 1145, 1150 (7th Cir. 1981), aff'd, 459 U.S. 248, 103 S. Ct. 608, 74 L. Ed. 2d 430 (1983). Thus, an assertion of the privilege is meaningful and appropriate only when the danger of incrimination is demonstrated to be real and appreciable, not merely imaginary, remote, and speculative. See Ueckert v. C.I.R., 721 F.2d 248 (8th Cir. 1983); McCoy v. C.I.R., 696 F.2d 1234 (9th Cir. 1983).

The court's decision in In re Connelly, 59 B.R. 421, 431-432 (Bankr. N.D. Ill. 1986) demonstrates that it is incumbent upon the court to conduct a proper inquiry into the legitimacy and scope of such a blanket assertion of privilege. See also United States v. Goodwin, 625 F.2d 693, 701 (5th Cir. 1980). This requires the court to go beyond the threshold "possibility of prosecution" discussed by the Court in Corrugated Container and delve into the realm of "real danger of incrimination" if a debtor is required to respond to particular inquiries. Martin-Trigona v. Gouletas, 634 F.2d 354, 360 (7th Cir. 1980), cert. denied, 449 U.S. 1025, 101 S. Ct. 593, 66 L. Ed. 2d 486 (1980). The court's inquiry into a debtor's claim of privilege is further guided by the standards of Hoffman v. United States, 341 U.S. 479, 71 S. Ct. 814, 95 L. Ed. 1118 (1951). See United States v. Moore, 682 F.2d 853, 856 (9th Cir. 1982). Generally, an individual must have reasonable cause

to apprehend danger of self-incrimination from direct answers to the specific questions posed. Hoffman, 341 U.S. at 486; Martin-Trigona, 634 F.2d at 360. As such, the lack of any specificity, or even the identity of the person asserting the privilege, renders the Debtor's blanket Fifth Amendment assertion a legal nullity.

Importantly, the Fifth Amendment does not relieve a debtor from answering questions solely on the basis of his own judgment that the information would incriminate himself. In re Arend, 286 F. 516, 518 (2d Cir. 1922); Mason v. U.S., 244 U.S. 362, 37 S. Ct. 621, 61 L. Ed. 1198 (1917). The availability of the privilege is in the first instance for the court to determine its application, since the court is the closest to the evidence. Hoffman, 341 U.S. at 479; In re U.S. Hoffman Can Corp., 373 F.2d 622, 628 (3d Cir. 1967). The determination is to be made by the trial court in the exercise of its sound discretion, and unless there is a reasonable ground as distinct from a remote or speculative possibility, to apprehend that a direct answer may prove dangerous to the witness, the answer should be compelled. Arend, 286 F. at 518. "The focus of inquiry when information is sought over a claim of privilege is whether the hazards of self-incrimination are 'real and appreciable' as opposed to 'trifling or insubstantial.'" U.S. v. Sahadi, 555 F.2d 23, 26 (2d Cir. 1977).

In other words, the court must be presented with the facts from which to determine whether the refusal is "based on merely fanciful grounds or upon some imaginary fear or arbitrary reason . . . ." Arend, supra. See also Podolin v. Lesher Warner Dry Goods Co., 210 F. 97 (3d Cir. 1914). The invocation of the privilege must be in the court's presence so that it may consider, by its own personal perception of the peculiarities of the case the implication of the question in the setting in which it is asked. Hoffman Can, 373 F.2d at 628. If the claim of privilege is still asserted, some further showing of possible incrimination must be permitted before disposal of the claim. Id., at 628. A person attempting to hide behind the Fifth Amendment must, therefore, make a showing to the "limited extent requisite to make it known to a perceptive judgment that he has reached a risk of disclosure which should be avoided, lest in establishing his right to

DAL 2703171v1

5

the constitutional safeguard he says enough to destroy it." Id. But the required showing must be made; here no such showing is even attempted by the Debtor.

Due to the fact that the Debtor chose to assert an anonymous Fifth Amendment assertion and has again violated a court order, the Court cannot even review the assertion. The Trustee is now being blocked from performing his statutory duties as a fiduciary duty to all known and unknown creditors, and the Creditors are being effectively prevented from conducting Rule 2004 examinations based on a premature, blanket assertion of the Fifth Amendment. The Debtor's willful flouting of court orders must end, and the Debtor cannot be rewarded for its intransigence by obtaining the benefits of a stay.

Judge Kwan thoroughly analyzed this issue in McKnew v. Wilson (In re Wilson), 2015 Bankr. LEXIS 2205 (Bankr. C.D. Cal., July 2, 2015). In Wilson, Judge Kwan found that:

> In determining whether such a real and appreciable danger of incrimination exists, a trial judge must examine the "implications of the question(s) in the setting in which (they are) asked...." Hoffman v. United States, 341 U.S. at 486; United States v. Pierce, 561 F.2d 735, 741 (9th Cir. 1977); Hashagen v. United States, 283 F.2d at 350. He "'(m)ust be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.'" Hoffman v. United States, 341 U.S. at 487, quoting Ex parte Irvine, 74 F. 954, 960 (C.C. Ohio, 1896); United States v. Pierce, 561 F.2d at 741. If the trial judge decides from this examination of the questions, their setting, and the peculiarities of the case, that no threat of self-incrimination exists, it then becomes incumbent "upon the defendant to show that answers to (the questions) might

> criminate him." United States v. Weisman, 111 F.2d 260, 261 (2d Cir. 1940).  See also Garner v. United States, 424 U.S. 648, 658 n.11 (1976); United States v. Daly, supra, 481 F.2d 28, 30 (8th Cir. 1973); In re U.S. Hoffman Can Corp., 373 F.2d 622, 628 (3d Cir. 1967); Hashagen v. United States, 283 F.2d at 350.  This does not mean that the defendant must confess the crime he has sought to conceal by asserting the privilege.  The law does not require him "'to prove guilt to avoid admitting it.'"  Marchetti v. United States, 390 U.S. at 50, 88, quoting United States v. Kahriger, 345 U.S. 22, 34 (1953) (Jackson, J., concurring).  But neither does the law permit the defendant to be the final arbiter of his own assertion's validity.  "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself his say-so does not of itself establish the hazard of incrimination.  It is for the court to decide whether his silence is justified...."  Hoffman v. United States, 341 U.S. at 486.  See also Marchetti v. United States, 390 U.S. at 50; Albertson v. SACB, 382 U.S. 70, 79; United States v. Johnson, 577 F.2d 1304, 1311 (5th Cir. 1978); United States v. Daly, 481 F.2d at 30; Hashagen v. United States, 283 F.2d at 348.

Wilson, 2015 Bankr. LEXIS 2205, at *3-*4.

Thus, the Debtor cannot simply assert a blanket Fifth Amendment privilege on behalf of its two co-conspirators in an effort to avoid submitting required financial information and vital testimony.  As such, based upon the Debtor's willful and repeated violation of numerous court orders, the Court should deny its stay request so the parties can move forward with the appropriate contempt motions, motions seeking production of

1  documents and testimony under Rule 2004, and other remedial actions to assist the

2  Trustee in recovering dissipated assets.[2]

3        The fact that this Court was told at the June 9, 2020, hearing that the

4  Debtor is generally paying its debts as they become due, cannot be reconciled with the

5  Statement.  During the June 9 hearing, when asked by the Court if the Debtor was still

6  operating and paying its debts, counsel responded as follows:

7      THE COURT: Okay. Is the debtor still operating?

8      MR. MARTICELLO: Your Honor, my understanding is that

9      the debtor is paying its debts -- undisputed debts as they

10      come due on the agreed to terms.

11  See Official Transcript of Proceedings, p. 10, lls. 20-23.

12        Why would an entity that is paying its debts as they become due be so

13  criminally infested that they cannot even allegedly complete its initial schedules due to

14  Fifth Amendment concerns.  This is a rhetorical question, of course.

### III.

### **CONCLUSION**

17        It is for the Court, not the Debtor, to decide whether an invocation of the

18  Fifth Amendment is justified and, if so, to what extent.  By filing the Statement, the Debtor

19  is preventing the Court from undertaking this fact-specific inquiry.  And, as the Creditors

20  already have demonstrated, the Debtor has no right to invoke the Fifth Amendment

---

[2] The Debtor already has refused to provide substantive responses to the First Set of Requests for Production of Documents propounded on it by the Creditors.  As noted by the court in Scarfia v. Holiday Bank, 129 B.R. 671 (M.D. Fla. 1990), blanket objections on the grounds of self-incrimination in connection with discovery requests is improper.  It is axiomatic that a debtor may not cloak himself with the Fifth Amendment's protection against self-incrimination simply by a blanket assertion that his answers to interrogatories, requests for admissions and requests for production of documents will tend to incriminate him.  Hoffman, 341 U.S. at 486 (a witness's "say-so does not of itself establish the hazard of incrimination"); Securities and Exchange Commission v. First Financial Group of Texas, 659 F.2d 660, 668 (5th Cir. 1981); Arend, supra, In re Mudd, 95 B.R. 426, 430 (Bankr. N.D. Tex. 1989); In re Hulon, 92 B.R. 670, 675 (Bankr. N.D. Tex. 1988); In re Krisle, 54 B.R. 330, 338 (Bankr. D.S.D. 1985) (a debtor "may not decline to disclose information on the basis of a naked assertion that the information requested may tend to incriminate him").  As a result, the Creditors intend to proceed with the appropriate motions to obtain the Debtor's compliance.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

privilege in the first instance.  Since the Debtor also acted without the express authorization of the Trustee in filing the appeal and the stay motion, its request for a stay must be denied.

DATED: June 24, 2020

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc.

DATED: June 24, 2020

Law Offices of Ronald Richards & Associates, APC

By: /s/ *Ronald Richards*
Ronald Richards
Attorneys for Victor Franco Noval

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is
PO BOX 11480, BEVERLY HILLS, CA  90213

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENTAL TO PRELIMINARY OPPOSITION TO MOTION FOR STAY, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 24, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Daniel A Lev dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Robert S Marticello Rmarticello@swelawfirm.com,

gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Neal Salisian ECF@salisianlee.com

Michael Simon msimon@swelawfirm.com,

lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building (waived per court order)
Bin outside of Courtroom 1660
255 E. Temple Street

DAL 2702848v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 24, 2020 | | /s/ Ronald Richards |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DAL 2702848v1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**