# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
(626) 229-7220

**RE:** JADELLE JEWELRY AND DIAMONDS LLC A DELAWARE LIMITED LIABILITY COMPANY

**Appellant:** Jona Rechnitz

**BAP No.:** CC-20-1159

**Bk. No.:** 2:20-bk-13530-BR                    **RE:** Notice of Appeal Filed on 06/30/2020

## OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and assigned the case number above.

Electronic filing using the BAP's Case Management/Electronic Case Filing (CM/ECF) docketing system is **mandatory** for all attorneys. Please review the Administrative Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov for further information.

For non-attorneys, all papers filed with the BAP should be in the form of an original and three copies.

The BAP docket and other court information is available through the National PACER system. http://www.bap9.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and some parts of the Federal Rules of Appellate Procedure (F.R.A.P.) See 9th Cir. BAP Rule 8026-1.

Pursuant to 9th Cir. Rule 8003-1, please immediately send the BAP Clerk a copy of the signed and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is compliance with F.R.B.P 8009, which require Appellant to file within 14 days in the bankruptcy court a designation of the record, statement of issues on appeal, and a notice regarding the ordering of transcripts. Under these rules Appellee may also file a supplemental designation of the record and order transcripts. The party ordering the transcripts must make satisfactory arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8009-1.

The parties should note that the designation of the record under F.R.B.P. 8009 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8010(a)(2)(C), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible scheduled date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request of change time and place are rarely granted.

### CERTIFICATE OF MAILING

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Cecil Lizandro Silva, Deputy Clerk

**Date:** June 30, 2020