FILED & ENTERED

JUN 30 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Jadelle Jewelry and Diamonds, LLC,<br><br>Debtor(s). | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**MEMORANDUM OF DECISION ON DEBTOR'S "EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 FOR STAY PENDING APPEAL"**<br><br>[NO HEARING REQUIRED] |

This matter is before the Court on the "Emergency Motion Pursuant To Federal Rule Of Bankruptcy Procedure 8007 For Stay Pending Appeal" ("Motion for Stay") [Docket No. 62], filed by the debtor on June 19, 2020. The Motion for Stay seeks a stay pending appeal of the Court's recent denial of the debtor's motion to dismiss and the Court's entry of an Order for Relief in this chapter 7 case.

The Court has considered the Motion for Stay and attached Memorandum of Point and Authorities, together with the Declaration of Robert S. Marticello [docket no. 63], Declaration of Michael V. Schafler and the three declarations of Reuven L. Cohen attached thereto as Exhibits A-C [docket no. 64], the Index of Exhibits [docket no. 65],

-1-

and the Request for Judicial Notice [docket no. 66], all filed separately by the debtor in support of the Motion for Stay.

In addition, the Court has considered the "Petitioning Creditors' Preliminary Opposition to Emergency Motion Pursuant to Federal Rule of Bankruptcy Procedure 8007 for Stay Pending Appeal" ("Preliminary Opposition") and attached Declaration of Ronald Richards in support thereof [docket no. 71], filed on June 22, 2020. The Preliminary Opposition argues, *inter alia*, that the debtor lacks standing to prosecute an appeal because it filed the Motion for Stay without the express authorization of the newly appointed chapter 7 trustee in this case.

The Court has also considered the "Statement Re Creditor List" ("Statement") [Docket No. 72] filed by the debtor on June 23, 2020, which states simply that the debtor is unable to prepare and file the list of creditors because the individual who has access to the information to prepare, and who would prepare, sign and verify, such list has been advised by counsel to decline to answer based on the Fifth Amendment privilege against self-incrimination.

Finally, the Court has considered the "Supplement To Creditors' Preliminary Opposition To Emergency Motion Pursuant To Federal Rule Of Bankruptcy Procedure 8007 For Stay Pending Appeal" ("Supplement") [Docket No. 73], filed by the petitioning creditors on June 24, 2020.

The Court has carefully reviewed and analyzed of all of the above pleadings as well as the entire prior record regarding this case. The Court has also taken into consideration the fact that the prior record is replete with assertions regarding the debtor's alleged dissipation of its assets and the alleged disappearance of millions of dollars' worth

of jewelry under its control. The Court has concluded that the debtor has shown no good cause for the requested relief and, consequently, the Court will deny the Motion for Stay.

I.  BACKGROUND

In order to place it in its appropriate context, the Court provides the following history of events leading up to the filing of the Motion for Stay:

The Court held a hearing on June 9, 2020 on two motions: the "Putative Debtor's Motion to Dismiss Involuntary Petition and Request for Attorney's Fees, Costs and Damages" ("Motion to Dismiss") [docket no. 8], and the "Petitioning Creditors' Notice of Motion and Motion for Appointment of Interim Chapter 7 Trustee" [docket no. 12], filed by petitioning creditors Victor Franco Noval, Peter Marco, LLC and First International Diamond, Inc.

The next day, on June 10, 2020, the Court entered its "Order: (1) Directing Rachel Rechnitz and Jona Rechnitz to File Joint Declaration Under Penalty of Perjury; (2) Setting Date By Which Creditors May Contact Creditors Identified in Joint Declaration and Conduct Certain Discovery; (3) Setting Date for Hearing on Status Conference; and (4) Setting Date for Filing of Joint Status Report Prior to Status Conference" ("June 10, 2020 Order") [docket no. 39].

The June 10, 2020 Order, *inter alia*, directed Rachel and Jona Rechnitz (the "Rechnitzs") to file a declaration jointly under penalty of perjury by June 16, 2020, identifying each and every one of the debtor's creditors as of the petition date. The Order also stated, *inter alia*, that the Court would deny the debtor's Motion to Dismiss and immediately direct the entry of an Order for Relief if the Rechnitzs failed to timely file the requisite declaration.

The Rechnitzs failed to file the declaration, timely or at all. Instead, the debtor filed the "Putative Debtor's Emergency Motion for (1) Reconsideration of the Court's Order, or (2) Alternatively, a Stay of the Bankruptcy Case" ("Reconsideration Motion") [docket no. 44] late on the afternoon of June 15, 2020, the day prior to the deadline for filing the declaration. The Court denied the Reconsideration Motion by entry of its "Order Denying 'Putative Debtor's Emergency Motion for (1) Reconsideration of the Court's Order, or (2) Alternatively, a Stay of the Bankruptcy Case" [docket no. 53] on June 16, 2020.

Also on June 16, 2020, the Court entered its "Order Directing Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7, and Requiring the Debtor to File All Schedules and Related Documentation for a Chapter 7 Case Within Fourteen Days of the Entry of This Order" [docket no. 54]. The Clerk of Court entered the "Order for Relief and Order to File Schedules, Statements and List(s)" ("Order for Relief") [docket no. 55] on the same day.

Two days later, on June 18, 2020, the Office of the United States Trustee filed a "Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as Interim Trustee" [docket no. 56], which named Sam S. Leslie, Esq. as the chapter 7 trustee in this case.

As noted above, the Motion for Stay seeks a stay pending appeal of the Court's denial of the debtor's Motion to Dismiss, which the June 10, 2020 Order specifically stated would be denied if the Rechnitzs failed to file their joint declaration in compliance with the Court's June 10, 2020 Order, as well as a stay of the Order for Relief entered on June 16, 2020.

II.     DISCUSSION

    A.     <u>Debtor's Lack of Standing To File Motion for Stay</u>

The petitioning creditors' Preliminary Opposition asserts that once the Order for Relief was entered and the chapter 7 trustee appointed, the debtor and its principals (the Rechnitzs) were divested of any authority to act on the debtor's behalf, as only the chapter 7 trustee, and not the debtor's prior management, had the authority to act for the debtor. The Court agrees.

The Office of the United States Trustee appointed Sam S. Leslie as chapter 7 trustee on June 18, 2020. Mr. Leslie is now the manager of the debtor and his appointment has ousted the debtor and the Rechnitzs from their management role. <u>See</u> <u>C.W. Mining Co. v. Aquila, Inc.</u> (<u>In re C.W. Mining Co.</u>), 636 F.3d 1257 (10th Cir. 2011) and <u>Commodity Futures Trading Comm'n v. Weintraub</u>, 471 U.S. 343, 352–53 (1985). In an email attached as Exhibit A to the Preliminary Opposition, the trustee expressly stated that he did not authorize the debtor to file the Motion for Stay. Consequently, the debtor lacked standing to have done so.

    B.     <u>Debtor's Counsel's Conflict of Interest and Efforts to Obstruct The Trustee</u>

In addition, it is clear to the Court that the attorneys for the debtor have a conflict of interest in this case. The attorneys have been representing the interests of the Rechnitzs throughout these proceedings and in underlying state court lawsuits, rather than the interests of the debtor or the bankruptcy estate. The Court believes that the debtor's attorneys are not seeking to determine the truth about what has happened to the assets of the debtor, but instead are only interested in protecting the rights of the

Rechnitzs, who are non-debtors.

On the other hand, the Court believes that the chapter 7 trustee is in fact seeking the truth about the debtor's assets, and that the Motion for Stay is an attempt by the debtor, and ultimately by the Rechnitzs, to obstruct the trustee in the exercise of his statutory duties. Those duties include, but are not limited to, marshalling the property of the estate and obtaining any recorded information relating to property of the estate, which he has already begun to do in the exercise of his authority as trustee in this case. Such a conflict of interest, and efforts to obstruct the trustee's exercise of his statutory duties, merits denial of the Motion for Stay.

C.   Debtor's Bad Faith Alllegations in Motion for Stay

Additional reasons for denying the requested stay exist in this case, which are not limited to the debtor's lack of standing, its counsel's conflict of interest, and its obstructionist conduct. For example, the debtor repeatedly asserts that the petitioning creditors filed the involuntary petition in bad faith and, in repeatedly doing so, impugns the petitioning creditors' legitimacy. The Court has made no such finding of bad faith in this case, and the debtor's assertions to the contrary are not supported by the record.

On the other hand, the record clearly reflects that the petitioning creditors are owed millions of dollars, and that they have every right to expect that the trustee will be able to perform his duties to determine what happened to the debtor's assets and records in order for their claims to be paid in this chapter 7 case. The debtor's continued bad faith allegations lack merit, given the absence of any such finding by this Court.

D.   Debtor's Lack of Admissible Evidence to Support Motion for Stay

The debtor also claims that it will be "irreparably" harmed if a stay is not

immediately imposed. The debtor offers much rhetorical argument but no admissible evidence to support such a claim. By way of example, it offers no admissible evidence that it is still operating or that it is paying any of its debts, disputed or undisputed, or even in what way it is being or may be harmed.

The Motion for Stay also describes at length the facts surrounding a pending criminal investigation of the debtor's principals and the fact that they have allegedly claimed their Fifth Amendment privilege against self-incrimination in that investigation as well as in in this case, as discussed below. Under such circumstances, it is highly unlikely that persons or entities employed in the jewelry business, or potential customers, are continuing to do doing business with the debtor at this point. The debtor's failure to provide supporting admissible evidence of harm similarly merits denial of the Motion for Stay.

E.     The Rechnitzs' Invocation of the Fifth Amendment Privilege

It is well-established that only individuals have a Fifth Amendment privilege against self-incrimination. It is also well-settled that an individual cannot rely on the privilege to avoid producing the records of an entity such as the debtor, which are in the individual's possession in a representative capacity, even if the records might incriminate the individual personally.  Bellis v. United States, 417 U.S. 85 (1974); Butcher v. Bailey, 753 F.2d 465, 469 (6th Cir. 1984), cert. denied, 473 U.S. 925, 106 S. Ct. 17, 87 L.Ed. 2d 696 (1985).

Nevertheless, the Motion for Stay relies on the alleged claim of the Fifth Amendment privilege by the debtor's principals to justify the debtor's failure to provide the complete list of its creditors, in violation of this Court's June 10, 2020 Order.  As noted above, the "Statement Re Creditors List" filed by the debtor on June 23, 2020 states:

> Jadelle Jewelry and Diamonds, LLC, the debtor (the 'Debtor') is unable to prepare and file the list required by Federal Rule of Bankruptcy Procedure 1007(a)(2) because the individual who has access to the information to prepare, and who would prepare, sign and verify, such list has been advised by counsel to decline to answer based on the Fifth Amendment privilege against self-incrimination. The Debtor has, via counsel, advised counsel for Sam Leslie, the chapter 7 trustee, that it would be filing this statement.

Statement Re Creditors List [docket no. 72].

The filing of this Statement is a continuation of the debtor's pattern of stonewalling in order to resist any and all efforts to provide vital information regarding its creditors. In its continued efforts to obscure the facts, the debtor relies on an alleged unidentified individual's claim of the privilege. The debtor has claimed throughout its pleadings in this case that the Rechnitzs have and will continue to exercise their individual Fifth Amendment privilege. However, no such blanket privilege is permissible. The Rechnitzs must appear for questioning, when properly ordered by this Court to do so, and assert their claims of privilege to each question, if they believe doing so to be necessary. It will then be this Court's role to rule on any such privilege claim.

III.   CONCLUSION

The trustee and the creditors of this case do not have the luxury to wait for the criminal proceedings against the Rechnitzs to conclude while the debtor files an appeal of this Court's orders. Time is not on the side of the trustee or the debtor's creditors. The record is clear that the petitioning creditors have millions of dollars of legitimate claims; given the debtor's failure to disclose its information regarding all of its creditors, the total amount of the petitioning creditors' claims may in fact be much larger.

It is crucial for the trustee complete to his efforts to determine the existence, nature,

amount and current location of the debtor's assets so that he may marshal them and, if necessary, institute litigation to recover them. It appears that the assets may have been dissipated by the Rechnitzs and that there may be millions of dollars in missing jewelry, which the Court considers to be in dire need of investigation by the chapter 7 trustee. The trustee has the right to question the Rechnitzs, who are non-debtors, about all aspects of the debtor's business.

Additionally, it will be up to the Court to decide whether or not the Rechnitzs' claims of their individual Fifth Amendment privilege against self-incrimination are valid privilege claims. Even assuming, *arguendo*, that the Court finds the claims are valid, the trustee nevertheless has the right to turnover of the debtor's records, to which there can be no valid Fifth Amendment claim. It is imperative that the trustee continue his efforts on behalf of the estate to determine what has happened to the debtor's assets.

Accordingly, no good cause having been shown, the Motion for Stay will be denied. The Court will contemporaneously enter a separate order denying the Motion.

**IT IS SO ORDERED**.

Date: June 30, 2020

Barry Russell
United States Bankruptcy Judge