ORIGINAL

BY FAX

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Rachel Rechnitz<br>9533 Sawyer Street<br>Los Angeles, CA 90035<br>(646) 283-3283 | FILED<br><br>JUL - 1 2020<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

☒ *Individual appearing without attorney*
☐ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>JADELLE JEWELRY AND DIAMONDS, LLC | CASE NO.:2:20-bk-13530-BR |
|---|---|
| | ADVERSARY NO.:<br>(*if applicable*) |
| | CHAPTER: 7 |
| Debtor(s). | |

| Plaintiff(s) (*if applicable*).<br>vs.<br><br><br>Defendant(s) (*if applicable*). | AMENDED<br>NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION |
|---|---|

## Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s): Rachel Rechnitz

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☒ Other (*describe*): Member and Managing Member, Jadelle Jewelry and Diamonds, LLC

## Part 2:  Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from:

    See attachment.

2.  The date the judgment, order, or decree was entered:  <u>See attachment</u>.

## Part 3:  Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1.  Party:  See attachment.

    Attorney:

2.  Party:

    Attorney:

## Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5:  Sign below

_____   Date: <u>06/30/2020</u>
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## PART 2: THE SUBJECT OF THIS APPEAL

**1.** *Order for Relief and Order to File Schedules, Statements and List(s)* [Docket No. 55], entered on June 16, 2020.

**2.** *Order: (1) Directing Rachel Rechnitz and Jona Rechnitz to File Joint Declaration Under Penalty of Perjury; (2) Setting Date By Which Petitioning Creditors May Contact Creditors Identified In Joint Declaration and Conduct Certain Discovery; (3) Setting Date for Hearing On Status Conference; and (4) Setting Date for Filing of Joint Status Report Prior to Status Conference* [Docket No. 39], entered on June 10, 2020.

**3.** *Order Denying "Putative Debtor's Emergency Motion for (1) Reconsideration of the Court's Order, of (2) Alternatively, a Stay of the Bankruptcy Case"* [Docket No. 53], entered on June 16, 2020.

**4.** *Order Directing Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7, and Requiring the Debtor to File All Schedules and Related Documentation for a Chapter 7 Case Within Fourteen Days of the Entry of this Order* [Docket No. 54], entered on June 16, 2020.

## PART 3: PARTIES TO THE APPEAL

**1.** Party: Jadelle Jewelry and Diamonds, LLC, Appellant and Debtor

Counsel:
Robert Marticello
Michael Simon
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
(714) 445-1000

**2.** Party: Victor Franco Noval, Petitioning Creditor

Counsel:
Ronald Richards
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, CA 90213
(310) 556-1001

and

Dan Lev
SulmeyerKupetz

1

333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
(213) 626-2311

3. Party: Peter Marco, LLC, Petitioning Creditor

Counsel:
Baruch Cohen
Law Offices of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501

and

Dan Lev
SulmeyerKupetz
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
(213) 626-2311

4. Party: First International Diamond, Inc., Petitioning Creditor

Counsel:
Baruch Cohen
Law Offices of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501

and

Dan Lev
SulmeyerKupetz
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
(213) 626-2311

5. Party: Sam S. Leslie, Interim Chapter 7 Trustee

Sam S. Leslie
3435 Wilshire Blvd., Suite 990
Los Angeles, CA 90010
(213) 368-5000

and

2

Counsel: Carolyn Dye
3435 Wilshire Blvd., Suite 990
Los Angeles, CA 90010
(213) 368-5000

**6.** Party:  Rachel  Rechnitz,  Member and Managing Member,
Jadelle Jewelry and Diamonds, LLC

Rachel Rechnitz
9533 Sawyer Street
Los Angeles, CA  90035
(646) 283-3283

**7.** Interested Party: Jona Rechnitz

Jona Rechnitz
9533 Sawyer Street
Los Angeles, CA  90035
(646) 283-3283

Form ofri–(orlf7,orlf11,iors) VAN–93
Rev. 12/2015

# United States Bankruptcy Court
## Central District of California

### 255 East Temple Street, Los Angeles, CA 90012

## ORDER FOR RELIEF AND ORDER TO FILE SCHEDULES, STATEMENTS AND LIST(S)

| | |
|---|---|
| **DEBTOR(S) INFORMATION:** | **BANKRUPTCY NO.** 2:20–bk–13530–BR |
| Jadelle Jewelry And Diamonds LLC a Delaware limited liability company | **CHAPTER** 7 |
| dba Jadelle Inc | |
| **SSN:** N/A | |
| **EIN:** 00–0000000 | |
| | |
| 9454 Wilshire Blvd | |
| Penthouse 01 | |
| Beverly Hills, CA 90212 | |

Order/Notice to the parties in interest:

An involuntary Chapter 7 petition having been filed against the above–named debtor on April 6, 2020

☐   Debtor consented to the entry of an order of relief.

☐   No pleading or other defense to the petition having been filed within 21 days after service of the summons (or within any longer period of time precribed by the Court), an Order for Relief is hereby issued against the debtor.

Debtor is ordered to file within **seven** days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E/F, G, and H as prescribed by the Official Forms (Federal Rule of Bankruptcy Procedure 1007 (a)(2)).

Debtor is also ordered to file schedules, statement and Statement About Your Social Security Numbers (Official Form B121) referred to in Federal Rule of Bankruptcy Procedure 1007(a),(c) and (f) within 14 days after entry of this Order For Relief.

Dated: June 16, 2020

For The Court,

**Kathleen J. Campbell**
Clerk of Court

FILED & ENTERED

JUN 10 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Jadelle Jewelry and Diamonds LLC,<br><br><br><br><br><br>Debtor(s). | Case No.: 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**ORDER:**<br><br>**(1) DIRECTING RACHEL RECHNITZ AND JONA RECHNITZ TO FILE JOINT DECLARATION UNDER PENALTY OF PERJURY;**<br><br>**(2) SETTING DATE BY WHICH PETITIONING CREDITORS MAY CONTACT CREDITORS IDENTIFIED IN JOINT DECLARATION AND CONDUCT CERTAIN DISCOVERY;**<br><br>**(3) SETTING DATE FOR HEARING ON STATUS CONFERENCE; AND**<br><br>**(4) SETTING DATE FOR FILING OF JOINT STATUS REPORT PRIOR TO STATUS CONFERENCE**<br><br>Date:       June 9, 2020<br>Time:       10:00 a.m.<br>Courtroom: 1668 |

1    The Court held a hearing on June 9, 2020 on the following two motions: the
2    "Putative Debtor's Motion to Dismiss Involuntary Petition and Request for Attorney's
3    Fees, Costs and Damages" ("Motion to Dismiss"), filed by the debtor on May 1, 2020,
4
    and the "Petitioning Creditors' Notice of Motion and Motion for Appointment of Interim
5
6    Chapter 7 Trustee" ("Trustee Appointment Motion") filed on May 19, 2020 by petitioning
7    creditors Victor Franco Noval, Peter Marco, LLC and First International Diamond, Inc.

8    Robert S. Marticello, Esq. of Smiley, Wang-Ekvall, LLP appeared on behalf of the
9    debtor. Ronald Richards of the Law Firm of Ronald L. Richards & Associates, APC,
10
    Baruch C. Cohen, APLC and Daniel A. Lev, Esq. of SulmeyerKupetz, A Professional
11
12    Corporation, appeared on behalf of the petitioning creditors.

13    With respect to the debtor's Motion to Dismiss, the Court considered the Motion,
14    the petitioning creditors' Opposition to the Motion, the debtor's Reply to the petitioning
15    creditors' Opposition, and all pleadings related to the Motion, Opposition and Reply.

16    With respect to the petitioning creditors' Trustee Appointment Motion, the Court
17
    considered the Motion and all related pleadings including the separately filed
18
19    declarations of Ronald Richards, Oved Anter, Victor Franco Noval, and Peter Marco,
20    the debtor's Opposition to the Motion, the petitioning creditors' Reply to the debtor's
21    Opposition, and all other pleadings related to the Motion, Opposition and Reply.

22    The Court also considered the debtor's separately filed declarations of Levin
23    Prado and Marc Williams in Opposition to the Trustee Appointment Motion, the debtor's
24
    evidentiary objections to the declarations of Oved Anter, Victor Franco Noval, Peter
25
26    Marco and Ronald Richards, the petitioning creditors' evidentiary objections to the
27    debtor's Request for Judicial Notice, and all other pleadings related to the Motion,
28    Opposition and Reply.

At the June 9 hearing, the Court ruled on the record on all of the evidentiary objections and heard argument and representations of counsel. After consideration of all of the above, the Court **HEREBY ORDERS AS FOLLOWS**:

1. Rachel Rechnitz and Jona Rechnitz (collectively, the "Rechnitz's") must file a joint declaration, sworn under penalty of perjury, which identifies each and every one of the debtor's creditors as of the date of the filing of the involuntary petition on April 6, 2020. The joint declaration shall include, without limitation, the following information with respect to each creditor identified therein:

    a. the name of the creditor;

    b. the nature of the debt owed to the creditor (*e.g.*, consigned jewelry, rent due and owing, etc.);

    c. the amount of the creditor's claim;

    d. whether the creditor's claim is disputed and, if so, the nature of the dispute; and

    e. complete contact information for each creditor including, but not limited to, the creditor's address, telephone number, cell phone number (if known), fax number (if applicable), and email address (if known);

2. The Rechnitz's shall have seven (7) days from the date of this hearing (*i.e.*, no later than 3:00 p.m. on Tuesday, June 16, 2020) to file their joint declaration with the Court and serve the declaration on counsel for the petitioning creditors;

3. If the Rechnitz's fail to file the joint declaration by that date and time, the Court will deny the debtor's Motion to Dismiss and immediately enter an order

for relief in this case. The entry of such an order for relief will render both the pending Motion to Dismiss and Trustee Appointment Motion moot;

4. If the Rechnitz's file the joint declaration by the required date and time, then:

   a. The petitioning creditors shall have sixty (60) days from the date of this hearing (*i.e.*, no later than 3:00 p.m. on August 14, 2020) to contact the creditors listed in the joint declaration to determine if any of them are willing to join in the involuntary petition;

   b. The petitioning creditors shall have the same sixty (60) day period within which to conduct discovery of the creditors listed in the joint declaration, which discovery shall be limited solely to questions regarding the nature and amount of the creditor's claim and, if the creditor's claim is listed in the joint declaration as disputed, the nature of such dispute;

   c. The Court shall hold a status conference on this involuntary case on August 25, 2020 at 10:00 a.m., and

   d. The parties shall file a joint status report seven (7) days prior to the status conference (*i.e.*, no later than 3:00 p.m. on August 18, 2020).

**IT IS SO ORDERED.**

### ###

Date: June 10, 2020

Barry Russell
United States Bankruptcy Judge

FILED & ENTERED

JUN 16 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JADELLE JEWELRY AND DIAMONDS LLC,<br><br>Debtor(s). | Case No.: 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**ORDER DENYING "PUTATIVE DEBTOR'S EMERGENCY MOTION FOR (1) RECONSIDERATION OF THE COURT'S ORDER, OR (2) ALTERNATIVELY, A STAY OF THE BANKRUPTCY CASE"**<br><br>[No Hearing Date Required] |

    This matter is before the Court on the "Putative Debtor's Emergency Motion For (1) Reconsideration Of The Court's Order, Or (2) Alternatively, A Stay Of The Bankruptcy Case" ("Emergency Motion"), filed by the debtor on June 15, 2020.

    The Court has considered the Emergency Motion and all related pleadings filed in support thereof, consisting of the supporting declarations of Robert S. Marticello and Michael V. Schafler (including an Errata thereto), an Index of Exhibits and a Request For Judicial Notice as well as the petitioning creditors' Preliminary Opposition thereto.

The Emergency Motion seeks reconsideration of the Court's order entered on June 10, 2020 ("June 10, 2020 Order") entitled "Order: (1) Directing Rachel Rechnitz And Jona Rechnitz To File Joint Declaration Under Penalty Of Perjury; (2) Setting Date By Which Petitioning Creditors May Contact Creditors Identified In Joint Declaration And Conduct Certain Discovery; (3) Setting Date For Hearing On Status Conference; And (4) Setting Date For Filing Of Joint Status Report Prior To Status Conference."

The June 10 Order specifically ordered, *inter alia* that:

> 1. Rachel Rechnitz and Jona Rechnitz (collectively, the 'Rechnitz's') must file a joint declaration, sworn under penalty of perjury, which identifies each and every one of the debtor's creditors as of the date of the filing of the involuntary petition on April 6, 2020. The joint declaration shall include, without limitation, the following information with respect to each creditor identified therein: . . .

June 10, 2020 Order (docket no. 39), page 3.

The Court issued its June 10, 2020 Order following a telephonic hearing on June 9, 2020 on two motions: the "Putative Debtor's Motion to Dismiss Involuntary Petition and Request for Attorney's Fees, Costs and Damages" ("Motion to Dismiss"), filed by the debtor on May 1, 2020, and the "Petitioning Creditors' Notice of Motion and Motion for Appointment of Interim Chapter 7 Trustee," filed by the petitioning creditors on May 19, 2020. At that hearing, the Court heard argument and representations of counsel regarding both motions, made evidentiary rulings on the record, and made its oral ruling as reflected in its June 10, 2020 Order.

A major focus of the Emergency Motion is the debtor's argument that the June 10, 2020 Order deprives the debtor's principals, Rachel and Jona Rechnitz, of their Fifth Amendment privilege against self-incrimination by its requirement that the Rechnitz's file a joint declaration under penalty of perjury regarding the identity of the debtor's creditors and by allowing the petitioning creditors to conduct certain limited discovery with respect to the creditors identified by them.

Case 2:20-bk-13530-E    Doc 53    Filed 06/16/20    Entered    16/20 15:37:59    Desc
Main Document    Page 3 of 5

1    The Court, however, specifically addressed the Fifth Amendment privilege issue

2    with the debtor's counsel, Robert S. Marticello, at the June 9, 2020 hearing on the

3    debtor's Motion to Dismiss:

> THE COURT: I know that there are criminal -- there are other charges and so there's a lot of stuff going on. I have no opinion. I know what happened in the state court, but I have no opinion as to the ultimate outcome. But I tell you this, if either -- or they both must comply and I make it quite clear. If they don't comply with the request, whether it's Fifth Amendment or whatever, then I will enter the order for relief. Is it the debt -- from the debtor's standpoint, do you understand that? Mr. Marticello, do you understand that?
>
> MR. MARTICELLO: Your Honor, this is Robert Marticello for the debtor. I understand the Court's – what the Court just said and I will comply with the Court's order. My concern is, Your Honor, like you said there are other things going on and –
>
> THE COURT: No, I understand that. But, no, I'm telling you –
>
> MR. MARTICELLO: -- if there is a -- if there's a –
>
> THE COURT: -- this is really simple and I can't -- I'm not -- I -- people have a right to the -- you know, to take the Fifth and I -- again, whether they do or not I have no idea. But I'm telling you right now the creditors have a right to this information. If they refuse, either of them, I want both of them to sign it because it's not clear to me exactly who's really running the business. My guess is that maybe the husband is but I don't know that, just from the various pleadings. I don't really know. So there -- therefore, I am requiring both to sign under penalty of perjury. And if nei -- and if they don't both sign it under penalty of perjury, then I will enter an order for relief. I just want you -- you -- I want you in particular and your clients, the debtor, the principals, to understand that. You do -- you understand what I've said. I want them to understand it. That would be the price for not complying with my order. You –
>
> MR. MARTICELLO: I understand, Your Honor.
>
> THE COURT: Mr. Marticello, you understand what I've said obviously. I'm not being facetious. You understand. And so any –

-3-

1          MR. MARTICELLO: Correct, Your Honor.

2    Transcript of Telephonic Proceedings Before The Honorable Barry Russell, United

3    States Bankruptcy Judge, Docket No. 42 at p. 85, lines 21-25 through p. 87, lines 1-14.

4          The Court notes that despite debtor's counsel's statements in the above

5    proceedings that he understood what the Court had said and would comply with the

6    Court's June 10, 2020 Order, the debtor instead filed the Emergency Motion less than

7    twenty-four (24) hours before the deadline imposed by the June 10, 2020 for the filing of

8    the Rechnitz's joint declaration.

9          The Court further notes that the despite the Emergency Motion's arguments

10   regarding the Rechnitz's Fifth Amendment privilege, the debtor in this case is an LLC,

11   that the Fifth Amendment privilege only applies to individuals, and that the debtor's

12   principals (the Rechnitz's) are not entitled to assert a Fifth Amendment privilege on the

13   debtor's behalf.

14         The Emergency Motion also argues that the Court may dismiss this case without

15   the requirement of a creditor list, and that the Court is not required to provide creditors

16   (other than the petitioning creditors) an opportunity to join in the involuntary petition. The

17   Court finds this argument unpersuasive in this case.

18         It may very well be that there are additional creditors who may have substantial,

19   undisputed claims against the debtor. The debtor's failure to timely file the list of

20   creditors, as required by the Court's June 10, 2020 Order, will prevent the petitioning

21   creditors from being able to identify any such additional potential creditors and will also

22   prevent the petitioning creditors, and any other additional creditors, from attempting to

23   prove that the debtor is not paying its debts as they become due.

24   ///

25   ///

26   ///

27   ///

28   ///

1    Finally, the Court finds all other arguments in the Emergency Motion equally ill-

2  founded and unpersuasive. Accordingly, no good cause having been shown to grant the

3  Emergency Motion, the Emergency Motion is **DENIED**.

4    **IT IS SO ORDERED**.

Date: June 16, 2020

Barry Russell
United States Bankruptcy Judge

FILED & ENTERED

JUN 16 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>JADELLE JEWELRY AND DIAMONDS LLC,<br><br>Debtor(s). | Case No.: 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**ORDER DIRECTING CLERK OF COURT TO IMMEDIATELY ENTER AN ORDER FOR RELIEF UNDER CHAPTER 7, AND REQUIRING THE DEBTOR TO FILE ALL SCHEDULES AND RELATED DOCUMENTATION FOR A CHAPTER 7 CASE WITHIN FOURTEEN DAYS OF THE ENTRY OF THIS ORDER**<br><br>[No Hearing Required] |

On June 10, 2020, the Court entered its "Order: (1) Directing Rachel Rechnitz And Jona Rechnitz To File Joint Declaration Under Penalty Of Perjury; (2) Setting Date By Which Petitioning Creditors May Contact Creditors Identified In Joint Declaration And Conduct Certain Discovery; (3) Setting Date For Hearing On Status Conference; And (4) Setting Date For Filing Of Joint Status Report Prior To Status Conference" ("June 10 Order"), wherein the Court specifically ordered, *inter alia,* that:

1.  Rachel Rechnitz and Jona Rechnitz (collectively, the 'Rechnitz's') must file a joint declaration, sworn under penalty of perjury, which identifies each and every one of the debtor's creditors as of the date of the filing of the involuntary petition on April 6, 2020. The joint declaration shall include, without limitation, the following information with respect to each creditor identified therein:

a. the name of the creditor;

b. the nature of the debt owed to the creditor (*e.g.,* consigned jewelry, rent due and owing, etc.);

c. the amount of the creditor's claim;

d. whether the creditor's claim is disputed and, if so, the nature of the dispute; and

e. complete contact information for each creditor including, but not limited to, the creditor's address, telephone number, cell phone number (if known), fax number (if applicable), and email address (if known);

2.  The Rechnitz's shall have seven (7) days from the date of this hearing (*i.e.,* no later than 3:00 p.m. on Tuesday, June 16, 2020) to file their joint declaration with the Court and serve the declaration on counsel for the petitioning creditors;

3.  If the Rechnitz's fail to file the joint declaration by that date and time, the Court will deny the debtor's Motion to Dismiss and immediately enter an order for relief in this case. [. . .]

June 10, 2020 Order, docket no. 39, pages 3 and 4.

The debtor filed an "Emergency Motion For (1) Reconsideration Of The Court's Order, Or (2) Alternatively, A Stay Of The Bankruptcy Case" ("Emergency Motion") on June 15, 2020. The Court denied the Emergency Motion by a separate order entered on June 16, 2020.

As of 3:00 p.m. on June 16, 2020, the Rechnitz's failed to file the joint declaration under penalty of perjury, the required list of creditors, or otherwise comply with the June 10, 2020 Order in any respect. Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Clerk of Court shall enter an order for relief under chapter 7 of the Bankruptcy Code immediately upon entry of this Order; and

2.  The debtor is required to file all schedules and related documentation for a chapter 7 case, in accordance with the Local Bankruptcy Rules, within fourteen (14) days from the date of entry of this Order.

**IT IS SO ORDERED.**

### ###

Date: June 16, 2020

Barry Russell
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

724 S. Spring St., 9th Floor, Los Angeles, CA 90014

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _07/01/2020_, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Robert Marticello
Michael Simon
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _07/01/2020_, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Via Nationwide:
Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple St., Suite 1660/Courtroom 1668
Los Angles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_07/01/2020_       Raul Chavarin
**Date**              **Printed Name**                              **Signature**

# PROOF OF SERVICE CONT'D

Ronald Richards
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, CA 90213

Baruch Cohen
Law Offices of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010

Dan Lev
SulmeyerKupetz
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Sam S. Leslie
Carolyn Dye
3435 Wilshire Blvd., Suite 990
Los Angeles, CA 90010

Jona Rechnitz
9533 Sawyer Street
Los Angeles, CA 90035