1  Daniel A. Lev (CA Bar No. 129622)
     dlev@sulmeyerlaw.com
2  **Sulmeyer**Kupetz
   A Professional Corporation
3  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-1406
4  Telephone: 213.626.2311
   Facsimile: 213.629.4520
5
6  Attorneys for Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc.

7  Ronald Richards (CA Bar No. 176246)
     ron@ronaldrichards.com
8  Law Offices of Ronald Richards & Associates, APC
   P.O. Box 11480
9  Beverly Hills, California 90213
   Telephone:  310.556.1001
10 Facsimile:  310.277.3325

11 Attorneys for Victor Franco Noval

12 Baruch C. Cohen (CA Bar No. 159455)
     baruchcohen@baruchcohenesq.com
13 Law Office of Baruch C. Cohen, APLC
   4929 Wilshire Boulevard, Suite 940
14 Los Angeles, California 90010
   Telephone: 323.937.4501
15 Facsimile: 888.316.6107

16 Attorneys for Peter Marco, LLC and First International Diamond, Inc.

17            **UNITED STATES BANKRUPTCY COURT**

18     **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| 19 | In re | Case No. 2:20-bk-13530-BR |
|----|-------|---------------------------|
| 20 | JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
| 21 | | **NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS BY COHEN WILLIAMS LLP PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT THEREOF** |
| 22 | Debtor. | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | DATE:<br>TIME:    [No Hearing Required]<br>PLACE: |
| 28 | | |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**TO THE HONORABLE BARRY RUSSELL. UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, COHEN WILLIAMS LLP, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to this "Notice of Motion and Motion for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald Richards in Support Thereof" (the "Motion"), creditors, Victor Franco Noval ("Noval"), Peter Marco, LLC ("Marco"), and First International Diamond, Inc. ("First International" and together with Noval and Marco, the "Creditors"), respectfully request, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, an order directing Cohen Williams LLP ("Cohen Williams") to produce the documents identified in Exhibit "A" attached hereto (the "Requested Documents") by no later than August 24, 2020, and that the person most knowledgeable appear for examination, under oath, and that such examination take place on August 27, 2020, at 10:00 a.m., at **Sulmeyer**Kupetz, A Professional Corporation, 333 South Grand Avenue, Suite 3400, Los Angeles, California 90071, unless Creditors, in their sole discretion, designate another means of electronic examination.

**PLEASE TAKE FURTHER NOTICE** that this Motion is brought in accordance with Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, and is made on the grounds that the examination is necessary for Creditors to ascertain and discover assets of the estate in light of the fact that no adversary proceeding is pending in which Cohen Williams is a party.  Due to the limited scope of this Motion, Creditors anticipate that further document production(s) and examination(s) may be necessary.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the attached memorandum of points and authorities, the attached exhibits, and the file in this case, of which the Court is requested to take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise ordered by the Court, this Motion will be ruled on without a hearing pursuant to Local Bankruptcy Rule

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    9013-1(p).

2        **PLEASE TAKE FURTHER NOTICE** that, since Cohen Williams is not the

3    debtor, Creditors also are issuing a subpoena pursuant to Rule 9016 of the Federal Rules

4    of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, which will

5    be served after the order granting the Motion is entered.  A true and correct copy of the

6    proposed subpoena is attached hereto as Exhibit "C".

7        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy

8    Rule 2004-1(f), the party whose examination is requested may file a motion for protective

9    order if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and

10    Rule 26(c) of the Federal Rules of Civil Procedure.  A motion for protective order must be

11    filed and served not less than fourteen (14) days before the date of the examination, and

12    set for hearing not less than two (2) days before the scheduled examination, unless an

13    order setting hearing on shortened notice is granted by the court pursuant to Local

14    Bankruptcy Rule 9075-1.  The parties may stipulate, or the court may order, that the

15    examination be postponed so that the motion for protective order can be heard on regular

16    notice under Local Bankruptcy Rule 9013-1.

17        **WHEREFORE**, Creditors respectfully request that the Court enter an order:

18        1.    granting the Motion;

19        2.    directing Cohen Williams to produce the documents identified in

20    Exhibit "A", at **Sulmeyer**Kupetz, A Professional Corporation, located at 333 South Grand

21    Avenue, Suite 3400, Los Angeles, California 90071, by no later than 5:00 p.m. on August

22    24, 2020[1];

23        3.    directing the person most knowledgeable at Cohen Williams appear

24    for examination, under oath, on August 27, 2020, at 10:00 a.m., at **Sulmeyer**Kupetz, A

25

26    _____

27    [1] In light of anticipated continuation of office closures related to the COVID-19 pandemic, Creditors request
that the documents be produced electronically by email to dlev@sulmeyerlaw.com,
ronald@ronaldrichards.com, and baruchcohen@baruchcohenesq.com.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Professional Corporation, 333 South Grand Avenue, Suite 3400, Los Angeles, California

2    90071, unless Creditors, in their sole discretion, designate another means of electronic

3    examination;

4            4.    retaining jurisdiction to consider any additional request for

5    information and documents on appropriate notice; and

6            5.    granting such other and further relief as this Court deems just and

7    proper under the circumstances.

8    DATED: July 23, 2020             **Sulmeyer**Kupetz
                                      A Professional Corporation
9

10

11                                    By: /s/ *Daniel A. Lev*
                                         Daniel A. Lev
12                                       Attorneys for Victor Franco Noval, Peter
                                         Marco, LLC, and First International Diamond,
13                                       Inc.

14   DATED: July 23, 2020             Law Offices of Ronald Richards & Associates, APC

15

16

17                                    By: /s/ *Ronald Richards*
                                         Ronald Richards
18                                       Attorneys for Victor Franco Noval

19   DATED: July 23, 2020             Law Office of Baruch C. Cohen, APLC

20

21

22                                    By: /s/ *Baruch C. Cohen*
                                         Baruch C. Cohen
23                                       Attorneys for Peter Marco, LLC and First
                                         International Diamond, Inc.

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1                   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2                              **I.**

3                         <u>**BACKGROUND**</u>

4         In order to uncover the whereabout of potential assets of the estate, and

5 determining whether any assets were preferentially or fraudulently transferred, Creditors

6 seek to take the examination of Cohen Williams LLP, one in a series of law firm retained

7 by the debtor Jadelle Jewelry and Diamonds, LLC and its two controlling insiders, Jona

8 and Rachel Rechnitz.  Because the Motion will uncover potential recipients of fraudulently

9 transferred monies, and will aid the Trustee in fulfilling his fiduciary duties to creditors by

10 enabling him to access key financial information relative to the Debtor's business

11 operations and potential avoidance actions, the Motion must be granted.

12                              **II.**

13                   <u>**RELEVANT BACKGROUND**</u>

14         As this Court must now realize, Jadelle Jewelry and Diamonds, LLC (the

15 "Debtor") is, in essence, a criminal enterprise being used as a front by a convicted felon

16 and his wife to defraud legitimate creditors out of millions of dollars of cash and precious

17 gems.  Both Jona and Rachel Rechnitz ("Jona," "Rachel," or the "Rechnitz's") advertised

18 political and powerful celebrity connections to create a false sense of credibility about

19 themselves and their business, posting photos on their social media of Kylie Jenner and

20 Kim Kardashian, among others.  However, once the veil was lifted, it became apparent

21 that the Debtor was nothing more than a sham entity for Jona to run his fraudulent

22 enterprise, even following being sentenced after pleading guilty to numerous fraud and

23 bribery related charges.

24         After violating numerous court orders, the Court entered an order for relief

25 against the Debtor.  Sam S. Leslie (the "Trustee") was then appointed chapter 7 trustee

26 of the Debtor's estate, and he continues to serve in that capacity.  The Trustee is in the

27 beginning phases of his administration of the estate, however, Creditors are concerned

28 that the passage of time will permit the Debtor, the Rechnitz's, and others, to destroy

1  valuable evidence and embark upon actions meant to place assets beyond the Trustee's

2  reach.

3          Among the possible assets to be recovered are the ill-gotten gains of the

4  Debtor and the Rechnitz's fraud, which monies Creditors believe may have been used to

5  pay their legion of lawyers.  As noted, Cohen Williams LLP ("Cohen Williams") is one of

6  the many law firms used by the Rechnitz's, as well as the Debtor, to defend themselves

7  from civil and criminal proceedings.  In order to determine if funds from the Debtor, which

8  were fraudulently procured from Creditors and other victims, were themselves

9  fraudulently used to pay the fees of Cohen Williams (and other law firms) it is necessary

10  for Cohen Williams to produce key financial documents and be subject to testimony

11  under oath.

12  **III.**

13  **THE COURT SHOULD ORDER COHEN WILLIAMS TO PRODUCE THE REQUESTED**

14  **DOCUMENTS AND ATTEND AN ORAL EXAMINATION PURSUANT TO RULE 2004**

15  **OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

16          Rule 2004 provides that "[o]n motion of any party in interest, the court may

17  order the examination of any entity."  Fed. R. Bank. P. 2004(a).  The scope of the

18  examination may relate to "the acts, conduct, or property or to the liabilities and financial

19  condition of the debtor, or to any matter which may affect the administration of the

20  debtor's estate, or to the debtor's right to a discharge," as well as matters regarding "the

21  operation of the Debtor's business, the source of any money acquired or to be acquired

22  by the Debtor for purposes of consummating a plan and the consideration give or offered

23  therefor, and other matters relevant to the case and the formulation of a plan."  Fed. R.

24  Bank. P. 2004(b).  Thus, the purpose of the examination is to "view the condition and

25  whereabouts of the bankrupt's estate."  Keene Corp. v. Johns-Manville Corp. (In re

26  Johns-Manville), 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).  Furthermore, Rule 2004 also

27  provides for an order requiring the production of documents in connection with the Rule

28  2004 examination.  Fed. R. Bank. P. 2004(c).

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311  •  FAX 213.629.4520

1    Courts routinely permit a wide range of inquiry pursuant to Rule 2004.  See

2    In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991)

3    (scope of a Rule 2004 examination is very broad, broader even than discovery under the

4    Federal Rules of Civil Procedure); In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D.

5    Mass. 1985) (courts uniformly recognize that the scope of a Rule 2004 examination is

6    "unfettered and broad"); In re Mittco, Inc., 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) ("The

7    scope of inquiry under Bankruptcy Rule 2004 is very broad.  Great latitude of inquiry is

8    ordinarily permitted.").  As the bankruptcy court explained in In re Mantolesky, 14 B.R.

9    973 (Bankr. D. Mass. 1981):

10            Rule 205 [now Rule 2004] provides all interested parties a

11            mechanism for the investigation and reconstruction of the

12            debtor's affairs.  That mechanism may cut a broad swath

13            through the debtor's affairs, those associated with him, and

14            those who might have had business dealings with him.

15            Further, those persons who might have been closely

16            connected with the debtor in his business arrangements, or

17            who even participated in them, will most likely be exposed to

18            the most extensive inquiry.

19    Id., at 976.

20            In short, under the broad scope of Rule 2004(b), an examination of the

21    debtor, or third parties with relevant information regarding assets of the estate, is

22    inquisitorial in nature, and consequently the field of inquiry is wide.  Within the limitations

23    prescribed, any question is permissible which seeks to ascertain facts concerning the

24    debtor's conduct, property, and financial affairs.  An examination pursuant to Rule 2004

25    may therefore "cut a broad swath through the debtor's affairs." Johns-Manville, 42 B.R.

26    at 364.

27            Relative to this case, Creditors are seeking documents from Cohen

28    Williams regarding the source of any funds used to pay the services rendered to, or

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311  •  FAX 213.629.4520

1   expenses incurred on behalf of, Jona, Rachel, the Debtor, or any other third party related

2   to the Rechnitz's, including Jona's father, Robert Rechnitz, and his uncle, Shlomo

3   Yehuda Rechnitz.  Creditors seek to discover the identity of the sources of payment

4   made to Cohen Williams to determine whether the funds can be traced to the Debtor, or

5   were funds fraudulently procured from Creditors and other victims of the Rechnitz's and

6   the Debtor's fraud.

7           Since the requested document production cannot proceed under Rules

8   7034 or 9014 of the Federal Rules of Bankruptcy Procedure - since no adversary

9   proceeding or contested matter has been commenced with respect to the specific issues

10  and transactions Creditors wish to investigate through these requests - the requested

11  document production and examination is appropriate under Rule 2004.[2]

12                                  **IV.**

13          **PLACE OF RESIDENCE AND/OR EMPLOYMENT OF EXAMINEE**

14          Creditors are informed that Cohen Williams' principal business address is

15  724 S. Spring Street, Ninth Floor, Los Angeles, California 90014.  (This information is

16  being provided pursuant to Local Bankruptcy Rule 2004-1).

17                                  **V.**

18                          **MEET AND CONFER**

19          In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing the

20  Motion, Creditors conferred with Cohen Williams several times regarding the nature and

21  scope of the requested document production and examination.  However, Cohen

22  Williams refused to consent to the requested Rule 2004 production and examination

23  without Creditors first agreeing to stipulate to the terms of a protective order.  Creditors

---

[2] To the extent that certain of the Requested Documents may be subject to the attorney-client privilege, which the Trustee disputes as he is the owner of the privilege, the assertion of such privilege may be made by the Debtor.  However, the Trustee asserts that the assertion of such privilege would be baseless and in contravention of the duties imposed on the Debtor by applicable provisions of the Bankruptcy Code to provide information and cooperate with the Trustee.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  refuse to accede to Cohen William's demand, and believe such a request is inappropriate

2  based on the nature of the demand.  See declaration of Ronald Richards, affixed hereto.

**VI.**

**CONCLUSION**

5         The requested production of documents and oral examination are central to

6  Creditors' independent investigation into the Debtor's assets and liabilities which will

7  assist Creditors, as well as the Trustee, in administering the estate.  Accordingly,

8  Creditors respectfully request that the Court order Cohen Williams to produce documents

9  responsive to the requests in Exhibit "A" on or before August 24 2020.  In light of

10  anticipated continuation of office closures related to the COVID-19 pandemic, Creditors

11  request that the documents be produced electronically by email to

12  dlev@sulmeyerlaw.com, ronald@ronaldrichards.com, and

13  baruchcohen@baruchcohenesq.com.  Due to the limited scope of the Motion, Creditors

14  anticipate that further document production(s) could be necessary and Creditors,

15  therefore, reserve the right to serve additional document requests.  In addition, Creditors

16  request that the Court order the person most knowledgeable at Cohen Williams to appear

17  for examination, under oath, on August 27, 2020, at 10:00 a.m., at **Sulmeyer**Kupetz, A

18  Professional Corporation, 333 South Grand Avenue, Suite 3400, Los Angeles, California

19  90071, unless Creditors, in their sole discretion, designate another means of electronic

20  examination.

21  DATED: July 23, 2020                    **Sulmeyer**Kupetz
                                          A Professional Corporation

24                                         By: /s/ Daniel A. Lev
                                             Daniel A. Lev
25                                           Attorneys for Victor Franco Noval, Peter
                                             Marco, LLC, and First International Diamond,
26                                           Inc.

DATED: July 23, 2020                    Law Offices of Ronald Richards & Associates, APC


By: /s/ *Ronald Richards*
    Ronald Richards
    Attorneys for Victor Franco Noval

DATED: July 23, 2020                    Law Office of Baruch C. Cohen, APLC


By: /s/ *Baruch C. Cohen*
    Baruch C. Cohen
    Attorneys for Peter Marco, LLC and First
    International Diamond, Inc.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

## **DECLARATION OF RONALD RICHARDS**

2        I, Ronald Richards, declare:

3        1.        I am an individual over the age of eighteen, a principal of Law Offices

4   of Ronald Richards & Associates, APC, and am duly admitted to practice before this

5   Court.  I am one of the attorneys principally responsible for the representation of Victor

6   Franco Noval ("Noval") in this case.  I have personal knowledge of the facts set forth

7   below, and if called as a witness, could and would competently testify thereto under oath.

8        2.        I make this declaration in support of the motion seeking the

9   production of documents from and an examination of Cohen Williams LLP ("Cohen

10  Williams") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

11        3.        In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing

12  the Motion, I attempted to confer with Cohen Williams several times regarding the scope

13  and nature of the proposed Rule 2004 production of documents and examination.  On

14  both July 6 and 8, 2020, I received emails from Marc Williams where he stated that

15  Cohen Williams would only agree to produce certain requested documents if Creditors

16  agreed to a protective order, which he supplied to me on July 8, 2020.  I thereafter

17  advised Mr. Williams that the proposed pre-conditions were unacceptable to Creditors.

18  True and correct copies of the July 6 and 8, 2020, emails are attached hereto as Exhibit

19  "B" and incorporated herein by reference.

20        I declare under penalty of perjury under the laws of the United States of

21  America that the foregoing is true and correct.

22        Executed this 23rd day of July, 2020, at Los Angeles, California.

23

24                    /s/ *Ronald Richards*_____
                     Ronald Richards

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**EXHIBIT A**

**EXHIBIT A**

**INSTRUCTIONS**

1.      You are instructed to produce the Requested Documents (as defined and described below) that are in your possession, custody or control, including, but not limited to, Requested Documents in the possession of your attorneys, accountants, bookkeepers, agents, and/or representatives.  You are further instructed to produce the Requested Documents as they are kept in the usual course of business.  In addition, Requested Documents are to be produced in their entirety; redacted Requested Documents will not constitute compliance with this request.

2.      If you contend that the contents of a Requested Document are protected from disclosure because of privilege or the work-product doctrine, you must supply a description of that Requested Document by providing the following information:

A.      Each privilege or doctrine which you contend protects the contents of that Requested Document from disclosure;

B.      Each fact upon which you rely to support your claim of privilege;

C.      The type of Requested Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

D.      The date of the Requested Document or if it bears no date, the date on which it was prepared;

E.      The name of each author of the Requested Document;

F.      The name of each person to whom the Requested Document was directed;

G.      The name of each person who received or reviewed the Requested Document or to whom the Requested Document or a copy of it was supplied; and

H.      The general subject matter of the Requested Document.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1          3.     In the event that any Requested Document described below has

2   been destroyed, discarded, or otherwise disposed of (a "Disposal"), each such

3   Requested Document is to be identified as completely as possible, including, without

4   limitation, the following information:

5             A.     The type of Requested Document (e.g., letter, memorandum,

6   telegram, facsimile transmission, e-mail, computer database, notes, memorandum of

7   telephone conversation, etc.);

8             B.     The date of the Requested Document or, if it bears no date,

9   the date on which it was prepared;

10             C.     The name of each author of the Requested Document;

11             D.     The name of each person to whom the Requested Document

12   was directed;

13             E.     The name of each person who received or reviewed the

14   Requested Document or to whom the Requested Document or a copy thereof was

15   supplied;

16             F.     The general subject matter of the Requested Document;

17             G.     The date of Disposal;

18             H.     The manner of Disposal;

19             I.     The reasons for the Disposal;

20             J.     The name of the person who authorized the Disposal;

21             K.     The name of the person who disposed of the Requested

22   Document;

23             L.     The name of the custodian of the Requested Document at the

24   time of the Disposal.

25          4.     These requests are not limited as to time period unless so stated.

26                    **<u>DEFINITIONS</u>**

27      The following definitions apply herein:

28             A.     The term "Case" shall mean that bankruptcy case styled <u>In re Jadelle</u>

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Jewelry and Diamonds, LLC, presently pending in the United States Bankruptcy Court,

2  Central District of California, Los Angeles Division, bearing Case No. 2:20-bk-13530-BR,

3  commenced on April 6, 2020.

4          B.      The term "Claim" shall have the meaning ascribed to it in 11 U.S.C. §

5  101(5).

6          C.      The term "Cohen Williams" shall mean Cohen Williams LLP.

7          D.      The term "Creditor" shall have the meaning ascribed to it in 11

8  U.S.C. § 101(10).

9          E       The term "Communications" shall mean any transmission of

10  information from one person or entity to another by mail, facsimile, electronic mail, text

11  message, instant messaging, audio recordings, journals, diaries, logs, or calendars,

12  including (without limitation) any form of memorialization of personal meetings,

13  conferences, telephone conversations, radio, electronic mail, teleconference, etc.

14          F.      The term "Debt" shall have the meaning ascribed to it in 11 U.S.C. §

15  101(12).

16          G.      The term "Involuntary Petition" shall mean that certain involuntary

17  chapter 7 petition styled In re Jadelle Jewelry and Diamonds, LLC, presently pending in

18  the United States Bankruptcy Court, Central District of California, Los Angeles Division,

19  bearing Case No. 2:20-bk-13530-BR.

20          H.      The term "Jadelle" shall mean Jadelle Jewelry and Diamonds, LLC,

21  and any of its respective officers, directors, employees, affiliates, parents, subsidiaries,

22  representatives, agents, attorneys, and all other persons acting or purporting to act on its

23  behalf, including Jona Rechnitz and Rachel Rechnitz.

24          I.      The term "Jona" shall mean Jona Rechnitz, and his representatives,

25  agents, attorneys, and all other persons acting or purporting to act on his behalf.

26          J.      The term "Petition Date" shall mean April 6, 2020, the date the

27  Involuntary Petition was filed.

28          K.      The term "Rachel" shall mean Rachel Rechnitz, and her

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  representatives, agents, attorneys, and all other persons acting or purporting to act on

2  her behalf.

3      L.    The terms "and" or "or" or "and/or" shall be construed either

4  disjunctively or conjunctively or both, as necessary, to bring within the scope of any

5  request for responses which might otherwise be construed to be outside the scope.

6      M.    The term "Contact Information" shall mean information upon which a

7  person or entity may be reached via  mail, telephone, facsimile, e-mail or in person or any

8  other medium that is reasonable, and shall include without limitation, present and last

9  known address(es), phone number(s), facsimile number(s), and e- mail address(es).

10     N.    The terms "Document" or "Documents" shall mean and includes any

11  medium, including without limitation, writings, drawings, graphs, charts, photographs,

12  audio and video recordings, computerized records, such as e-mails, microfilm,

13  microfiche, data compilations, upon which intelligence or information can be recorded,

14  maintained or retrieved, including without limitation, the original or a copy thereof,

15  regardless of the origin and location, of any writing or recording of any type or

16  description, however produced or reproduced, which is in your or your representatives'

17  possession, custody or control, or to which you have or had access, or of which you have

18  knowledge or which you have a right or privilege to examine upon request or demand,

19  and includes any and all writings and recordings as the term is used in Rule 1001(1) of

20  the Federal Rules of Evidence and includes the original (or a copy if the original is not

21  available) and any nonidentical copies (whether different from the original because of

22  notes made on the copy or otherwise).

23     O.    The terms "relate to", "refer to", "evidence", "concern", "pertain to"

24  and "pertaining to" shall mean mentioning, discussing, including, summarizing,

25  describing, reflecting, containing, referring to, relating to, depicting, connected with,

26  embodying, evidencing, constituting, concerning, reporting, purporting or involving an act,

27  occurrence, event, transaction, fact, thing, or course of dealing.

28     P.    The term "you" or "your" shall mean and includes Cohen Williams.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   The term "Cohen Williams" shall be used interchangeably with the terms "you" or "your".

2        Q.    The singular form of a word should be interpreted as plural and the

3   plural should be interpreted as singular to give the word or words the broadest possible

4   meaning.

5        R.    The masculine gender of any word shall be construed to include the

6   masculine, feminine, and neuter gender.

7                               **REQUESTED DOCUMENTS**

8        1.    All Documents regarding any payments made to Cohen Williams by

9   Jona Rechnitz on account of attorneys' fees rendered to or expenses incurred on behalf

10   of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

11        2.    All Documents regarding any payments made to Cohen Williams by

12   Rachel Rechnitz on account of attorneys' fees rendered to or expenses incurred on

13   behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

14        3.    All Documents regarding any payments made to Cohen Williams by

15   Jadelle on account of attorneys' fees rendered to or expenses incurred on behalf of Jona,

16   Rachel, and/or Jadelle, whether prior to or after the Petition Date.

17        4.    All Documents regarding any payments made to Cohen Williams by

18   any third party on account of attorneys' fees rendered to or expenses incurred on behalf

19   of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

20        5.    All Documents regarding any payments made to Cohen Williams by

21   any third party on account of attorneys' fees rendered to or expenses incurred on behalf

22   of Robert Rechnitz or Shlomo Yehuda Rechnitz, whether prior to or after the Petition

23   Date.

24        6.    All Documents regarding any third party payor agreements on

25   account of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or

26   Jadelle, whether prior to or after the Petition Date.

27        7.    All Documents regarding any third party payor agreements on

28   account of services rendered to or expenses incurred on behalf of Robert Rechnitz or

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

2          8.    All Documents regarding the identity of any third party payor on

3    account of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or

4    Jadelle, whether prior to or after the Petition Date.

5          9.    All Documents regarding the identity of any third party payor on

6    account of services rendered to or expenses incurred on behalf of Robert Rechnitz or

7    Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

8          10.    All Documents regarding the retention agreement by and between

9    Cohen Williams and Jona, whether prior to or after the Petition Date.

10         11.    All Documents regarding the retention agreement by and between

11    Cohen Williams and Rachel, whether prior to or after the Petition Date.

12         12.    All Documents regarding the retention agreement by and between

13    Cohen Williams and Jadelle, whether prior to or after the Petition Date.

14         13.    Any Communications between Cohen Williams and any third party

15    payor on account of the payment of services rendered to or expenses incurred on behalf

16    of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

17         14.    Any Communications between Cohen Williams and any third party

18    payor on account of the payment for services rendered to or expenses incurred on behalf

19    of Robert Rechnitz or Shlomo Yehuda Rechnitz, whether prior to or after the Petition

20    Date.

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**EXHIBIT B**

**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: 2004 Request re Jadelle Jewelry and Diamonds, LLC

Dear Ron:

Thanks for your email. We are happy to discuss, but following is our response to your email:

We can agree that, if CW is paid by Jadelle or a different entity with respect to work for Jadelle, we will disclose the change of payor to you.

That said, we continue to require a protective order with respect to the production of the information you have requested. Most of the information you seek bears no connection to the debtor, and thus is not properly within the scope of Rule 2004. Additionally, the information is confidential. While we are agreeing to produce that information to you for the sake of cooperation and to eliminate the need for any unnecessary motion practice, we believe it would properly be subject to a protective order. Additionally, a protective order is necessary because, as you know, there is pending litigation between all three petitioning creditors against Jona and Rachel, and a protective order will ensure that the Rule 2004 process is not being used for purposes of those cases, where a stay has been ordered in one of the cases, a motion to stay is pending in another, and a motion to stay will soon be filed in the third. We also fail to see how such a protective order would be unduly burdensome.

Also, you indicated in your email that you may "call and ask for an updated invoice price" in the future. Irrespective of a protective order, we cannot agree to any continuing obligation to produce such information. As you know, the civil matters have been stayed as to Jadelle pending the bankruptcy proceedings. CW does not represent Jadelle in the bankruptcy proceedings. Therefore, any future invoices would only reflect legal fees and expenses incurred on behalf of Jona and Rachel. Neither Jona nor Rachel is the debtor. Their legal fees and expenses are outside the scope of Rule 2004 and are confidential.

Finally, when we spoke on July 2, the contemplated agreement discussed was that CW would provide the information requested and the petitioning creditors would agree not to pursue any examination of CW under 2004. Your email below is equivocal with respect to that condition. Please confirm on behalf of all petitioning creditors and their counsel that you agree to both of the conditions stated in my email of earlier today.

Thank you,

Marc

Marc S. Williams
**COHEN** WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5162
Cell: 323-821-4333
Fax: 213-232-5167
mwilliams@cohen-williams.com
www.cohen-williams.com


On Mon, Jul 6, 2020 at 11:04 AM Ronald Richards <ron@ronaldrichards.com> wrote:

Hi Reuven and Marc,

018

I cannot agree to #2, that's a non starter as we are not going to file your payor agreement under seal.  That would be a huge burden.

I can agree we will not seek a 2004 exam from you for these materials on the condition you agree that if you are paid by a different entity, you haves a continuing duty to disclose the change of payor.

As for the future, I may simply call and ask for an updated invoice price so we have an idea how much money is being generated away from the estate or donated to Jona and Rachel.

How does that sound?

Lets not make this more complicated than it needs to be.  I have no interest in wasting you time and it would have to be an extreme reason for me to bother you again with this.

Please let me know when I can get the documents.  As a friend, you don't want this in front of Judge Russell on the merits as the information is properly requested.

If you have any further concerns, pick upthe phone please or lets produce and move on.

Sincerely,

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213

®

3

019



**RONALD RICHARDS**
— AND ASSOCIATES —

\*\*A multi jurisdictional practice with bar admissions on the East and West Coast\*\*

\*\*\*CONFIDENTIALITY NOTICE\*\*\* This electronic mail transmission has been sent by an attorney. This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

————————————————

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

---

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Monday, July 6, 2020 10:24 AM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** 2004 Request re Jadelle Jewelry and Diamonds, LLC

Dear Ron:

I am writing to follow-up on our call last Thursday (July 2, 2020), in which you clarified that you were seeking the following information (underlined below) from Cohen Williams LLP ("CW") pursuant to Bankruptcy Rule 2004.  Please accept this communication as a continued effort to meet and confer to avoid litigation regarding your requests.

- The Third-Party Payor Agreement for CW's representation of Jona Rechnitz ("Jona") and Rachel Rechnitz ("Rachel").  Jadelle Jewelry and Diamonds, LLC ("Jadelle") is the debtor in the bankruptcy case, not Jona or Rachel.  As we have explained, CW does not have a Third-Party Payor Agreement for the firm's limited representation of Jadelle.

- An account statement setting forth all amounts paid to CW in connection with the firm's representation of Jona, Rachel, Robert Rechnitz ("Robert"), Jadelle Inc., and Jadelle.  All amounts have been paid by the Third-Party Payor through two limited liability companies (the "LLCs").  The only exception is $10,000 paid for CW's representation of Jona in the Second Circuit Court of Appeals, in a matter wholly unrelated to Jadelle.  CW has

4                                                                                      020

never received any payment or deposit of any kind from Jadelle, and Jadelle presently does not owe any money to CW.

- <u>The names of the LLCs.</u>

- <u>An estimate of the allocation of the legal fees and expenses that CW has incurred on behalf of Jadelle.</u>  As we have explained, the primary focus of CW's representation has been to represent Jona in connection with a criminal investigation.  We also have represented Jona and Rachel, in three civil cases.  Our representation of Jadelle has been limited and incidental to our representation of Jona and Rachel.  We do not have an engagement letter with Jadelle, and we do not have an allocation of our legal fees and expenses that could be attributed to Jadelle (but were, in any event, paid by the Third-Party Payor).

CW is willing to provide the documents and information (underlined above) on the following two conditions:

1.    You, your client, and the other petitioning creditors and their counsel agree that, because we do not have additional, relevant, non-privileged information relating to your requests, neither you nor they will (a) seek additional information from CW relating to these issues; nor (b) demand a Rule 2004 examination of CW; and

2.    The requested documents and information must be provided under a protective order that limits the disclosure of the information to matters necessary to the bankruptcy action.

If these conditions are agreeable to you, please confirm your agreement by reply email, and I will send you a proposed protective order.

Thank you,

Marc

Marc S. Williams

**COHEN** WILLIAMS LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Wednesday, July 8, 2020 7:34 AM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: 2004 Request re Jadelle Jewelry and Diamonds, LLC

Hi, Ron. Attached is the proposed stipulated protective order and exhibit. Best, Marc


Marc S. Williams
**COHEN** WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5162
Cell: 323-821-4333
Fax: 213-232-5167
mwilliams@cohen-williams.com
www.cohen-williams.com


On Mon, Jul 6, 2020 at 4:00 PM Ronald Richards <ron@ronaldrichards.com> wrote:

Please send over the proposed protective order so I can share it with other counsel.


Sincerely,


Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com


Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213

®

022



**RONALD RICHARDS**
—— AND ASSOCIATES ——

**A multi jurisdictional practice with bar admissions on the East and West Coast**

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

---

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Monday, July 6, 2020 3:50 PM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: 2004 Request re Jadelle Jewelry and Diamonds, LLC

Dear Ron:

Thanks for your email.  We are happy to discuss, but following is our response to your email:

We can agree that, if CW is paid by Jadelle or a different entity with respect to work for Jadelle, we will disclose the change of payor to you.

That said, we continue to require a protective order with respect to the production of the information you have requested.  Most of the information you seek bears no connection to the debtor, and thus is not properly within the scope of Rule 2004.  Additionally, the information is confidential.  While we are agreeing to produce that information to you for the sake of cooperation and to eliminate the need for any unnecessary motion practice, we believe it would properly be subject to a protective order.  Additionally, a protective order is necessary because, as you know, there is pending litigation between all three petitioning creditors against Jona and Rachel, and a protective order will ensure that the Rule 2004 process is not being used for purposes of those cases, where a stay has been ordered in one of the cases, a motion to stay is pending in another, and a motion to stay will soon be filed in the third.  We also fail to see how such a protective order would be unduly burdensome.

3

023

Also, you indicated in your email that you may "call and ask for an updated invoice price" in the future.  Irrespective of a protective order, we cannot agree to any continuing obligation to produce such information.  As you know, the civil matters have been stayed as to Jadelle pending the bankruptcy proceedings.  CW does not represent Jadelle in the bankruptcy proceedings.  Therefore, any future invoices would only reflect legal fees and expenses incurred on behalf of Jona and Rachel.  Neither Jona nor Rachel is the debtor.  Their legal fees and expenses are outside the scope of Rule 2004 and are confidential.

Finally, when we spoke on July 2, the contemplated agreement discussed was that CW would provide the information requested and the petitioning creditors would agree not to pursue any examination of CW under 2004.  Your email below is equivocal with respect to that condition.  Please confirm on behalf of all petitioning creditors and their counsel that you agree to both of the conditions stated in my email of earlier today.

Thank you,

Marc

Marc S. Williams

## COHEN WILLIAMS LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com

On Mon, Jul 6, 2020 at 11:04 AM Ronald Richards <ron@ronaldrichards.com> wrote:

Hi Reuven and Marc,

I cannot agree to #2, that's a non starter as we are not going to file your payor agreement under seal.  That would be a huge burden.

I can agree we will not seek a 2004 exam from you for these materials on the condition you agree that if you are paid by a different entity, you haves a continuing duty to disclose the change of payor.

024

As for the future, I may simply call and ask for an updated invoice price so we have an idea how much money is being generated away from the estate or donated to Jona and Rachel.

How does that sound?

Lets not make this more complicated than it needs to be.  I have no interest in wasting you time and it would have to be an extreme reason for me to bother you again with this.

Please let me know when I can get the documents.  As a friend, you don't want this in front of Judge Russell on the merits as the information is properly requested.

If you have any further concerns, pick upthe phone please or lets produce and move on.

Sincerely,

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213

®



**RONALD RICHARDS**
——— AND ASSOCIATES ———

\*\*A multi jurisdictional practice with bar admissions on the East and West Coast\*\*

\*\*\*CONFIDENTIALITY NOTICE\*\*\* This electronic mail transmission has been sent by an attorney. This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

————————————————

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

---

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Monday, July 6, 2020 10:24 AM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** 2004 Request re Jadelle Jewelry and Diamonds, LLC

Dear Ron:

I am writing to follow-up on our call last Thursday (July 2, 2020), in which you clarified that you were seeking the following information (underlined below) from Cohen Williams LLP ("CW") pursuant to Bankruptcy Rule 2004.  Please accept this communication as a continued effort to meet and confer to avoid litigation regarding your requests.

- The Third-Party Payor Agreement for CW's representation of Jona Rechnitz ("Jona") and Rachel Rechnitz ("Rachel").  Jadelle Jewelry and Diamonds, LLC ("Jadelle") is the debtor in the bankruptcy case, not Jona or Rachel.  As we have explained, CW does not have a Third-Party Payor Agreement for the firm's limited representation of Jadelle.

- An account statement setting forth all amounts paid to CW in connection with the firm's representation of Jona, Rachel, Robert Rechnitz ("Robert"), Jadelle Inc., and Jadelle.  All amounts have been paid by the Third-Party Payor through two limited liability companies (the "LLCs").  The only exception is $10,000 paid for CW's representation of Jona in the Second Circuit Court of Appeals, in a matter wholly unrelated to Jadelle.  CW has never received any payment or deposit of any kind from Jadelle, and Jadelle presently does not owe any money to CW.

6

- <u>The names of the LLCs.</u>

- <u>An estimate of the allocation of the legal fees and expenses that CW has incurred on behalf of Jadelle.</u>  As we have explained, the primary focus of CW's representation has been to represent Jona in connection with a criminal investigation.  We also have represented Jona and Rachel, in three civil cases.  Our representation of Jadelle has been limited and incidental to our representation of Jona and Rachel.  We do not have an engagement letter with Jadelle, and we do not have an allocation of our legal fees and expenses that could be attributed to Jadelle (but were, in any event, paid by the Third-Party Payor).

CW is willing to provide the documents and information (underlined above) on the following two conditions:

1.   You, your client, and the other petitioning creditors and their counsel agree that, because we do not have additional, relevant, non-privileged information relating to your requests, neither you nor they will (a) seek additional information from CW relating to these issues; nor (b) demand a Rule 2004 examination of CW; and

2.   The requested documents and information must be provided under a protective order that limits the disclosure of the information to matters necessary to the bankruptcy action.

If these conditions are agreeable to you, please confirm your agreement by reply email, and I will send you a proposed protective order.

Thank you,

Marc

Marc S. Williams

**COHEN** WILLIAMS LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com

**EXHIBIT C**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re  JADELLE JEWELRY AND DIAMONDS, LLC,

Alleged Debtor

Case No. 2:20-bk-13530-BR

*(Complete if issued in an adversary proceeding)*

Chapter 7

_____
Plaintiff
v.
_____
Defendants

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Cohen Williams LLP

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| **Sulmeyer**Kupetz, A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | August 27, 2020 at 10:00 a.m. |

The deposition will be recorded by this method:  Stenography and/or video

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                  *Attorney's signature*
                                                                                Daniel A. Lev

The name, address, email address, and telephone number of the attorney representing *(name of party)* petitioning creditors *Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc.,* who issues or requests this subpoena, are: Daniel A. Lev, 333 South Grand Avenue, Suite 3400, Los Angeles, California 90071, email: dlev@sulmeyerlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DAL 2704141v1

American LegalNet, Inc.
www.FormsWorkFlow.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  Cohen Williams, LLP c/o Marc Williams, Esq.

on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows:  Marc Williams, Esq., Cohen Williams LLP,

724 S. Spring Street, Ninth Floor, Los Angeles, California 90014

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

DAL 2704141v1

American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT A**

## EXHIBIT "A" IN SUPPORT OF SUBPOENA TO COHEN WILLIAMS LLP

### Production of Documents

**Definitions:**

The following definitions apply herein:

A.      The term "Case" shall mean that bankruptcy case styled In re Jadelle Jewelry and Diamonds, LLC, presently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division, bearing Case No. 2:20-bk-13530-BR, commenced on April 6, 2020.

B.      The term "Claim" shall have the meaning ascribed to it in 11 U.S.C. § 101(5).

C.      The term "Cohen Williams" shall mean Cohen Williams LLP.

D.      The term "Creditor" shall have the meaning ascribed to it in 11 U.S.C. § 101(10).

E       The term "Communications" shall mean any transmission of information from one person or entity to another by mail, facsimile, electronic mail, text message, instant messaging, audio recordings, journals, diaries, logs, or calendars, including (without limitation) any form of memorialization of personal meetings, conferences, telephone conversations, radio, electronic mail, teleconference, etc.

F.      The term "Debt" shall have the meaning ascribed to it in 11 U.S.C. § 101(12).

G.      The term "Involuntary Petition" shall mean that certain involuntary chapter 7 petition styled In re Jadelle Jewelry and Diamonds, LLC, presently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division, bearing Case No. 2:20-bk-13530-BR.

H.      The term "Jadelle" shall mean Jadelle Jewelry and Diamonds, LLC, and any of its respective officers, directors, employees, affiliates, parents, subsidiaries, representatives, agents, attorneys, and all other persons acting or purporting to act on its behalf, including Jona Rechnitz and Rachel Rechnitz.

I.      The term "Jona" shall mean Jona Rechnitz, and his representatives, agents, attorneys, and all other persons acting or purporting to act on his behalf.

J.      The term "Petition Date" shall mean April 6, 2020, the date the Involuntary Petition was filed.

K.      The term "Rachel" shall mean Rachel Rechnitz, and her representatives, agents, attorneys, and all other persons acting or purporting to act on her behalf.

L.      The terms "and" or "or" or "and/or" shall be construed either disjunctively or conjunctively or both, as necessary, to bring within the scope of any request for responses which might otherwise be construed to be outside the scope.

M.      The term "Contact Information" shall mean information upon which a person or entity may be reached via  mail, telephone, facsimile, e-mail or in person or any other medium that is reasonable, and shall include without limitation, present and last known address(es), phone number(s), facsimile number(s), and e- mail address(es).

N.      The terms "Document" or "Documents" shall mean and includes any medium, including without limitation, writings, drawings, graphs, charts, photographs, audio and video recordings, computerized records, such as e-mails, microfilm, microfiche, data compilations, upon which intelligence or information can be recorded, maintained or retrieved, including without limitation, the original or a copy thereof, regardless of the origin and location, of any writing or recording of any type or description, however produced or reproduced, which is in your or your representatives' possession, custody or control, or to which you have or had access, or of which you have knowledge or which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Rule 1001(1) of the Federal Rules of Evidence and includes the original (or a copy if the original is not available) and any nonidentical copies (whether different from the original because of notes made on the copy or otherwise).

O.      The terms "relate to", "refer to", "evidence", "concern", "pertain to" and "pertaining to" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

P.      The term "you" or "your" shall mean and includes Cohen Williams.  The term "Cohen Williams" shall be used interchangeably with the terms "you" or "your".

Q.      The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

R.      The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

**Requested Documents:**

1.      All Documents regarding any payments made to Cohen Williams by Jona Rechnitz on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

2.      All Documents regarding any payments made to Cohen Williams by Rachel Rechnitz on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

3.      All Documents regarding any payments made to Cohen Williams by Jadelle on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

4.      All Documents regarding any payments made to Cohen Williams by any third party on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

5.      All Documents regarding any payments made to Cohen Williams by any third party on account of attorneys' fees rendered to or expenses incurred on behalf of Robert Rechnitz or Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

6.      All Documents regarding any third party payor agreements on account of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

7.      All Documents regarding any third party payor agreements on account of services rendered to or expenses incurred on behalf of Robert Rechnitz or  Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

8.      All Documents regarding the identity of any third party payor on account of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

9.      All Documents regarding the identity of any third party payor on account of services rendered to or expenses incurred on behalf of Robert Rechnitz or  Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

10.     All Documents regarding the retention agreement by and between Cohen Williams and Jona, whether prior to or after the Petition Date.

11.     All Documents regarding the retention agreement by and between Cohen Williams and Rachel, whether prior to or after the Petition Date.

12.     All Documents regarding the retention agreement by and between Cohen Williams and Jadelle, whether prior to or after the Petition Date.

13.     Any Communications between Cohen Williams and any third party payor on account of the payment of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

14.     Any Communications between Cohen Williams and any third party payor on account of the payment for services rendered to or expenses incurred on behalf of Robert Rechnitz or Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

## Topics of Examination

1.      Any payments made to Cohen Williams by Jona Rechnitz on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

2.      Any payments made to Cohen Williams by Rachel Rechnitz on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

3.      Any payments made to Cohen Williams by Jadelle on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

4.      Any payments made to Cohen Williams by any third party on account of attorneys' fees rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

5.      Any payments made to Cohen Williams by any third party on account of attorneys' fees rendered to or expenses incurred on behalf of Robert Rechnitz or Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

6.      Any third party payor agreements on account of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

7.      Any third party payor agreements on account of services rendered to or expenses incurred on behalf of Robert Rechnitz or  Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

8.      The identity of any third party payor on account of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

9.      The identity of any third party payor on account of services rendered to or expenses incurred on behalf of Robert Rechnitz or  Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

10.     Any retention agreement by and between Cohen Williams and Jona, whether prior to or after the Petition Date.

11.     Any retention agreement by and between Cohen Williams and Rachel, whether prior to or after the Petition Date.

12.     Any retention agreement by and between Cohen Williams and Jadelle, whether prior to or after the Petition Date.

13.     Any communications between Cohen Williams and any third party payor on account of the payment of services rendered to or expenses incurred on behalf of Jona, Rachel, and/or Jadelle, whether prior to or after the Petition Date.

14.     Any communications between Cohen Williams and any third party payor on account of the payment for services rendered to or expenses incurred on behalf of Robert Rechnitz or Shlomo Yehuda Rechnitz, whether prior to or after the Petition Date.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS BY COHEN WILLIAMS LLP PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  July 23, 2020  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  July 23, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marc Williams, Esq.
Cohen Williams LLP
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 23, 2020 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1.** **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Carolyn A Dye    trustee@cadye.com
Sam S Leslie (TR)    sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com
Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
Robert S Marticello    Rmarticello@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
Neal Salisian    ECF@salisianlee.com
Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
Derrick Talerico    dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**