ZOLKIN TALERICO LLP
David B. Zolkin (State Bar No. 155410)
*dzolkin@ztlegal.com*
Derrick Talerico (State Bar No. 223763)
*dtalerico@ztlegal.com*
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA  90025
Telephone:   (424) 500-8551
Facsimile:   (424) 500-8951

Attorneys for Jona Rechnitz
and Rachel Rechnitz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br>               Debtor. | Bk. Court Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**DECLARATION OF MARC S. WILLIAMS IN SUPPORT OF OBJECTION TO PETITIONING CREDITORS' MOTION FOR ORDER REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS BY COHEN WILLIAMS LLP PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>**[No Hearing Required]** |

1

## <u>DECLARATION OF MARC S. WILLIAMS</u>

2

3

I, Marc S. Williams, hereby provide the following statement under penalty of

perjury:

4

1.      I am over the age of eighteen and am an attorney duly licensed to practice law

5

in the State of California.  I am a partner at Cohen Williams LLP ("CW").  The matters set

6

forth in this declaration are true and correct based on my personal knowledge, or based on

7

my information and belief where indicated, and I could and would testify to such facts if

8

called to do so.

9

2.      Beginning in late January 2020, Jona Rechnitz engaged CW to represent him

10

in connection with a potential criminal investigation and potential civil litigation

11

proceedings.  Over the ensuing weeks, the representation expanded to include CW's

12

representation of Jona Rechnitz's wife, Rachel Rechnitz, and his father, Robert Rechnitz.

13

3.      CW's representation also briefly included the debtor, Jadelle Jewelry and

14

Diamonds, LLC ("Jadelle"), prior to the filing of the involuntary bankruptcy petition in this

15

action.  The expansion of the representation to include Jadelle was limited in scope and

16

time.  CW's representation of Jadelle was directed primarily at accepting service and

17

seeking stays of two civil lawsuits on the basis of Jona Rechnitz's expected assertion of the

18

Fifth Amendment privilege against self-incrimination.

19

4.      On March 6, 2020, CW made its initial appearance for Jadelle in the first

20

lawsuit (filed in Los Angeles Superior Court by Victor Franco Noval, Case No.

21

20SMCV00216) by including Jadelle as a moving party on a motion to stay along with

22

Jona Rechnitz, Rachel Rechnitz, and Jadelle Inc.  On March 9, 2020, the Los Angeles

23

Superior Court issued an order staying the Noval case and it has been stayed ever since.

24

5.      CW's next appearance for Jadelle was in a civil case filed in Los Angeles

25

Superior Court by Israel Sam Gorodistian, Case No. 20STCV07425.  That appearance was

26

on April 2, 2020, when CW filed an answer to the Gorodistian complaint for Jona Rechnitz,

27

Rachel Rechnitz, Robert Rechnitz, Jadelle, and Jadelle Inc.  The petition for involuntary

28

bankruptcy was filed four days later on April 6, 2020, resulting of a stay of the Gorodistian case as to Jadelle.[1]

6.    CW has engaged in the exchange of pre-litigation correspondence on behalf of Jadelle and our other clients with attorney Baruch Cohen relating to claims by his clients Oved Anter / First International and Peter Marco, both of whom are petitioning creditors.

7.    CW's limited representation of Jadelle effectively ceased very shortly after it began because of the filing of the involuntary bankruptcy petition, at which point Jadelle retained separate bankruptcy counsel.[2]

8.    On June 25, 2020, CW participated in a telephonic conference with Sam Leslie, the Court-appointed Trustee in the Jadelle bankruptcy proceeding, and his counsel, Carolyn Dye.  During that call, CW provided the Trustee with an overview of CW's representations as described in paragraph 2-7 above and the fact that there was a third-party payor – i.e., someone other than Jadelle or any of CW's other clients – paying CW's fees relating to the Rechnitzes and/or Jadelle.

9.    On June 23, 2020, Ronald Richards, counsel for Victor Franco Noval, one of the petitioning creditors in this bankruptcy proceeding, requested that I schedule a time to confer with him regarding a request to CW for documents and information under FRBP 2004.  Attached as Exhibit 1 is a true and correct copy of that email.  Specifically, Mr. Richards stated that he was seeking "your originating payments to your office and your retainer agreement, as well as billing invoices without entries."  Mr. Richards also

---

[1] On April 15, 2020, CW filed a motion to quash deposition subpoenas served by Mr. Gorodistian on certain banks on behalf of Jadelle and the other defendants, raising the issue that the subpoenas violated the automatic bankruptcy stay.  On May 11, 2020, out of an abundance of caution, CW also served objections to discovery requests that had been served by Mr. Gorodistian on Jadelle on April 7, 2020.  The primary objection was on the grounds that the case had been stayed as to Jadelle due to the pending bankruptcy proceedings.

[2] I have notified the court-appointed Trustee that CW remains counsel of record for Jadelle in the Noval and Gorodistian civil lawsuits and asked the Trustee whether it would substitute new counsel in place of CW.  The Trustee has indicated that it is considering the issue but has not yet provided direction on that question.

explained that he "would consider not having live testimony if you provide the requested records."

10. On June 29, 2020, my partner, Reuven Cohen, and I participated in a teleconference with Mr. Richards to meet and confer regarding his request under FRBR 2004. The following day, on June 30, Mr. Richards sent me an email stating, *inter alia*: "Please provide the source of funds, the third party payment agreement, and the amount of funds to avoid the 2004 exam." Mr. Richards further requested "any conflict waiver Jadelle signed as well." Attached as Exhibit 2 is a true and correct copy of Mr. Richards' June 30 email.[3]

11. On July 2, 2020, Mr. Cohen, Mr. Richards, and I participated in another prefiling teleconference in an effort to resolve this issue without the need for judicial intervention. During that call, Mr. Richards clarified that he was seeking only the following information from CW under FRBP 2004:

    a. The Third-Party Payor Agreement for CW's representation of Jona Rechnitz and Rachel Rechnitz.

    b. An account statement setting forth all amounts paid to CW in connection with the firm's representation of Jona Rechnitz, Rachel Rechnitz, Robert Rechnitz, Jadelle Inc., and Jadelle.

    c. The names of the Third-Party Payor limited liability companies (the "LLCs") that have paid all of CW's invoices for the Rechnitzes, Jadelle Inc., and Jadelle.

    d. An estimate of the allocation of the legal fees and expenses that CW has incurred on behalf of Jadelle, as opposed to the Rechnitzes and Jadelle Inc.

12. On July 6, 2020, I sent an email to Mr. Richards confirming the foregoing scope of his FRBP 2004 request and agreeing to provide the documents and information

---

[3] To minimize the number of pages of this declaration, I did not include the attachment to Mr. Richards' June 30 email, which is an order entered in this case by the Court on June 30, 2020.

that Mr. Richards had requested during our call on July 2.  Attached as Exhibit 3 is a true
and correct copy of an email chain between Mr. Richards, Mr. Cohen, and me, which
includes my July 6 email, starting on page 4.  I noted in my email that CW's agreement was
conditioned on two necessary stipulations:

    a.   First, because CW was concerned that the petitioning creditors might continue
to seek additional information on a piecemeal basis, I requested that Mr.
Richards confirm, as he had suggested in our prior communications, that
"[y]ou, your client, and the other petitioning creditors and their counsel agree
that, because we do not have additional, relevant, non-privileged information
relating to your requests, neither you nor they will (a) seek additional
information from CW relating to these issues; nor (b) demand a Rule 2004
examination of CW."

    b.   Second, because the information Mr. Richards sought included private and
confidential information that was not pertinent to the bankruptcy action, I
informed Mr. Richards that the "requested documents and information must be
provided under a protective order that limits the disclosure of the information
to matters necessary to the bankruptcy action."

    13.    Mr. Richards replied to my July 6 email the same date.  (Exhibit 3 at page 3.)
He indicated, *inter alia*, that my request for a protective order was a "non starter" because it
would be "a huge burden" to file documents under seal.  He further requested that he be
permitted to "call and ask for an updated invoice price" in the future, which understood to
mean he wanted to be able to ask about Jona Rechnitz's invoices even after CW's
representation of Jadelle had ceased and even though there is a third-party payor.

    14.    Later, on July 6, I replied to Mr. Richards' email and addressed the material
points he raised in his email.  (Exhibit 3 at page 2.)  As to the protective order, I explained:

"[W]e continue to require a protective order with respect to the production
of the information you have requested.  Most of the information you seek
bears no connection to the debtor, and thus is not properly within the scope

4
**DECLARATION OF MARC S. WILLIAMS**

of Rule 2004. Additionally, the information is confidential. While we are agreeing to produce that information to you for the sake of cooperation and to eliminate the need for any unnecessary motion practice, we believe it would properly be subject to a protective order. Additionally, a protective order is necessary because, as you know, there is pending litigation between all three petitioning creditors against Jona and Rachel, and a protective order will ensure that the Rule 2004 process is not being used for purposes of those cases, where a stay has been ordered in one of the cases, a motion to stay is pending in another, and a motion to stay will soon be filed in the third. We also fail to see how such a protective order would be unduly burdensome."

15. As to Mr. Richards' request to "call and ask for an updated invoice price" in the future, I replied, stating that "we cannot agree to any continuing obligation to produce such information." I explained:

"Irrespective of a protective order, we cannot agree to any continuing obligation to produce such information. As you know, the civil matters have been stayed as to Jadelle pending the bankruptcy proceedings. CW does not represent Jadelle in the bankruptcy proceedings. Therefore, any future invoices would only reflect legal fees and expenses incurred on behalf of Jona and Rachel. Neither Jona nor Rachel is the debtor. Their legal fees and expenses are outside the scope of Rule 2004 and are confidential."

16. Later, on July 6, Mr. Richards replied to my email with a single sentence, stating: "Please send over the proposed protective order so I can share it with other counsel." (Exhibit 3 at page 1.)

17. My firm then prepared a proposed Stipulated Protective Order, which I sent to Mr. Richards on July 8, 2020. (Exhibit 3 at page 1 [transmittal email], at pages 6-14 [proposed Stipulated Protective Order and related attachment].)

18.     Neither Mr. Richards nor any other representative of the petitioning creditors ever responded to my July 8 email or provided any comment or response to the Proposed Stipulated Protective Order.  In fact, we were continuing to wait for Mr. Richards to sign the protective order so that we could produce the information we had discussed.  We did not know that Mr. Richards had declined to proceed in that manner until his 2004 motion was filed suddenly and without notice.

19.     CW remains agreeable to providing the documents and information that Mr. Richards requested during the FRBP 2004 meet and confer process, subject to a protective order, given that the requested information includes confidential material concerning clients of our law firm who are not a debtor in this bankruptcy proceeding.  As to the numerous new requests for documents and information that are included in Mr. Richards' FRBP 2004 motion that were not subject to our lengthy meet and confer process, we request that Mr. Richards meet and confer with CW regarding those requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2020, at Los Angeles, California.

By: _____

Marc S. Williams

**DECLARATION OF MARC S. WILLIAMS**

# EXHIBIT "1"

EXHIBIT 1



## RE: In re Jadelle Jewelry and Diamonds, LLC, Case No. 2:20-bk-13530-BR, Confirmation and New Request for Meet and Confer Conference

1 message

**Ronald Richards** <ron@ronaldrichards.com>                                    Tue, Jun 23, 2020 at 4:52 PM
To: Marc Williams <mwilliams@cohen-williams.com>
Cc: Brittany Lane <blane@cohen-williams.com>, "Lev, Daniel A." <dlev@sulmeyerlaw.com>, BARUCH COHEN <baruchcohen@baruchcohenesq.com>, Michael Schafler <mschafler@cohen-williams.com>, Reuven Cohen <rcohen@cohen-williams.com>

HI Marc,

I am confirming they off calendar.

However, we have another request which will require a conference in the next 48 hours.

LBR 2004-1 requires us to have a pre filing conference.  As I did in Kenny G,   we will be seeking your originating payments to your office and your retainer agreement, as well as billing invoices without entries.   The LBR is bolded for your review.  The joint representation in Jadelle provides for full access for the Jadelle trustee.  The originating payments and invoices, are accessible to all creditors of Jadelle.

LBR 2004-1 states as follows:

**LBR 2004-1. MOTIONS FOR EXAMINATION UNDER FRBP 2004 (a) Conference Required. Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production**

As you know, "[f]ees paid for legal work and the general nature of legal work performed do not constitute a confidential communication and are, therefore, outside the attorney-client privilege." *In re Investment Bankers, Inc.,* 30 B.R. 883, 885 (Bankr.D.Colo.1983) (citing *U.S. v. Hodgson,* 492 F.2d 1175, 1177 (10th Cir.1974)); accord, In re Wilkerson (Bankr. D. Colo. 2007) 393 B.R. 734, 743.

It is well settled that information regarding payment of attorneys' fees by a client is not covered by the attorney-client privilege absent special circumstances. *See, e.g., Lefcourt v. United States,* 125 F.3d 79, 86 (2d Cir.1997) (citing cases), *cert. denied,* 524 U.S. 937, 118 S.Ct. 2341, 141 L.Ed.2d 712 (1998).[4] While Sassano's attorney states that the information "could be detrimental to Mr. Sassano," the Second Circuit has held that "possible or even likely client incrimination" does not "constitute[ ] a special circumstance justifying nondisclosure," *id.* at 86; *accord Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,* 220 F.Supp.2d 283, 288 (S.D.N.Y.2002); see also *In re Shargel,* 742 F.2d 61, 62–63 (2d Cir.1984) (limiting protection of a client's identity to those circumstances where its disclosure would in substance be a disclosure of the confidential communication between the attorney and the client). Thus, courts have ordered attorneys to provide financial information concerning a client that was obtained by the attorneys as a result of the payment of attorneys' fees. *See In re Grand Jury Subpoena Served Upon Doe,* 781 F.2d 238, 242, 247–48 (2d Cir.1986) (affirming district court's order denying the motion to quash the grand jury subpoena seeking "any and all records of fees,

EXHIBIT 1

monies, property or other things of value received, accepted, transferred or held by  defendant's attorney relating to payments made by defendant).

S.E.C. v. Sassano (S.D.N.Y. 2011) 274 F.R.D. 495, 497 is also in accord.


In this case, the Trustee, who is the only person that has corporate authority of your client Jadelle,  has also made the request.  Therefore, we will not need to have a long call as this is our position.  Finally, we would consider not having live testimony if you provide the requested records, as I did with your office in Kenny G.


Please give us two times in the next 48 hours starting at 530am and ending at 700pm and I will make myself available for the call.  Baruch or Dan will join if free.


Since time is of the essence, we need to get our motion on file immediately.  Thank you for your prompt reply.


Please acknowledge my release of the depositions and this meet and confer request.




Sincerely,


Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com


Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213







**A multi jurisdictional practice with bar admissions on the East and West Coast**

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

_____

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Tuesday, June 23, 2020 4:31 PM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Brittany Lane <blane@cohen-williams.com>; Lev, Daniel A. <dlev@sulmeyerlaw.com>; BARUCH COHEN <baruchcohen@baruchcohenesq.com>; Michael Schafler <mschafler@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: In re Jadelle Jewelry and Diamonds, LLC, Case No. 2:20-bk-13530-BR

Dear Ron:

I write to confirm our discussion on Friday, June 19, 2020, in which you agreed that the depositions of Jona and Rachel Rechnitz are off calendar. You said that you would send me a confirmation email, but I have not received one yet.

Regards,

Marc

Marc S. Williams

**COHEN** WILLIAMS LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com

On Fri, Jun 12, 2020 at 1:49 PM Ronald Richards <ron@ronaldrichards.com> wrote:

7/23/2020    Case 2:20-bk-13580-BR RE: IDC Cada...Jewelry Case filed 07/24/20, Case No. 2:20-bk-13580-BR... and Disc Request f...

Case 2:20-bk-13580-BR    Doc 121-1    Filed 07/24/20    Entered 07/24/20 14:40:23    Desc

Declaration of Marc S. Williams    Page 12 of 33

Dear Ms. Lane,

We appreciate your professionalism and courtesy. Please see attached pdf's consisting of the subpoena, deposition notices, and exhibits.

If you need anything else or which to discuss this matter, we are always a phone call away.

Thank you again.

Sincerely,

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213





**A multi jurisdictional practice with bar admissions on the East and West Coast**

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any  iles or text attached to it are intended only for the recipients named above, and contain information that may be con idential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

_____

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE.
THANK YOU.

**From:** Brittany Lane <blane@cohen-williams.com>
**Sent:** Friday, June 12, 2020 1:10 PM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Lev, Daniel A. <dlev@sulmeyerlaw.com>; BARUCH COHEN <baruchcohen@baruchcohenesq.com>; Marc Williams <mwilliams@cohen-williams.com>; Michael Schafler <mschafler@cohen-williams.com>; Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: In re Jadelle Jewelry and Diamonds, LLC, Case No. 2:20-bk-13530-BR

If you could e-mail them to ensure there is no confusion, that would be great.

Best,

Brittany

Brittany L. Lane

**COHEN** WILLIAMS LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5165

Fax: 213-232-5167

blane@cohen-williams.com

www.cohen-williams.com

On Fri, Jun 12, 2020 at 1:05 PM Ronald Richards <ron@ronaldrichards.com> wrote:

Thank you do you already have a copy of them or should we re-email them to you?

Sincerely,

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213

EXHIBIT 1

**A multi jurisdictional practice with bar admissions on the East and West Coast**

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any  iles or text attached to it are intended only for the recipients named above, and contain information that may be con idential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.
_____

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

On Jun 12, 2020, at 1:03 PM, Brittany Lane <blane@cohen-williams.com> wrote:

Counsel:

Bankruptcy counsel for Jadelle informed us of your request that they accept service of deposition subpoenas in the bankruptcy matter on behalf of Jona and Rachel Rechnitz.  As counsel for Jona and Rachel, we will accept service on their behalf and do not believe there is any need for process servers.  We reserve all other rights and objections.

Best,

Brittany

Brittany L. Lane

**COHEN** **WILLIAMS** LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5165

Fax: 213-232-5167

blane@cohen-williams.com

www.cohen-williams.com

EXHIBIT 1

# EXHIBIT "2"

EXHIBIT 2

   **Marc Williams <mwilliams@cohen-williams.com>**

---

## 2004/PRODUCTION ITEMS

1 message

---

**Ronald Richards** <ron@ronaldrichards.com>                    Tue, Jun 30, 2020 at 6:26 PM
To: Reuven Cohen <rcohen@cohen-williams.com>
Cc: Marc Williams <mwilliams@cohen-williams.com>

Dear Reuven and Marc,

This is a follow up to our pre filing conference for the 2004 exam.

I am attaching Judge Russell's opinion.  It is obvious that the judge is seeing the conflicts and Jona's lack of good faith and obstruction.

To say that Jona could do not have done worse would be an understatement.

Please provide the source of funds, the third party payment agreement, and the amount of funds to avoid the 2004 exam. If it wasn't obvious before, it should be obvious by now on how the Court will rule on a 2004 motion to obtain this information.  We would also like any conflict waiver Jadelle signed as well.

Please confirm you will provide it to my office before July 3, 2020 to avoid a motion requesting the same.  Due to the fact that Jona and Rachel have filed their own appeals, we need this information sooner than later so time is of the essence from our prospective.

Otherwise, I wish a both happy and safe holiday weekend.

I will confirm receipt of the requested information if I receive it by July 2, 2020.  Thank you again for your anticipated cooperation.

Sincerely,

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

Mailing Address:

**EXHIBIT 2**

P.O. Box 11480
Beverly Hills, CA 90213





**A multi jurisdictional practice with bar admissions on the East and West Coast**

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any iles or text attached to it are intended only for the recipients named above, and contain information that may be con idential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.
_____

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

_____

📄 **doc83memodenystayappeal.pdf**
459K

EXHIBIT 2

# EXHIBIT "3"

**EXHIBIT 3**

Cohen Williams LLP Mail - Re: 2004 Request re Jadelle Jewelry and Diamonds, LLC

COHEN WILLIAMS LLP                                    **Marc Williams <mwilliams@cohen-williams.com>**

---

## Re: 2004 Request re Jadelle Jewelry and Diamonds, LLC
1 message

**Marc Williams** <mwilliams@cohen-williams.com>                    Wed, Jul 8, 2020 at 7:33 AM
To: Ronald Richards <ron@ronaldrichards.com>
Cc: Reuven Cohen <rcohen@cohen-williams.com>

Hi, Ron. Attached is the proposed stipulated protective order and exhibit. Best, Marc

Marc S. Williams
**COHEN** WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5162
Cell: 323-821-4333
Fax: 213-232-5167
mwilliams@cohen-williams.com
www.cohen-williams.com


On Mon, Jul 6, 2020 at 4:00 PM Ronald Richards <ron@ronaldrichards.com> wrote:

Please send over the proposed protective order so I can share it with other counsel.




Sincerely,


Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com


Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213





**EXHIBIT 3**

19

**A multi jurisdictional practice with bar admissions on the East and West Coast****

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

_____

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

---

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Monday, July 6, 2020 3:50 PM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** Re: 2004 Request re Jadelle Jewelry and Diamonds, LLC

Dear Ron:

Thanks for your email.  We are happy to discuss, but following is our response to your email:

We can agree that, if CW is paid by Jadelle or a different entity with respect to work for Jadelle, we will disclose the change of payor to you.

That said, we continue to require a protective order with respect to the production of the information you have requested.  Most of the information you seek bears no connection to the debtor, and thus is not properly within the scope of Rule 2004.  Additionally, the information is confidential.  While we are agreeing to produce that information to you for the sake of cooperation and to eliminate the need for any unnecessary motion practice, we believe it would properly be subject to a protective order.  Additionally, a protective order is necessary because, as you know, there is pending litigation between all three petitioning creditors against Jona and Rachel, and a protective order will ensure that the Rule 2004 process is not being used for purposes of those cases, where a stay has been ordered in one of the cases, a motion to stay is pending in another, and a motion to stay will soon be filed in the third.  We also fail to see how such a protective order would be unduly burdensome.

Also, you indicated in your email that you may "call and ask for an updated invoice price" in the future.  Irrespective of a protective order, we cannot agree to any continuing obligation to produce such information.  As you know, the civil matters have been stayed as to Jadelle pending the bankruptcy proceedings.  CW does not represent Jadelle in the bankruptcy proceedings.  Therefore, any future invoices would only reflect legal fees and expenses incurred on behalf of Jona and Rachel.  Neither Jona nor Rachel is the debtor.  Their legal fees and expenses are outside the scope of Rule 2004 and are confidential.

Finally, when we spoke on July 2, the contemplated agreement discussed was that CW would provide the information requested and the petitioning creditors would agree not to pursue any examination of CW under 2004.  Your email below is equivocal with respect to that condition.  Please confirm on behalf of all petitioning creditors and their counsel that you agree to both of the conditions stated in my email of earlier today.

Thank you,

Marc

Marc S. Williams

**COHEN WILLIAMS** LLP

724 South Spring Street, 9th Floor

EXHIBIT 3

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com

On Mon, Jul 6, 2020 at 11:04 AM Ronald Richards <ron@ronaldrichards.com> wrote:

Hi Reuven and Marc,

I cannot agree to #2, that's a non starter as we are not going to file your payor agreement under seal.  That would be a huge burden.

I can agree we will not seek a 2004 exam from you for these materials on the condition you agree that if you are paid by a different entity, you haves a continuing duty to disclose the change of payor.

As for the future, I may simply call and ask for an updated invoice price so we have an idea how much money is being generated away from the estate or donated to Jona and Rachel.

How does that sound?

Lets not make this more complicated than it needs to be.  I have no interest in wasting you time and it would have to be an extreme reason for me to bother you again with this.

Please let me know when I can get the documents.  As a friend, you don't want this in front of Judge Russell on the merits as the information is properly requested.

If you have any further concerns, pick upthe phone please or lets produce and move on.

Sincerely,

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

Mailing Address:

P.O. Box 11480
Beverly Hills, CA 90213





**A multi jurisdictional practice with bar admissions on the East and West Coast**

***CONFIDENTIALITY NOTICE*** This electronic mail transmission has been sent by an attorney. This message and any  iles or text attached to it are intended only for the recipients named above, and contain information that may be con idential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.
_____

THINK GREEN. PLEASE CONSIDER THE ENVIRONMENT BEFORE YOU PRINT THIS MESSAGE. THANK YOU.

---

**From:** Marc Williams <mwilliams@cohen-williams.com>
**Sent:** Monday, July 6, 2020 10:24 AM
**To:** Ronald Richards <ron@ronaldrichards.com>
**Cc:** Reuven Cohen <rcohen@cohen-williams.com>
**Subject:** 2004 Request re Jadelle Jewelry and Diamonds, LLC

Dear Ron:

I am writing to follow-up on our call last Thursday (July 2, 2020), in which you clarified that you were seeking the following information (underlined below) from Cohen Williams LLP ("CW") pursuant to Bankruptcy Rule 2004. Please accept this communication as a continued effort to meet and confer to avoid litigation regarding your requests.

- The Third-Party Payor Agreement for CW's representation of Jona Rechnitz ("Jona") and Rachel Rechnitz ("Rachel").  Jadelle Jewelry and Diamonds, LLC ("Jadelle") is the debtor in the bankruptcy case, not Jona or Rachel.  As we have explained, CW does not have a Third-Party Payor Agreement for the firm's limited representation of Jadelle.

- An account statement setting forth all amounts paid to CW in connection with the firm's representation of Jona, Rachel, Robert Rechnitz ("Robert"), Jadelle Inc., and Jadelle.  All amounts have been paid by the Third-Party Payor through two limited liability companies (the "LLCs").  The only exception is $10,000 paid for CW's representation of Jona in the Second Circuit Court of Appeals, in a matter wholly unrelated to Jadelle.  CW has never received any payment or deposit of any kind from Jadelle, and Jadelle presently does not owe any money to CW.

- The names of the LLCs.

EXHIBIT 3

- An estimate of the allocation of the legal fees and expenses that CW has incurred on behalf of Jadelle. As we have explained, the primary focus of CW's representation has been to represent Jona in connection with a criminal investigation. We also have represented Jona and Rachel, in three civil cases. Our representation of Jadelle has been limited and incidental to our representation of Jona and Rachel. We do not have an engagement letter with Jadelle, and we do not have an allocation of our legal fees and expenses that could be attributed to Jadelle (but were, in any event, paid by the Third-Party Payor).

CW is willing to provide the documents and information (underlined above) on the following two conditions:

1.   You, your client, and the other petitioning creditors and their counsel agree that, because we do not have additional, relevant, non-privileged information relating to your requests, neither you nor they will (a) seek additional information from CW relating to these issues; nor (b) demand a Rule 2004 examination of CW; and

2.   The requested documents and information must be provided under a protective order that limits the disclosure of the information to matters necessary to the bankruptcy action.

If these conditions are agreeable to you, please confirm your agreement by reply email, and I will send you a proposed protective order.

Thank you,

Marc

Marc S. Williams

**COHEN WILLIAMS** LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5162

Cell: 323-821-4333

Fax: 213-232-5167

mwilliams@cohen-williams.com

www.cohen-williams.com

---

**2 attachments**


**Stipulated Protective Order.docx**
89K


**Agreement to be Bound by Protective Order.docx**
83K

Marc S. Williams (Bar No. 198913)
E-mail: mwilliams@cohen-williams.com
Reuven L. Cohen (Bar No. 231915)
E-mail: rcohen@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
Telephone:   (213) 232-5160
Facsimile:   (213) 232-5167

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC,<br><br> Debtor. | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulation and Order ("Protective Order") is entered into by and among Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc., in their purported capacity as creditors ("Creditors") in the above-captioned Chapter 7 action ("Chapter 7 Action"), and Cohen Williams LLP ("CW"), a third-party law firm upon whom discovery requests have been made in connection with the firm's representation of Jadelle Jewelry and Diamonds, LCC ("Debtor"), inclusive of each of their legal counsel, agents, employees, and representatives  (collectively "Parties").

**WHEREAS**, on April 6, 2020, the Creditors filed an involuntary bankruptcy petition against Debtor in this action;

**WHEREAS**, on June 16, 2020, the Court entered an Order for Relief;

**WHEREAS**, on June 23, 2020, Creditors, through counsel, requested a pre-filing conference pursuant to Local Bankruptcy Rule 2004-1 in connection with Creditors' request for documents and information from CW;

**WHEREAS**, Creditors seek the following confidential and private information regarding third-party payors and legal fees related not just to the Debtor in this action, but also non-debtors represented by CW: any third-party payor agreement for CW's representation of Jona Rechnitz ("Jona") and Rachel Rechnitz ("Rachel"); an account statement setting forth all amounts paid to CW in connection with the firm's representation of Jona, Rachel, Robert Rechnitz ("Robert"), Jadelle Inc., and Debtor; the names of any limited liability companies through which the third-party payor has paid CW; and any estimate of the allocation of the legal fees and expenses that CW has incurred on behalf of Debtor (collectively the "Materials");

**WHEREAS**, each of the Creditors has initiated a separate civil action against Jona, Rachel, Robert, Jadelle Inc., and the Debtor, or some combination thereof;

**WHEREAS**, the Parties recognize that there is good cause for protection from public disclosure of the Materials and from use of the Materials for any purpose other than in connection with the Chapter 7 Action; and

**WHEREAS**, to expedite the production of the Materials, adequately protect the Materials, avoid unnecessary motion practice, and serve the ends of justice, a protective order for the Materials is justified in this matter.

The Parties, having hereby stipulated and agreed to the entry of this Protective Order pursuant to Federal Rule of Civil Procedure Rule 26(c) and Federal Rule of Bankruptcy Procedure 7026, and the Court having approved the same and finding good cause,

**IT IS HEREBY ORDERED THAT**:

1.      The Materials shall be marked as "CONFIDENTIAL" and produced subject to and in accordance with this Protective Order.

---

**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

EXHIBIT 3

2.      The production of the Materials or the inadvertent production of any other information or documents by CW shall not constitute a waiver of the attorney-client privilege or work product doctrine or any other applicable privilege.

3.      The protections conferred by this Protective Order cover not only the Materials and any other documents or information marked "CONFIDENTIAL" by CW (collectively "Confidential Material"), but also (a) any information copied or extracted from Confidential Material; (b) all copies, excerpts, summaries, or compilations of Confidential Material; and (c) any testimony, conversations, or presentations by the Parties, their clients, or their counsel that might reveal Confidential Material.

4.      Unless otherwise ordered by the Court or pursuant to further written agreement between the Parties, and subject to the provisions contained in paragraph 6 below, Confidential Material shall not be disclosed except to the following persons ("Authorized Recipients"): (a) the Creditors and the Creditors' counsel of record, and (b) Sam Leslie, the trustee appointed in the Chapter 7 Action, and his counsel of record, provided such Authorized Recipients agree in writing to be bound by the terms of this Protective Order by executing a copy of the "ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" attached hereto as Exhibit 1.

5.      Confidential Material shall be used by Authorized Recipients solely in connection with the Chapter 7 Action and may only be filed with the Court in the Chapter 7 Action under seal in accordance with Local Bankruptcy Rule 5003-2(c).[1]  Confidential Material shall not be used for any other purpose and shall not be filed or used in any legal proceeding or court action other than the Chapter 7 Action.

---

[1] This Protective Order shall constitute an order of the Court permitting Confidential Material to filed under seal in the Chapter 7 Action.

**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

EXHIBIT 3

6.      If a Party is subpoenaed or ordered by a court of competent jurisdiction to produce any Confidential Material, or requested to produce Confidential Material by a party in a civil or administrative action, the Party shall: (a) promptly notify CW of the existence of each such subpoena, order, or request and furnish CW with a copy thereof; (b) promptly notify in writing the party who caused the subpoena, order, or request to issue that some or all of the material covered by the subpoena, order, or request is subject to this Protective Order; (c) cooperate with respect to all reasonable procedures sought to be pursued by CW in order to protect any Confidential Material; and (d) unless CW consents in writing to an earlier production, not produce any Confidential Material until CW has had a minimum of ten (10) days following its receipt of the subpoena, order, or request to file a motion or initiate a legal proceeding to quash, modify, set aside, or otherwise obtain protection from the subpoena, order, or request (a "Protective Action").  If CW timely files or initiates a Protective Action, the Party served with the subpoena, order, or request shall not produce any Confidential Material before a determination on the Protective Action, unless the Party has obtained CW's permission.

7.      If a Creditor learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Creditor must immediately (a) notify CW in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER attached hereto as Exhibit 1.

8.      After the final disposition of the Chapter 7 Action, within 60 days of a written request by CW, all persons who have received Confidential Material (a "Receiving Person") must return all Confidential Material to CW or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing

---

**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

**EXHIBIT 3**

any of the Confidential Material. Whether the Confidential Material is returned or destroyed, the Receiving Person must submit a written certification to CW by the 60 day deadline that (1) identifies the Confidential Material that was returned or destroyed and (2) affirms that the Receiving Person has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material.

9.      This Protective Order is intended to regulate the handling by non-judicial persons of Confidential Material during the entirety of this Chapter 7 Action, including any appeal(s), and thereafter, and shall remain in full force and effect until terminated by agreement of the Parties or by Order of the Court. This Protective Order shall become effective upon entry by the Court. The Court shall retain, after the Chapter 7 Action has terminated, jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications, and additions to this Protective Order as the Court may from time to time deem appropriate. Even after final disposition of this matter, the confidentiality obligations imposed by this Order shall remain in effect until CW agrees otherwise in writing or a court order otherwise directs.

10.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED _____

_____

Attorneys for Victor Franco Noval

DATED:_____

_____

Attorneys for Peter Marco, LLC

---

**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

EXHIBIT 3

1  DATED:_____

2  _____

3  Attorneys for First International Diamond, Inc.

4

5  DATED:_____

6  _____

7  Partner, Cohen Williams LLP

8

9  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

10  DATED:_____

11  _____

12  Hon. Barry Russell

13  United States Bankruptcy Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

1

1  Marc S. Williams (Bar No. 198913)
   E-mail: mwilliams@cohen-williams.com
2  Reuven L. Cohen (Bar No. 231915)
   E-mail: rcohen@cohen-williams.com
3  **COHEN WILLIAMS LLP**
   724 South Spring Street, Ninth Floor
4  Los Angeles, CA 90014
   Telephone:  (213) 232-5160
5  Facsimile:   (213) 232-5167
6

7
8                    **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                          **LOS ANGELES DIVISION**

11  In re                                    Case No. 2:20-bk-13530-BR

12  JADELLE JEWELRY AND DIAMONDS,            Chapter 7
    LLC,
13                                           **ACKNOWLEDGEMENT AND**
                                             **AGREEMENT TO BE BOUND BY**
14       Debtor.                             **STIPULATED PROTECTIVE ORDER**

15

16

17       1. I have read the Stipulated Protective Order in the above-captioned chapter 7

18  action.  I understand its terms and agree to be bound by it, and hereby submit to the

19  jurisdiction of the United States Bankruptcy Court for the Central District of California for

20  purposes of enforcement of the Protective Order.

21       2. I declare under penalty of perjury under the laws of the United States that the

22  foregoing is true and correct and that this document was executed at

23  _____(location) on _____ (date).

24  3. Print name and address:

25  _____          _____

26                                                       (signature)

27

28  _____
       **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

1

EXHIBIT 3