Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc.

Ronald Richards (CA Bar No. 176246)
  ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Victor Franco Noval

Baruch C. Cohen (CA Bar No. 159455)
  baruchcohen@baruchcohenesq.com
Law Office of Baruch C. Cohen, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Telephone:  323.937.4501
Facsimile: 888.316.6107

Attorneys for Peter Marco, LLC and First International Diamond, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:20-bk-13530-BR |
| JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
| Debtor. | **REPLY TO OBJECTION TO PETITIONING CREDITORS' MOTION FOR ORDER REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS BY COHEN WILLIAMS LLP PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>DATE:   August 11, 2020<br>TIME:    10:00 a.m.<br>PLACE: Courtroom "1668" |

DAL 2704301v1 7/28/2020 (1:20 PM)

Creditors, Victor Franco Noval ("Noval"), Peter Marco, LLC ("Marco"), and First International Diamond, Inc. ("First International" and together with Noval and Marco, the "Creditors"), hereby submit their "Reply to Objection to Petitioning Creditors' Motion for Order Requiring Examination and Production of Documents By Cohen Williams LLP Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure" (the "Reply"), in response to the "Objection to Petitioning Creditors' Motion for Order Requiring Examination and Production of Documents By Cohen Williams LLP Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure" (the "Objection"), filed by Jona Rechnitz ("Jona") and Rachel Rechnitz ("Rachel" and together with Jona, the "Rechnitz's") in response to the "Notice of Motion and Motion for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald Richards in Support Thereof" (the "Motion"), filed by Creditors, and represent as follows:

# I.

# **BACKGROUND**

Continuing their pattern of obstructionist behavior, the Rechnitz's, who, admittedly, are not debtors and are not the subject of the Rule 2004 examination, are interposing objections on behalf of Cohen Williams. The Rechnitz's motives are simple - to thwart Creditors and, ultimately, the Trustee, from tracing the whereabouts of millions of dollars of absconded cash and precious gems.[1] The Court must refrain from allowing the Rechnitz's to again stymie the legitimate rights of Creditors to seek to uncover the scope of the Debtor's fraud.

It is not bad enough that the Rechnitz's have violated virtually every court order in this case, but now they are interfering with Creditors' statutorily permitted efforts

---

[1] Unless otherwise stated, the use of capitalized terms herein shall have the meaning ascribed to them in the "Notice of Motion and Motion for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald Richards in Support Thereof" (the "Motion").

DAL 2704301v1 7/28/2020 (1:20 PM)        2

to locate fraudulently transferred assets by falsely claiming that Creditors did not strictly comply with this Court's meet and confer rules. Not only is the contention untrue, as evidenced by the declaration of Ronald Richards appended to the Motion, but the Rechnitz's lack the standing to object to the examination of Cohen Williams which failed to oppose the Motion on its own behalf. When Creditors get around to seeking the examinations of the Rechnitz's - a day which surely is coming - the Rechnitz's can raise whatever meritless objections they can concoct in an attempt to hide the truth from the Court. However, this Motion, which only involves Cohen Williams, must be granted.

## II.

## THE RECHNITZ'S HAVE NO STANDING TO OBJECT TO THE LIMITED EXAMINATION OF THEIR LAW FIRM

To begin with, it must be noted that the target of the Rule 2004 examination - Cohen Williams - did not object to the Motion, making this an uncontested motion. The Rechnitz's are nothing more than interlopers, seeking to meddle in the administration of the estate which they know will uncover the breadth of their fraud. As such, they have no standing to interpose objections on Cohen Williams' behalf. In this regard, Local Bankruptcy Rule 2004-1(f) clearly states that, "[t]he *party whose examination is requested* may file a motion for protective order if grounds exist under FRBP 7026 and F.R.Civ.P. 26(c)." (Emphasis added). Thus, under the Local Bankruptcy Rules, only Cohen Williams has the requite standing to object to the Motion or seek to limit the production of documents through a motion requesting a protective order. The Rechnitz's profound lack of standing is further supported by governing law limiting who can move to quash a subpoena which, in essence, is what the Rechnitz's are seeking to accomplish here.

Numerous courts have held that parties who are not subject to a subpoena lack standing to move to quash a subpoena. See Clair v. Schlachter, 2016 U.S. Dist. LEXIS 67562, 2016 WL 2984107, at *5 (E.D. Cal. May 23, 2016) (only party to the subpoena may move to quash under Rule 45(d)(3)(A)). The only potential exception is

1  when the objecting party claims some personal right or privilege with regard to the
2  documents sought.  Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 973 (C.D.
3  Cal. 2010); California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638,
4  643 (E.D. Cal. 2014) ("a party has no standing to quash a subpoena served upon a third
5  party, except as to claims of privilege relating to the documents being sought"); but see In
6  re Rhodes Companies, LLC, 475 B.R. 733, 741 (D. Nev. 2012) (declining to adopt the
7  "personal right or privilege" standing rule for motions to quash and concluding that only
8  the party subject to the subpoena may bring a motion to quash).

9        In those rare instances where courts will entertain motions to quash
10  subpoenas filed by non-deponents on privacy or privilege grounds, the objecting party
11  bears the burden of establishing "a personal right or privilege" in the information being
12  sought.  See Stein v. Tri-City Healthcare Dist., 2014 U.S. Dist. LEXIS 62654, 2014 WL
13  1795903, at *2 (E.D. Cal. May 6, 2014); see also United States v. Tomison, 969 F. Supp.
14  587, 596 (E.D. Cal. 1997) (since standing goes to the jurisdiction of the court, the party
15  attempting to invoke the court's jurisdiction to quash the subpoenas has the burden of
16  demonstrating that it has standing).  In addition, a party does not "have standing to quash
17  a subpoena on the basis that the non-party recipient of the subpoena would be subjected
18  to an undue burden when the non-party has failed to object." Kremen v. Cohen, 2012
19  U.S. Dist. LEXIS 84328, 2012 WL 2277857, at *3 (N.D. Cal. June 18, 2012) (quoting
20  Finley v. Pulcrano, 2008 U.S. Dist. LEXIS 83821, 2008 WL 4500862, at *4 (N.D. Cal. Oct.
21  6, 2008)).

22        Here, the Rechnitz's make no attempt to assert a claim of privilege or
23  privacy relating to the information at issue.  How could they?  Not only will the Rechnitz's
24  never submit a declaration to this Court on any fact-related topic, since they know they
25  would be committing perjury if they did so, but the limited documents being sought do not
26  invade the attorney-client relationship.  Thus, instead of raising any privacy or privilege
27  objection with admissible evidence, the Rechnitz's simply assert, on Cohen Williams'
28  behalf, alleged deficiencies in the Local Bankruptcy Rule's meet and confer conference,

to which neither Jona nor Rachel were a party.

As demonstrated, the Rechnitz's, as non-debtors and non-deponents, lack the standing to raise any substantive objection to the Motion, whether it be an alleged lack of compliance with the Local Bankruptcy Rules or the purported burden and expense being imposed on Cohen Williams.  If Cohen Williams was not so willing to let the Rechnitz's do its bidding, it could have filed its own objection or sought a protective order.  Choosing to let the Rechnitz's be its mouthpiece, Cohen Williams cannot not now object to the Motion.[2]

### III.
### CREDITORS COMPLIED WITH THE MEET AND CONFER REQUIREMENTS OF LOCAL BANKRUPTCY RULE 2004-1(a)

In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing the Motion, Creditors conferred with Cohen Williams several times regarding the nature and scope of the requested document production and examination.  However, as demonstrated by the declaration of Ronald Richards appended to the Motion, and actually reinforced by the declaration of Marc Williams, Cohen Williams refused to consent to the requested Rule 2004 production and examination without Creditors first agreeing to stipulate to the terms of a protective order.  Creditors refused to accede to Cohen Williams' inappropriate demand.

The Rechnitz's, however, contend that the meet and confer was insufficient since Creditors did not discuss each and every document request contained in the Motion.  Setting aside the Rechnitz's inarguable lack of standing, their interpretation of Rule 2004-1(a) is mind boggling.  Nowhere in Rule 2004-1(a) is there a requirement that the parties discuss each and every specifically contemplated request for documents.  The

---

[2] In its "Order Regarding Further Briefing and Setting Hearing On Motion On August 11, 2020 At 10:00 a.m.," entered on July 27, 2020 [Docket No. 123], the Court specifically stated that "[n]o further briefing may be filed in connection with the Motion."

1  Rule explicitly states as follows:

2      Prior to filing a motion for examination or for production of
3      documents under FRBP 2004, the moving party must
4      attempt to confer (in person or telephonically) with the entity
5      to be examined, or its counsel, to arrange for a mutually
6      agreeable date, time, place, and scope of an examination or
7      production.

8      Where in this Rule is there a requirement that a moving party discuss each
9  and every potential request for documents? That is a rhetorical question of course, since
10 there is no such requirement. All a moving party must do is confer regarding the
11 proposed date and scope of the examination. And, in both instances, Creditors complied
12 with the Rule.

13     As Mr. Richards stated in his declaration, he discussed the proposed Rule
14 2004 examination with Marc Williams, who refused Creditors' requested examination
15 unless Creditors first agreed to a protective order, which Creditors would not sign.
16 Therefore, the proposed date of the examination was rendered moot by Cohen Williams'
17 insistence on setting inappropriate pre-conditions which Creditors would not abide by. To
18 imply that Creditors were still obligated to propose a date under these circumstances
19 would make a mockery of the limited obligations imposed on a moving party by Rule
20 2004-1(a).

21     During these meet and confer discussions, again as evidenced by emails
22 attached to Mr. Richards declaration, the scope of the Rule 2004 examination also was
23 discussed at length, and Cohen Williams cannot feign ignorance regarding the limited
24 information which was being sought. Just because the Rechnitz's want to continue to
25 shield their family members from potential lawsuits, since they likely funneled the ill-
26 gotten gains of their fraud through them to numerous third parties, including Cohen
27 Williams, is no reason to deny the Motion. As stated, the scope of the examination was
28 discussed at length during the meet and confer and the Motion does not contain "newly

1 made" requests outside of what was initially discussed.

2 Creditors went above and beyond what is typically required in a Rule 2004-1(a) meet and confer conference and nothing more was required.  The Rechnitz's attempt to re-write Rule 2004-1(a) by grafting on language that requires each and every potential document request to be discussed must be rejected.  In any event, what would a new pre-filing conference, which the Rechnitz's request, accomplish?  Cohen Williams, again advancing the Rechnitz's agenda of hide and seek, would simply reiterate its request that Creditors agree to a protective order, which is something they simply will not do under any circumstances.  Therefore, the Court should resist the improper request that Creditors be put through another insincere meet and confer conference meant to accomplish no other purpose than delay the inevitable and force Creditors to incur further fees and expenses.

**IV.**

**IF COHEN WILLIAMS OPPOSED THE MOTION IT COULD HAVE FILED A MOTION FOR A PROTECTIVE ORDER**

The Rechnitz's contend that it is perfectly reasonable for Cohen Williams to demand a protective order before producing relevant documents meant to expose the breadth of the Debtor's fraud.  Creditors disagree, and there is no rule requiring them to agree to a protective order before the Motion was filed.  If Cohen Williams believed a protective order was warranted, it could have filed a motion as the Local Bankruptcy Rules allow, and Creditors would have filed the necessary response.  Instead, Cohen Williams let the Rechnitz's be the tail wagging the dog.  As such, Creditors will not play the Rechnitz's game and start litigating the issue of whether a protective order is appropriate when no motion was filed by the actual target of the Motion, and it certainly will not litigate this issue when it is being broached by the Rechnitz's.

The further suggestion that Creditors are somehow precluded from exercising their rights under the Code since the Court found them to be ineligible under Section 303 is a new low, even for the Rechnitz's.  Numerous times the Court found that

Creditors hold legitimate claims totaling millions of dollars. Whether they were eligible or not is not an issue precluding Creditors from now exercising their rights under Rule 2004. The Rechnitz's and their cohorts, not Creditors, are the ones continuing to harass innocent parties by constantly interposing baseless objections and filing frivolous appeals and motions.

The fact that the Rechnitz's could even suggest that the Rule 2004 examination will exacerbate the ongoing reputational and financial damage to the Debtor and the Rechnitz's shows how detached they are from reality. Jona is a convicted felon and admitted fraudster. The Debtor, as conceded by its counsel during this case, is a non-operating entity, which this Court now realizes was being used by Jona and his wife to steal millions of dollars of precious gems and cash from innocent parties. So any alleged damage to Jona, Rachel, or the Debtor is a compete fabrication.

Equally spurious is the suggestion that the administration of the Debtor's case should stop before it even gets started because the Debtor and the Rechnitz's have appealed a number of this Court's orders. Noticeably absent from the Objection is the known fact that on July 20, 2020, Creditors filed a motion to dismiss the Debtor's and the Rechnitz's appeals which is set for hearing on August 17, 2020.[3] Also missing from the Motion is the known fact that the Debtor's request for a stay pending appeal was denied by this Court and, although it was refiled with the District Court, it has not even been set for hearing. And although the Rechnitz's themselves are seeking a stay pending their separate appeals, their motions are procedurally defective since not only did they lack the necessary standing to appeal this Court's orders, but neither of them first sought a stay from this Court as required.

---

[3] On July 27, 2020, the Trustee filed his own motion to dismiss the Debtor's appeal for lack of authority and to dismiss the Rechnitz's appeals for lack of standing. The Trustee's motion is scheduled for hearing on August 24, 2020.

To forestall Creditors, and the Trustee, from investigating the disappearance of millions of dollars of gems and cash under these facts would be extremely prejudicial and would indeed be catastrophic for other victims. Each day that passes allows the Rechnitz's and their co-conspirators to destroy crucial evidence and place assets further out of the reach of the Trustee. No prejudice or harm will befall Cohen Williams if it is required to produce the limited documents being sought by Creditors, and the Court must put an end to the nonsensical parade of groundless motions and objections filed by the Rechnitz's whose sole goal is to continue to shield assets and evidence from Creditors and this Court.

## V.

## **CONCLUSION**

The scope of a Rule 2004 examination is "unfettered and broad" and is akin to a "fishing expedition." In re GHR Energy Corp., 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). When a party seeks to conduct a Rule 2004 examination, and the party to be examined objects, the former must show that it has "good cause" to conduct the examination. In re Wilcher, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). Setting aside the fact that Cohen Williams, the proposed deponent, did not object, there is good cause for the production and examination. Creditors will continue to pursue the location of the plundered cash and gems from the Debtor, and the examination of Cohen Williams will aid Creditors as they begin to trace the funds used to pay the Rechnitz's team of well-paid lawyers. Since there is no evidence showing that the examination would be oppressive or burdensome, and since the Rechnitz's lack the standing to oppose the

*[Remainder of page intentionally left blank]*

Motion on Cohen Williams' behalf, the Objection must be overruled and the Motion granted.

| | |
|---|---|
| DATED: July 28, 2020 | **Sulmeyer**Kupetz<br>A Professional Corporation |
| | By: /s/ *Daniel A. Lev*<br>Daniel A. Lev<br>Attorneys for Victor Franco Noval, Peter Marco, LLC, and First International Diamond, Inc. |
| DATED: July 28, 2020 | Law Offices of Ronald Richards & Associates, APC |
| | By: /s/ *Ronald Richards*<br>Ronald Richards<br>Attorneys for Victor Franco Noval |
| DATED: July 28, 2020 | Law Office of Baruch C. Cohen, APLC |
| | By: /s/ *Baruch C. Cohen*<br>Baruch C. Cohen<br>Attorneys for Peter Marco, LLC and First International Diamond, Inc. |

DAL 2704301v1 7/28/2020 (1:20 PM)    10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): REPLY TO OBJECTION TO PETITIONING CREDITORS' MOTION FOR ORDER REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS BY COHEN WILLIAMS LLP PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 28, 2020 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 28, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Marc Williams, Esq.
Cohen Williams LLP
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 28, 2020 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2704248v1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Baruch C Cohen     bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Carolyn A Dye     trustee@cadye.com
Sam S Leslie (TR)     sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com
Daniel A Lev     dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
Robert S Marticello     Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
Ronald N Richards     ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
Neal Salisian     ECF@salisianlee.com
Michael Simon     msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
Derrick Talerico     dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
David B Zolkin     dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

CC 2704248v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**