DAVID SEROR – Bar No. 67488
JESSICA L. BAGDANOV – Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:     dseror@bg.law
           jbagdanov@bg.law

Special Litigation Counsel for
Sam S. Leslie, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-13530-BR |
| JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
| Debtor. | **TRUSTEE'S RESPONSE TO GOVERNMENT'S MOTION FOR A LIMITED STAY OF DISCOVERY** |
| | **Hearing**: |
| | Date: September 22, 2020<br>Time: 2:00 p.m.<br>Place: Courtroom 1668 [Hearing Held via ZoomGov Only] |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES OF AMERICA AND ITS COUNSEL OF RECORD, AND OTHER PARTIES IN INTEREST:**

Sam S. Leslie, the duly appointed and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate of Jadelle Jewelry and Diamonds, LLC (the "Debtor"), hereby files this response to the *Notice of Motion and Motion for a Limited Stay of Discovery* [Doc. #152] (the "Motion"), filed on behalf of the United States of America (the "Government").

1

2380857

**TRUSTEE'S RESPONSE**

The Trustee is sensitive and sympathetic to the Government's stated position in the Motion, namely that a complete stay or limited stay of discovery is needed in this bankruptcy case to protect confidential information pertaining to the Government's ongoing criminal and civil investigations. However, the Trustee opposes the Government's request for a complete stay of this bankruptcy case, on the grounds that such drastic relief would severely hamper the Trustee's ability to fulfill his own fiduciary duties to creditors of this estate, especially considering the various statutes of limitations on the Trustee's avoidance powers and Debtor claims under nonbankruptcy law provided by the Bankruptcy Code. The Trustee submits that in order to balance the competing interests of the Government and the Debtor's creditors, as well as the policies underpinning the Bankruptcy Code, the Court should deny the Government's request for a complete stay of this case.

The Trustee does not oppose a partial stay of discovery, however needs clarification on the scope and logistics of such a stay. The Trustee has reviewed the proposed order lodged by the Government concurrently with the filing its Motion, and does not believe the proposed order provides sufficient detail or clarity on the scope of such a discovery stay. Specifically, the proposed order seeks a stay of all discovery, both testimonial and documentary, of the following categories: (1) any agreements or transfers of funds between Victor Franco Noval ("Noval") and the Debtor, (2) any jewelry held on consignment or as collateral by the Debtor, (3) the Government's criminal investigation, and (4) the civil litigation pending before the District Court. The third and fourth categories are particularly troubling, given that any information obtained by the Trustee related to this Debtor could potentially be relevant in the Government's criminal investigation or pending civil litigation. Furthermore, the proposed order does not provide guidance or instruction on how the Trustee should proceed if he inadvertently obtains documents or information arguably within the scope of one of the stayed categories.

Furthermore, while the Government's proposed order seeks a stay of discovery related to Noval and jewelry held on consignment or as collateral by the Debtor, it is unclear whether the stay sought by the Government would extend into the future indefinitely and cover possible Debtor-related entities engaged in a similar business as the Debtor. For example, the Trustee recently

2380857

became aware of an entity, Jadelle, Inc., a California corporation, formed September 16, 2019 and which is listed as active on the Secretary of State website.  This entity lists Rachel Reichnitz as the Chief Executive Officer, Secretary, and Chief Financial Officer and appears related to the Debtor's business.  Is the Trustee permitted to seek documents and information regarding this entity?  If this entity engages in the jewelry business, is the Trustee permitted to inquire into those issues?  Similarly, the Trustee is aware that the Debtor (or rather a Debtor-related entity) is currently engaged in marketing efforts through its Instagram account @jadellebh under the business name "Jadelle Jewelry of Beverly Hills (Not to be confused with Jadelle Jewelry and Diamonds, LLC)".  This account posted advertising-related content as recently as the Labor Day weekend, despite the fact that the "Debtor" has technically ceased operations.  Is the Trustee authorized under the Government's proposed order to investigate and potentially take control of these marketing efforts that appear to relate to the Debtor's business?

In order to administer this estate efficiently, the Trustee respectfully requests authority to continue his investigation into the business affairs of the Debtor, and requests that the proposed order contain more specificity to detail the areas of inquiry that the Government seeks to be "off limits" pending further order of Court with significantly more specificity than exists in the current form of proposed order.  Additionally, the Trustee proposes that the order be revised to include these procedures in order to allow him to continue his investigation as much as possible under the circumstances of this case:

- 341(a) Meeting of Creditors.  Although the Trustee is required to conduct the 341(a) meeting of creditors as part of his duties, in light of the Government's concern regarding testimonial evidence, the Trustee proposes to suspend the 341(a) meeting pending further order of Court.  In turn, the Trustee requests that he still be permitted to gather documents (which are not protected by the Fifth Amendment privilege against self-incrimination) via subpoenas duces tecum served pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. The Trustee will not seek documents or information regarding the Debtor's relationship with Noval or jewelry held on consignment or as collateral by the Debtor (with those areas more clearly defined as discussed above), but requests authority to seek documents relating to other areas of inquiry, such as transfers

out of the Debtor's bank accounts to third parties (other than Noval) as well as Debtor-related businesses.

- Protective Order.  If the Trustee inadvertently obtains information that obviously or possibly falls within one of the "stayed" categories, the Trustee would be amenable to keeping that information confidential, and turn it over to the Government (but no other party) pending further order of Court.

The Trustee respectfully submits that the proposed discovery stay should be tailored as narrowly as possible to balance the interests of the Government properly against the Trustee's fiduciary duties to expeditiously administer this estate for the benefit of creditors, and believes the foregoing procedures are appropriate to achieve that goal.

Dated:  September 8, 2020　　　　　　　Respectfully submitted,

BRUTZKUS GUBNER

By: /s/ Jessica L. Bagdanov
　　DAVID SEROR
　　JESSICA L. BAGDANOV
　　Special Litigation Counsel for Sam S. Leslie,
　　Chapter 7 Trustee

2380857

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: TRUSTEE'S RESPONSE TO GOVERNMENT'S MOTION FOR A LIMITED STAY OF DISCOVERY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **September 8, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Carolyn A Dye**    trustee@cadye.com
- **Sam S Leslie (TR)**    sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **Neal Salisian**    ECF@salisianlee.com
- **Michael Simon**    msimon@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- **Derrick Talerico**    dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **David B Zolkin**    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **September 8, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Nicola T. Hanna, United States Attorney
Brandon D. Fox, Assistant United States Attorney
Steven R. Welk, Assistant United States Attorney
Dan G. Boyle, Assistant United States Attorney
The United States Attorney's Office
Asset Forfeiture Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 8, 2020 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**