1  DAVID SEROR – Bar No. 67488
   JESSICA L. BAGDANOV – Bar No. 281020
2  JESSICA S. WELLINGTON – Bar No. 324477
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Email:       dseror@bg.law
                jbagdanov@bg.law
6                jwellington@bg.law

7  Special Litigation Counsel for
   Sam S. Leslie, Chapter 7 Trustee
8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                   **LOS ANGELES DIVISION**

12  In re                                    Case No. 2:20-bk-13530-BR

13  JADELLE JEWELRY AND DIAMONDS, LLC,       Chapter 7

14                        Debtor.            **NOTICE OF MOTION AND MOTION
                                             FOR ORAL EXAMINATION AND
15                                           PRODUCTION OF DOCUMENTS AND
                                             THINGS PURSUANT TO RULE 2004 OF
16                                           THE FEDERAL RULES OF
                                             BANKRUPTCY PROCEDURE BY
17                                           SIGNATURE BANK; MEMORANDUM OF
                                             POINTS AND AUTHORITIES AND
18                                           DECLARATIONS OF SAM S. LESLIE
                                             AND JESSICA S. WELLINGTON IN
19                                           SUPPORT THEREOF**

20                                           Proposed Document Production Date:

21                                           Date:   October 30, 2020
                                             Time:   12:00 p.m. (PDT)
22                                           Place:  Brutzkus Gubner
                                                     21650 Oxnard Street, Suite 500
23                                                   Woodland Hills, California 91367

24                                           Proposed Oral Examination Date:
                                             Date:   TBD in accordance with FRCP 45
25                                           Time:   TBD in accordance with FRCP 45
                                             Place:  TBD in accordance with FRCP 45
26

27                                           [No Hearing Required Pursuant to Local
                                             Bankruptcy Rules 2004-1; 9013-1(o)]
28

2401640

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

**AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure ("Rule 2004"), Sam S. Leslie, the duly appointed and acting chapter 7 trustee (the

"Trustee") of the bankruptcy estate (the "Estate") for the above-captioned debtor, Jadelle Jewelry

and Diamonds, LLC (the "Debtor"), will and hereby does move ("Motion") this Court for an Order

requiring Signature Bank to produce documents and things described in **Exhibit 1** attached hereto

and incorporated herein by this reference, and commanding Signature Bank to appear for an oral

examination, if necessary, at a date, time and place to be later determined in accordance with Fed. R.

Civ. P. 45.

Cause exists for granting this Motion.  As set forth in detail below, Signature Bank has failed

to comply with the Trustee's informal demands for documents and information, which are necessary

for the Trustee to fulfill his duties of investigating the financial and business affairs of the Debtor.

Counsel for Signature Bank and Trustee's special litigation counsel have engaged in correspondence

trying to obtain compliance from Signature Bank without having to bring this Motion, but counsel

for Signature Bank advised that a subpoena would need to be issued for the bank to produce

documents. Thus, this Motion is necessary to compel Signature Bank's compliance with furnishing

the information the Trustee seeks.

**PLEASE TAKE FURTHER NOTICE** that the examination cannot proceed under Rule

7030 or 9014 of the Federal Rules of Bankruptcy Procedure because no related adversary proceeding

or contested matter is pending at this time under which the proposed examination and document

production could be taken.

**PLEASE TAKE FURTHER NOTICE** that as set forth in the attached declaration of

Jessica S. Wellington, the Trustee has attempted to "meet and confer" with Signature Bank regarding

the requested Rule 2004 examination areas, the production of documents, and a mutually agreeable

date, time, place, and scope in accordance with Local Bankruptcy Rule 2004-1(a).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rules 2004-1,

the Court may approve this Motion without a hearing unless the person(s) sought to be examined

2401640

1  files with the Court and properly serves a separate motion for a protective order by not less than

2  fourteen (14) calendar days before the date of the proposed examination and schedules a hearing on

3  the motion for protective order not less than two (2) court days before the proposed examinations.

4      **PLEASE TAKE FURTHER NOTICE** that this Motion is made pursuant to Rule 2004, and

5  is based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of

6  Sam S. Leslie and Jessica S. Wellington, all papers and records in the above-referenced bankruptcy

7  case, all other matters of which this Court may take judicial notice, and such further evidence that

8  may be presented in support hereof.

9      **WHEREFORE**, the Trustee respectfully requests that the Court enter an order granting this

10  Motion, directing Signature Bank to (1) produce the documents and things identified in **Exhibit 1**

11  attached hereto at the offices of Brutzkus Gubner, 21650 Oxnard Street, Suite 500, Woodland Hills,

12  California 91367, no later than **October 30, 2020 at 12:00 p.m.** and (2) to appear for oral

13  examination, if necessary, at a date, time and place to be later determined in accordance with Fed. R.

14  Civ. P. 45, and grant to the Trustee such other and further relief as the Court deems just and proper

15  under the circumstances.

16

17

18  DATED:  October 7, 2020                    BRUTZKUS GUBNER

19

20                                     By: /s/ Jessica S. Wellington
21                                         David Seror
                                           Jessica L. Bagdanov
22                                         Jessica S. Wellington
                                           Special Litigation Counsel for
23                                         Sam S. Leslie, Chapter 7 Trustee

24

25

26

27

28

3

2401640

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

On April 6, 2020 ("Petition Date"), a Chapter 7 Involuntary Petition was filed against the Debtor by three trade creditors, First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval (collectively referred to herein as "Petitioning Creditors") under Chapter 7 of the Bankruptcy Code ("Case"). The *Order for Relief* was entered June 16, 2020 [Doc. 55].

By *Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment of Interim Trustee* filed June 18, 2020 [Doc. 56], Sam S. Leslie was duly appointed Chapter 7 Trustee, in which capacity he continues to serve.

The Petitioning Creditors have asserted that the Debtor, through its principals, Rachel Rechnitz and her husband Jona Rechnitz, have committed fraud by procuring jewelry and diamonds allegedly on consignment and selling those goods without paying the consignors and/or pledging them as collateral for loans without the consent of the consignors and/or obtaining loans using the property of others as collateral.

In the ongoing investigation into the Debtor's financial affairs, the Trustee obtained documents concerning a certain bank account held by the Debtor at Wells Fargo Bank, N.A. (the "Wells Fargo Account"). After reviewing the documents obtained from Wells Fargo, the Trustee discovered that, between 2018 to the present date, the Debtor sent wire transfers in the aggregate amount of $2,329,500 to accounts held at Signature Bank in the names of Jona Rechnitz and JSR Capital, LLC.

With this Motion, the Trustee seeks authority to subpoena Signature Bank for documents and communications related to its accounts for Jona Rechnitz, Rachael Rechnitz and JSR Capital, LLC (the "Account Holders"). The Trustee believes these documents are vital in the Trustee's ongoing investigation into the Debtor's financial affairs and necessary to conduct an accounting of the Debtor's funds and wire transfers received by the Account Holders. Indeed, a better understanding of the Debtor's transactions with the Account Holders is necessary for the Trustee to determine, among other things, the present whereabouts of any funds transferred from the Debtor to the Account Holders, and possible claims the Estate may have against the Account Holders and other parties.

2401640

1    On September 16, 2020, the Trustee sent a letter to Signature Bank as a request to meet and

2    confer regarding the date and scope for a production of documents. On September 29, 2020, general

3    counsel for Signature Bank informed special litigation counsel for the Trustee that a subpoena would

4    need to be issued for the bank to produce documents. To that end, the Trustee brings this motion

5    seeking authority under Bankruptcy Rule 2004 to subpoena Signature Bank for documents and

6    information related to, among other things, the accounts for each one of the Account Holders.

7    **II.    THE RULE 2004 EXAMINATION IS NECESSARY AND APPROPRIATE**

8    Rule 2004(a) authorizes the Court to order the examination of any entity upon motion by a

9    party in interest.  Rule 2004(b) states in pertinent part:

10
> The examination of any entity under this rule . . . may relate only
11   > to the acts, conduct, or property or to the liabilities and financial
> condition of the debtors, or to any matter which may affect the
12   > administration of the debtor's estate . . . .

13   Fed. R. Bankr. P. 2004(b). The scope of examination under Rule 2004 extends to "any matter which

14   may affect administration of the debtor's estate." As Collier's states, quoting *In re Table Talk*, 51

15   B.R. 143, 145 (Bankr. D. Mass. 1985):

16
> The scope of Rule 2004 is 'unfettered and broad' and the rule itself
17   > is 'peculiar to bankruptcy law and procedure because it affords few
> of the procedural safeguards that an examination under Rule 26 of
> the Federal Rules of Civil Procedure does.'  Examinations under
18   > Rule 2004 . . . have been compared to a 'fishing expedition.'

19   8 *Collier on Bankruptcy*, ¶ 2004.04[1], pp. 2004-9, 2004-10 (L. King ed., 15th ed. 1994).

20   Measured against this broad standard, this request for the examinations is proper and

21   appropriate. The Trustee seeks to compel Signature Bank to produce documents as provided in

22   **Exhibit 1** annexed hereto, and if necessary, attend an oral examination to provide explanations or

23   answer any questions regarding the documents produced and the information therein. This

24   information will assist the Trustee and his professionals in their investigation of, among other things,

25   the present whereabouts of any funds transferred from the Debtor to the Account Holders, and

26   possible claims the Estate may have against the Account Holders and other parties.

27   **III.    MEET AND CONFER EFFORTS**

28   Pursuant to Local Bankruptcy Rule 2004-1(a) and (b), special litigation counsel for the

2401640

1  Trustee hereby certifies that a good faith effort was made to meet and confer with Signature Bank to

2  arrange for an agreeable date, time, place, and scope of examinations and productions pursuant to

3  Rule 2004.

4  Specifically, on September 16, 2020, Trustee's special litigation counsel sent a letter to

5  Signature Bank pursuant to Rule 2004. A true and correct copy of this letter is attached hereto as

6  **Exhibit 2.** In response, on September 29, 2020, general counsel for Signature Bank informed the

7  Trustee's special litigation counsel that the bank would need to be served with a subpoena in order

8  for it to produce the requested documents. Based on the foregoing, the Trustee respectfully submits

9  that a good faith and reasonable meet and confer effort was made, and that Court approval of the

10  Rule 2004 exam is appropriate.

11  The examination sought cannot proceed under Federal Rules of Bankruptcy Procedure 7030

12  or 9014 because the Trustee is not a party to an adversary proceeding or contested matter that is

13  currently pending in this Court under which the proposed document production can properly be

14  made, and thus a Rule 2004 exam is the only means for the Trustee to obtain the production of

15  documents from Signature Bank. Accordingly, the Trustee respectfully submits that all procedural

16  requirements have been satisfied, and thus this Motion should be granted.

17  **IV.    DATE AND TIME PROPOSED FOR RULE 2004 EXAMINATION AND ADDRESS**

18  **FOR SIGNATURE BANK, EXAMINEE**

19  The Trustee proposes that Signature Bank be ordered to produce the documents set forth on

20  Exhibit 1 at the offices of Brutzkus Gubner, 21650 Oxnard Street, Suite 500, Woodland Hills,

21  California 91367, no later than **October 30, 2020 at 12:00 p.m.** and (2) to appear for oral

22  examination, if necessary, at a date, time and place to be later determined in accordance with Fed. R.

23  Civ. P. 45.

24  Pursuant to Local Bankruptcy Rule 2004-1(b), the name, place of residence, and the place of

25  employment of the entity are as follows: Signature Bank, Attn: Joseph J. DePaolo, President and

26  CEO, 565 Fifth Avenue, New York, NY 10017.

27  **V.    CONCLUSION**

28  Based on the foregoing, the Trustee respectfully requests that the Court enter an order

2401640

1  granting this Motion, directing Signature Bank to (1) produce the documents and things identified in

2  **Exhibit 1** attached hereto at the offices of Brutzkus Gubner, 21650 Oxnard Street, Suite 500,

3  Woodland Hills, California 91367, no later than __**October 30, 2020 at 12:00 p.m.**__ and (2) to appear

4  for oral examination, if necessary, at a date, time and place to be later determined in accordance with

5  Fed. R. Civ. P. 45, and grant to the Trustee such other and further relief as the Court deems just and

6  proper under the circumstances.

7

8  DATED:  October 7, 2020                    BRUTZKUS GUBNER

9

10

11                                           By: /s/ Jessica S. Wellington
                                                 David Seror
12                                               Jessica L. Bagdanov
                                                 Jessica S. Wellington
13                                           Special Litigation Counsel for
                                             Sam S. Leslie, Chapter 7 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2401640

# DECLARATION OF SAM S. LESLIE

I, Sam S. Leslie, declare as follows:

1.     I am the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jadelle Jewelry and Diamonds, LLC (the "Debtor"). Unless otherwise noted, I know the following facts of my own personal knowledge and if called as a witness to these proceedings I could and would testify competently thereto.

2.     I make this declaration in support of the foregoing *Notice of Motion and Motion for Oral Examination and Production of Documents and Things Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure by Signature Bank* (the "Motion"). All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

3.     The Petitioning Creditors have asserted that the Debtor, through its principals, Rachel Rechnitz and her husband Jona Rechnitz, have committed fraud by procuring jewelry and diamonds allegedly on consignment and selling those goods without paying the consignors and/or pledging them as collateral for loans without the consent of the consignors and/or obtaining loans using the property of others as collateral.

4.     During my investigation into the Debtor's financial affairs, I obtained documents concerning a certain bank account held by the Debtor at Wells Fargo Bank, N.A.

5.     Based on my review and discussions on certain documents obtained from Wells Fargo, between 2018 to the present date, I am informed and believe that the Debtor sent wire transfers in the aggregate amount of $2,329,500 to accounts held at Signature Bank in the names of Jona Rechnitz and JSR Capital, LLC.

6.     I am informed and believe that the documents and information related to the Debtor's transactions with the Account Holders will assist my professionals and me in the investigation of, among other things, the present whereabouts of any funds transferred from the Debtor to the Account Holders, and possible claims the Estate may have against the Account Holders and other parties.

/ / /

2401640

1       I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct. Executed this ___ day of October, 2020, at Los Angeles, California

 

Sam S. Leslie, Chapter 7 Trustee

2401640

## DECLARATION OF JESSICA S. WELLINGTON

I, Jessica S. Wellington, declare as follows:

1.      I am an attorney duly licensed to practice before all courts of the State of California and this Court. I am an associate attorney at the law firm Brutzkus Gubner, special litigation counsel to the Trustee. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify thereto under oath.

2.      I make this declaration in support of the foregoing *Notice of Motion and Motion for Oral Examination and Production of Documents and Things Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure by Signature Bank* (the "Motion"). All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

3.      On or about September 16, 2020, I caused a letter to be sent to Signature Bank seeking to meet and confer regarding a Rule 2004 examination as required by the Local Bankruptcy Rules. A true and correct copy of the meet and confer letter sent on September 16, 2020 is attached hereto as **Exhibit 2**. Thereafter, on September 29, 2020, I spoke with general counsel for Signature Bank wherein he advised that the bank would require a subpoena in order to release the information to the Trustee.

4.      The examination sought cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because the Trustee is not a party to an adversary proceeding or contested matter that is currently pending in this Court under which the proposed document production can properly be made, and thus a Rule 2004 exam is the only means for the Trustee to obtain the production of documents from Wells Fargo.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 7th day of October, 2020, at Woodland Hills, California.

_____
Jessica S. Wellington

2401640

# EXHIBIT 1

## I.

## INSTRUCTION AND PRELIMINARY STATEMENT

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.      In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.      In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.      In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.      In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained.  If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.      In producing documents, documents attached to each other must not be separated.

F.      In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the

1  original or copies of it, the name of each person who has seen the original or any copies of it, the

2  name of each person with whom it was discussed, and a general description of the nature and

3  contents of the documents.  Finally, you should identify and produce for inspection and copying all

4  documents which fit the description set forth below as to which you do not assert any such privilege,

5  objection or contention.

6       G.    In producing documents, you are to consider this request a continuing request, and

7  you are obligated to supplement your response by identifying and producing responsive documents

8  that come to your attention, or into your possession, custody or control, subsequent to you response

9  and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

10  **II.**

11  **DEFINITIONS**

12       A.    YOU refers to Signature Bank and any agent, partner, employee, member, officer, or

13  director, or any other entity or individual acting on behalf of Signature Bank.

14       B.    The term "JONA" refers to Jona Rechnitz, and any agent, partner, employee, or any

15  other entity or individual acting on behalf of JONA.

16       C.    The term "RACHAEL" refers to Rachael Rechnitz, and any agent, partner, employee,

17  or any other entity or individual acting on behalf of RACHAEL.

18       D.    The term "JSR" refers to JSR Capital, LLC, all of its wholly-owned subsidiaries, and

19  any agent, partner, employee, member, officer, or director, or any other entity or individual acting on

20  behalf of JSR.

21       E.    The term "COMMUNICATION" shall mean correspondence, telephone

22  conversations, person-to-person conversations, memoranda, e-mails (including text messages,

23  correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video

24  recordings and all other forms of communicating language or thought.

25       F.    The term "DOCUMENTS" shall mean and refer to the definition of "writing" set

26  forth in Federal Rule of Evidence 1001, and includes the original and any non-identical duplicates,

27  and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or

28  transmitted, of handwriting, typewriting, printing, photostating, photographing, electronic mail (e-

mail) and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters and other communications.

G.    The terms "PERSON" or "PERSONS" shall mean any natural person, governmental entity, agency, commission, authority, or representative thereof, firm, corporation, partnership, association, joint venture or other form of legal entity, and shall be deemed to mean in the plural as well as the singular.

H.    The terms "ALL" and "ANY" means "all, each, and every."

I.    The phrase "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing or course of dealing.

### III.

### DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of JONA, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit or checking accounts in the name of JONA, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting loans or lines of credit made to JONA, including but not limited to, loan applications, loan ledger sheets, documents reflecting the means by which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.), documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank, notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports, financial statements, notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s, back-up withholding documents, and loan amortization statements.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of JONA that occurred during the period between January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the present that RELATE TO JONA.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of RACHAEL, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit or checking accounts in the name of RACHAEL, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting loans or lines of credit made to RACHAEL, including but not limited to, loan applications, loan ledger sheets, documents reflecting the means by which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.), documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank, notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports, financial statements, notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s, back-up withholding documents, and loan amortization statements.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of RACHAEL that occurred during the period between January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the present that RELATE TO RACHAEL.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of JSR, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, corporate board authorization minutes or partnership resolutions, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit or checking accounts in the name of JSR, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, corporate board authorization minutes or

2405371

1  partnership resolutions, bank statements, incoming and outgoing checks, cashier's checks and wire

2  transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s,

3  Form 1089s, and back-up withholding documents.

4  **REQUEST FOR PRODUCTION NO. 13:**

5  ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting

6  loans or lines of credit made to JSR, including but not limited to, loan applications, corporate board

7  authorization minutes, partnership resolutions, loan ledger sheets, documents reflecting the means by

8  which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.),

9  documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out

10  tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank,

11  notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports,

12  financial statements, notes or other instruments reflecting the obligation to pay, real estate

13  mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s,

14  back-up withholding documents, and loan amortization statements.

15  **REQUEST FOR PRODUCTION NO. 14:**

16  ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of

17  JSR that occurred during the period between January 1, 2015 to the present.

18  **REQUEST FOR PRODUCTION NO. 15:**

19  ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the

20  present that RELATE TO JSR.

21

22

23

24

25

26

27

28

2405371



21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911
(818) 827-9000 Main
(818) 827-9099 Fax
www.bg.law

Jessica S. Wellington
(818) 827-9142 Direct
(818) 827-9062 Direct Fax
jwellington@bg.law

September 16, 2020

**<u>VIA CERTIFIED MAIL: RETURN RECEIPT REQUESTED</u>**

Signature Bank
Attn: Joseph J. DePaolo, President and CEO
565 Fifth Avenue
New York, NY 10017

Signature Bank
Attn: Agent for Service of Process
565 Fifth Avenue
New York, NY 10017

      **Re:**      **Jadelle Jewelry and Diamonds, LLC**
                  **Our File No. 3641.005**

Dear Sir or Madam:

      Our firm represents Sam Leslie, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of debtor Jadelle Jewelry and Diamonds, LLC ("Debtor"), pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 2:20-bk-13530-BR.  Copies of the Order for Relief and the Appointment of Trustee are enclosed herewith for your reference.

      The Trustee seeks, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Signature Bank's production of any and all banking and financial records regarding all accounts held in the names of the following individuals or entities that are in the possession, custody or control of Signature Bank: Jona Rechnitz, Rachael Rechnitz, and JSR Capital LLC (collectively, "Account Holders").  The Trustee is informed that these documents and information will aid the Trustee in locating and recovering property of the bankruptcy estate.  This request includes, but is not limited to, all account opening and closing documents, account statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, and all other documents[1] for the period of time beginning in January 2015 through and including the present date.

---

[1] The term "Document" shall mean all writings, including originals, drafts, and duplicates (including, without limitation, duplicates containing notations, insertions, corrections, marginal notes, or any other variations) as those terms are defined in Fed. R. Evid. 1001(1) and shall include, without limitation, all

EXHIBIT 2

**BRUTZKUS GUBNER**
YOUR COUNSEL MATTERS®

September 16, 2020
Page 2

   Local Bankruptcy Rule 2004-1 requires that the Trustee attempt to confer with Signature Bank either in person or telephonically to obtain a mutually agreeable date, time and scope of production of documents regarding the Rule 2004 examination.  In accordance with Rule 2004-1(a) of the Local Bankruptcy Rules, we must meet and confer with you regarding a mutually agreeable date, time, place and scope of the production of documents.

   On the Trustee's behalf, notice is given that Signature Bank is required to preserve any and all books, records and documents (in both electronic and paper forms) in its possession, custody and control. Please advise all of Signature Bank's employees, accountants, attorneys, agents and anyone else acting on Signature Bank's behalf or having access to or possession of any of Account Holder-related books and records that they are required to preserve all of Signature Bank's books and records (in both paper and electronic forms) in their possession, custody or control. Any destruction of the aforementioned books, records and documents will be regarded as both spoliation of evidence and interference with administration of the Debtor's estate.

   The Trustee requests that you contact me by telephone as soon as possible to discuss the foregoing.  Unless we hear back from you by **12:00 p.m. on Thursday, September 24, 2020**, to meet and confer, the Trustee will proceed to file a motion for a Court order directing you to produce the requested documents and things.

   Thank you for your prompt attention to this matter.  If you have questions please contact me via the information above.

      Sincerely,

      JESSICA S. WELLINGTON

JSW:jsw

---

communications, including any letter, correspondence, note book, pamphlet, article, bulletin, directive, review publication, memorandum, diary, log, test, analysis, study, production, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disk, computer card, e-mail, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, and all other writing or communications, including all identical copies, drafts, and preliminary sketches no matter how produced or maintained in your actual possession, custody or control or of which you have knowledge of the existence, and whether prepared, published, or released by you or any other person or entity.  Without limitation on the foregoing, the term "Document" shall include any copy that differs in any respect from the original or other version of the document.



September 16, 2020
Page 3

Enclosure
cc:    Sam Leslie, Chapter 7 Trustee
       David Seror, Esq. (i/o)

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Blvd., Suite 1850
3  Los Angeles, California 90017-3560
   (213) 894-6811
4
                    **UNITED STATES BANKRUPTCY COURT**
5
                     **CENTRAL DISTRICT OF CALIFORNIA**
6
                         **LOS ANGELES DIVISION**
7
   In re:                          )   Chapter 7 (Involuntary)
8                                   )
   JADELLE JEWELRY AND DIAMONDS,    )   Case No.: 2:20-bk-13530-BR
9  LLC.                             )
                                    )   NOTICE OF APPOINTMENT OF
10            Alleged Debtor.       )   TRUSTEE AND FIXING OF BOND:
                                    )   ACCEPTANCE OF APPOINTMENT AS
11 _____ )   INTERIM TRUSTEE
12
                  Pursuant to 11 U.S.C. 701 and 11 U.S.C. 322
13
14              SAM LESLIE, of  LOS ANGELES, CA
15
16         is appointed Interim Trustee of the case of said debtor(s) and is hereby designated to preside
17 at the meeting of creditors.  This case is covered by the chapter 7 blanket bond on file with the
   Court on behalf of the Trustees listed on Schedule A of the bond and any amendments or
18 modifications thereto.
19 DATED: June 17, 2020
20
21                                          **PETER C. ANDERSON**
22                                           UNITED STATES TRUSTEE
23 I, the undersigned, affirm that to the best of my knowledge and belief, I am disinterested within the
   meaning of 11 U.S.C. 101(14), and on this basis, I hereby accept my appointment as Interim
24 Trustee in the above case.  I will immediately notify the United States Trustee if I become aware of
   any facts to the contrary.
25
26    DATED: June 18, 2020                   _____
                                             Sam Leslie
27                                           Interim Trustee
28

                                        1

Form ofri~(orlf7,orlf11,iors) VAN~93
Rev. 12/2015

# United States Bankruptcy Court
## Central District of California

### 255 East Temple Street, Los Angeles, CA 90012

### <u>ORDER FOR RELIEF AND ORDER TO FILE SCHEDULES, STATEMENTS AND LIST(S)</u>

**DEBTOR(S) INFORMATION:**

 Jadelle Jewelry And Diamonds LLC a Delaware
limited liability company
dba Jadelle Inc
**SSN:** N/A
**EIN:** 00~0000000

9454 Wilshire Blvd
Penthouse 01
Beverly Hills, CA 90212

**BANKRUPTCY NO.**  2:20-bk-13530-BR
**CHAPTER**  7

Order/Notice to the parties in interest:

An involuntary Chapter 7 petition having been filed against the above~named debtor on April 6, 2020

☐   Debtor consented to the entry of an order of relief.

☐   No pleading or other defense to the petition having been filed within 21 days after service of the summons (or within any longer period of time precibed by the Court), an Order for Relief is hereby issued against the debtor.

Debtor is ordered to file within **seven** days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E/F, G, and H as prescribed by the Official Forms (Federal Rule of Bankruptcy Procedure 1007 (a)(2)).

Debtor is also ordered to file schedules, statement and Statement About Your Social Security Numbers (Official Form B121) referred to in Federal Rule of Bankruptcy Procedure 1007(a),(c) and (f) within 14 days after entry of this Order For Relief.

For The Court,

Dated: June 16, 2020

**Kathleen J. Campbell**
Clerk of Court

Form ofri–(orlf7,orlf11,iors) VAN–93
Rev. 12/2015

# United States Bankruptcy Court
## Central District of California

### 255 East Temple Street, Los Angeles, CA 90012

### ORDER FOR RELIEF AND ORDER TO FILE SCHEDULES, STATEMENTS AND LIST(S)

**DEBTOR(S) INFORMATION:**

 Jadelle Jewelry And Diamonds LLC a Delaware
limited liability company
dba Jadelle Inc
**SSN:** N/A
**EIN:** 00–0000000

9454 Wilshire Blvd
Penthouse 01
Beverly Hills, CA 90212

**BANKRUPTCY NO.**  2:20–bk–13530–BR
**CHAPTER**  7

Order/Notice to the parties in interest:

An involuntary Chapter 7 petition having been filed against the above–named debtor on April 6, 2020

☐   Debtor consented to the entry of an order of relief.

☐   No pleading or other defense to the petition having been filed within 21 days after service of the summons (or within
     any longer period of time precibed by the Court), an Order for Relief is hereby issued against the debtor.

Debtor is ordered to file within **seven** days after entry of this order for relief, a list containing the name and address of each
entity included on Schedule D, E/F, G, and H as prescribed by the Official Forms (Federal Rule of Bankruptcy Procedure 1007
(a)(2)).

Debtor is also ordered to file schedules, statement and Statement About Your Social Security Numbers (Official Form B121)
referred to in Federal Rule of Bankruptcy Procedure 1007(a),(c) and (f) within 14 days after entry of this Order For Relief.

For The Court,

Dated: June 19, 2020

**Kathleen J. Campbell**
Clerk of Court

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: **NOTICE OF MOTION AND MOTION FOR ORAL EXAMINATION AND PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE BY SIGNATURE BANK; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF SAM S. LESLIE AND JESSICA S. WELLINGTON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**\*\*NO JUDGES COPY TO BE PROVIDED PER GENERAL ORDER 20-02**

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **October 7, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Carolyn A Dye**    trustee@cadye.com
- **Sam S Leslie (TR)**    sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **Neal Salisian**    ECF@salisianlee.com
- **Michael Simon**    msimon@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- **Jeffrey L Sumpter**    jsumpter@epiqtrustee.com, jsumpter@cbiz.com
- **Derrick Talerico**    dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **David B Zolkin**    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐    Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On **October 7, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2020 | JENNIFER WARNER | /s/ Jennifer Warner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

**F 7004-1.SUMMONS.ADV.PROC**

2. **SERVED BY UNITED STATES MAIL**:

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

| | |
|---|---|
| Signature Bank<br>Attn: Joseph J. DePaolo, President & CEO<br>565 Fifth Avenue<br>New York, NY 10017 | Signature Bank<br>Attn: Agent for Service of Process<br>565 Fifth Avenue<br>New York, NY 10017 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2016                                                    **F 7004-1.SUMMONS.ADV.PROC**