| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID SEROR – Bar No. 67488<br>JESSICA L. BAGDANOV – Bar No. 281020<br>JESSICA S. WELLINGTON – Bar No. 324477<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: dseror@bg.law,  jbagdanov@bg.law,<br>jwellington@bg.law<br><br>☐  Individual *appearing without an attorney*<br>☒  *Attorney for:* Sam S. Leslie, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>JADELLE JEWELRY AND DIAMONDS, LLC<br><br><br>Debtor(s) | CASE NO.: 2:20-bk-13530-BR<br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**  (*title of motion[1]*):<br>Motion for Examination and Production of Documents Pursuant to Rule 2004 by Signature Bank |
|---|---|

PLEASE TAKE NOTE that the order titled Order Granting Motion for Examination and Production of Document Pursuant to Rule 2004 by Signature Bank

was lodged on (*date*)  10/07/2020  and is attached.  This order relates to the motion which is docket number 171 .

---
[1] Please abbreviate if title cannot fit into text field.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1  DAVID SEROR – Bar No. 67488
   JESSICA L. BAGDANOV – Bar No. 281020
2  JESSICA S. WELLINGTON – Bar No. 324477
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Email:      dseror@bg.law
               jbagdanov@bg.law
6              jwellington@bg.law

7  Special Litigation Counsel for
   Sam S. Leslie, Chapter 7 Trustee
8

9               **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                  **LOS ANGELES DIVISION**

12  | In re | Case No. 2:20-bk-13530-BR |
    |---|---|
13  | JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
14  | Debtor. | **ORDER GRANTING MOTION FOR** |
15  | | **ORAL EXAMINATION AND PRODUCTION OF DOCUMENTS AND** |
16  | | **THINGS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF** |
17  | | **BANKRUPTCY PROCEDURE BY SIGNATURE BANK** |
18  | | |
19  | | Proposed Document Production Date: |
20  | | Date:  October 30, 2020 |
    | | Time:  12:00 p.m. (PDT) |
    | | Place: Brutzkus Gubner |
21  | | 21650 Oxnard Street, Suite 500 |
    | | Woodland Hills, California 91367 |
22  | | Proposed Oral Examination Date: |
23  | | Date:  TBD in accordance with FRCP 45 |
    | | Time:  TBD in accordance with FRCP 45 |
24  | | Place:  TBD in accordance with FRCP 45 |
25  | | [No Hearing Required Pursuant to Local |
26  | | Bankruptcy Rules 2004-1; 9013-1(o)] |
27
28

                        1

The Court has reviewed and considered the *Notice of Motion and Motion for Oral Examination and Production of Documents and Things Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure By Signature Bank* (the "Motion") [Dkt. No. 171] filed in the above-captioned case. All capitalized terms used herein shall have the meaning ascribed to them in the Motion unless otherwise defined.

After considering the Motion; the notice of the Motion; the Declaration of Sam L. Leslie and Jessica S. Wellington in support of the Motion; and the record in this case, the Court finds that: (1) notice of the Motion was adequate and appropriate under the circumstances and no other notice need be given; (2) no hearing on the Motion is required pursuant to the Local Bankruptcy Rules; and (3) other good and sufficient cause exists for granting the relief requested in the Motion.

**IT IS ORDERED THAT:**

1. The Motion is granted.

2. The Trustee is authorized to subpoena the documents list in **Exhibit 1** to be produced by Signature Bank to the offices of Brutzkus Gubner, 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367 or by electronic transfer to the Trustee's attorneys, David Seror (dseror@bg.law) and Jessica L. Bagdanov (jbagdanov@bg.law), by no later than 12:00 p.m. (PDT) on October 30, 2020.

3. Signature Bank is required to appear for an oral examination, if necessary, at a date, time and place to be later determined in accordance with Fed. R. Civ. P. 45.

###

2

1

## EXHIBIT 1

2

### I.

3

### INSTRUCTION AND PRELIMINARY STATEMENT

4     The following instructions shall be considered to be applicable to all demands for production

5  of documents contained herein:

6     A.     In producing documents and things, you are requested to furnish all documents

7  known or available to you, regardless of whether these documents are in your possession, custody or

8  control or are possessed by any subsidiary or affiliated entities, officers, directors, agents,

9  employees, representatives, investigators, or by your attorneys or their agents, employees,

10  representatives or investigators.

11     B.     In producing documents, any comment, notation, or marking appearing on any

12  document and not a part of the original is to be considered a separate document, and any draft,

13  preliminary form or superseded version of any document is also to be considered a separate

14  document.

15     C.     In producing documents, all documents should be produced in the same order as they

16  are kept or maintained.

17     D.     In producing documents, all documents should be produced in the file, folder,

18  envelope or other container in which the documents are kept or maintained.  If for any reason said

19  container cannot be produced, please produce copies of all labels or other identifying markings.

20     E.     In producing documents, documents attached to each other must not be separated.

21     F.     In producing documents, if you assert any privilege concerning the identification or

22  production of any of the documents described below, or if you object to the identification or

23  production of any such documents on any grounds, or if you for any reason contend that any of the

24  documents described below are not subject to discovery for any reason, then specify in detail in your

25  response, the precise grounds for the objection, privilege, or other contention which you make in this

26  regard, and describe in detail the document or documents as to which you assert this privilege,

27  objection or contention.  Such description shall include a statement of the general nature of the

28  document, the name of each person who executed it, the name of each person who has received the

[EXHIBIT 1]

2405371

1    original or copies of it, the name of each person who has seen the original or any copies of it, the

2    name of each person with whom it was discussed, and a general description of the nature and

3    contents of the documents.  Finally, you should identify and produce for inspection and copying all

4    documents which fit the description set forth below as to which you do not assert any such privilege,

5    objection or contention.

6        G.       In producing documents, you are to consider this request a continuing request, and

7    you are obligated to supplement your response by identifying and producing responsive documents

8    that come to your attention, or into your possession, custody or control, subsequent to you response

9    and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

10                                          **II.**

11                                    **DEFINITIONS**

12       A.       YOU refers to Signature Bank and any agent, partner, employee, member, officer, or

13   director, or any other entity or individual acting on behalf of Signature Bank.

14       B.       The term "JONA" refers to Jona Rechnitz, and any agent, partner, employee, or any

15   other entity or individual acting on behalf of JONA.

16       C.       The term "RACHAEL" refers to Rachael Rechnitz, and any agent, partner, employee,

17   or any other entity or individual acting on behalf of RACHAEL.

18       D.       The term "JSR" refers to JSR Capital, LLC, all of its wholly-owned subsidiaries, and

19   any agent, partner, employee, member, officer, or director, or any other entity or individual acting on

20   behalf of JSR.

21       E.       The term "COMMUNICATION" shall mean correspondence, telephone

22   conversations, person-to-person conversations, memoranda, e-mails (including text messages,

23   correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video

24   recordings and all other forms of communicating language or thought.

25       F.       The term "DOCUMENTS" shall mean and refer to the definition of "writing" set

26   forth in Federal Rule of Evidence 1001, and includes the original and any non-identical duplicates,

27   and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or

28   transmitted, of handwriting, typewriting, printing, photostating, photographing, electronic mail (e-

[EXHIBIT 1]

2405371

1  mail) and every other means of recording upon any tangible thing, documents stored in electronic

2  form, computerized records, computer files and all other information capable of being retrieved from

3  a computer, and any other form of communication and representation, including letters, words,

4  pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters and

5  other communications.

6        G.      The terms "PERSON" or "PERSONS" shall mean any natural person, governmental

7  entity, agency, commission, authority, or representative thereof, firm, corporation, partnership,

8  association, joint venture or other form of legal entity, and shall be deemed to mean in the plural as

9  well as the singular.

10        H.      The terms "ALL" and "ANY" means "all, each, and every."

11        I.      The phrase "RELATE TO" shall mean mentioning, discussing, including,

12  summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with

13  and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event,

14  transaction, fact, thing or course of dealing.

15                                        **III.**

16                          **DOCUMENTS TO BE PRODUCED**

17  **REQUEST FOR PRODUCTION NO. 1:**

18        ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of

19  JONA, including but not limited to, account or credit applications, all account opening and closing

20  documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and

21  wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s,

22  Form 1089s, and back-up withholding documents.

23  **REQUEST FOR PRODUCTION NO. 2:**

24        ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit

25  or checking accounts in the name of JONA, including but not limited to, account or credit

26  applications, all account opening and closing documents, signature cards, bank statements, incoming

27  and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item

28  deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

5

[EXHIBIT 1]

1    **REQUEST FOR PRODUCTION NO. 3:**

2        ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting

3    loans or lines of credit made to JONA, including but not limited to, loan applications, loan ledger

4    sheets, documents reflecting the means by which loan repayments were made (e.g. checks, debit

5    memos, cash in tickets, wires in, etc.), documents reflecting disbursement of the loan proceeds (e.g.

6    bank checks, credit memos, cash out tickets, wires out, etc.), loan correspondence files (e.g. letters to

7    the bank, letters from the bank, notes and memoranda to the file, etc.); collateral agreements,

8    collateral documents, credit reports, financial statements, notes or other instruments reflecting the

9    obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans,

10    Form 1099s, Form 1089s, back-up withholding documents, and loan amortization statements.

11    **REQUEST FOR PRODUCTION NO. 4:**

12        ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of

13    JONA that occurred during the period between January 1, 2015 to the present.

14    **REQUEST FOR PRODUCTION NO. 5:**

15        ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the

16    present that RELATE TO JONA.

17    **REQUEST FOR PRODUCTION NO. 6:**

18        ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of

19    RACHAEL, including but not limited to, account or credit applications, all account opening and

20    closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's

21    checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos,

22    Form 1099s, Form 1089s, and back-up withholding documents.

23    **REQUEST FOR PRODUCTION NO. 7:**

24        ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit

25    or checking accounts in the name of RACHAEL, including but not limited to, account or credit

26    applications, all account opening and closing documents, signature cards, bank statements, incoming

27    and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item

28    deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

6

[EXHIBIT 1]

2405371

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting loans or lines of credit made to RACHAEL, including but not limited to, loan applications, loan ledger sheets, documents reflecting the means by which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.), documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank, notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports, financial statements, notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s, back-up withholding documents, and loan amortization statements.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of RACHAEL that occurred during the period between January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the present that RELATE TO RACHAEL.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of JSR, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, corporate board authorization minutes or partnership resolutions, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit or checking accounts in the name of JSR, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, corporate board authorization minutes or

[EXHIBIT 1]

2405371

1  partnership resolutions, bank statements, incoming and outgoing checks, cashier's checks and wire

2  transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s,

3  Form 1089s, and back-up withholding documents.

4  **REQUEST FOR PRODUCTION NO. 13:**

5       ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting

6  loans or lines of credit made to JSR, including but not limited to, loan applications, corporate board

7  authorization minutes, partnership resolutions, loan ledger sheets, documents reflecting the means by

8  which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.),

9  documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out

10  tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank,

11  notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports,

12  financial statements, notes or other instruments reflecting the obligation to pay, real estate

13  mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s,

14  back-up withholding documents, and loan amortization statements.

15  **REQUEST FOR PRODUCTION NO. 14:**

16       ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of

17  JSR that occurred during the period between January 1, 2015 to the present.

18  **REQUEST FOR PRODUCTION NO. 15:**

19       ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the

20  present that RELATE TO JSR.

21

22

23

24

25

26

27

28

[EXHIBIT 1]

2405371

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**\*\*NO JUDGES COPY TO BE PROVIDED PER GENERAL ORDER 20-02**

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **October 7, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Carolyn A Dye**    trustee@cadye.com
- **Sam S Leslie (TR)**    sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **Neal Salisian**    ECF@salisianlee.com
- **Michael Simon**    msimon@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- **Jeffrey L Sumpter**    jsumpter@epiqtrustee.com, jsumpter@cbiz.com
- **Derrick Talerico**    dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **David B Zolkin**    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐    Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:  On **October 7, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_____, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2020 | JENNIFER WARNER | /s/ Jennifer Warner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

2. **SERVED BY UNITED STATES MAIL**:

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

| | |
|---|---|
| Signature Bank<br>Attn: Joseph J. DePaolo, President & CEO<br>565 Fifth Avenue<br>New York, NY 10017 | Signature Bank<br>Attn: Agent for Service of Process<br>565 Fifth Avenue<br>New York, NY 10017 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2016                                                                **F 7004-1.SUMMONS.ADV.PROC**