1  DAVID SEROR – Bar No. 67488
   JESSICA L. BAGDANOV – Bar No. 281020
2  JESSICA S. WELLINGTON – Bar No. 324477
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone: (818) 827-9000
   Facsimile:  (818) 827-9099
5  Email:      dseror@bg.law
               jbagdanov@bg.law
6              jwellington@bg.law

7  Special Litigation Counsel for
   Sam S. Leslie, Chapter 7 Trustee

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **LOS ANGELES DIVISION**

12  | In re | Case No. 2:20-bk-13530-BR |
    | --- | --- |
13  | JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
14  | Debtor. | **ORDER GRANTING MOTION FOR ORAL EXAMINATION AND PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE BY SIGNATURE BANK** |

Proposed Document Production Date:

Date:  October 30, 2020
Time:  12:00 p.m. (PDT)
Place: Brutzkus Gubner
       21650 Oxnard Street, Suite 500
       Woodland Hills, California 91367

Proposed Oral Examination Date:
Date:  TBD in accordance with FRCP 45
Time:  TBD in accordance with FRCP 45
Place: TBD in accordance with FRCP 45

[No Hearing Required Pursuant to Local
Bankruptcy Rules 2004-1; 9013-1(o)]

1

1    The Court has reviewed and considered the *Notice of Motion and Motion for Oral*

2    *Examination and Production of Documents and Things Pursuant to Rule 2004 of the Federal Rules*

3    *of Bankruptcy Procedure By Signature Bank* (the "Motion") [Dkt. No. 171] filed in the above-

4    captioned case. All capitalized terms used herein shall have the meaning ascribed to them in the

5    Motion unless otherwise defined.

6    After considering the Motion; the notice of the Motion; the Declaration of Sam L. Leslie and

7    Jessica S. Wellington in support of the Motion; and the record in this case, the Court finds that: (1)

8    notice of the Motion was adequate and appropriate under the circumstances and no other notice need

9    be given; (2) no hearing on the Motion is required pursuant to the Local Bankruptcy Rules; and (3)

10    other good and sufficient cause exists for granting the relief requested in the Motion.

11    **IT IS ORDERED THAT:**

12    1. The Motion is granted.

13    2. The Trustee is authorized to subpoena the documents list in **Exhibit 1** to be produced by

14    Signature Bank to the offices of Brutzkus Gubner, 21650 Oxnard Street, Suite 500, Woodland Hills,

15    California 91367 or by electronic transfer to the Trustee's attorneys, David Seror (dseror@bg.law)

16    and Jessica L. Bagdanov (jbagdanov@bg.law), by no later than 12:00 p.m. (PDT) on October 30,

17    2020.

18    3. Signature Bank is required to appear for an oral examination, if necessary, at a date, time

19    and place to be later determined in accordance with Fed. R. Civ. P. 45.

20

###

21

22

23    10/8/2020

24

25

26

27

28

2

**EXHIBIT 1**

**I.**

**INSTRUCTION AND PRELIMINARY STATEMENT**

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.    In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.    In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.    In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.    In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained.  If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.    In producing documents, documents attached to each other must not be separated.

F.    In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the

3

[EXHIBIT 1]

2405371

1   original or copies of it, the name of each person who has seen the original or any copies of it, the

2   name of each person with whom it was discussed, and a general description of the nature and

3   contents of the documents.  Finally, you should identify and produce for inspection and copying all

4   documents which fit the description set forth below as to which you do not assert any such privilege,

5   objection or contention.

6        G.     In producing documents, you are to consider this request a continuing request, and

7   you are obligated to supplement your response by identifying and producing responsive documents

8   that come to your attention, or into your possession, custody or control, subsequent to you response

9   and production prior to, or at the deposition or at or prior to any continued deposition date thereof.

10  **II.**

11  **DEFINITIONS**

12       A.     YOU refers to Signature Bank and any agent, partner, employee, member, officer, or

13  director, or any other entity or individual acting on behalf of Signature Bank.

14       B.     The term "JONA" refers to Jona Rechnitz, and any agent, partner, employee, or any

15  other entity or individual acting on behalf of JONA.

16       C.     The term "RACHEL" refers to Rachel Rechnitz, and any agent, partner, employee, or

17  any other entity or individual acting on behalf of RACHEL.

18       D.     The term "JSR" refers to JSR Capital, LLC, all of its wholly-owned subsidiaries, and

19  any agent, partner, employee, member, officer, or director, or any other entity or individual acting on

20  behalf of JSR.

21       E.     The term "COMMUNICATION" shall mean correspondence, telephone

22  conversations, person-to-person conversations, memoranda, e-mails (including text messages,

23  correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video

24  recordings and all other forms of communicating language or thought.

25       F.     The term "DOCUMENTS" shall mean and refer to the definition of "writing" set

26  forth in Federal Rule of Evidence 1001, and includes the original and any non-identical duplicates,

27  and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or

28  transmitted, of handwriting, typewriting, printing, photostating, photographing, electronic mail (e-

4

[EXHIBIT 1]

mail) and every other means of recording upon any tangible thing, documents stored in electronic

form, computerized records, computer files and all other information capable of being retrieved from

a computer, and any other form of communication and representation, including letters, words,

pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters and

other communications.

G.     The terms "PERSON" or "PERSONS" shall mean any natural person, governmental

entity, agency, commission, authority, or representative thereof, firm, corporation, partnership,

association, joint venture or other form of legal entity, and shall be deemed to mean in the plural as

well as the singular.

H.     The terms "ALL" and "ANY" means "all, each, and every."

I.     The phrase "RELATE TO" shall mean mentioning, discussing, including,

summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with

and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event,

transaction, fact, thing or course of dealing.

### III.

### DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of

JONA, including but not limited to, account or credit applications, all account opening and closing

documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and

wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s,

Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit

or checking accounts in the name of JONA, including but not limited to, account or credit

applications, all account opening and closing documents, signature cards, bank statements, incoming

and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item

deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

5

[EXHIBIT 1]

2405371

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting loans or lines of credit made to JONA, including but not limited to, loan applications, loan ledger sheets, documents reflecting the means by which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.), documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank, notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports, financial statements, notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s, back-up withholding documents, and loan amortization statements.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of JONA that occurred during the period between January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the present that RELATE TO JONA.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of RACHEL, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit or checking accounts in the name of RACHEL, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

6

[EXHIBIT 1]

2405371

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting loans or lines of credit made to RACHEL, including but not limited to, loan applications, loan ledger sheets, documents reflecting the means by which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.), documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank, notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports, financial statements, notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s, back-up withholding documents, and loan amortization statements.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of RACHEL that occurred during the period between January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the present that RELATE TO RACHEL.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that RELATE TO any bank account or accounts held in the name of JSR, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, corporate board authorization minutes or partnership resolutions, bank statements, incoming and outgoing checks, cashier's checks and wire transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s, Form 1089s, and back-up withholding documents.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that RELATE TO all open or closed checking, savings, or other deposit or checking accounts in the name of JSR, including but not limited to, account or credit applications, all account opening and closing documents, signature cards, corporate board authorization minutes or partnership resolutions, bank statements, incoming and outgoing checks, cashier's checks and wire

[EXHIBIT 1]

2405371

1  transfers, canceled checks, deposit tickets, item deposited, credit and debt memos, Form 1099s,

2  Form 1089s, and back-up withholding documents.

3  **REQUEST FOR PRODUCTION NO. 13:**

4       ALL DOCUMENTS that RELATE TO open or closed bank loans or credit lines, reflecting

5  loans or lines of credit made to JSR, including but not limited to, loan applications, corporate board

6  authorization minutes, partnership resolutions, loan ledger sheets, documents reflecting the means by

7  which loan repayments were made (e.g. checks, debit memos, cash in tickets, wires in, etc.),

8  documents reflecting disbursement of the loan proceeds (e.g. bank checks, credit memos, cash out

9  tickets, wires out, etc.), loan correspondence files (e.g. letters to the bank, letters from the bank,

10  notes and memoranda to the file, etc.); collateral agreements, collateral documents, credit reports,

11  financial statements, notes or other instruments reflecting the obligation to pay, real estate

12  mortgages, chattel mortgages or other security instruments for loans, Form 1099s, Form 1089s,

13  back-up withholding documents, and loan amortization statements.

14  **REQUEST FOR PRODUCTION NO. 14:**

15       ALL DOCUMENTS that RELATE TO all wire transfers initiated or received on behalf of

16  JSR that occurred during the period between January 1, 2015 to the present.

17  **REQUEST FOR PRODUCTION NO. 15:**

18       ALL COMMUNICATION between YOU and ANY PERSON from January 1, 2015 to the

19  present that RELATE TO JSR.

20

21

22

23

24

25

26

27

28

[EXHIBIT 1]

2405371