**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Jadelle Jewelry and Diamonds, LLC.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-13530-BR |
| JADELLE JEWELRY AND DIAMONDS, LLC, | Chapter 7 |
| Debtor. | **MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR; DECLARATION OF ROBERT S. MARTICELLO IN SUPPORT** |
| | **[No hearing required pursuant to Local Bankruptcy Rule 9013-1(p)]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Smiley Wang-Ekvall, LLP (the "Firm"), files this Motion to Withdraw as Counsel for Debtor Jadelle Jewelry and Diamonds, LLC (the "Debtor"), pursuant to Local Bankruptcy Rule 2091-1 (the "Motion"). In support of the Motion, the Firm submits the following memorandum of points and authorities and the attached declaration of Robert S. Marticello.

2839347.1                                                                                                                                    MOTION TO WITHDRAW

## I.    INTRODUCTION

The Firm files this Motion seeking an order relieving it of the duty to act as counsel for the Debtor in this case. Withdrawal is appropriate for two reasons. First, the Debtor consents to the Firm's withdrawal. Second, this is not a voluntary case where the Firm was hired to file a bankruptcy petition and perform certain tasks thereafter. The Firm was hired solely to represent the Debtor in defending against the involuntary petition and an order for relief has been entered. While the Firm was not retained to represent the Debtor in this bankruptcy case following the entry of an order for relief, it is listed as counsel of record for the Debtor and, out of an abundance of caution, the Firm seeks an order permitting it to withdraw. Accordingly, good cause exists to grant the Motion.

## II.    RELEVANT BACKGROUND

### A.    The Involuntary Petition

On April 6, 2020 (the "Petition Date"), three petitioning creditors (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 petition against the Debtor [Docket No. 1] (the "Involuntary Petition"). On May 1, 2020, the Debtor filed a motion to dismiss the case for failure to state a claim under Rule 12(b)(6) [Docket No. 8] (the "Motion to Dismiss"). On June 9, 2020, at 10:00 a.m., the Court heard two motions, the Motion to Dismiss and the Petitioning Creditors' motion for the appointment of an interim trustee [Docket No. 12] (the "Trustee Motion"). On June 16, 2020, an order for relief was entered (the "Order for Relief").

On June 30, 2020, the Firm filed the Declaration of Robert S. Marticello Regarding Statement of Compensation Pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b), indicating that the Firm was retained by the Debtor to represent it in defending against the Involuntary Petition.

### B.    The Appeal of the Order for Relief

On June 19, 2020, the Debtor filed a notice of appeal of the Order for Relief (and certain other orders). Thereafter, Jona Rechnitz and Rachel Rechnitz filed separate notices of appeal. By

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2839347.1     2     MOTION TO WITHDRAW

1 orders entered on August 17 and 27, 2020, the District Court dismissed the appeals finding that the

2 appellants did not have standing to bring the appeals. On September 16, 2020, the Debtor, Jona

3 Rechnitz, and Rachel Rechnitz filed a joint notice of appeal of the District Court's order

4 dismissing the appeals to the Ninth Circuit. The appeal before the Ninth Circuit is pending.

5

6 **III.    GOOD CAUSE EXISTS TO GRANT THE MOTION**

7 Local Bankruptcy Rule 2091-1 requires an attorney who has appeared on behalf of an

8 entity to request leave of court, via noticed motion, to withdraw as counsel without substitution.

9 *See* LBR 2091-1(a)(1). Federal courts typically "look to applicable state rules of professional

10 conduct to determine whether an attorney seeking to withdraw has provided adequate grounds

11 therefor[.]" *See Universal Studios Int'l B.V. v. Entm't Television Network FZE*, 2009 WL

12 10675984, at *1 (C.D. Cal. 2009) (internal quotations marks omitted). California Rule of

13 Professional Conduct 1.16 provides, in part, that withdrawal may be permitted if: "(6) the client

14 knowingly and freely assents to termination of the representation[.]" Cal R. Prof. Conduct 1.16.

15 As one California court has noted, so long as injustice does not result from withdrawal, "in the

16 great majority of instances the attorney should be permitted to withdraw." *See Jones v. Green*, 74

17 Cal.App.2d 223, 231 (1946).

18 Here, good cause exists to permit withdrawal. First, the Firm provided notice to the

19 Debtor of the consequences of its inability to appear without counsel and the Debtor has consented

20 to the Firm's withdrawal. (*See* Marticello Decl. at ¶ 3.) Second, the Firm was retained solely to

21 represent the Debtor in defending against the Involuntary Petition. (*See* Marticello Decl. at ¶ 2.)

22 The Firm was not retained to file a bankruptcy petition and perform certain post-petition services

23 related thereto. Since an Order for Relief has been entered, the Firm's engagement has concluded

24 and any involvement in the bankruptcy case on the Debtor's behalf is outside of the scope of the

25 Firm's engagement. Moreover, as this case is a chapter 7 case (as opposed to a chapter 11 case or

26 adversary proceeding), the Debtor will not be prejudiced by the withdrawal of counsel. *See* LBR

27 2091-1(d) (stating that counsel must inform the client of the consequences of withdrawal

28

"including the possibility that a default judgment may be entered against it in pending proceedings; or, if the client is a chapter 11 debtor, that the case may be dismissed converted to chapter 7, a trustee may be appointed, or the case may be dismissed.").

## IV. CONCLUSION

Accordingly, the Firm requests entry of an order granting the Motion and authorizing it to withdraw as counsel for the Debtor.

Respectfully submitted,

DATED:  October 16, 2020              SMILEY WANG-EKVALL, LLP

By:  */s/ Robert S. Marticello*
ROBERT S. MARTICELLO
Attorneys for Jadelle Jewelry and Diamonds, LLC.

## **DECLARATION OF ROBERT S. MARTICELLO**

I, Robert S. Marticello, declare as follows:

1. I am a partner with Smiley Wang-Ekvall, LLP (the "Firm"). I am admitted to practice before this Court. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion to Withdraw as Counsel for Debtor*.

2. The Firm was retained by the Debtor to represent it in defending against the Involuntary Petition and I am the attorney with the Firm primarily involved with the representation of the Debtor.

3. I have notified the Debtor of its inability to appear without counsel and potential consequences of its inability to appear, and, with such information, the Debtor has authorized the Firm to withdraw from this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 16, 2020

SMILEY WANG-EKVALL, LLP

By:  */s/ Robert S. Marticello*
Robert S. Marticello
Attorneys for Jadelle Jewelry and Diamonds, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Motion to Withdraw as Counsel for Debtor; Declaration of Robert S. Marticello in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/16/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Carolyn A Dye    trustee@cadye.com
- Sam S Leslie (TR)    sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Neal Salisian    ECF@salisianlee.com
- Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Jeffrey L Sumpter    jsumpter@epiqtrustee.com, jsumpter@cbiz.com
- Derrick Talerico    dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jessica Wellington    jwellington@bg.law, ecf@bg.law
- David B Zolkin    dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/16/2020 | Lynnette Garrett | */s/ Lynnette Garrett* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**