NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
H. HAN PAI, SBN 258928
han.pai@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2627
Telephone:    (213) 622-9100
Facsimile:    (800) 622-9145

Attorneys for Creditor
ISRAEL SAM GORODISTIAN

UNITED STATEES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JADELLE JEWELRY AND DIAMONDS, LLC | Case No. 2:20-bk-13530-BR<br><br>Chapter 7<br><br>[Assigned to the Hon. Barry Russell]<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR EXAMINATION AND PRODUCTION OF DOCUMENTS BY TRUSTEE SAMUEL LESLIE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF HAN PAI**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 2004-1; 9013-1(o)-(p)] |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, CHAPTER 7 TRUSTEE SAM S. LESLIE, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), creditor Israel Sam Gorodistian ("Gorodistian") will and hereby does move this Court for an order requiring Sam S. Leslie, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jadelle Jewelry and Diamonds, LLC (the "Debtor"), to produce documents and things described in **Exhibit 1,** attached here and incorporated by this reference, by no later than February 26, 2021.

PLEASE TAKE FURTHER NOTICE that this Motion is made pursuant to Rule 2004 and Local Bankruptcy Rule 2004-1, and on the following grounds:

(1) the examination and production of documents is necessary for Gorodistian to ascertain and discover assets of the estate in light of the fact that no adversary proceeding or contested matter is pending in which the Trustee is a party and thus the production cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014;

(2) the documents sought by Gorodistian are documents that the Trustee obtained from Wells Fargo Bank and Signature Bank, and have already been produced by the Trustee to petitioning creditors First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval (collectively, the "Petitioning Creditors") pursuant to this Court's Ordered entered on August 17, 2020 and November 17, 2020; and

(3) Gorodistian has attempted to "meet and confer" with the Trustee regarding the requested production of documents, and a mutually agreeable date, time, place, and scope in accordance with Local Bankruptcy Rule 2004-1(a), including potentially entering into a stipulation to obviate the need for the instant Motion, but the Trustee has failed to respond.  Thus, this Motion is necessary.

PLEASE TAKE FURTHER NOTICE that, since the Trustee is not the debtor, Gorodistian is also issuing a subpoena pursuant to Federal Rules of Bankruptcy Procedure Rule 9016 of the

1

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS BY TRUSTEE SAMUEL LESLIE

1  and Federal Rules of Civil Procedure Rule 45, which will be served after the order granting the

2  Motion is entered.  A true and correct copy of the proposed subpoena is attached as **Exhibit 2**.

3  PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 2004-1, the

4  Court may grant this Motion without a hearing unless the person(s) sought to be examined files

5  with the Court and properly serves a separate motion for a protective order by not less than

6  fourteen (14) calendar days before the date of the proposed examination and schedules a hearing

7  on the motion for protective order not less than two (2) court days before the proposed

8  examinations.

9  PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice, the

10 attached Memorandum of Points and Authorities, the supporting Declaration of Han Pai along

11 with any exhibits, all papers and records in the above-referenced bankruptcy case, all other

12 matters of which this Court may take judicial notice, and such further evidence that may be

13 presented in support.

14 WHEREFORE, Gorodistian respectfully requests that the Court enter an order (1)

15 granting this Motion, (2) directing the Trustee to produce the documents and things identified in

16 Exhibit 1 at the offices of Salisian | Lee LLP, 550 South Hope Street, Suite 550, Los Angeles,

17 California 90071, via email at neal.salisian@salisianlee.com and han.pai@salisianlee.com, no

18 later than February 26, 2021 at 12:00 p.m., and (3) granting such other and further relief as the

19 Court deems just and proper under the circumstances.

20

21 DATED: February 2, 2021                    SALISIAN | LEE LLP

22                                            By: _____*/s/ Han Pai*_____

23                                                Neal S. Salisian
                                                 Han Pai
24
                                             Attorneys for Creditor
25                                           ISRAEL SAM GORODISTIAN

26

27

28

2

Salisian|Lee LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Gorodistian is a creditor of the Debtor and has made claims premised on the theory that, after inducing Gorodistian to loan a total of $1,659,333.33, the majority of which was ostensibly for Debtor's jewelry business, through misrepresentations, false promises, and/or non-disclosure, Debtor and/or its principals and family members absconded with the loan funds by misappropriating and embezzling them for their personal use, and not for their intended, stated use. These claims are set forth in a state court lawsuit pending in the Los Angeles Superior Court.

The Petitioning Creditors have made similar assertions that the Debtor, through its principals, Rachel Rechnitz and her husband Jona Rechnitz, have committed fraud by procuring jewelry and diamonds allegedly on consignment and selling those goods without paying the consignors and/or pledging them as collateral for loans without the consent of the consignors and/or obtaining loans using the property of others as collateral.

In order to uncover the whereabout of potential assets of the estate and determine whether any assets were preferentially or fraudulently transferred, Gorodistian seeks the production of the Debtor's bank records obtained by Trustee Sam S. Leslie. The Trustee obtained documents concerning accounts held by the Debtor and affiliates at Wells Fargo Bank, N.A. and Signature Bank. Those bank records have already been produced by the Trustee to Petitioning Creditors pursuant to two Court orders. Gorodistian seeks those same bank records.

Because this Motion will aid the Trustee in fulfilling his fiduciary duties to creditors by enabling creditors access key financial information relative to the Debtor's business operations and the flow of money out of the Estate, and have already been produced to other creditors in this matter, the Motion must be granted. Also, the creditors, including Gorodistian, have unique knowledge of the recipients of this money that will potentially aid the Trustee.

## II.    FACTUAL BACKGROUND

On April 6, 2020 ("Petition Date"), a Chapter 7 Involuntary Petition was filed against Jadelle Jewelry and Diamonds, LLC (the "Debtor") by three trade creditors, First International

3

Salisian|Lee LLP

1  Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval (collectively, the "Petitioning

2  Creditors") under Chapter 7 of the Bankruptcy Code ("Case").  The Order for Relief was entered

3  June 16, 2020.  [Doc. 55]

4      By Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment of

5  Interim Trustee filed June 18, 2020 [Doc. 56], Sam S. Leslie was duly appointed Chapter 7

6  Trustee, in which capacity he continues to serve (the "Trustee").

7      Creditor Israel Sam Gorodistian's ("Gorodistian") claims against Debtor, its principals,

8  and family members are set forth in a state court lawsuit entitled *Israel Sam Gorodistian v.*

9  *Jadelle Jewelry and Diamonds, LLC*, Case No. 20STCV07425, pending in the Los Angeles

10 Superior Court (the "Gorodistian Lawsuit").  The Gorodistian Lawsuit is listed in Debtor's

11 "Statement re Schedules and Statement of Financial Affairs" filed on June 30, 2020.  [Doc. 85]

12     In the ongoing investigation into the Debtor's financial affairs, the Trustee obtained

13 documents concerning a certain bank account held by the Debtor at Wells Fargo Bank, N.A. (the

14 "Wells Fargo Account").  After reviewing the documents obtained from Wells Fargo, the Trustee

15 discovered that, between 2018 to the present date, the Debtor sent wire transfers to accounts held

16 at Signature Bank (the "Signature Account") in the names of Jona Rechnitz and JSR Capital,

17 LLC.  [Doc. 171.]

18     On October 8, 2020, the Court granted the Trustee's Motion for a 2004 Examination of

19 the Signature Account.  [Doc. 174].

20     On August 17, 2020 and November 17, 2020, the Court issued orders directing the Trustee

21 to produce the Wells Fargo Account and Signature Bank Account records to Petitioning Creditors

22 pursuant to Federal Rules of Bankruptcy Procedure Rule 2004.  [Docs. 147, 191.]

23     Gorodistian likewise seeks the Wells Fargo Account and Signature Bank Account records

24 from the Trustee.

25     On October 14, 2020, Gorodistian's counsel sent an email to the Trustee requesting copies

26 of the Wells Fargo Account documents produced to the Petitioning Creditors in accordance with

27 the August 17, 2020 Order.  [*See* Declaration of Han Pai ("Pai Dec"), ¶2, Ex. 3.]  Gorodistian's

28 counsel also noted that since the requested records were already produced in response to an

4

1  existing court order, the parties could avoid additional motion practice to obtain the same records.

2  [*See id.*]  The Trustee referred the request to one of his counsel, David Seror.  Mr. Seror stated

3  that they would "require a subpoena and a Rule 2004 order."  [*See id.*]

4        On December 29, 2020, Gorodistian's counsel circulated to Mr. Seror a stipulation

5  regarding the release of the Wells Fargo Account and Signature Account documents that are in

6  the Trustee's possession.  [*See id.*, ¶3, Ex. 4.]  After following up on January 6, 2021 and January

7  15, 2021, Mr. Seror never responded.  Thus, Gorodistian brings the instant motion seeking

8  authority under Federal Rules of Bankruptcy Procedure ("Rule 2004") to subpoena the Trustee

9  for copies of the Debtor's bank records for the Wells Fargo Account and Signature Account.

10  **III.**  **LEGAL ARGUMENT**

11      **A.**  **The Court Should Order The Trustee To Produce The Requested Documents**

12          **Pursuant To Rule 2004.**

13        Rule 2004(a) authorizes the Court to order the examination of any entity upon motion by a

14  party in interest.  Rule 2004(b) states in pertinent part:

15          The examination of an entity under this rule . . . may relate only
16          to the acts, conduct, or property or to the liabilities and financial
        condition of the debtors, or to any matter which may affect the
17          administration of the debtor's estate . . . .

18  Fed. R. Bankr. P. 2004(b).  Rule 2004 also provides for an order requiring the production of

19  documents in connection with the Rule 2004 examination.  *See* Fed. R. Bank. P. 2004(c).

20        "'The purpose of a Rule 2004 examination is 'to show the condition of the estate and to

21  enable the Court to discover its extent and whereabouts, and to come into possession of it, that the

22  rights of the creditor may be preserved.'  [citations]  'Examinations under Rule 2004 are allowed

23  for the 'purpose of discovering assets and unearthing frauds' and have been compared to a

24  'fishing expedition.'"  *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-

25  RK, 2019 Bankr. LEXIS 3736, at *11-12 (Bankr. C.D. Cal. Dec. 6, 2019).  Thus, "'[t]he scope of

26  a Rule 2004 examination is exceptionally broad and the rule itself is 'peculiar to bankruptcy law

27  and procedure because it affords few of the procedural safeguards that an examination under Rule

28  26 of the Federal Rules of Civil Procedure does.'"  *Id.*

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

1    Courts routinely permit a wide range of inquiry pursuant to Rule 2004.  *See In re Drexel*

2    *Burnham Lambert Group, Inc*., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (scope of a Rule 2004

3    examination is very broad, broader even than discovery under the Federal Rules of Civil

4    Procedure); *In re Table Talk, Inc*., 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (courts uniformly

5    recognize that the scope of a Rule 2004 examination is "unfettered and broad"); *In re Mittco, Inc*.,

6    44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) ("The scope of inquiry under Bankruptcy Rule 2004 is

7    very broad. Great latitude of inquiry is ordinarily permitted.")

8    Measured against this broad standard, Gorodistian's request for examination and

9    production of documents is proper and appropriate.  Gorodistian is seeking the Debtor's bank

10   records for the Wells Fargo Account and Signature Account obtained by the Trustee regarding the

11   present whereabouts of any funds transferred from the Debtor to Jona Rechnitz, Rachel Rechnitz,

12   Robert Rechnitz, or any other third party related to the Rechnitzes.  These records will also assist

13   in determining whether the funds can be traced to the Debtor and whether the funds were

14   fraudulently procured from Gorodistian and other victims of the Rechnitz's and the Debtor.

15   Gorodistian simply seeks documents that are already in the Trustee's possession and have

16   already been produced to the Petitioning Creditors, and not any new categories of documents,

17   such that the Trustee should be able to easily comply with an order granting the requested relief.

18   Since the requested document production cannot proceed under Rules 7034 or 9014 of the

19   Federal Rules of Bankruptcy Procedure – since no adversary proceeding or contested matter has

20   been commenced with respect to the specific issues and transactions Gorodistian wish to

21   investigate through these requests – the requested document production and examination is

22   appropriate under Rule 2004.

23   **B.**    **Meet and Confer Efforts.**

24   In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing the instant Motion,

25   Gorodistian attempted to meet and confer with the Trustee's counsel several times regarding the

26   requested document production, as set forth above and in the supporting declaration of Han Pai.

27   However, no response was ever received, thus necessitating the instant Motion.

28

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

**C.**    **Proposed Date And Time For Production And Address For Examinee.**

Gorodistian proposes that the Trustee be ordered to produce the documents set forth in Exhibit 1 at the offices of Salisian | Lee LLP, 550 South Hope Street, Suite 550, Los Angeles, California 90071, c/o Neal Salisian and Han Pai, via email at neal.salisian@salisianlee.com and han.pai@salisianlee.com, no later than February 26, 2021 at 12:00 p.m.

Pursuant to Local Bankruptcy Rule 2004-1(b), the name, place of residence, and the place of employment of the examinee are as follows: Sam S. Leslie, 3435 Wilshire Blvd. Suite 990, Los Angeles, California 90010.

**IV.    CONCLUSION**

Based on the foregoing, Gorodistian respectfully requests that the Court enter an order (1) granting this motion, (2) directing the Trustee to produce the documents and things identified in Exhibit 1 at the offices of Salisian | Lee LLP, 550 South Hope Street, Suite 550, Los Angeles, California 90071, c/o Neal Salisian and Han Pai, via email at neal.salisian@salisianlee.com and han.pai@salisianlee.com, no later than February 26, 2021 at 12:00 p.m., and (3) granting such other and further relief as the Court deems just and proper under the circumstances.

DATED: February 2, 2021                SALISIAN | LEE LLP

By: ____*/s/ Han Pai*_____
            Neal S. Salisian
            Han Pai

Attorneys for Creditor
ISRAEL SAM GORODISTIAN

7

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

## DECLARATION OF HAN PAI

I, Han Pai, declare as follows:

1.      I am a competent adult and an attorney at Salisian | Lee LLP, counsel of record to creditor Israel Sam Gorodistian ("Gorodistian") in this action.   I have personal knowledge of the facts set forth here, except for those things set forth upon information and belief, and as to those matters and things, I believe them to be true, and if called to testify at further proceedings, could and would competently do so.  I make this declaration in support of Gorodistian instant "Motion For Order Pursuant To Rule 2004 Of The Federal Rules Of Bankruptcy Procedure For Examination And Production Of Documents By Trustee Samuel Leslie."

2.      On October 14, 2020, on behalf of Gorodistian, I sent an email to the Trustee requesting copies of the Wells Fargo Account documents produced to the Petitioning Creditors in accordance with the August 17, 2020 Order.  In my email, I also noted that since the requested records were already produced in response to an existing court order, the parties could avoid additional motion practice to obtain the same records.  The Trustee referred the request to one of his counsel, David Seror.  Mr. Seror stated that they would "require a subpoena and a Rule 2004 order."  [*See id.*]  A true and correct copy of an email chain containing these communications is attached as **Exhibit 3.**

3.      On December 29, 2020, on behalf of Gorodistian, I circulated to Mr. Seror a stipulation regarding the release of the Wells Fargo Account and Signature Account documents that are in the Trustee's possession.   After following up on January 6, 2021 and January 15, 2021, Mr. Seror never responded.  These communications are reflected in Exhibit 3.  A true and correct copy of the draft stipulation attached to my December 29, 2020 email is attached as **Exhibit 4.**

//

//

//

//

//

8

Salisian|Lee LLP

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct, and that I executed this declaration on February 2, 2021, at Los

3    Angeles, California.

4                                                          _____/s/ Han Pai_____

5                                                               Han Pai

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

# EXHIBIT 1

**EXHIBIT 1**

**I.   INSTRUCTION AND PRELIMINARY STATEMENT**

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.      In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.      In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.      In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.      In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained.  If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.      In producing documents, documents attached to each other must not be separated.

F.      In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any

1

Salisian|Lee LLP

1  copies of it, the name of each person with whom it was discussed, and a general description of the

2  nature and contents of the documents.  Finally, you should identify and produce for inspection

3  and copying all documents which fit the description set forth below as to which you do not assert

4  any such privilege, objection or contention.

5     G.  In producing documents, you are to consider this request a continuing request, and

6  you are obligated to supplement your response by identifying and producing responsive

7  documents that come to your attention, or into your possession, custody or control, subsequent to

8  you response and production prior to, or at the deposition or at or prior to any continued

9  deposition date thereof.

10              **II.  DEFINITIONS**

11     A.  The term "YOU" refers to Samuel Leslie, Trustee, and any agent, partner,

12  employee, or any other entity or individual acting on behalf of YOU.

13     B.  The term "DEBTOR" refers to Jadelle Jewelry and Diamonds, LLC, all of its

14  wholly-owned subsidiaries, and any agent, partner, employee, member, officer, or director, or any

15  other entity or individual acting on behalf of DEBTOR.

16     C.  The term "JSR" refers to JSR Capital LLC, all of its wholly-owned subsidiaries,

17  and any agent, partner, employee, member, officer, or director, or any other entity or individual

18  acting on behalf of JSR.

19     D.  The term "JADELLE BH" refers to Jadelle Jewelry Beverly Hills, all of its

20  wholly-owned subsidiaries, and any agent, partner, employee, member, officer, or director, or any

21  other entity or individual acting on behalf of JADELLE BH.

22     E.  The term "JONA" refers to Jona Rechnitz, and any agent, partner, employee, or

23  any other entity or individual acting on behalf of JONA.

24     F.  The term "RACHEL" refers to Rachel Rechnitz, and any agent, partner, employee,

25  or any other entity or individual acting on behalf of RACHEL.

26     G.  The term "DEBTOR AFFILIATES" refers collectively to JADELLE, JSR, and

27  JADELLE BH.

28

2

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

H.      The term "PETITIONING CREDITORS" refers to First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval.

I.      The terms "PERSON" or "PERSONS" shall mean any natural person, governmental entity, agency, commission, authority, or representative thereof, firm, corporation, partnership, association, joint venture or other form of legal entity, and shall be deemed to mean in the plural as well as the singular.

J.      The term "WELLS FARGO ACCOUNT" refers to any account held by the DEBTOR and/or any DEBTOR AFFILIATES at Wells Fargo Bank, N.A.

K.      The term "SIGNATURE ACCOUNT" refers to any account held by the DEBTOR and/or any DEBTOR AFFILIATES at Signature Bank.

L.      The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

M.      The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostating, photographing, electronic mail (e- mail) and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters and other communications.

N.      The terms "ALL" and "ANY" means "all, each, and every."

O.      The phrase "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing or course of dealing.

3

**Salisian|Lee**llp

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS BY TRUSTEE SAMUEL LESLIE

1

## III. DOCUMENTS TO BE PRODUCED

2

**REQUEST FOR PRODUCTION NO. 1:**

3

ALL DOCUMENTS produced by YOU to PETITIONING CREDITORS in accordance

4

with the Order issued on August 17, 2020 RELATING TO the WELLS FARGO ACCOUNT.

5

[Doc. 147]

6

**REQUEST FOR PRODUCTION NO. 2:**

7

ALL DOCUMENTS produced by YOU to PETITIONING CREDITORS in accordance

8

with the Order issued on November 17, 2020 RELATING TO the SIGNATURE ACCOUNT.

9

[Doc. 191]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Salisian|Lee LLP

NOTICE OF MOTION AND MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

# EXHIBIT 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_Central_ _____ District of ____California_____

In re __Jadelle Jewelry and Diamonds, LLC_____
<center>Debtor</center>

_(Complete if issued in an adversary proceeding)_

Case No. __2:20-bk-13530-BR_____

Chapter _____7_____

_____
<center>Plaintiff</center>
<center>v.</center>
_____
<center>Defendant</center>

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Sam S. Leslie, Chapter 7 Trustee_____

<center>_(Name of person to whom the subpoena is directed)_</center>

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment 1

| PLACE   SALISIAN \| LEE LLP, 550 South Hope Street, Suite 750<br>Los Angeles, California 90071-2627 | DATE AND TIME<br>February 26, 2021, 12:00 p.m. |
|---|---|

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

<center>CLERK OF COURT</center>

<center>OR</center>

_____          /s/ Han Pai
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__Israel Sam Gorodistian_____ ,  who issues or requests this subpoena, are:
   Han Pai, Salisian | Lee LLP, 550 S. Hope St. Ste 750, Los Angeles, CA 90071, Tel: 213-622-9100, Email:
   han.pai@salisianlee.com   **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTACHMENT 1 TO SUBPOENA**

## **I.   INSTRUCTION AND PRELIMINARY STATEMENT**

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.      In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.      In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.      In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.      In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained.  If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.      In producing documents, documents attached to each other must not be separated.

F.      In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any

1

ORDER GRANTING MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

1  copies of it, the name of each person with whom it was discussed, and a general description of the

2  nature and contents of the documents.  Finally, you should identify and produce for inspection

3  and copying all documents which fit the description set forth below as to which you do not assert

4  any such privilege, objection or contention.

5        G.      In producing documents, you are to consider this request a continuing request, and

6  you are obligated to supplement your response by identifying and producing responsive

7  documents that come to your attention, or into your possession, custody or control, subsequent to

8  you response and production prior to, or at the deposition or at or prior to any continued

9  deposition date thereof.

10  <center>**II.  DEFINITIONS**</center>

11        A.      The term "YOU" refers to Samuel Leslie, Trustee, and any agent, partner,

12  employee, or any other entity or individual acting on behalf of YOU.

13        B.      The term "DEBTOR" refers to Jadelle Jewelry and Diamonds, LLC, all of its

14  wholly-owned subsidiaries, and any agent, partner, employee, member, officer, or director, or any

15  other entity or individual acting on behalf of DEBTOR.

16        C.      The term "JSR" refers to JSR Capital LLC, all of its wholly-owned subsidiaries,

17  and any agent, partner, employee, member, officer, or director, or any other entity or individual

18  acting on behalf of JSR.

19        D.      The term "JADELLE BH" refers to Jadelle Jewelry Beverly Hills, all of its

20  wholly-owned subsidiaries, and any agent, partner, employee, member, officer, or director, or any

21  other entity or individual acting on behalf of JADELLE BH.

22        E.      The term "JONA" refers to Jona Rechnitz, and any agent, partner, employee, or

23  any other entity or individual acting on behalf of JONA.

24        F.      The term "RACHEL" refers to Rachel Rechnitz, and any agent, partner, employee,

25  or any other entity or individual acting on behalf of RACHEL.

26        G.      The term "DEBTOR AFFILIATES" refers collectively to JADELLE, JSR, and

27  JADELLE BH.

28

<center>2</center>

<center>ORDER GRANTING MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE</center>

1     H.  The term "PETITIONING CREDITORS" refers to First International Diamond,

2   Inc., Peter Marco, LLC, and Victor Franco Noval.

3     I.  The terms "PERSON" or "PERSONS" shall mean any natural person,

4   governmental entity, agency, commission, authority, or representative thereof, firm, corporation,

5   partnership, association, joint venture or other form of legal entity, and shall be deemed to mean

6   in the plural as well as the singular.

7     J.  The term "WELLS FARGO ACCOUNT" refers to any account held by the

8   DEBTOR and/or any DEBTOR AFFILIATES at Wells Fargo Bank, N.A.

9     K.  The term "SIGNATURE ACCOUNT" refers to any account held by the DEBTOR

10  and/or any DEBTOR AFFILIATES at Signature Bank.

11    L.  The term "COMMUNICATION" shall mean correspondence, telephone

12  conversations, person-to-person conversations, memoranda, e-mails (including text messages,

13  correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and

14  video recordings and all other forms of communicating language or thought.

15    M.  The term "DOCUMENTS" shall mean and refer to the definition of "writing" set

16  forth in Federal Rule of Evidence 1001, and includes the original and any non-identical

17  duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded,

18  reproduced or transmitted, of handwriting, typewriting, printing, photostating, photographing,

19  electronic mail (e- mail) and every other means of recording upon any tangible thing, documents

20  stored in electronic form, computerized records, computer files and all other information capable

21  of being retrieved from a computer, and any other form of communication and representation,

22  including letters, words, pictures, sounds, and symbols, or combinations thereof, and including

23  correspondence, letters and other communications.

24    N.  The terms "ALL" and "ANY" means "all, each, and every."

25    O.  The phrase "RELATE TO" shall mean mentioning, discussing, including,

26  summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected

27  with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence

28  event, transaction, fact, thing or course of dealing.

Salisian|Lee LLP

ORDER GRANTING MOTION FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS BY TRUSTEE SAMUEL LESLIE

### III. DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS produced by YOU to PETITIONING CREDITORS in accordance with the Order issued on August 17, 2020 RELATING TO the WELLS FARGO ACCOUNT. [Doc. 147]

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS produced by YOU to PETITIONING CREDITORS in accordance with the Order issued on November 17, 2020 RELATING TO the SIGNATURE ACCOUNT. [Doc. 191]

Salisian|Lee LLP

ORDER GRANTING MOTION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS BY TRUSTEE SAMUEL LESLIE

# EXHIBIT 3

**Cassidy Casillas**

---

| | |
|---|---|
| **From:** | H. Han Pai |
| **Sent:** | Friday, January 15, 2021 3:51 PM |
| **To:** | David Seror |
| **Cc:** | Sumpter, Jeffrey; Shawn Sterrett; Jessica Bagdanov; Carolyn Dye; Neal Salisian |
| **Subject:** | RE: In re Jadelle Jewelry and Diamonds, LLC, USBC Case No. 2:20-bk-13530-BR (460-002) - Trustee's Document Production |

David,

We would appreciate if you would respond to our inquiry.

**H. Han Pai**
**Salisian** | **Lee** LLP
550 South Hope Street, Suite 750 | Los Angeles, California 90071-2627
Main: (213) 622-9100 | Direct: (213) 622-9108 | Fax: (800) 622-9145
Email: han.pai@salisianlee.com | Web: www.salisianlee.com

---

**From:** H. Han Pai
**Sent:** Wednesday, January 06, 2021 11:49 AM
**To:** David Seror <dseror@bg.law>
**Cc:** Sumpter, Jeffrey <JSumpter@CBIZ.com>; Shawn Sterrett <trustee@trusteeleslie.com>; Jessica Bagdanov <jbagdanov@bg.law>; Carolyn Dye <cdye@cadye.com>; Neal Salisian <neal.salisian@salisianlee.com>
**Subject:** RE: In re Jadelle Jewelry and Diamonds, LLC, USBC Case No. 2:20-bk-13530-BR (460-002) - Trustee's Document Production

David,

We are following up on the below and draft stipulation.  Can you let us know?

**H. Han Pai**
**Salisian** | **Lee** LLP
550 South Hope Street, Suite 750 | Los Angeles, California 90071-2627
Main: (213) 622-9100 | Direct: (213) 622-9108 | Fax: (800) 622-9145
Email: han.pai@salisianlee.com | Web: www.salisianlee.com

---

**From:** H. Han Pai
**Sent:** Tuesday, December 29, 2020 4:58 PM
**To:** David Seror <dseror@bg.law>
**Cc:** Sumpter, Jeffrey <JSumpter@CBIZ.com>; Shawn Sterrett <trustee@trusteeleslie.com>; Jessica Bagdanov <jbagdanov@bg.law>; Carolyn Dye <cdye@cadye.com>; Neal Salisian <neal.salisian@salisianlee.com>
**Subject:** RE: In re Jadelle Jewelry and Diamonds, LLC, USBC Case No. 2:20-bk-13530-BR (460-002) - Trustee's Document Production

David,

We prepared the attached stipulation regarding the release of documents produced by Wells Fargo Bank and Signature Bank that are in the Trustee's possession.

Please let us know if you have any comments or revisions.

Thanks

**H. Han Pai**
**Salisian** | **Lee** LLP
550 South Hope Street, Suite 750 | Los Angeles, California 90071-2627
Main: (213) 622-9100 | Direct: (213) 622-9108 | Fax: (800) 622-9145
Email: han.pai@salisianlee.com | Web: www.salisianlee.com

---

**From:** David Seror <dseror@bg.law>
**Sent:** Wednesday, October 14, 2020 2:33 PM
**To:** H. Han Pai <han.pai@salisianlee.com>
**Cc:** Sumpter, Jeffrey <JSumpter@CBIZ.com>; Shawn Sterrett <trustee@trusteeleslie.com>; Jessica Bagdanov
<jbagdanov@bg.law>; Carolyn Dye <cdye@cadye.com>
**Subject:** RE: In re Jadelle Jewelry and Diamonds, LLC, USBC Case No. 2:20-bk-13530-BR (460-002) - Trustee's Document Production

Mr. Pai.  We are special litigation counsel to the Trustee in this case and have your email.   Before any documents in the Trustee's possession are released, we require a subpoena and Rule 2004 order.  Thank you.



| | |
|---|---|
| 21650 Oxnard St., Suite 500<br>Woodland Hills, CA 91367<br><br>www.bg.law | **David Seror**<br>Partner<br><br>(818) 827-9000 Main<br>(818) 827-9023 Fax<br><br>dseror@bg.law<br><br> David Seror |

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** H. Han Pai <han.pai@salisianlee.com>
**Sent:** Wednesday, October 14, 2020 12:18 PM
**To:** trustee@cadye.com; Sam Leslie <sleslie@trusteeleslie.com>
**Cc:** Neal Salisian <neal.salisian@salisianlee.com>
**Subject:** In re Jadelle Jewelry and Diamonds, LLC, USBC Case No. 2:20-bk-13530-BR (460-002) - Trustee's Document Production

Counsel and Mr. Leslie,

Our office represents creditor Israel Sam Gorodistian.

We are writing to inquire whether we can obtain copies of the records produced by the Trustee pursuant to the attached order in the above-referenced bankruptcy matter entered on August 17.  Given that the records were already produced in response to an existing court order and subpoena, we are hoping we can avoid additional motion practice to obtain the same records.

Please let us know.

Thanks.


**H. Han Pai**
**Salisian** | **Lee** LLP
550 South Hope Street, Suite 750 | Los Angeles, California 90071-2627
Main: (213) 622-9100 | Direct: (213) 622-9108 | Fax: (800) 622-9145
Email: han.pai@salisianlee.com | Web: www.salisianlee.com

------

Disclaimer: This email message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by email and delete the original message. In addition, any advice contained in this communication is not intended to be used nor can it be used for purposes of: (1) avoiding tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed above.

# EXHIBIT 4

1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  H. HAN PAI, SBN 258928
   han.pai@salisianlee.com
3  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
4  Los Angeles, California 90071-2627
   Telephone:    (213) 622-9100
5  Facsimile:    (800) 622-9145

6  Attorneys for Creditor
   ISRAEL SAM GORODISTIAN
7

8

9                    UNITED STATEES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

11

12  In re                              Case No. 2:20-bk-13530-BR

13  JADELLE JEWELRY AND DIAMONDS,       Chapter 7
    LLC
14                                      [Assigned to the Hon. Barry Russell]

15                                      **STIPULATION FOR ISSUANCE OF**
                                        **SUBPOENA PURSUANT TO RULE 2004**
16                                      **OF THE FEDERAL RULES OF**
                                        **BANKRUPTCY PROCEDURE FOR**
17                                      **PRODUCTION OF**
                                        **DOCUMENTS AND THINGS BY**
18                                      **TRUSTEE SAMUEL LESLIE**

19

20                                      Document Production Date:
                                        Date:         January __, 2021
21                                      Time:         10:00 a.m.
                                        Location:     Salisian | Lee LLP
22                                                    550 South Hope Street,
                                                      Suite 750
23                                                    Los Angeles, CA 90071

24

25

26

27

28

Salisian|Lee LLP

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY
TRUSTEE SAMUEL LESLIE

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY COURT JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, SAM S. LESLIE CHAPTER 7 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Sam S. Leslie, the duly appointed and acting chapter 7 trustee ("Trustee") for the bankruptcy estate of Jadelle Jewelry and Diamonds, LLC (the "Debtor"), on the one hand, and creditor Israel Sam Gorodistian ("Gorodistian") (together with the Trustee, the "Parties"), on the other hand, by and through their counsel of record, hereby enter into this Stipulation, with reference to the following facts:

## **RECITALS**

A.     On April 6, 2020 ("Petition Date"), a Chapter 7 Involuntary Petition was filed against the Debtor by three trade creditors, First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval (collectively, the "Petitioning Creditors") under Chapter 7 of the Bankruptcy Code ("Case").  The Order for Relief was entered June 16, 2020.  [Doc. 55]

B.     By Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment of Interim Trustee filed June 18, 2020 [Doc. 56], Sam S. Leslie was duly appointed Chapter 7 Trustee, in which capacity he continues to serve.

C.     The Petitioning Creditors have asserted that the Debtor, through its principals, Rachel Rechnitz and her husband Jona Rechnitz, have committed fraud by procuring jewelry and diamonds allegedly on consignment and selling those goods without paying the consignors and/or pledging them as collateral for loans without the consent of the consignors and/or obtaining loans using the property of others as collateral.

D.     Gorodistian has made similar assertions, which are set forth in a state court lawsuit entitled *Israel Sam Gorodistian v. Jadelle Jewelry and Diamonds, LLC*, Case No. 20STCV07425, pending in the Los Angeles Superior Court (the "Gorodistian Lawsuit").  The Gorodistian Lawsuit is listed in Debtor's "Statement re Schedules and Statement of Financial Affairs" filed on June 30, 2020.  [Doc. 85]

E.     In the ongoing investigation into the Debtor's financial affairs, the Trustee obtained documents concerning a certain bank account held by the Debtor at Wells Fargo Bank,

1

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY TRUSTEE SAMUEL LESLIE

1  N.A. (the "Wells Fargo Account").  After reviewing the documents obtained from Wells Fargo,

2  the Trustee discovered that, between 2018 to the present date, the Debtor sent wire transfers to

3  accounts held at Signature Bank (the "Signature Account") in the names of Jona Rechnitz and

4  JSR Capital, LLC.

5        F.     On October 8, 2020, the Court granted the Trustee's Motion for a 2004

6  Examination of the Signature Bank Account.  [Doc. 174].

7        G.    On August 17, 2020 and November 17, 2020, the Court issued orders directing the

8  Trustee to produce the Wells Fargo Account and Signature Bank Account records to Petitioning

9  Creditors pursuant to Federal Rules of Bankruptcy Procedure Rule 2004.  [Docs. 147, 191.]

10        H.    Gorodistian likewise seeks the Wells Fargo Account and Signature Bank Account

11  records from the Trustee.

12        I.     On _____, the Parties met and conferred, and agreed that the Trustee shall

13  produce the Wells Fargo Account and the Signature Bank Account records to Gorodistian

14  pursuant to Federal Rules of Bankruptcy Procedure Rule 2004 ("Rule 2004 Examination") at

15  January __, 2021 at 10:00am.  The Trustee has agreed to accept service electronically.

16                               **STIPULATION**

17       NOW, THEREFORE, the Parties stipulate and agree, subject to Court approval:

18       1.     The foregoing recitals are incorporated herein by this reference.

19       2.     Gorodistian is authorized to issue and serve a subpoena requiring the Trustee to

20  produce the Wells Fargo Account and the Signature Account records as set forth in Exhibit 1 to

21  Gorodistian pursuant to Rule 2004 at January __, 2021 at 10:00 a.m.  The Trustee has agreed to

22  accept service electronically.

23       3.     The Trustee shall produce the Wells Fargo Account and the Signature Account

24  records as set forth in Exhibit 1 to Gorodistian pursuant to Rule 2004 ("Rule 2004 Examination")

25  at January __, 2021 at 10:00 a.m.  The Trustee has agreed to accept service electronically.

26

27       IT IS SO STIPULATED.

28

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY
TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

1  DATED: December ___, 2020          BRUTKUS GUBNER

2                                     By: _____

3                                          David Seror
                                           Jessica L. Bagdanov
4
                                     Special Litigation Counsel for Sam S. Leslie,
5                                    Chapter 7 Trustee

6

7  DATED: December ___, 2020          SALISIAN | LEE LLP

8                                     By: _____

9                                          Neal S. Salisian
                                           Han Pai
10
                                     Attorneys for Creditor
11                                   ISRAEL SAM GORODISTIAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Salisian|Lee LLP

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY
TRUSTEE SAMUEL LESLIE

# EXHIBIT 1

## I.   INSTRUCTION AND PRELIMINARY STATEMENT

The following instructions shall be considered to be applicable to all demands for production of documents contained herein:

A.      In producing documents and things, you are requested to furnish all documents known or available to you, regardless of whether these documents are in your possession, custody or control or are possessed by any subsidiary or affiliated entities, officers, directors, agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

B.      In producing documents, any comment, notation, or marking appearing on any document and not a part of the original is to be considered a separate document, and any draft, preliminary form or superseded version of any document is also to be considered a separate document.

C.      In producing documents, all documents should be produced in the same order as they are kept or maintained.

D.      In producing documents, all documents should be produced in the file, folder, envelope or other container in which the documents are kept or maintained.  If for any reason said container cannot be produced, please produce copies of all labels or other identifying markings.

E.      In producing documents, documents attached to each other must not be separated.

F.      In producing documents, if you assert any privilege concerning the identification or production of any of the documents described below, or if you object to the identification or production of any such documents on any grounds, or if you for any reason contend that any of the documents described below are not subject to discovery for any reason, then specify in detail in your response, the precise grounds for the objection, privilege, or other contention which you make in this regard, and describe in detail the document or documents as to which you assert this privilege, objection or contention.  Such description shall include a statement of the general nature of the document, the name of each person who executed it, the name of each person who has received the original or copies of it, the name of each person who has seen the original or any

1

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY TRUSTEE SAMUEL LESLIE

1    copies of it, the name of each person with whom it was discussed, and a general description of the

2    nature and contents of the documents.  Finally, you should identify and produce for inspection

3    and copying all documents which fit the description set forth below as to which you do not assert

4    any such privilege, objection or contention.

5          G.    In producing documents, you are to consider this request a continuing request, and

6    you are obligated to supplement your response by identifying and producing responsive

7    documents that come to your attention, or into your possession, custody or control, subsequent to

8    you response and production prior to, or at the deposition or at or prior to any continued

9    deposition date thereof.

10    **II.  DEFINITIONS**

11          A.    The term "YOU" refers to Samuel Leslie, Trustee, and any agent, partner,

12    employee, or any other entity or individual acting on behalf of YOU.

13          B.    The term "DEBTOR" refers to Jadelle Jewelry and Diamonds, LLC, all of its

14    wholly-owned subsidiaries, and any agent, partner, employee, member, officer, or director, or any

15    other entity or individual acting on behalf of DEBTOR.

16          C.    The term "JSR" refers to JSR Capital LLC, all of its wholly-owned subsidiaries,

17    and any agent, partner, employee, member, officer, or director, or any other entity or individual

18    acting on behalf of JSR.

19          D.    The term "JADELLE BH" refers to Jadelle Jewelry Beverly Hills, all of its

20    wholly-owned subsidiaries, and any agent, partner, employee, member, officer, or director, or any

21    other entity or individual acting on behalf of JADELLE BH.

22          E.    The term "JONA" refers to Jona Rechnitz, and any agent, partner, employee, or

23    any other entity or individual acting on behalf of JONA.

24          F.    The term "RACHEL" refers to Rachel Rechnitz, and any agent, partner, employee,

25    or any other entity or individual acting on behalf of RACHEL.

26          G.    The term "DEBTOR AFFILIATES" refers collectively to JADELLE, JSR, and

27    JADELLE BH.

28

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY
TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

H.      The term "PETITIONING CREDITORS" refers to First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval.

I.      The terms "PERSON" or "PERSONS" shall mean any natural person, governmental entity, agency, commission, authority, or representative thereof, firm, corporation, partnership, association, joint venture or other form of legal entity, and shall be deemed to mean in the plural as well as the singular.

J.      The term "WELLS FARGO ACCOUNT" refers to any account held by the DEBTOR and/or any DEBTOR AFFILIATES at Wells Fargo Bank, N.A.

K.      The term "SIGNATURE ACCOUNT" refers to any account held by the DEBTOR and/or any DEBTOR AFFILIATES at Signature Bank.

L.      The term "COMMUNICATION" shall mean correspondence, telephone conversations, person-to-person conversations, memoranda, e-mails (including text messages, correspondence and the like), facsimiles, telegrams, press releases, announcements, audio and video recordings and all other forms of communicating language or thought.

M.      The term "DOCUMENTS" shall mean and refer to the definition of "writing" set forth in Federal Rule of Evidence 1001, and includes the original and any non-identical duplicates, and both sides thereof, no matter how produced, prepared, stored, recorded, reproduced or transmitted, of handwriting, typewriting, printing, photostating, photographing, electronic mail (e- mail) and every other means of recording upon any tangible thing, documents stored in electronic form, computerized records, computer files and all other information capable of being retrieved from a computer, and any other form of communication and representation, including letters, words, pictures, sounds, and symbols, or combinations thereof, and including correspondence, letters and other communications.

N.      The terms "ALL" and "ANY" means "all, each, and every."

O.      The phrase "RELATE TO" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with and boding, evidencing, constituting, concerning, reporting, or involving an act, occurrence event, transaction, fact, thing or course of dealing.

3

Salisian|Lee LLP

1

### III. DOCUMENTS TO BE PRODUCED

2    **REQUEST FOR PRODUCTION NO. 1:**

3        ALL DOCUMENTS produced by YOU to PETITIONING CREDITORS in accordance

4    with the Order issued on August 17, 2020 RELATING TO the WELLS FARGO ACCOUNT.

5    [Doc. 147]

6    **REQUEST FOR PRODUCTION NO. 2:**

7        ALL DOCUMENTS produced by YOU to PETITIONING CREDITORS in accordance

8    with the Order issued on November 17, 2020 RELATING TO the SIGNATURE ACCOUNT.

9    [Doc. 191]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STIPULATION RE: SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY
TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

1

2

3

4

5

6

7

8

9          UNITED STATEES BANKRUPTCY COURT

10     CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

11

12   In re                                    Case No. 2:20-bk-13530-BR

13   JADELLE JEWELRY AND DIAMONDS,             [Assigned to the Hon. Barry Russell
     LLC                                       Chapter 7
14
15                                             **[PROPOSED] ORDER GRANTING**
                                               **STIPULATION FOR ISSUANCE OF**
16                                             **SUBPOENA PURSUANT TO RULE 2004**
                                               **OF THE FEDERAL RULES OF**
17                                             **BANKRUPTCY PROCEDURE FOR**
                                               **PRODUCTION OF**
18                                             **DOCUMENTS AND THINGS BY**
                                               **TRUSTEE SAMUEL LESLIE**
19
20                                             Document Production Date:
                                               Date:            January __, 2021
21                                             Time:            10:00 a.m.
                                               Location:        Salisian | Lee LLP
22                                                              550 South Hope Street,
                                                                Suite 750
23                                                              Los Angeles, CA 90071
24
25

26

27

28

SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS BY TRUSTEE SAMUEL
LESLIE

1    The Court, the Honorable Barry Russell, United States Bankruptcy Judge,, presiding,

2    having reviewed and considered the "Stipulation For Issuance Of Subpoena Pursuant To Rule

3    2004 Of The Federal Rules Of Bankruptcy Procedure For Production Of Documents And Things

4    By Trustee Samuel Leslie" (the "Stipulation"), by and between creditor, Israel Sam Gorodistian

5    ("Gorodistian"), on the one hand, and Sam S. Leslie (the "Trustee"), the duly appointed,

6    qualified, and acting chapter 7 trustee for the estate of the debtor Jadelle Jewelry and Diamonds,

7    LLC (the "Debtor"), on the other hand, and for good cause appearing therefor:

8    **IT IS HEREBY ORDERED** as follows:

9    1.   The Stipulation is approved.

10    2.   Gorodistian is authorized to issue and serve a subpoena requiring the Trustee to

11    produce the Wells Fargo Account and Signature Account records as set forth in Exhibit 1 to the

12    Stipulation to Gorodistian pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

13    3.   The Trustee shall produce the Wells Fargo Account and Signature Account records

14    as set forth in Exhibit 1 to the Stipulation to Gorodistian pursuant to Rule 2004 of the Federal

15    Rules of Bankruptcy Procedure on January __, 2021, which records may be produced

16    electronically by email to neal.salisian@salisianlee.com and han.pai@salisianlee.com.

17    4.   The Court shall retain jurisdiction to consider any additional request for

18    information and documents or further examination on appropriate notice.

19                                    ###

20

21

22

23

24

25

26

27

28

1

SUBPOENA FOR ORAL EXAMINATION AND PRODUCTION OF DOCUMENTS AND
THINGS BY TRUSTEE SAMUEL LESLIE

Salisian|Lee LLP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

550 South Hope Street, Suite 750, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR EXAMINATION AND PRODUCTION OF DOCUMENTS BY TRUSTEE SAMUEL LESLIE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF HAN PAI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/2/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jessica L Bagdanov on behalf of Trustee Sam S Leslie (TR)
jbagdanov@bg.law, ecf@bg.law

Baruch C Cohen on behalf of Petitioning Creditor First International Diamond Inc
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Baruch C Cohen on behalf of Petitioning Creditor Peter Marco LLC
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Carolyn A Dye on behalf of Trustee Sam S Leslie (TR)
trustee@cadye.com

Sam S Leslie (TR)
sleslie@trusteeleslie.com, SLESLIE@ECF.AXOSFS.COM;trustee@trusteeleslie.com

Daniel A Lev on behalf of Attorney Daniel A. Lev
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Petitioning Creditor First International Diamond Inc
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Petitioning Creditor Peter Marco LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Petitioning Creditor Victor Franco Noval
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Ronald N Richards on behalf of Petitioning Creditor Victor Franco Noval
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Jeffrey L Sumpter on behalf of Financial Advisor CBIZ Valuation Group LLC
jsumpter@epiqtrustee.com, jsumpter@cbiz.com

Derrick Talerico on behalf of Interested Party Jona Rechnitz
dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

Derrick Talerico on behalf of Interested Party Rachel Rechnitz
dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Jessica Wellington on behalf of Trustee Sam S Leslie (TR)
jwellington@bg.law, ecf@bg.law

David B Zolkin on behalf of Interested Party Jona Rechnitz
dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

David B Zolkin on behalf of Interested Party Rachel Rechnitz
dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/2/2021 | Cassidy Casillas | /s/ Cassidy Casillas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**