1  CAROLYN A. DYE (SBN 97527)
   15030 Ventura Blvd.
2  Suite 527
   Sherman Oaks, CA 91403
3  818/287-7003 — Telephone
   Email: cdye@cadye.com
4

5  Attorney for Sam S. Leslie,
   Chapter 7 Trustee
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12  In re                              ) Case No. 2:20-bk-13530-BR
                                        )     [Chapter 7]
13  JADELLE JEWELRY AND                 )
    DIAMONDS, LLC,                      )
14                                      ) TRUSTEE'S MOTION FOR AN
                                        ) ORDER APPROVING DISMISSAL
15                      Debtor.         ) OF CHAPTER 7 CASE AND FOR
                                        ) PAYMENT IN COMPROMISE AND
16                                      ) SETTLEMENT OF ADMINISTRATIVE
                                        ) FEES; MEMORANDUM OF POINTS
17                                      ) AND AUTHORITIES; DECLARATION
                                        ) OF SAM S. LESLIE IN SUPPORT
18                                      ) THEREOF
                                        )
19                                      )
                                        ) [11 U.S.C. Section 105 and 323(a);
20                                      ) F.R.B.P. 1017 and 9019 and Local
                                        ) Bankruptcy Rule 9013-1(a)(1)(7)]
21                                      )
                                        )
22                                      ) Date:   June 15, 2021
                                        ) Time:   10:00 a.m.
23                                      ) Place:  Courtroom 1668
                                        )         255 East Temple Street
24  _____       )         Los Angeles, CA 90012

25

26       The Chapter 7 Trustee herein, Sam S. Leslie ("Trustee"), by and

27  through his counsel, hereby moves this Court for an Order Approving

28  Dismissal of Case and for Payment in Compromise and Settlement of

                                -1-

Administrative fees between himself, as Chapter 7 Trustee for Jadelle Jewelry and Diamonds, LLC ("Debtor"), on the one hand, and Rachel and Jona Rechnitz (the "Rechnitzes"), on the other.

Subject to the approval of this Court, this compromise provides for (i) a payment of $215,000 to the estate to partially satisfy accrued administrative expenses and (ii) a dismissal of this case. This settlement will generate assets for the estate where no creditors other than the petitioning creditors filed claims and where continuation of the case would be a costly exercise and may not generate any recoveries.

## FACTUAL BACKGROUND

1. On April 6, 2020 ("Petition Date"), this case was commenced by the filing of a Chapter 7 Involuntary Petition (the "Involuntary Petition") against the Debtor Jadelle Jewelry and Diamonds, LLC dba Jadelle, Inc. ("Debtor") by three parties that alleged they were creditors of the Debtor (collectively, the "Petitioning Creditors"): First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval under Chapter 7 of the Bankruptcy Code.

2. The Debtor contested the Involuntary Petition with a motion to dismiss (the "Motion to Dismiss") filed under Federal Rule of Civil Procedure 12(b)(6). Among other arguments raised, the Debtor argued that each of the Petitioning Creditors lacked standing to commence the case because each of their claims were the subject of a bona fide dispute.

3. At the June 9, 2020 hearing, before the bankruptcy court (the "Court") on the Motion to Dismiss and on the Petitioning Creditors' own motion to appoint an interim trustee, the Court found that each of the Petitioning Creditors' claims against the Debtor were subject to reasonable dispute as to the amount or as to the claim itself. The Court, thus, concluded that each of the Petitioning Creditors was disqualified from being

a petitioning creditor under the United States Bankruptcy Code (the "Bankruptcy Code").

4.   The Court, however, did not grant the Motion to Dismiss. Instead, the Court ordered that the Rechnitzes, the owners/operators of the Debtor, file with the Court statements under penalty of perjury that identified all of the Debtor's creditors.  Failing that, the Court ruled it would enter an order for relief on the Involuntary Petition.

5.   Asserting their right under the Fifth Amendment of the United States Constitution against self-incrimination and on the advice of counsel, Rachel Rechnitz, in her capacity as managing member of the Debtor, and Jona Rechnitz, as a principal operator of the Debtor, did not file the declarations required by the Court. As a result, on June 16, 2020, an order for relief on the Involuntary Petition was entered on the Court's docket.

6.   By the Notice of Appointment of Trustee and Fixing of Bond, Acceptance of Appointment of Interim Trustee that Trustee filed with the Court on June 18, 2020, the Trustee was duly appointed as Chapter 7 Trustee.  No creditors having objected to his appointment at the initial 341(a) meeting, the Trustee continues to serve in that capacity.

7.   The Trustee's efforts to administer this case were complicated initially by procedural wrangling and later by the state of the Debtor's records.  For the reasons below, which he believes in his best business judgment are appropriate, the Trustee now believes that dismissal of the case is in the best interests of the potential creditors of the Debtor and will avoid incurring additional administrative expenses for which there may not be funds to pay.

8.   After the order for relief was entered, the Rechnitzes and Debtor appealed that decision, the appeal was transferred to the District Court and the Petitioning Creditors filed a Motion to Dismiss the appeal, asserting that

1   the Debtor had no standing to file that appeal. The Trustee filed his own
2   Motion to Dismiss asserting the same lack of standing argument. Ultimately,
3   the District Court consolidated the appeals and granted the dismissal by
4   order entered August 17, 2020 (Case Nos. LACV 20-06183-DOC and LACV
5   20-0232-DOC.) Although the Debtor filed an appeal to the 9th Circuit, that
6   appeal was also dismissed (by Order entered December 1, 2020, Case No.
7   20-55967).

8        9.    In the more than ten months since the Trustee's appointment, the
9   Trustee's investigation has been hampered by lack of information. In the
10   341(a) meetings, where both Rachel Rechnitz and Jona Rechnitz separately
11   appeared, each declined to answer any questions on behalf of the Debtor,
12   again citing their right under the Fifth Amendment of the United States
13   Constitution against self-incrimination. Levin Prado, an employee of the
14   Debtor, who signed many checks, was ordered to give testimony in a Rule
15   2004 examination, but he advised the Trustee's counsel, through his
16   attorney, that he would also invoke his Fifth Amendment privilege.

17       10.    In the immediate days and weeks following his appointment, the
18   Trustee attempted to verify the allegations made by the Petitioning
19   Creditors, among other things by requesting information from the Debtor and
20   the Rechnitzes and by reviewing both bank records provided by the Debtor
21   and those records that were subpoenaed from banks. Letters were sent to
22   various vendors identified from the Debtor's records requesting information
23   concerning their business dealings with the Debtor and asking them to
24   confirm if any amount was owed. Only one creditor replied, and in the
25   conversation with counsel for the Trustee, stated his company was owed
26   money but would not be filing a proof of claim.

27       11.    The results of the records review were also used to begin
28   constructing a general ledger for the Debtor (as the Debtor had none), and

later issuing demand letters to certain of the persons identified who received large payments from the Debtor. The Trustee also attempted to assess information provided by the Petitioning Creditors. The results to date of the Trsutee's investigation have been inconclusive, and, in the interim, no creditors other than the Petitioning Creditors have surfaced or filed proofs of claim.

12.    Moreover, petitioning creditor Peter Marco dismissed his federal civil case against the Rechnitzes and Prado, the allegations of which were the same as those which were the basis for his claim in this bankruptcy case. (A Minute Order was entered November 2, 2020, in Case No. U.S District Court Case No. 2:20-cv-02580-ODW-AS, approving a stipulation for dismissal without prejudice.) The Court was notified through filings made by the United States Attorney's Office that the Debtor, Jona Rechnitz and petitioning creditor, Victor Noval, were the subjects of an ongoing criminal investigation. (This investigation was the reason for the assertion of the Fifth Amendment by the Rechnitzes.)

13.    A restitution judgment for $19,000,000 (joint and several, with a $10,000,000 cap as to Jona Rechnitz, was entered against Jona Rechnitz in U.S. v Jona Rechnitz, Case no. 1:16-cr-00389-01(AKH),        This judgment would have priority over any judgment that the Trustee may obtain against him, effectively rendering him uncollectible.

14.    The Rechnitzes, for their part, wish to dismiss this case to avoid further proceedings. Representing they have no funds of their own, they have procured funds from third-party sources, family and friends, to provide the Settlement Amount as defined herein. Despite the Trustee's best and good faith efforts, it remains unclear to the Trustee whether he ever will be able to achieve recoveries for the bankruptcy estate that would result in distributions being made to creditors, should any be identified, or even to

the Trustee and his professionals on account of the expenses of administration they have incurred to date.  Moreover, the validity of the Petitioning Creditors' claims remains disputed.

15.    In light of the foregoing, and following a series of discussions between the parties, the parties have reached an agreement that will result in the dismissal of the Case and the payment of a significant percentage of the administrative expenses of the Trustee and his professionals that have been incurred since the Trustee's appointment.

16.    Without a body of creditors being identified, still pending civil litigation as to the validity of creditors' claims, and administrative expenses incurred to date and likely to increase if the case were to continue, the Trustee has agreed to accept the Settlement Amount.

17.    A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A ("Agreement").  By this Motion, the Trustee seeks approval of the Settlement terms and the dismissal of the case.

## TERMS OF THE COMPROMISE

As provided in the Agreement, the estate will receive $215,000.  The Debtor and the Rechnitzes have represented to the Trustee that these funds were supplied by independent sources, friends and family, who are interested in helping the Rechnitzes deal with the problems associated with this case.  The Rechnitzes further represent that they have no source of funds themselves to contribute to this settlement absent this assistance.

The amount of this settlement is a compromise amount representing a portion of the accrued professional fees already incurred in the case; it is not equal to the total of these fees.  The professionals and the Trustee have agreed among themselves that the Trustee should accept the settlement, understanding that further work in this case could lead to additional fees and costs with little assurance of recovering any money in terms or preferences

and avoidance actions.  This conclusion is based on the responses received to date from those individuals and entities to whom demand letters have been sent and the defenses asserted in the responses to those letters.  It is also based on the judgment entered against Jona Rechnitz which would have priority over any judgment the Trustee would obtain against him.  This result of the compromise will restore the Debtor and Petitioning Creditors to their pre-petition status and allow them to resolve their claims in the civil courts to the extent not already resolved.

Upon approval of the Agreement and the Effective Date, the case will be dismissed, with the Court reserving jurisdiction to approve the professional fees and then closing the case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Inherent in the grant of jurisdiction to the District Court's overall civil proceedings arising under, arising in or related to cases under Title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises.  This power is expressly recognized in Federal Rule of Bankruptcy Procedure 9019(a), which provides that a court may approve a compromise or settlement after notice is provided pursuant to Federal Rule of Bankruptcy Procedure 2002.  Fed.R.Civ.P. 2002(a)(3), 9019(a).  Approval of the compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A)(0).  Druker v. Greene (In re Carla Leather, Inc.), 50 B.R. 764, 775 (S.D.N.Y. 1985).  Finally, § 323 of the Bankruptcy Code authorizes Trustee to compromise a controversy.  11 U.S.C. § 323(a).

The burden of establishing the fairness of the compromise rests on the proponent.  In the Trustee's judgment, the Settlement Amount is fair given the value of the risks of continuing the litigation, the costs of doing so and the collection issues presented even if the Trustee were to prevail.  If the Trustee were to continue to investigate and file avoidance and preference

1  actions, without funds for expenses and costs of litigation counsel and

2  further discovery, he would be incurring costs without any sure source of

3  recovery.

4      The approval or rejection of a proposed compromise is within the

5  discretion of the Court and is to be determined by the particular

6  circumstance of each case.  United States of America v. Alaska National

7  Bank of the North (In re Walsh Construction, Inc.), 669 F.2d 1325, 1328 (9th

8  Cir. 1982).

9      In determining the acceptability of a proposed compromise pursuant to

10 Bankruptcy Rule 9019, the following four factors should be considered:

11     1.    The probability of success in the litigation;

12     2.    The difficulties, if any, to be encountered in the matter of

13         collection;

14     3.    The complexity of the litigation involved and the expense,

15         inconvenience and delays necessarily attendant to it; and

16     4.    The paramount interests of creditors and a proper

17         deference to their reasonable views in the premises.

18 See Martin v. Kane (In re A&C Properties), 784 F.2d 1377, 1381 (9th Cir.

19 1986); Lambert v. Flight Transportation (Flight Transportation Corporation

20 Securities Litigation), 730 F.2d 1128, 1135 (8th Cir. 1984); cert. denied nom,

21 Reavis & McGrath v. Antinore, 469 U.S. 1207, 105 S.Ct. 169, 84 L.Ed.2d 310

22 (1985).

23     A case can be dismissed under Rule 1017(a) after a hearing on notice.

24 A chapter 7 case can be dismissed for "cause" or by consent.  Cause in this

25 case is established because the Trustee has not been able to identify a body

26 of creditors holding undisputed claims and the holders of the disputed

27 claims, i.e., the Petitioning Creditors, have been in some respects, and can

28 be, resolved outside of this case.  Further, the the Rechnitzes in their

indivudual capacity and concurring on behalf of the Debtor, have consented to dismissal.

Dismissal in this instance is a realistic manner of minimizing the likely prospect of additional unpaid administrative expenses if the case were to continue. The Trustee's investigation to date has shown that only by protracted litigation and detailed expensive discovery could the Trustee prevail in any avoidance or preference actions because he would have to discover and rely on documents and evidence produced by the target defendants with little or no corroborating evidence from the Debtor. In light of the fact that the estate has no funds on hand, this litigation would necessarily be undertaken with any payment of fees contingent on recoveries.

The Trustee is also aware that in light of the substantial judgment entered against Jona Rechnitz, any judgment against him or Rachel would be difficult, if not impossible, to collect.

Finally, although the filing of this case is well known among the parties likely to have claims, no claims have been filed to date and no creditors other than the Petitioning Creditors – each of whom has filed a civil action based on the same allegations made in this bankruptcy – have come forward. Thus, the Trustee has no identifiable creditor body to work for.

As to the paramount interests of creditors, if the compromise is approved, then the Trustee will have funds to make a modest dividend to his professionals, who are creditors, in what is otherwise to date a no asset case. Other potential creditors will have the same rights and remedies as if this case had not been filed.

Considering all these factors, the Trustee believes that this settlement is the best result that can be reached. It provides the estate with funds and avoids further costs and risks.

Application of the above factors weighs heavily in favor of approving the compromise.  In the Trustee's exercise of his business judgment, he favors this compromise.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an Order:

1.    Approving the compromise with the Debtor and the Rechnitzes as being in the best interest of the estate and as an exercise of the Trustee's reasonable business judgment pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a);

2.    Approving the form of the Agreement;

3.    Determining that adequate notice was provided to all interested parties;

4.    Authorizing the Trustee to execute any and all documents necessary to effectuate the Settlement; and

5.    Granting such other and further relief as it deems just and proper.

Dated: May _18_, 2021

_____
Carolyn A. Dye, Attorney for Sam S.
Leslie, Chapter 7 Trustee

-10-

## DECLARATION OF SAM S. LESLIE

I, Sam S. Leslie, declare:

1.    I am Sam S. Leslie, the Chapter 7 Trustee in the case of Jadelle Jewelry and Diamonds, LLC.  Pursuant to the Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment of Interim Trustee, filed with the Court on June 18, 2020, I was duly appointed as Chapter 7 Trustee.  I became  the permanent trustee, and I continue to serve in that capacity.  If called as a witness, I would competently testify as to the facts set forth herein.  Terms defined in the Motion have the same meaning in this declaration.

2.    I am providing this Declaration in support of my Motion to approve the compromise reached with the Debtor and the Rechnitzes and for dismissal of this case for the reasons stated in the Motion and herein.  In summary, my efforts to administer this case were complicated initially by the procedural wrangling between the Debtor and the Rechnitzes on the one hand, and the Petitioning Creditors on the other.  I have also been hampered by the lack of credible information that is available to me.  For the reasons in the Motion and herein, I believe in my best business judgment that dismissal of the case is in the best interest of the potential creditors of the Debtor and will avoid incurring additional administrative expenses.

3.    The procedural complications began after the order for relief was entered.  The Rechnitzes and Debtor appealed that decision to the District Court and the Petitioning Creditors filed a Motion to Dismiss the appeal asserting that the Debtor had no standing to file that appeal.  I filed a Motion to Dismiss asserting the same lack of standing argument.  Ultimately, the District Court consolidated the appeals and granted the dismissal by Order entered August 17, 2020 (Case Nos. LA CV 20-06183-DOC and LA CV 20-0232-DOC).  Although the Debtor filed an appeal to the 9th Circuit, that

-11-

1  appeal was also dismissed (by Order entered December 1, 2020, Case No.
2  20-55967).

3      4.    In the early days of this case, I fielded multiple telephone calls
4  from the Petitioning Creditors, receiving complaints and allegations of
5  "massive fraud" allegedly perpetuated by the Debtor and Jona Rechnitz in
6  conducting the Debtor's business. I also had communications with counsel
7  for the Rechnitzes alerting me to Fifth Amendment issues.    5.    In the
8  meantime, I requested documents from the Debtor and began my review of
9  the records that were produced. I made efforts to obtain testimony from the
10 Rechnitzes. In the 341(a) meetings, where both Rachel Rechnitz and Jona
11 Rechnitz separately appeared, each declined to answer any questions on
12 behalf of the Debtor, again citing their right under the Fifth Amendment of
13 the United States Constitution against self-incrimination. An employee, who
14 had signed many checks, Levin Prado, was to be examined pursuant to a
15 Rule 2004 Order, but he indicated through his own counsel he would also
16 assert his Fifth Amendment privilege.

17     6.    In the immediate days and weeks following my appointment, I
18 began my review of the records that were produced by the Debtor, the
19 Rechnitzes and bank records that were subpoenaed. The records received
20 were in a word, chaotic, certainly not in any way consistent with good
21 accounting procedures, and largely consisted of copies of invoices from
22 suppliers (often being the "memos" generally used in the jewelry business)
23 and records of sales. No general ledger or any similar accounting record
24 was provided and there was no clear way to attach any sale to a product
25 supplied by a particular vendor or supplier. I had to begin the process of
26 reconstructing an accounting ledger for the business in an effort to
27 understand what had occurred. I also sent letters through my counsel to
28 persons with whom the Debtor had done business, notifying them of the

-12-

filing of the case and inquiring as to whether there was any money owed to them by the Debtor. Only one responded to my attorney, saying that his company was owed money, but he would not file a proof of claim.

7.    Later, the results of analyzing the bank records (in a typical general preference analysis) were used to issue demand letters to those persons who received large payments from the Debtor. The results to date have been inconclusive, with the responding recipients of these letters asserting various defenses. In the interim, no creditors other than the Petitioning Creditors have surfaced or filed proofs of claim.

8.    Moreover, petitioning creditor Peter Marco dismissed his state law case/claim against the Rechnitzes and Prado, which was the basis for his claim in this bankruptcy case. (A Minute Order was entered on November 2, 2020, in Case No. U.S District Court Case No. 2:20-cv-02580-ODW-AS, approving a stipulation for dismissal without prejudice.) The Court and I were notified through filings made by the United States Attorney's Office that the Debtor, Jona Rechnitz and petitioning creditor, Victor Norval, were the subjects of an ongoing criminal investigation. Presumably, this investigation was the reason for the assertion of the Fifth Amendment by the Rechnitzes and Prado.

9.    Recently, bankruptcy counsel for the Rechnitzes and I, through my counsel, have been engaged in discussions regarding the dismissal of this case. The Settlement Agreement is the result of those discussions.

10.   After fully considering the facts and circumstances of this case, I have concluded that continuing the case would not be productive nor serve the interests of any creditors who might exist.

10.   In addition to the factors set forth above, the Rechnitzes have represented to me that any preference actions against them would be

-13-

uncollectible even if successful as they have no assets, and Jona, in particular, has a large judgment entered against him in a New York proceeding that would be ahead of any judgment I could obtain. (The judgment is a restitution judgment entered in Case no. 1:16-cr-00389-01(AKH), U.S. V. Jona Rechnitz. This is a $19,000,000 judgment as to which Jona Rechnitz's liability is capped at $10,000,000.)  They have further represented to me that the offered settlement funds are being provided by family and friends.

11.    On balance, since I have no funds to conduct litigation and without a body of creditors being identified, and administrative expenses being incurred in the interim, I have agreed, subject to the approval of this Court, to accept the Settlement Amount and respectfully request the Court approve the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of May, 2021, at Los Angeles, California.

Sam S. Leslie

-14-

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of May 13, 2021, and is by and between Sam S. Leslie (the "Trustee"), the Chapter 7 Trustee of the bankruptcy case (the "Case") of Jadelle Jewelry & Diamonds LLC dba Jadelle, Inc. (the "Debtor") and Jona and Rachel Rechnitz (the "Rechnitzes"; and, together with the Trustee, the "Parties") for good and valuable consideration.

## RECITALS

A.       On April 6, 2020 ("Petition Date"), a Chapter 7 Involuntary Petition (the "Involuntary Petition") was filed against the Debtor by three parties that alleged to be creditors of the Debtor (collectively, the "Petitioning Creditors"): First International Diamond, Inc., Peter Marco, LLC, and Victor Franco Noval under Chapter 7 of the Bankruptcy Code.

B.       The Debtor contested the Involuntary Petition with a motion to dismiss (the "Motion to Dismiss") filed under Federal Rule of Civil Procedure 12(b)(6).  Among other arguments raised, the Debtor argued that each of the Petitioning Creditors lacked standing to commence the case because each of their claims were the subject of a bona fide dispute.

C.       At the June 9, 2020, hearing before the bankruptcy court (the "Court") on the Motion to Dismiss and on the Petitioning Creditors' own motion to appoint an interim trustee, the Court found that each of the Petitioning Creditors' claims against the Debtor were subject to reasonable dispute as to the amount or as to the claim itself.  The Court, thus, concluded that each of the Petitioning Creditors was disqualified from being a petitioning creditor under the United States Bankruptcy Code (the "Bankruptcy Code").

D.       The Court, however, did not grant the Motion to Dismiss.  Instead, the Court ordered that the Rechnitzes, the owners/operators of the Debtor, file with the Court statements under penalty of perjury that identified all of the Debtor's creditors.  Failing that, the Court would enter an order for relief on the Involuntary Petition.

E.       Asserting their right under the Fifth Amendment of the United States Constitution against self-incrimination and on the advice of counsel, Rachel Rechnitz, in her capacity as managing member of the Debtor, and Jona Rechnitz, as a principal operator of the Debtor, did not file the declarations required by the Court.  As a result, on June 16, 2020, an order for relief on the Involuntary Petition was entered on the Court's docket.

F.       By Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment of Interim Trustee filed with the Court on June 18, 2020, the Trustee was duly appointed as Chapter 7 Trustee.  The Trustee continues to serve in that capacity.

G.       The Trustee's efforts to administer the Case were complicated initially by procedural wrangling and later by the state of the Debtor's records.  For reasons he believes in his best business judgment to be appropriate, Trustee now believes that dismissal of the Case is in the best interests of the potential creditors of the Debtor and will avoid the incurrence of additional bankruptcy estate administrative expenses for which there may not be funds to pay.

1

H.    After the order for relief was entered, the Rechnitzes and Debtor appealed that decision to the District Court. The Petitioning Creditors filed a motion asserting that the Debtor had no standing to file the appeal. The Trustee filed his own motion to dismiss asserting the same lack of standing argument. Ultimately, the District Court consolidated the appeals and granted the dismissal by order entered August 17, 2020 (Case Nos. LACV 20-06183-DOC and LACV 20-06232-DOC). The Debtor appealed the dismissal to the Ninth Circuit, but that appeal was dismissed (by order entered December 1, 2020, Case No. 20-55967).

I.    In the more than ten months since the Trustee's appointment, the Trustee's investigation has been hampered by lack of information. In the 341(a) meetings, where both Rachel Rechnitz and Jona Rechnitz separately appeared, each declined to answer any questions on behalf of the Debtor, again asserting their right under the Fifth Amendment of the United States Constitution against self-incrimination.

J.    In the immediate days and weeks following his appointment, the Trustee attempted to verify the allegations made by the Petitioning Creditors by, among other things, requesting information from the Debtor and its principals and reviewing bank records provided by the Debtor as well as those that were subpoenaed.

K.    The Trustee used his records review to begin constructing a general ledger for the Debtor and to issue demand letters to those persons who received large payments from the Debtor. The Trustee also attempted to assess information provided by the Petitioning Creditors. The results to date have been inconclusive, and, in the interim, no creditors other than the Petitioning Creditors have surfaced or filed proofs of claim.

M.    Despite the Trustee's best and good faith efforts, and hundreds of hours of the investigative time and analysis having been spent by the Trustee and his professionals, the Trustee remains uncertain as to whether he ever will be able to achieve recoveries for the bankruptcy estate that would result in distributions being made to creditors, should any be identified, or even to the Trustee and his professionals on account of the expenses of administration they have incurred to date.

N.    Furthermore, the validity of the Petitioning Creditors' claims remains disputed. Petitioning Creditor Peter Marco dismissed his federal civil complaint against Rachel and Jona Rechnitz, which was based on the same allegations as his claim in the Case. (A Minute Order was entered November 2, 2020, in Case No. U.S District Court Case No. 2:20-cv-02580-ODW-AS, approving a stipulation for dismissal without prejudice.)

M.    Through filings made by the United States Attorney the Court was made aware that Petitioning Creditor Victor Noval has been the subject of an ongoing criminal investigation.

O.    With pending civil litigation relating to the validity of several of the known creditors' claims, without a body of creditors with undisputed claims having been identified, with substantial administrative expenses already incurred and continuing to mount, and with no certainty that there will be a meaningful recovery for creditors in the Case, the Trustee and the

2

Rechnitzes have each agreed to dismiss the Case in accordance with the terms set forth in this Agreement.

In light of the foregoing, following extensive negotiations between the Parties, the Parties have agreed to the dismissal of the Case and to the payment to the estate of a significant percentage of the administrative expenses that have been incurred by the Trustee and his professionals, in accordance with the terms set forth below.

## AGREEMENT

1.    **Recitals**. The Recitals set forth above are incorporated herein by this reference. The Recitals set forth above are not only recitals but form an integral part of this Agreement.

2.    **Entry of Order Approving of Settlement.** In consideration for the fulfillment of the covenants and promises set forth herein, and subject to the terms of this Agreement, including entry by the Court of an order approving this Agreement (the "Approval Order"), the Parties agree to the dismissal of the Case. The Approval Order will include language that provides for the dismissal of the Case upon the Trustee's filing with the Court of a notice that the Rechnitzes' have paid to the Trustee the Settlement Amount (as defined below). The Approval Order will also impose a bar upon each Petitioning Creditor and any creditor who has appeared in the Case from filing or re-filing an involuntary bankruptcy petition against the Debtor until such creditor's claim is not subject to reasonable dispute in accordance with 11 U.S.C. § 303 of the Bankruptcy Code. The Approval Order shall be satisfactory in form and substance to each of the Parties.

3.    **Actions to be Taken By the Trustee Following Parties' Execution of Agreement**.

     a)   Upon execution of this Agreement, the Trustee and his professionals shall cease investigating or seeking to collect on and/or prosecute claims of the bankruptcy estate against any party pending the Court's entry of the Approval Order.

     b)   By no later than three business days from the date on which the Parties have executed this Agreement, the Trustee will deliver to any person or entity to whom the Trustee has issued demand letters in his capacity as Chapter 7 Trustee of the Case, notice that (i) the Parties have entered into a settlement pursuant to which they intend to resolve and dismiss the Case and (ii) any deadline imposed in the Trustee's demand letters will be suspended pending the Court's ruling on the Trustee's motion to approve the settlement and dismiss the Case.

     c)   By no later than three business days from the date on which the Parties have executed this Agreement, the Trustee will file with the Court a motion for the entry of the Approval Order. The Parties agree to take such further action and to execute any and all such further documents that may be reasonably necessary or appropriate to effectuate the provisions of this Agreement.

3

4.    **Actions to be Taken Following Entry of the Approval Order**.

a) **Funds to be Paid to the Trustee on Behalf of the Estate**. By no later than three business days after the Approval Order has been entered by the Court and becomes a final, non-appealable order that has not otherwise been stayed, the Rechnitzes' bankruptcy counsel, Zolkin Talerico LLP, will release to the Trustee, on behalf of the bankruptcy estate, cash maintained in its client trust account in the amount of $215,000 (the "Settlement Amount"). The Settlement Amount will be used to ratably pay the fees and expenses of the Trustee and his professionals as the Trustee and his professionals agree, and as the Court approves.

b) **Notice to Creditors and Parties in Interest of Settlement and Dismissal of the Case**. By no later than two business days following the Trustee's receipt of the Settlement Amount, the Trustee will file with the Court and serve on the Petitioning Creditors and any other parties entitled to notice, a notice (the "Settlement and Dismissal Notice") (i) that the Settlement Amount has been paid in accordance with the Approval Order, (ii) the Case is to be dismissed pursuant to the Approval Order, and (iii) all demands for payment made by the Trustee are withdrawn.

c) **Dismissal of Case**. Following the filing with the Court of the Settlement and Dismissal Notice, in accordance with the Approval Order, the Case will be promptly dismissed by the Clerk of the Court without further Order of the Court; provided, however, the Court will retain jurisdiction to hear and consider applications for the payment of the fees and expenses incurred by the Trustee and his professionals.

d) If for any reason the Approval Order is not entered by the Court and/or the Case is not dismissed, the Trustee reserves all rights and claims against the Rechnitzes and any and all others, including without limitation, those parties and persons who may be the subject of any avoidance and preference actions, and the Settlement Amount shall be promptly returned to Zolkin Talerico LLP's trust account.

5.    **Representations and Warranties**. The Trustee, on the one hand, and the Rechnitzes, on the other, hereby represent and warrant to one another the following:

a.    that they have had the benefit and advice of independent counsel in connection with the settlement embodied in this Agreement;

b.    that this Agreement is executed without reliance on any statement, representation, promise, inducement, understanding, or agreement by or on behalf of any other party hereto or by or on behalf of any representative or agent employed by any of them, other than the matters expressly set forth herein;

c.    that no promise, inducement, understanding or agreement not expressed herein has been made to or with any party, and this Agreement contains the entire written agreement between the Parties;

4

    d.  that this Agreement is the product of the efforts of the Parties and, as a result, it will not be construed, and no presumption will arise, based upon who drafted this Agreement;

    e.  that the Settlement Amount has been provided from a source or sources independent of the Rechnitzes and the Debtor; and

    f.  that the various headings in this Settlement Agreement are inserted for convenience only and shall not affect this Settlement Agreement or any provisions hereof.

  6.  **Agreement Binds and Inures**. This Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties.

  7.  **Governing Law**. This Agreement is executed and delivered within the County of Los Angeles, State of California. This Agreement shall be governed by and interpreted under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and, where appropriate, the laws of the State of California.

  8.  **Attorneys' Fees**. In any legal action or proceeding to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its reasonable costs, expenses and attorneys' fees.

  9.  **Entire Agreement.** This Agreement represents the entire agreement between the Parties and supersedes all prior agreements and discussions. There are no warranties, representations, agreements, promises or terms other than set forth herein.

  10.  **Waiver, Novation, Modification and Amendment.** The terms of this Agreement may be waived, novated, modified or amended only by a writing signed by the party against whom said waiver, novation, modification or amendment is asserted.

  11.  **Execution in Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail may be used and shall be binding on all Parties.

  12.  **No Admission of Liability.** Nothing contained herein shall be construed as either an admission or denial by any party hereto of any liability or any fact, statement or recital set forth herein of any kind to any other party or to any other person or entity. Nor shall any statement or provision contained herein constitute a waiver of any party's Fifth Amendment privileged against self-incrimination, the spousal privilege, or any other legal privilege. Except as necessary to enforce this Agreement, this Agreement shall not be admissible in any other action or proceeding and nothing contained in this Agreement shall be used by any party in any

*(Remainder of page left intentionally blank)*

5

proceeding or action, and no fact, statement or recital set forth herein will be used, to establish the truth or accuracy of such fact, statement or recital.

The Parties have executed this Agreement as of the date set forth opposite their respective signatures.

SAM S. LESLIE, CHAPTER 7 TRUSTEE FOR
JADELLE JEWELRY & DIAMONDS LLC DBA
JADELLE, INC.

DATED: May /3, 2021

By: _____
Sam S. Leslie

JONA RECHNITZ

DATED: May ___, 2021
         13

By: _____
Jona Rechnitz

RACHEL RECHNITZ

DATED: May /3, 2021

By: _____
Rachel Rechnitz

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is My business address is 15030 Ventura Blvd., Suite 527, Sherman Oaks, CA 91403.

A true and correct copy of the foregoing document entitled Chapter 7 Trustee's Motion for an Order Approving Dismissal of Chapter 7 Case and for Payment in Compromise and Settlement of Administrative Fees will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**</u> Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 18, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Jessica L Bagdanov | jbagdanov@bg.law, ecf@bg.law |
| Baruch C. Cohen | bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com |
| Carolyn A Dye | trustee@cadye.com |
| Sam S Leslie (TR) | sleslie@trusteeleslie.com, sleslie@ecf.axosfs.com;trustee@trusteeleslie.com |
| Daniel A. Lev | dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com |
| Robert S. Marticello | Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com |
| Ronald N. Richards | ron@ronaldrichards.com, morani@ronaldrichards.com, justin@ronaldrichards.com |
| Neal Salisian | ECF@salisianlee.com |
| Jeffrey L Sumpter | jsumpter@epiqtrustee.com, jsumpter@cbiz.com |
| Derrick Talerico | dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| David B Zolkin | dzolkin@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com |
| Jessica Wellington | jwellington@bg.law, ecf@bg.law |

**2.** <u>**SERVED BY UNITED STATES MAIL:**</u> On May 18, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| United States Bankruptcy Court | Jadelle Jewelry And Diamonds LLC |
| The Honorable Barry Russell | 9454 Wilshire Blvd. |
| United States Bankruptcy Judge | Penthouse 01 |
| 255 East Temple Street | Beverly Hills, CA 90212 |
| Suite 1660 | |
| Los Angeles, CA 90012 | |

**3.** <u>**SERVED BY PERSONAL DELIVERY - N/A:**</u> Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2021, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 18, 2021

Shawn Sterrett

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1. PROOF OF SERVICE**